IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Socha

        Plaintiff,

v.

City of Joliet et al

        Defendant.

No. 18 CV 5681

Hon. Jorge L. Alonso

**<u>ORDER</u>**

This case is part of the Mandatory Initial Discovery Pilot project ("MIDP") being conducted in the Northern District of Illinois under General Order 17-0005. Under the MIDP, parties must respond to mandatory initial discovery subjects early in the litigation and before traditional discovery begins under the Federal Rules of Civil Procedure. The parties are to address their compliance with the MIDP in their Rule 26(f) report and at the Rule 16 case management conference.

The Standing Order Regarding Mandatory Initial Discovery Pilot Project provides that "[a] party seeking affirmative relief must serve its responses to the mandatory initial discovery no later than 30 days after the first pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint." *Id.*, ¶ (A)(4). It further provides that "[a] party filing a responsive pleading, whether or not it also seeks affirmative relief, must serve its initial discovery responses no later than 30 days after it files its responsive pleading." *Id.*[1]

The "pleading" referred to in these provisions is an answer. Pleadings can also include counterclaims, crossclaims, and third-party claims, but each of these typically is accompanied by an answer. The pleading that triggers discovery obligations under the MIDP is the answer.

The parties in this case have requested an extension of Defendant City's time to file an answer. The parties should be aware that, under the MIDP, the filing of a motion to dismiss under

---

[1] The obligation to respond within 30 days does not apply if the parties certify that no discovery will be conducted in the case, and may be extended for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days. *Id*.

1  Rule 12(b)(6) does not excuse the obligation to file an answer and the corresponding obligation to
2  provide mandatory initial discovery.  The Standing Order provides that "[p]arties must file
3  answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) even
4  if they have filed or intend to file a motion to dismiss or other preliminary motion." *Id.*, ¶ (A)(3).
5  Answers may be deferred only for good cause based on motions to dismiss for lack of subject-
6  matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute or qualified
7  immunity of a public official.  *Id*.  Motions to dismiss do not otherwise delay answers or the
8  obligation to respond to mandatory initial discovery.

9  The Court concludes that the parties have shown good cause, and will grant an extension
10 to 11/30/18 for Defendant City to file an answer.  Because the effectiveness of the MIDP depends
11 on early disclosures, the Court ordinarily will not grant additional extensions.  Thus, the parties'
12 obligations to produce the information called for in the MIDP within 30 days of the filing of an
13 answer, as set forth in paragraph (A)(4) of the Standing Order, will be triggered by Defendant
14 City's filing of an answer after this extension.

15 **IT IS ORDERED** that Defendant City's time to file an answer in response to the amended
16 complaint is extended to 11/30/18.

19 10/30/2018



Jorge L. Alonso
United States District Judge

- 2 -