IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| | ) |
| Plaintiff, | ) No. 18 cv 05681 |
| v. | ) |
| | ) Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal corporation, EDWARD GRIZZLE, and JOHN DOES 1-20, | ) |
| | ) Magistrate: Mary M. Rowland |
| | ) |
| | ) Trial by Jury Demanded |
| Defendants. | ) |

**CITY OF JOLIET'S MOTION TO DISMISS COUNTS III, VI, IX AND XV
OF PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6), AND
STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES**

**NOW COMES** Defendant, CITY OF JOLIET ("City"), by and through its attorneys, TRESSLER LLP, and in support of its Motion to Dismiss Counts III, VI, IX and XV of Plaintiff, Cassandra Socha's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and to Strike Plaintiff's Request for Punitive Damages, states as follows:

**BACKGROUND**

1. Plaintiff is employed by the City's Department of Police as a patrol officer. (Compl., ¶7).

2. Plaintiff alleges that, at all relevant times, she and another patrol officer employed by the City's Department of Police named Nicholas Crowley ("Crowley") were "affianced and cohabited." (Compl., ¶¶8-9).

3. Prior to May 18, 2018, Crowley was made a defendant in a criminal case in Will County, Illinois, and Defendant Edward Grizzle ("Grizzle") was the detective assigned by the City to investigate the matter alleged in Crowley's criminal case. (Compl., ¶¶12-13).

4. Plaintiff alleges that she was called to testify in the criminal case on May 14, 2018, and she alleges that her testimony raised reasonable doubt as to the charges against Crowley. (Compl., ¶¶14-15).

5. Plaintiff alleges that, based "largely" upon her testimony, Crowley was ultimately acquitted of the charges brought against him on May 22, 2018. (Compl., ¶¶16-17).

6. Plaintiff alleges that, after she testified on May 14, but prior to Crowley's acquittal on May 22, she sent a text message to another witness that had been called by the prosecution of testify. (Compl., ¶18).

7. That witness reported Plaintiff's text message to the prosecution team, Grizzle and other members of the City's Department of Police. (Compl., ¶19).

8. Plaintiff alleges that, based upon the text messages she sent to another witness during the trial of Crowley, Grizzle, as the detective assigned to investigate the matter, obtained a search warrant on May 18, 2018 from the Hon. Sarah Jones of the Will County Circuit Court which authorized the search of Plaintiff's cell phone from which the text message was sent. (Compl., ¶¶21, 23). A copy of the search warrant is attached to Plaintiff's Complaint as Exhibit A (Doc.#1-1).

9. Plaintiff alleges that Grizzle exceeded the scope of the search warrant and found "numerous private, still and/or video-graphic images that clearly depict [P]laintiff while nude and/or while engaged in sex acts with Crowley …." (Compl., ¶27).

10. Without any specificity, Plaintiff generally alleges that Grizzle displayed the images to other City employees "also believed to be police officers or staff acting under color of law (the DOES, sued here), and also allowed the DOES to re-record these Private Images." (Compl. ¶28).

11. On August 21, 2018, Plaintiff filed a fifteen-count Complaint (Doc. #1), asserting five causes of action against the City arising out of the search of Plaintiff's cell phone.

12. In her Complaint, Plaintiff alleges the following causes of action against the City:

| | |
|---|---|
| Count III: | Violation of Fourth Amendment Rights; |
| Count VI: | Violation of Fourteenth Amendment Right of Privacy; |
| Count IX: | Violation of Article I, §6 of Illinois Constitution; |
| Count XII: | Violation of Illinois Common Law Right of Privacy, "Intrusion Upon Seclusion;" |
| Count XV: | Violation of 720 ILCS 5/11-23.5. |

13. For the reasons set forth herein, Counts III, VI, IX and XV of Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6), and Plaintiff's requests for punitive damages against the City must be stricken.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted).

A plaintiff's complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 663, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

3

(2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In reviewing the sufficiency of a complaint under this standard, the court must accept as true all well-pleaded factual allegations. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). However, legal conclusions and "conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id*.

