**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal | ) | |
| corporation, EDWARD GRIZZLE, and JOHN | ) | Magistrate: Mary M. Rowland |
| DOES 1-20, | ) | |
| | ) | Trial by Jury Demanded |
| Defendants. | ) | |

<u>**CITY OF JOLIET'S ANSWER AND AFFIRMATIVE DEFENSES**</u>
<u>**TO PLAINTIFF'S COMPLAINT**</u>

**NOW COMES** Defendant, CITY OF JOLIET ("the City"), by its attorneys, TRESSLER LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint states that this Complaint is subject to a pending Motion to Dismiss and so this Answer is made subject to and without waiving said Dismissal Motion:

<u>**GENERAL STATEMENT**</u>

Simultaneously with this Answer, the City has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This Answer is filed on behalf of the City in order to comply with paragraph (A)(3) of this court's Mandatory Initial Discovery Pilot (MIDP) Standing Order. However, it should also be noted that, on November 28, 2018, the court provided notice that the MIDP Standing Order has been amended and that, effective December 1, 2018, answers are due under the time periods established by Fed. R. Civ. P. Rule 12(a). In particular, Fed. R. Civ P. 12(a)(4) provides that answers need not be filed while a Rule 12 motion is pending. Therefore, under the amended MIDP Standing order, the City would not be required to file this Answer simultaneously with its Motion to Dismiss.

Because the amendment to the MIDP Standing Order is not effective until tomorrow, December 1, 2018, the City is filing this Answer in order to comply with the existing rule. However, the City will request at the status conference scheduled for December 12, 2018, or by way of a separate motion if necessary, to extend the deadlines for mandatory initial discovery disclosures that are typically due within 30 days of the filing of an answer.

## ANSWERS TO ALLEGATIONS

### PARTIES

1.      Plaintiff, Cassandra Socha, is a resident of the County of Will, State of Illinois.

**ANSWER:      The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.**

2.      Defendant, City of Joliet ("City"), is an Illinois municipal corporation having its principal place of business in the City of Joliet, County of Will, and State of Illinois. At all relevant times, City was acting as alleged herein by its agents and employees and under the order of law.

**ANSWER:      The City admits only that it is an Illinois municipal corporation and it is located in the Counties of Will and Kendall, State of Illinois. The City currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.**

3.      Defendant, Edward Grizzle ("Grizzle"), is an individual, employed by the Department of Police in the City of Joliet, County of Will, State of Illinois.

**ANSWER:      The City admits the allegations contained in paragraph 3.**

4.      Defendants, John Doe 1 – 20 are individuals referred to collectively herein as "DOES" employed by the Department of Police in the City of Joliet, County of Will, State of Illinois.

2

**ANSWER:** **The City currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.**

### JURISDICTION AND VENUE

5.      Plaintiff asserts claims under the Constitution and laws of the United States. Accordingly, this court has subject matter jurisdiction over the action under 28 U.S.C. 1331 and 28 U.S.C. § 1367.

**ANSWER:** **The City admits only that, for purposes of subject matter jurisdiction, Plaintiff asserts federal statutory and constitutional claims. The City denies the merit of those claims and demands strict proof thereof.**

6.      The events alleged herein occurred substantially within the County of Will, State of Illinois, of which defendant City is a resident. Accordingly, venue is proper in this court under 28 U.S.C. 1391(b)(1) and (c)(2).

**ANSWER:** **The City admits that it is a resident of Will County, Illinois and that the Plaintiff alleges acts that would make venue proper under said statutes. The City does not admit the allegations of the Complaint and, as stated elsewhere in the Answer, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.**

### FACTS COMMON TO ALL COUNTS AND CLAIMS

7.      At all relevant times, plaintiff was a police officer employed by the Department of Police of defendant City as a Patrol Officer.

