# EXHIBIT A

2015 WL 6736674
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois, Eastern Division.

Gwayne Lambert, Plaintiff,
v.
Jaeho Jung, et al., Defendants.

Case No. 13 C 6030
|
Signed 11/04/2015

## MEMORANDUM OPINION AND ORDER

HARRY D. LEINENWEBER, District Judge

 *1  Before the Court is Defendants' Motion for Partial Summary Judgment on Counts VII, VIII, and X [ECF No. 72]. For the following reasons, the Motion is granted.

### I. BACKGROUND

On October 15, 2012, Plaintiff Gwayne Lambert ("Plaintiff") was arrested by Defendant Officer Jaeho Jung ("Officer Jung"), a police officer with Defendant City of Chicago Police Department ("the City"). Officer Jung transported Plaintiff to the 4th District police station and escorted him to a processing room in the back of the station to prepare traffic citations to be issued against Plaintiff. The processing room was accessible to Chicago Police Department personnel or anyone accompanied thereby.

While Plaintiff was in the processing room, Officer Jung used his personal cell phone to create an audiovisual recording of Plaintiff. The recording depicts Plaintiff seated on a bench with his hands behind his back. Officer Jung is not visible in the recording, but his voice can be heard coming from out of frame. At two points during the recording, another individual is seen walking past Plaintiff while he is seated in the room.

Plaintiff alleges that Officer Jung was verbally and physically abusive throughout the course of the arrest. Thereafter, Plaintiff filed suit against Officer Jung for excessive force (Count I); violation of equal protection (Count II); battery (Count IV); violation of the Illinois hate crime statute (Count V); malicious prosecution (Count VI); intrusion upon seclusion (Count VII); and violation of Plaintiff's constitutional right to privacy under the Illinois Constitution (Count VIII). On all except the excessive force and equal protection claims, Plaintiff alleges that the City is vicariously liable for Officer Jung's actions. Plaintiff also alleges that (Count IX) the City is statutorily liable under 745 ILCS 10/9-102, and (Count X) liable for willful and wanton supervision of Officer Jung. Defendants now move for partial summary judgment on Counts VII, VIII and X.

### II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party may meet its burden by showing "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party satisfies its initial burden, the non-moving party must demonstrate with evidence "that a triable issue of fact remains on issues for which nonmovant bears the burden of proof." *Knight v. Wiseman,* 590 F.3d 458, 463–64 (7th Cir. 2009).

The judge's role at summary judgment is not to make credibility determinations or weigh the evidence. *Washington v. Haupert,* 481 F.3d 543, 550 (7th Cir. 2007). In other words, summary judgment is not to be used to resolve evidentiary conflicts, but merely to identify their presence or absence. *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994). In determining whether a genuine issue of material fact exists, the Court construes all evidence in the light most favorable to the non-moving party. *See, Bellaver v. Quanex Corp.,* 200 F.3d 485, 491-92 (7th Cir. 2000).

### III. ANALYSIS

**\*2** Defendants move for partial summary judgment on Counts VII, VIII, and X. The Court will discuss each Count in turn.

### A. Count VII: Intrusion upon Seclusion

Plaintiff claims that Officer Jung committed the tort of intrusion upon seclusion by recording the Plaintiff without his knowledge or consent. To prevail, Plaintiff must demonstrate that: (1) Officer Jung committed an unauthorized intrusion or prying into Plaintiff's seclusion; (2) the intrusion would be highly offensive or objectionable to a reasonable person; (3) the matter intruded upon was private; and (4) the intrusion caused Plaintiff anguish and suffering. *Busse v. Motorola, Inc.,* 813 N.E.2d 1013, 1017 (Ill. App. Ct. 2004). Defendants argue that Plaintiff's intrusion upon seclusion claim fails for several reasons. The Court need not address all of the reasons, however, because the Court finds as a threshold matter that, viewing the facts in the light most favorable to Plaintiff, he has failed to satisfy the first element of the tort.

By its very name, the tort requires an invasion into an individual's seclusion. "Seclusion" means "the state of being secluded." *Webster's II New Riverside University Dictionary* 1053 (1988). "Secluded" means "(1) [r]emoved or apart from others: solitary; (2) screened from view: hidden." *Id.* Thus, the core of a claim of intrusion upon seclusion is the offensive prying into the "private domain of another." *Lovgren v. Citizens First Nat. Bank of Princeton,* 534 N.E.2d 987, 989 (Ill. 1989).