## ARGUMENT

I. **PLAINTIFF HAS FAILED TO PROPERLY ALLEGE CONSTITUTIONAL CLAIMS AGAINST THE CITY AT COUNTS III AND VI.**

Case law is clear that municipal entities like the City "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson,* 538 F.3d 763, 771 (7th Cir. 2008) (internal quotation omitted); *see Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38 (1978); *McCauley v. City of Chi.,* 671 F.3d 611, 616 (7th Cir.2011); *Jenkins v. Bartlett,* 487 F.3d 482, 492 (7th Cir.2007). To state a so-called *Monell* claim under 42 U.S.C. § 1983 against a municipality—like the City in this case—a plaintiff must allege that the official policy or custom "not only caused the constitutional violation, but was the moving force behind it." *Estate of Sims. ex. Rel. Sims v. Cty. of Bureau,* 506 F.3d 509, 514 (7th Cir.2007); *Grieveson,* 538 F.3d at 771; *see also Wagner v. Washington Cty.,* 493 F.3d 833, 836 (7th Cir.2007) (explaining that plaintiffs raising *Monell* claims must allege a violation based on "some official policy, widespread custom, or deliberate act of a ... decision-maker of the municipality or department"). When a plaintiff brings a *Monell* claim, a municipal entity is only responsible for "[its] own illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson,* 563 U.S. 51, 60; 131 S.Ct. 1350, 1359 (2011) (citations omitted).

Here, Plaintiff makes no allegations regarding any official policies or customs of the City. Rather, Plaintiff's claim is simply that, in the isolated search of *her* cell phone, officers exceeded the scope of the warrant or otherwise improperly disclosed private images that violated her right to privacy under the Fourth and Fourteenth Amendments. Plaintiff makes no allegation regarding any official policy or custom of the City that violates her constitutional rights. Rather, she simply alleges that the City's "gross negligence in *supervising* Grizzle and/or DOES" resulted in a violation of her constitutional rights. (Compl., ¶37 (Count III); ¶35 (Count VI)) (emphasis added)). Under *Monell* and its progeny, it is clear that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403; 117 S.Ct. 1382, 1387-88 (1997) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*."). Because Plaintiff's only allegation against the City is its alleged failure to properly supervise Grizzle, Plaintiff has failed to allege claims upon which relief can be granted at Counts III and VI, and those claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**II.   COUNT IX MUST BE DISMISSED BECAUSE PLAINTIFF HAS OTHER REMEDIES.**

In addition to her federal constitutional claims, Plaintiff also includes a claim pursuant to Article I, §6 of the Illinois Constitution, which provides that "people shall have the right to be secure I their persons … against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means." Ill. Const. art. I, §6. The Illinois Constitution and case law establish that a plaintiff is not entitled to bring a direct claim under Article I, §6 when there is another remedy available for the alleged violation.

Although not binding upon this Court, District Judge Harry D. Leinenweber previously analyzed whether a plaintiff could base a claim upon Article I, §6 of the Illinois Constitution.

5

Attached hereto as **Exhibit A** is a copy of Judge Leinenweber's Memorandum Opinion and Order entered in *Lambert v. Jung*, No. 13 C 6030, 2015 WL 6736674 (N.D. Ill. November 4, 2015).

As set forth in Judge Leinenweber's Memorandum Opinion and Order, the commentary to Article I, §6 states that "Section 12 supplements Section 6." Article I, §12 provides that, "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his … privacy." Ill. Const. art. I, §12. The commentary to §12 states that this "adds, for the first time, the assurance that a person who receives an injury or a wrong for 'invasion of privacy' shall have a remedy." The Illinois Supreme Court has held that Article I, §12 is "merely an expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form." *Cassens Transport Co. v. Industrial Com'n*, 218 Ill.2d 519, 532 (2006) (citations omitted). Therefore, Judge Leinenweber recognized that, although Article I, §12 has been held to prohibit the legislature from entirely abolishing a particular type of action, it does not create a stand-alone cause of action where other remedies exist. *See Pantone v. Demos*, 59 Ill.App.3d 328, 332 (1st Dist. 1978) (Court holds that §12 does not mandate recognition of any new remedy as long as some remedy for the alleged wrong exists); *Amati v. City of Woodstock*, 829 F.Supp 998, 1007 (N.D. Ill. 1993) ("Because plaintiffs have a potential remedy sufficient to compensate them for any proved wrongs arising out of the alleged eavesdropping, the court believes that an Illinois court considering this issue in light of the facts of this case would not recognize a right to bring a separate action under Article I, section 6 of the Illinois Constitution.").