**ANSWER:** **The City admits only that Plaintiff is currently employed by the City as a Patrol Officer and held that position in May 2018. "At all relevant times" is undefined and so the City lacks knowledge or information sufficient to form a belief as to the truth of the**

remaining allegations set forth in paragraph 7, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.

8.      At all relevant times, Nicholas Crowley ("Crowley") was a police officer employed by the Department of Police of defendant City as a Patrol Officer.

**ANSWER:     The City admits only that Nicholas Crowley ("Crowley") is currently employed by the City as a Patrol Officer and held that position in May 2018. "At all relevant times" is undefined and so the City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8, therefore the City respectfully denies those allegations so that they are not admitted and demands strict proof thereof.**

9.      At all relevant times, plaintiff and Crowley were affianced and cohabited, facts which were matters of record with and known to defendants.

**ANSWER:     Defendant admits that it was generally known that Crowley and Plaintiff were in a relationship from time to time. "At all relevant times" is undefined and so the City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9, therefore the City respectfully denies those allegations so that they are not admitted and demands strict proof thereof.**

10.     At all relevant times, Grizzle was employed by defendant City in its Department of Police as a Detective/Sergeant and was acting individually and/or as an agent/employee of City and under the color of law.

**ANSWER:     The City admits only that Edward Grizzle ("Grizzle") is currently employed by the City as a Detective/Sergeant and held that position in May 2018. "At all relevant times" is undefined and so the City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10, therefore the**

City respectfully denies those allegations so that they are not admitted and demands strict proof thereof.

11.     At all relevant times, DOES were employed by defendant City in its Department of Police, holding various ranks, and were acting individually and/or as agents/employees of City and under color of law.

**ANSWER:     "At all relevant times" is undefined and so the City currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, therefore the City respectfully denies those allegations so they are not deemed admitted and demands strict proof thereof.**

12.     Prior to 18 May 2018, Crowley was made a defendant in a criminal case, to wit: People v. Nicholas M. Crowley, No. 17 CF 1422, Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois ("Criminal Case")

**ANSWER:     The City admits the allegations contained in paragraph 12.**

13.     Grizzle was the detective assigned by City to investigate the matters alleged in the Criminal Case.

**ANSWER:     The City admits the allegations contained in paragraph 13.**

14.     In the Criminal Case, the prosecution caused to be issued upon plaintiff a Subpoena to testify at trial in the prosecution's case-in-chief.

**ANSWER:     The City admits that the prosecution caused a subpoena to be issued upon plaintiff to testify at the Criminal trial but the City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14, therefore the City respectfully denies those allegations so they are not deemed admitted and demands strict proof thereof.**

15.     On or about 14 May 2018, plaintiff honored that subpoena and appeared during the trial of the Criminal Case and gave testimony which turned out to be generally unhelpful to the prosecution's case. Plaintiff's testimony on cross-examination by the defense in the Criminal Case was generally helpful to the defense and unhelpful to the prosecution. The overall effect of plaintiff's trial testimony in the Criminal Case, much to the chagrin of City and Grizzle, was to raise reasonable doubt as to the charges lodged therein against Crowley.

**ANSWER:** The City admits that on or about said date that plaintiff responded to the subpoena by appearing and testifying at the Criminal Case. The City states that Plaintiff's characterization that her testimony was "much to the chagrin" of the City is improperly argumentative and undefined and, so that it is not deemed admitted, respectfully denies same. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15, therefore the City respectfully denies those allegations so they are not deemed admitted and demands strict proof thereof.

16. On or about 22 May 2018, Crowley, again to the chagrin of City and Grizzle, was acquitted of the charges brought against him in the Criminal Case.

**ANSWER:** The City admits that Crowley was acquitted and states that Plaintiff's characterization that the outcome of Crowley's criminal proceeding was "much to the chagrin" of the City is improperly argumentative and undefined. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.

17. City and Grizzle attributed Crowley's acquittal in the Criminal Case largely to the testimony given at trial in that case by plaintiff.