Examples of an intrusion into the seclusion of another include the following acts: invading someone's home; an illegal search of someone's shopping bag in a store; eavesdropping on a private conversation by wiretapping; peering into the windows of a private home; and persistent and unwanted telephone calls. *Id.* (*citing Restatement (Second) of Torts* § 652B, comments a, b (1977)). Of these examples, the present case most resembles an allegation of eavesdropping by wiretapping. But there is a significant difference between the two scenarios that make the conduct alleged here far less offensive. Specifically, Officer Jung's audiovisual recording of Plaintiff occurred in the processing room at a police station. The undisputed facts establish that Plaintiff was in a room in the back of the police station, that all police department personnel had access to this room, and that — as the recording shows — on at least two separate occasions during Plaintiff's time in the room another individual (in addition to Officer Jung) was present. In light of these facts, the recording by Officer Jung more closely resembles a person overhearing another's phone conversation at the doctor's office than wiretapping another's private phone line.

Plaintiff conflates the third element of the tort — private matters — with the first element of an unauthorized intrusion upon seclusion. Plaintiff was neither solitary nor hidden while in the processing room. Nor could Plaintiff claim to have had a reasonable expectation of privacy in this semi-public space occupied by, and accessible to, other people. Therefore, Plaintiff was not in a state of seclusion when Officer Jung's alleged offensive intrusion occurred. The Court is sympathetic to the argument that, if the allegations are true, Officer Jung intruded on a *private matter*, but this is not enough when Plaintiff is unable to establish that the private matter was observed while he was in a state of seclusion. While Officer Jung's actions are indeed questionable, they do not constitute an unreasonable intrusion into the seclusion of another due to the lack of privacy in the processing room of a police station. Therefore, the Court grants summary judgment in favor of Defendants on Plaintiff's intrusion upon seclusion claim.

### B. Count VIII: Violation of Right to Privacy Under the Illinois Constitution

**\*3** Plaintiff alleges that his rights under the Illinois Constitution were violated when Officer Jung created the recording of Plaintiff without his knowledge or consent. Plaintiff bases this claim on Article I, section 6 of the Illinois Constitution, which provides that "people shall have the right to be secure in their persons...against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means." Ill. Const. art. I, § 6. Defendants argue that Plaintiff is not entitled to bring a direct claim under Article I, section 6 because there is another remedy available for the alleged violation.

The commentary to Article I, section 6 states that "[s]ection 12 supplements Section 6." Article I, section 12 provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives

to his...privacy." Ill. Const. art. I, § 12. The commentary to section 12 states, in pertinent part, that this section "adds, for the first time, the assurance that a person who receives an injury or a wrong for 'invasion of privacy' shall have a remedy." Plaintiff, therefore, argues that his constitutional invasion of privacy claim is valid under the remedial scheme of Article I, sections 6 and 12.

The Illinois Supreme Court has treated Article I, section 12 as "merely an expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form." Cassens Transport Co. v. Industrial Com'n, 844 N.E.2d 414, 423 (Ill. 2006); *see also, Sullivan v. Midlothian Park Dist.,* 281 N.E.2d 659, 662 (Ill. 1972). Thus, although Article I, section 12 has been held to prohibit the legislature from entirely abolishing a particular category or type of action (*Heck v. Schupp,* 68 N.E.2d 464, 466 (Ill. 1946) (holding unconstitutional under predecessor provision to Article I, section 12 a statute barring civil actions based on alienation of affection, criminal conversation, and breach of promise to marry)), it does not create a stand-alone cause of action where other remedies exist. *Pantone v. Demos,* 375 N.E.2d 480, 483 (Ill. App. Ct. 1978) (holding that section 12 does not mandate recognition of any new remedy as long as some remedy for the alleged wrong exists).

Plaintiff has four potential remedies sufficient to compensate him for any proved wrongs arising out of Officer Jung's creation of the recording. *See, e.g., Lawlor v. North Am. Corp. of Ill.,* 983 N.E.2d 414, 424 (Ill. 2012) (noting that there are four recognized remedies for the invasion of an individual's privacy in Illinois: (1) intrusion upon seclusion; (2) appropriation of a name or likeness; (3) publication of private facts; and (4) publicity placing another person in false light.) Plaintiff has availed himself to one of these potential remedies — intrusion upon seclusion. The fact that Plaintiff has failed to prove his intrusion upon seclusion claim is immaterial. All that matters is that there is a "potential remedy" available for the alleged wrong. *Pantone,* 375 N.E.2d at

> 483. Because there is another potential remedy available to Plaintiff, his constitutional claim under Article I, section 6 fails as a matter of law.