Like the case before Judge Leinenweber, Plaintiff in our case has availed herself of several potential remedies for the alleged wrongdoing, including her common law right to privacy claim at Count XII (intrusion upon seclusion). In instances such as this where a plaintiff

has other remedies for the alleged invasion of privacy, Article I, §6 of the Illinois Constitution does not provide an additional, stand-alone remedy. Whether Plaintiff will be successful on the merits of her claim is immaterial to the analysis. Accordingly, Plaintiff's claim under Article I, §6 of the Illinois Constitution fails as a matter of law and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. COUNT XV MUST BE DISMISSED BECAUSE IT IS A CRIMINAL STATUTE THAT PROVIDES NO PRIVATE RIGHT OF ACTION.

Case law in Illinois generally establishes that, where the legislature intended to create a private right of action, it will expressly provide for that right in a statute. *Ramirez v. Smart Corp.*, 371 Ill.App.3d 797, 808 (3d Dist. 2007). In making this determination, courts use the rules of statutory interpretation to determine whether a statute creates a private right of action. *First Capital Mortg. Corp. v. Union Federal Bank of Indianapolis*, 374 Ill.App.3d 739, 741-42 (1st Dist. 2007). Where it is consistent with the underlying purpose of a statute, and necessary to achieve its aim, a private right of action can be implied in some circumstances. *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill.2d 379, 386 (1982). A private right of action may be implied where (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute. *Metzger v. DaRosa*, 209 Ill.2d 30, 36 (2004). "A court should use caution in implying a private right of action, because, in doing so, it is assuming the policy-making authority more appropriately exercised by the legislature." *Helping Others Maintain Environmental Standards v. Bos*, 406 Ill.App.3d 669, 684 (2d Dist. 2010).

7

At Count XV of the Complaint, Plaintiff alleges that the City violated 720 ILCS 5/11-23.5 (which Plaintiff refers to in the Complaint as "Act"). The Act is a criminal statute related to punishments for the non-consensual dissemination of private sexual images. The Act does not expressly provide for a private right of action and Plaintiff has not alleged that one may be implied against the City for the alleged acts of an employee in conducting a search pursuant to warrant. *See Gassman v. Clerk of the Circuit Court of Cook County*, 410 Ill.Dec. 787, 790 (1st Dist. 2017) ("When a plaintiff seeks to use a statutory enactment as a predicate for a tort action seeking damages, he must demonstrate that a private right of action is either expressly granted or implied in the statute."). On this basis, Plaintiff has failed to state a claim upon which relief may be granted and Count XV must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Assuming, *arguendo*, that Plaintiff had alleged that a private right of action under the Act may be implied against the City, Count XV still fails as a matter of law because the statute was not designed to prevent an alleged illegal search and seizure. Even if it could be interpreted as being designed to prevent Fourth Amendment violations, Plaintiff also has other remedies available for the alleged invasion of privacy (she has alleged constitutional claims and common law tort claims), thereby making an implied private right of action unnecessary to provide an adequate remedy for violations of privacy under the Act. Therefore, Plaintiff has failed to state a claim upon which relief can be granted at Count XV and that claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### IV. PLAINTIFF'S REQUESTS FOR PUNITIVE DAMAGES AGAINST THE CITY ARE BARRED BY THE ILLINOIS TORT IMMUNITY ACT.

The Local Governmental and Governmental Employees Tort Immunity Act provides that, "[A] local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102. In every

8

count of her Complaint, Plaintiff requests punitive damages. All requests for punitive damages against the City in Counts III, VI, IX, XII and XV must be stricken pursuant to pursuant to Section 2-102 of The Local Governmental and Governmental Employees Tort Immunity Act.

## **CONCLUSION AND REQUEST FOR RELIEF**

**WHEREFORE**, for the reasons set forth herein, Defendant CITY OF JOLIET respectfully requests that Counts III, VI, IX and XV of Plaintiff's Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), that Plaintiff's requests for punitive damages against the City be stricken pursuant to pursuant to section 2-102 of The Local Governmental and Governmental Employees Tort Immunity Act, and for such other relief as this Court deems just and equitable.

Respectfully submitted,

CITY OF JOLIET

Dated: <u>November 30, 2018</u>     By:     <u>/s/ *Nicholas J. Daly*</u>
                                              One of its attorneys

John M. O'Driscoll (ARDC #6237793)
Stacey L. Wilkins (ARDC #6301187)
Nicholas J. Daly (ARDC #6321972)
TRESSLER LLP
Counsel for City of Joliet
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000
jodriscoll@tresslerllp.com
swilkins@tresslerllp.com
ndaly@tresslerllp.com

4810-8430-5784