**ANSWER:** The City currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.

18. On or about 16 May 2018, plaintiff inadvertently transmitted a text message ("text message") to another witness called by the prosecution at the trial of the Criminal Case, Maria Gatlin ("Gatlin").

**ANSWER:**    **The City admits that on or about said date that plaintiff transmitted a text to to Maria Gatlin, a witness called by the prosecution in the Criminal Case. The City currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.**

19.    Gatlin reported and showed the text message to members of the prosecution team in the Criminal Case, including Grizzle and/or other members of the City Department of Police.

**ANSWER:**    **Upon information and belief, the City admits that Maria Gatlin informed the prosecution in Crowley's criminal case of the text message received from Plaintiff. The City currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19, therefore the City respectfully denies those allegations so that they are not deemed admitted and demands strict proof thereof.**

20.    Grizzle and City, acting under color of law, seized on the text message as a means by which to settle a score with plaintiff, for whom they blamed Crowley's acquittal in the Criminal Case.

**ANSWER:**    **The City denies the allegations contained in paragraph 20.**

21.    Grizzle prepared, signed and swore to a "complaint for search warrant" and/or affidavit in support thereof ("Grizzle Affidavit") and presented it to Hon. Sarah Jones, Twelfth Judicial Circuit. On 18 May 2018 and on the basis of the Grizzle Affidavit, Judge Jones issued a Search Warrant ("Warrant"), of which a true/accurate copy is attached as Ex. A to this Complaint.

**ANSWER:**    **The City admits the allegations contained in paragraph 21 and the referenced documents, including the Warrant, speak for themselves.**

22.    Upon information and belief, the Grizzle Affidavit was substantially false and/or incomplete.

**ANSWER:**    **The City denies any knowledge of any false and/or incomplete statements made by Grizzle in order to obtain the Warrant.**

23.     The Warrant authorized the seizure and search of plaintiff's iPhone. (See Exhibit A)

**ANSWER:     The City admits generally that the Warrant authorized the seizure and search of Plaintiff's cell phone. Answering further, the Warrant speaks for itself.**

24.     Specifically, the Warrant authorized the search/seizure of plaintiff's iPhone to only the extent that the contents thereof **"constitute[d] evidence of Harassment via electronic communications, Intimidation." (Ex. A)**. This delimited the authorized scope of the search and seizure of plaintiff's iPhone.

**ANSWER:     The City admits generally that the Warrant authorized the seizure and search of Plaintiff's cell phone and the Warrant speaks for itself.  To the extent it does not, the City respectfully denies those remainder allegations so that they are not deemed admitted and demands strict proof thereof**

25.     As Grizzle well knew when he prevailed upon Judge Jones to issue the Warrant, the warrant was unnecessary. He then knew that the text message was the one and only such communication transmitted by plaintiff to Gatlin, and, to the extent that the text message "constitute[d] evidence of Harassment via electronic communications, Intimidation," (which it alone did not) transmission of the text message, which Grizzle already had, would itself have been the sole basis for charging that offense, and it was patently inadequate for that purpose.

**ANSWER:     The City denies the allegations of paragraph 25.**

26.     In any event, once possessed of plaintiff's iPhone, Grizzle and City did not limit their search to that permitted by the Warrant. Instead, they trawled its contents for any/all private data or images they might then use, not only in furtherance of any legitimate law enforcement investigation but also to embarrass and humiliate plaintiff.

**ANSWER:     The City denies the allegations contained in paragraph 26.**

27.     Although Grizzle and City were unable to find evidence of any criminal offense on plaintiff's iPhone, they succeeded in finding private images with which to embarrass and humiliate plaintiff. Specifically, they found numerous private, still and/or video-graphic images that clearly depict plaintiff while nude and/or while engaged in sex acts with Crowley, who is also clearly identifiable in these images. ("Private Images") As such, the Private Images depicted conduct by and between consenting adults, with the adults depicted therein, plaintiff and Crowley, intended would remain private.