### C. Count X: Willful and Wanton Supervision Claim

In Count X Plaintiff brings a state law claim against the City for willful and wanton supervision. Defendants argue, among other things, that Plaintiff's claim is duplicative because the City concedes that it will be liable for any negligent acts by Officer Jung under a theory of *respondeat superior.*

It is the majority rule in Illinois that "once an employer admits responsibility under *respondeat superior,* a plaintiff may not proceed against the employer on another theory of imputed liability." *Gant v. L.U. Transport, Inc.,* 770 N.E.2d 1155, 1159 (Ill. App. Ct. 2002); *Ledesma v. Cannonball, Inc.,* 538 N.E.2d 655, 661 (Ill. App. Ct. 1989); *Neff v. Davenport Packing Co.,* 268 N.E.2d 574, 575 (Ill. App. Ct. 1971). Under this rule, if it is undisputed that the employer is liable for the employee's negligence under *respondeat superior,* then a cause of action under another theory of imputed liability — like negligent hiring, entrustment, or supervision — is duplicative and unnecessary. *Thompson v. Northeast Ill. Reg'l Comm. R.R. Corp.,* 854 N.E.2d 744, 747 (Ill. App. Ct. 2006).

**\*4** In *Gant,* the issue presented was whether the plaintiff could maintain a claim for negligent hiring, retention, or entrustment against an employer where the employer had admitted responsibility for the conduct of the employee under a theory of *respondeat superior*. *Gant,* 770 N.E.2d at 1158. In applying the majority rule, the court reasoned that under either a theory of *respondeat superior* or negligent entrustment, the employer's liability depended on the negligence of the employee. *Id.* at 1160. The court explained that "[a]lthough negligent entrustment may establish independent fault on the part of the employer," it does not impose additional liability on the employer because the employer's liability "is predicated initially on, and therefore is entirely derivative of, the negligence of the employee." *Id.* In other words, if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or entrustment or the adequacy of the training. *Id.*; *accord,* 745 ILCS 10/2-109.

In *Lockett v. BiState Transit Authority,* the Illinois Supreme Court created an exception to the rule relied on in *Gant* for cases involving willful and wanton misconduct

by the employer. *Lockett v. BiState Transit Authority,* [445 N.E.2d 310, 314 (Ill. 1983)](). The court reasoned that, unlike negligent entrustment cases, "where the misconduct of the [employer] is of the same level of culpability as that of the [employee]," in willful and wanton cases "[employers] may be found guilty of [willful] and wanton misconduct even though the [employee]...may have been only negligent." *Id.* Thus, "the necessity of proof of the [employer's] misconduct" is not "eliminated simply because that party acknowledges an agency relationship with the [employee]." *Id.*

Here, the City admits that Officer Jung "was a member of the City of Chicago Police Department acting at all relevant times within the scope of his employment." *See, e.g.,* Defendant's Ex. B, ¶¶ 60, 68. As such, the City will be liable under a theory of *respondeat superior* for any proved negligence by Officer Jung. Because the City admits *respondeat superior* liability, Plaintiff's cause of action for willful and wanton supervision is duplicative and unnecessary.

Plaintiff's argument that the claim is saved by the *Lockett* exception lacks merit. The *Lockett* exception is premised on the claim against the employer requiring a higher level of culpability than the claim against the employee. *Lockett,* 445 N.E.2d at 314. Here Plaintiff's claims against both the City and Officer Jung require the same level of culpability — willful and wanton conduct. *See,* 745 ILCS 10/2-202 ("A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."). Thus, the necessity of proof of the City's misconduct is eliminated through its acknowledgment of *respondeat superior* liability for Officer Jung's actions. The Court, therefore, grants Defendant's Motion for Summary Judgment on Plaintiff's willful and wanton supervision claim.

### IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Partial Summary Judgment [ECF No. 72] is granted.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 6736674

---

End of Document © 2018 Thomson Reuters. No claim to original U.S. Government Works.