**ANSWER:     The City denies the allegations contained in paragraph 27.**

28.     Not content to conclude their vendetta cloaked as a lawful criminal investigation, Grizzle and City, then, and also for no legitimate law enforcement purpose, displayed the Private Images to other to other City employees, all also believed to be police officers or staff acting under color of law (the DOES, sued here), and also allowed the DOES to re-record these Private Images.

**ANSWER:     The City denies the allegations contained in paragraph 28.**

29.     Upon information and belief, senior leaders and/or supervisors of the City's Department of Police have been aware of and acquiesced and participated in the viewing, dissemination and re-recording of the Private Images on plaintiff's iPhone but have not disciplined any of the police officers or staff involved.

**ANSWER:     The City denies the allegations contained in paragraph 29.**

30.     Viewing, (re)publication and/or dissemination of the Private Images by and among plaintiff's "brother" (and "sister"?) police officers and staff has been and continues to be highly offensive to plaintiff and the cause of plaintiff's extreme embarrassment, humiliation, anguish and emotional suffering.

**ANSWER:     The City currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, therefore the City respectfully denies those allegations so they are not deemed admitted and demands strict proof thereof.**

## COUNT I
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. GRIZZLE

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of the Common Facts/Allegations of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count I of plaintiff's Complaint.

**ANSWER:     The City hereby realleges and incorporates by reference the answers to all preceding paragraphs as though fully set forth herein.**

31.     At all relevant times the Fourth Amendment to the U.S. Constitution was in full force and effect and provided:

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

**ANSWER:** **The City admits that the Fourth Amendment is accurately quoted.**

32.     At all relevant times, 42 U.S.C. § 1983 was in full force and effect and provided:

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

**ANSWER:** **The City admits that Section 1983 is accurately quoted.**

33.     Grizzle's search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:** **The allegations set forth in Count I are not directed towards the City and no response is required.**

34.     Grizzle's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:** **The allegations set forth in Count I are not directed towards the City and no response is required.**

35.     Grizzle's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 4th Amendment rights to be free from unreasonable search and seizure of her property.

**ANSWER:** **The allegations set forth in Count I are not directed towards the City and no response is required.**

36.     Grizzle's violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:     The allegations set forth in Count I are not directed towards the City and no response is required.**

## COUNT II
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. DOES

1 – 32. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (32) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (32) of this Count II of plaintiff's Complaint.

**ANSWER:     The City hereby realleges and incorporates by reference the answers to all preceding paragraphs as though fully set forth herein.**

33.     DOES' search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:     The allegations set forth in Count II are not directed towards the City and no response is required.**

34.     DOES' search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:     The allegations set forth in Count II are not directed towards the City and no response is required.**

35.     DOES' search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 4th Amendment rights to be free from unreasonable search and seizure of her property.

**ANSWER:     The allegations set forth in Count II are not directed towards the City and no response is required.**

36.     DOES' violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:** **The allegations set forth in Count II are not directed towards the City and no response is required.**

## COUNT III
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. CITY

1.-32. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (32) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (32) of this Count III of plaintiff's Complaint.

**ANSWER:** **The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(32) of Count I as though fully set forth herein.**

33. Grizzle and/or DOES search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:** **The City denies the allegations contained in paragraph 33.**

34. Grizzle and/or DOES search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:** **The City denies the allegations contained in paragraph 34.**

35. Grizzle and/or DOES search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 4th Amendment rights to be free from unreasonable search and seizure of her property.

**ANSWER:** **The City denies the allegations contained in paragraph 35.**

36. Grizzle and/or DOES violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:** **The City denies the allegations contained in paragraph 36.**

37. The violation of plaintiff's 4th Amendment rights alleged herein as enabled, facilitated and caused by City's gross negligence in supervising Grizzle and/or DOES, the active

participation of supervisory personnel in those violations, and/or the passive acquiescence of City upon learning of the violations.

**ANSWER:** **The City denies the allegations contained in paragraph 37.**

38. City's violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:** **The City denies the allegations set forth in paragraph 38.**

**WHEREFORE**, the City respectfully request that Count III of Plaintiff's Complaint be dismissed, and that judgment be granted in favor of the City and against Plaintiff, together with costs and such other relief as the Court deems just and proper.

## COUNT IV -
## VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. GRIZZLE

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count IV of plaintiff's Complaint.

**ANSWER:** **The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(30) of Count I as though fully set forth herein.**

31. At all relevant times, the 14th Amendment provided plaintiff with an expectation and right of privacy in both her sexual relationships and the contents of her iPhone. Carpenter v. United States, 585 U.S. (2018) (right of privacy in contents of cell phones), Lawrence v. Texas, 539 U.S. 558 (2003) (right of privacy of sexual relationships).

**ANSWER:** **The allegations set forth in Count IV are not directed towards the City and no response is required.**

32. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (32) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (32) of this Count IV of plaintiff's Complaint.

**ANSWER:** **The allegations set forth in Count IV are not directed towards the City and no response is required.**

33.     Grizzle's search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:     The allegations set forth in Count IV are not directed towards the City and no response is required.**

34.     Grizzle's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:     The allegations set forth in Count IV are not directed towards the City and no response is required.**

35.     Grizzle's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 14th Amendment right of privacy.

**ANSWER:     The allegations set forth in Count IV are not directed towards the City and no response is required.**

36.     Grizzle's violation of plaintiff's 14th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:     The allegations set forth in Count IV are not directed towards the City and no response is required.**

**COUNT V**
**VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. DOES**

1.-32. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (32) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (32) of this Count V of plaintiff's Complaint.

**ANSWER:     The City hereby realleges and incorporates by reference the answers to paragraphs (1)- (32) of Count I as though fully set forth herein.**

33.     DOES search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:     The allegations set forth in Count V are not directed towards the City and no response is required.**

34.     DOES search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:     The allegations set forth in Count V are not directed towards the City and no response is required.**

35.     DOES search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 14th Amendment right of privacy.

**ANSWER:     The allegations set forth in Count V are not directed towards the City and no response is required.**

36.     DOES' violation of plaintiff's 14th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:     The allegations set forth in Count V are not directed towards the City and no response is required.**

## COUNT VI
## VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. CITY

1-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of the Count IV of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count VI of plaintiff's Complaint.

**ANSWER:     The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(30) as though fully set forth herein.**

31.     Grizzle and/or DOES' search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false

and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:**    **The City denies the allegations contained in paragraph 31.**

32.    Grizzle and/or DOES' search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:**    **The City denies the allegations contained in paragraph 32.**

33.    Grizzle and/or DOES' search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 14th Amendment rights of privacy.

**ANSWER:**    **The City denies the allegations contained in paragraph 33.**

34.    Grizzle and/or DOES' violation of plaintiff's 14th Amendment rights of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:**    **The City denies the allegations contained in paragraph 34.**

35.    The violation of plaintiff's 14th Amendment rights of privacy alleged herein as enabled, facilitated and caused by City's gross negligence in supervising Grizzle and/or DOES, the active participation of supervisory personnel in those violations, and/or the passive acquiescence of City upon learning of the violations.

**ANSWER:**    **The City denies the allegations contained in paragraph 35.**

36.    City's violation of plaintiff's 14th Amendment rights of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:**    **The City denies the allegations contained in paragraph 36.**

**WHEREFORE**, the City respectfully request that Count VI of Plaintiff's Complaint be dismissed, and that judgment be granted in favor of the City and against Plaintiff, together with costs and such other relief as the Court deems just and proper.

## COUNT VII
## VIOLATION OF ARTICLE I, §6 OF ILLINOIS CONSTITUTION v. GRIZZLE

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count VII of plaintiff's Complaint.

**ANSWER:** **The City hereby realleges and incorporates by reference the answers to paragraphs (1)- (30) as though fully set forth herein.**

31.     At all relevant times Article I, § 6 of the Constitution of the State of Illinois was in full force and effect and provided:

*The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized.*

**ANSWER:** **The City admits that Article I is accurately quoted.**

32.     Grizzle's search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:** **The allegations set forth in Count VII are not directed towards the City and no response is required.**

33.     Grizzle's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:** **The allegations set forth in Count VII are not directed towards the City and no response is required.**

34.     Grizzle's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois.

**ANSWER:** **The allegations set forth in Count VII are not directed towards the City and**

**no response is required.**

35. Grizzle's violation of plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:** **The allegations set forth in Count VII are not directed towards the City and**

**no response is required.**

## COUNT VIII
## VIOLATION OF ARTICLE I, SECTION 6 OF ILLINOIS CONSTITUTION v DOES

1.-31. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (31) of Count VII of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (31) of this Count VIII of plaintiff's Complaint.

**ANSWER:** **The City hereby realleges and incorporates by reference the answers to**

**paragraphs (1)-(31) as though fully set forth herein.**

32. DOES' search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:** **The allegations set forth in Count VIII are not directed towards the City and**

**no response is required.**

33. DOES' search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:** **The allegations set forth in Count VIII are not directed towards the City and**

**no response is required.**

34. DOES' search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois.

18

**ANSWER:** **The allegations set forth in Count VIII are not directed towards the City and no response is required.**

35.     DOES' violation of plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:** **The allegations set forth in Count VIII are not directed towards the City and no response is required.**

**COUNT IX**
**VIOLATION OF ARTICLE I, § 6 OF ILLINOIS CONSTITUTION v. CITY**

1.-31. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (31) of Count VII of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (31) of this Count IX of plaintiff's Complaint.

**ANSWER:** **The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(31) as though fully set forth herein.**

32.     Grizzle and/or DOES search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:** **The City denies the allegations contained in paragraph 32.**

33.     Grizzle and/or DOES' search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:** **The City denies the allegations contained in paragraph 33.**

34.     Grizzle and/or DOES' search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois.

**ANSWER:** **The City denies the allegations contained in paragraph 34.**

35.     Grizzle and/or DOES' violation of plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:     The City denies the allegations contained in paragraph 35.**

36.     The violation of plaintiff's rights under Article I, § 6 of the Constitution of the State of Illinois alleged herein as enabled, facilitated and caused by City's gross negligence in supervising Grizzle and/or DOES, the active participation of supervisory personnel in those violations, and/or the passive acquiescence of City upon learning of the violations.

**ANSWER:     The City denies the allegations contained in paragraph 36.**

37.     City's violation of plaintiff's rights under Article I, § 6 of the Constitution of the State of Illinois caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:     The City denies the allegations contained in paragraph 37.**

**WHEREFORE**, the City respectfully request that Count IX of Plaintiff's Complaint be dismissed, and that judgment be granted in favor of the City and against Plaintiff, together with costs and such other relief as the Court deems just and proper.

### COUNT X
### VIOLATION OF ILLINOIS COMMON LAW RIGHT
### OF PRIVACY, "INTRUSION UPON SECLUSION" v. GRIZZLE

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count X of plaintiff's Complaint.

**ANSWER:     The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(30) as though fully set forth herein.**

31. At all relevant times, Grizzle owed plaintiff a duty not to intrude upon her private affairs in a manner that would be highly offensive to a reasonable person.

**ANSWER:     The allegations set forth in Count X are not directed towards the City and no response is required.**

32. In violation and breach of the duty aforesaid, Grizzle violated plaintiff's common law right of privacy by:

a)     searching her iPhone without probable cause;

b)     providing inaccurate and/or incomplete information in the Grizzle Affidavit in order to obtain a Warrant to search plaintiff's iPhone;

c)     conducting a search of plaintiff's iPhone that was beyond the legitimate or permissible scope of the Warrant;

d)     allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

**ANSWER:**     **The allegations set forth in Count X are not directed towards the City and no response is required.**

33.     Grizzle's violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

**ANSWER:**     **The allegations set forth in Count X are not directed towards the City and no response is required.**

**COUNT XI**
**VIOLATION OF ILLINOIS COMMON LAW RIGHT**
**OF PRIVACY, "INTRUSION UPON SECLUSION" v. DOES'**

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count XI of plaintiff's Complaint.

**ANSWER:**     **The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(30) as though fully set forth herein.**

31.     At all relevant times, DOES owed plaintiff a duty not to intrude upon her private affairs in a manner that would be highly offensive to a reasonable person.

**ANSWER:**     **The allegations set forth in Count XI are not directed towards the City and no response is required.**

32.     In violation and breach of the duty aforesaid, DOES violated plaintiff's common law right of privacy by:

a) searching her iPhone without probable cause;

b) providing inaccurate and/or incomplete information in the Grizzle Affidavit in order to obtain a Warrant to search plaintiff's iPhone;

c) conducting a search of plaintiff's iPhone that was beyond the legitimate or permissible scope of the Warrant;

d) allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

**ANSWER:** **The allegations set forth in Count XI are not directed towards the City and no response is required.**

33. DOES' violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

**ANSWER:** **The allegations set forth in Count XI are not directed towards the City and no response is required.**

**COUNT XII**
**VIOLATION OF ILLIOIS COMMON LAW RIGHT**
**OF PRIVACY, "INTRUSTION UPON SECLUSION" v. CITY**

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count XII of plaintiff's Complaint.

**ANSWER:** **The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(30) as though fully set forth herein.**

31. At all relevant times, City owed plaintiff a duty not to intrude upon her private affairs in a manner that would be highly offensive to a reasonable person.

**ANSWER:** **The City admits only those duties imposed upon it by law and denies that Plaintiff has properly alleged those duties and demands strict proof.**

32. In violation and breach of the duty aforesaid, City violated plaintiff's common law right of privacy by:

a) searching her iPhone without probable cause;

b)      providing inaccurate and/or incomplete information in the Grizzle Affidavit in order to obtain a Warrant to search plaintiff's iPhone;

c)      conducting a search of plaintiff's iPhone that was beyond the legitimate or permissible scope of the Warrant;

d)      allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

**ANSWER:    The City denies the allegations contained in paragraph 32, inclusive of subparagraphs (a) through (d).**

33.      City's violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

**ANSWER:    The City denies the allegations contained in paragraph 33.**

**WHEREFORE**, the City respectfully request that Count XII of Plaintiff's Complaint be dismissed, and that judgment be granted in favor of the City and against Plaintiff, together with costs and such other relief as the Court deems just and proper.

## COUNT XIII
## VIOLATION OF 720 ILCS 5/11-23.5 v. GRIZZLE

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count XIII of plaintiff's Complaint.

**ANSWER:    The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(30) as though fully set forth herein.**

31.      At all relevant times, 720 ILCS 5/11-23.5 ("Act") was in full force and effect in the State of Illinois and prohibited the non-consensual dissemination of private sexual images of another person.

**ANSWER:    The City admits that the Act referenced was in effect, that the Act speaks for itself and that the Plaintiff's allegation is not a complete reiteration of the Act.**

32. At all relevant times, Grizzle had a duty not to violate the Act and plaintiff's right under the Act to be free from dissemination of the Private Images without her consent.

**ANSWER:** **The allegations set forth in Count XIII are not directed towards the City and no response is required.**

33. Grizzle violated plaintiff's rights under the Act by disseminating the Private Images without her consent.

**ANSWER:** **The allegations set forth in Count XIII are not directed towards the City and no response is required.**

34. Grizzle's violation of plaintiff's rights under the Act caused and still cause plaintiff to suffer extreme embarrassment, humiliation and anguish.

**ANSWER:** **The allegations set forth in Count XIII are not directed towards the City and no response is required.**

## COUNT XIV
## VIOLATION OF 720 ILCS 5/11-23.5 v DOES

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count XIII of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count XIV of plaintiff's Complaint.

**ANSWER:** **The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(30) as though fully set forth herein.**

31. At all relevant times, DOES had a duty not to violate the Act and plaintiff's right under the Act to be free from dissemination of the Private Images without her consent.

**ANSWER:** **The allegations set forth in Count XIV are not directed towards the City and no response is required.**

32. DOES' violated plaintiff's rights under the Act by disseminating the Private Images without her consent.

**ANSWER:** **The allegations set forth in Count XIV are not directed towards the City and no response is required.**

24

33.     DOES' violation of plaintiff's rights under the Act caused and still cause plaintiff to suffer extreme embarrassment, humiliation and anguish.

**ANSWER:**     **The allegations set forth in Count XIV are not directed towards the City and no response is required.**

## COUNT XV
## VIOLATION OF 720 ILCS 5/11-23.5 v. CITY

1.-31. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (31) of Count XIII of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (31) of this Count XV of plaintiff's Complaint.

**ANSWER:**     **The City hereby realleges and incorporates by reference the answers to paragraphs (1)-(31) as though fully set forth herein.**

32.     At all relevant times, City had a duty not to violate the Act and plaintiff's right under the Act to be free from dissemination of the Private Images without her consent.

**ANSWER:**     **The City admits only those duties imposed upon it by law and denies that Plaintiff has properly alleged those duties and demands strict proof.**

33.     City violated plaintiff's rights under the Act by disseminating the Private Images without her consent.

**ANSWER:**     **The City denies the allegations contained in paragraph 33.**

34.     City's violation of plaintiff's rights under the Act caused and still cause plaintiff to suffer extreme embarrassment, humiliation and anguish.

**ANSWER:**     **The City denies the allegations contained in paragraph 34.**

**WHEREFORE**, the City respectfully request that Count XII of Plaintiff's Complaint be dismissed, and that judgment be granted in favor of the City and against Plaintiff, together with costs and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

In the alternative to and subject to the denials in its pleadings, the City states as its affirmative defenses the following:

### I.      Section 2-109 Of Tort Immunity Act

1.      The Local Governmental and Governmental Employees Tort Immunity Act states at 745 ILCS 10/2-202 that, "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." Further, it states at 745 ILCS 10/2-109 that, "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." Therefore, to the extent the individual defendants are not liable under section 202, then the City is also not liable.

### II.      Section 2-102 Of Tort Immunity Act

1.      The Local Governmental and Governmental Employees Tort Immunity Act states at 745 ILCS 10/2-102 that, "[A] local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." Therefore, the City is not liable for punitive damages requested by Plaintiff.

### III.      Reservation

1.      The City reserve the right to assert any other defenses that may be appropriate upon facts or information revealed in discovery, including any defenses that may be asserted by any other defendants.

**WHEREFORE**, the City denies that Plaintiff is entitled to any relief whatsoever and prays that this Honorable Court will enter judgment in its favor and allow for the costs of defending this lawsuit and for any relief as is deemed equitable and just.

26

## JURY DEMAND

The City demands trial by jury in this matter.

Respectfully submitted,

CITY OF JOLIET

Dated: November 30, 2018                   By:      /s/ *Nicholas J. Daly*
                                                    One of its attorneys

John M. O'Driscoll (ARDC #6237793)
Stacey L. Wilkins (ARDC #6301187)
Nicholas J. Daly (ARDC #6321972)
TRESSLER LLP
Counsel for City of Joliet
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000
jodriscoll@tresslerllp.com
swilkins@tresslerllp.com
ndaly@tresslerllp.com

4846-0085-7210

27