UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| | ) Case No. 18 CV 05681 |
| Plaintiff, | ) |
| | ) Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate Judge Mary M. Rowland |
| City of Joliet, a municipal corporation, | ) |
| Edward Grizzle, John Does 1 – 20, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S COMBINED RESPONSE TO DEFENDANT CITY OF JOLIET'S
AMENDED MOTION TO DISMISS COUNTS III, VI, IX AND XV OF PLAINTIFF'S
COMPLAINT PURSUANT TO RULE 12(B)(6) AND STRIKE PLAINTIFF'S
REQUEST FOR PUNITIVE DAMAGES AND PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT</u>**

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, states as follows for her Combined Response to Defendant, City of Joliet's, Amended Motion to Dismiss Counts III, VII, IX and XV of Plaintiff's Complaint Pursuant to Rule 12(B)(6) and Strike Plaintiff's Request for Punitive Damages and Plaintiff's Motion for Leave to File First Amended Complaint:

*Introduction*

Plaintiff's Complaint (Doc 1) alleges official "revenge porn" by one specific Sergeant/ Detective (defendant Grizzle) and numerous other and yet unnamed officers and employees, including supervisory personnel, of the Joliet Police Department ("JPD") (the Doe defendants). Specifically, significant to this Motion, plaintiff's Complaint alleges:

> 28. Not content to conclude their vendetta cloaked as a lawful criminal investigation, Grizzle and City, then, and also for no legitimate law enforcement purpose, displayed the Private Images to other to other City employees, all also believed to be police officers or staff acting under color of law (the DOES, sued here), and also allowed the DOES to re-record these Private Images.

> 29. Upon information and belief, senior leaders and/or supervisors of the City's Department of Police have been aware of and acquiesced and participated in the viewing, dissemination and re-recording of the Private Images on plaintiff's iPhone but have not disciplined any of the police officers or staff involved.

(Doc 1, ¶¶28 – 29)

These allegations are sufficient to withstand the City's *Monell* objections to the pleading and to imply a private right of action under Illinois anti -"revenge porn" enactment, 720 ILCS 5/11-23.5 ("Act"), even though the language of the Act does not explicitly provide such a remedy. At least at the Rule 12(b)(6) motion stage, these and the other allegations of plaintiff's Complaint also sufficiently state claims under the U.S. Constitution, Illinois Constitution, and the Act. Accordingly, the City's Motion (Mot., Doc 30) should be denied, except with respect to plaintiff's claims against the City for punitive damages as to which Motion is well-taken.

### *Counts III and VI Sufficiently Allege <u>Monell</u> Claims*

Plaintiff has not alleged and would be stunned to discover any formal JPD policy that countenanced the sophomoric, prurient, voyeuristic and purposely hurtful antics of its officers that are alleged in her Complaint. Such a formal policy would be self-evidently antithetical to good order and discipline in the ranks.

But a formal policy is not the only way to satisfy *Monell*. Beyond mere *respondeat superior* allegations, which are insufficient to meet *Monell*'s requirements, a municipality's corporate liability can be established indirectly "by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event, adopting, the misconduct of subordinate officers." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (quoting *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995)

The allegations of ¶29 of plaintiff's Complaint sufficiently plead just such knowing acquiescence and participation by JPD's senior leadership. Whether discovery will confirm or plaintiff able to persuade a jury of the truth of these allegations is a determination that must be made at later stages in the case.

For now, at the pleadings stage, these allegations are entitled to credit and operate to defeat the City's *Monell* challenge. Accordingly, the City's Motion to Dismiss Counts III and VI should be denied.

### *Count IX Alleges Cognizable Claim Under Art. I, Sect. 6 of the Illinois Constitution*

Both the City's Motion and Judge Leinenweber's Memorandum Opinion in *Lambert v. Jung*, 13 C 6030, 2015 WL 6736674 (N.D. Ill. November 4, 2015), upon which the City relies (Mot., Doc. 30, pp. 5-7), are based largely on "commentary" for which neither the Memorandum Opinion nor Motion provide any citation or attribution. So, plaintiff is hard-pressed to address it squarely here. That said, Judge Leinenweber's decision in *Lambert*, which is not binding on this court, is not logically reflective of Illinois law.

No Illinois decision has squarely decided whether Art. I, §6 of the Illinois Constitution provides the basis for a direct action for either an unlawful search/seizure or a more generalized invasion of privacy. Illinois authority considering the application of this provision of the Illinois Constitution does so almost entirely in the context of the suppression of evidence in criminal cases.

Several Illinois cases have applied this provision of the Illinois Constitution as support for recognition of actions alleging common law torts for invasion of privacy. *Leopold v. Levin*, 45 Ill.2d 434, 440 (1970), *Midwest Glass Co. v. Stanford Dev. Co.*, 34 Ill.App.3d 130, 133-134 (1st Dist. 1975). See also *Cantrell v. American Broadcasting Cos.*, 529 F.Supp. 746, 756-757 (N.D. Ill. 1981). Citing Art. I, §6 of the Illinois Constitution, these decisions have identified "the *right*

*to a remedy* for invasion of privacy *through the legislature* and through the judiciary." (Italics added)  *Midwest Glass, supra* and *Cantrell, supra*.

Although plaintiff acknowledges the obvious overlap between the Constitutional/legislative origin and the judicial origin for the right to such a remedy, no Illinois case has held that one excludes the other. In view of this, it is both illogical and at odds with the explicit language of Art. I, §6 (and §12, for that matter) of the Illinois Constitution to reject, as a matter of law, a claim to such remedy under those constitutional provisions. Accordingly, the City's Motion to Dismiss Count IX should be denied.

### *Right of Action Should Be Implied Under Act, Based Upon Which Count XV States A Cognizable Claim*

No Illinois decision has considered whether or under what set of facts a private right of action may be implied under the Act. Such a right of action should be implied, particularly under the facts alleged in Count XV of plaintiff's Complaint.

Plaintiff takes no issue with the City's recitation of the four factors that the court should consider in determining whether to imply a private right of action where a legislative enactment does not explicitly provide for one. (Doc. 30, p.7) That the first three of these factors are met here is plain. The parties take issue only with whether the fourth factor is met – that is, whether implying a private right of action is necessary to provide an adequate remedy for violations of the statute.

Because implying a right of action is necessary to provide plaintiff with an adequate remedy for defendants' violation of the Act under the facts alleged, this court should do so in this case. The City's contention that plaintiff's ability to claim for common law invasion of privacy obviates the need to imply a right of action under the Act sloppily conflates the two different theories of recovery. The elements of the two claims and the different rights they vindicate are significantly different.

Under Illinois law, the element of the common law tort of invasion of privacy (intrusion upon seclusion) are:

1. An unauthorized intrusion or prying into the plaintiff's seclusion;

2. An intrusion that is highly offensive or objectionable to a reasonable person;

3. That the matter upon which the intrusion occurs is private; and

4. The intrusion causes anguish and suffering

*Jacobson v. CBS Broadcasting, Inc*., 2014 Ill.App. (1st) 132480 ¶46. This tort does not turn on publication of the private images. *Id*.

A claim based on violation of the Act, on the other hand, turns specifically on the unlawful publication ("dissemination" in the parlance of the Act) of specified images:

(b) A person commits non-consensual dissemination of private sexual images when he or she:

1. Knowing, touching, or fondling the victim or other person or animal, either directly or through the clothing, of the sex organs, anus, or breast of the victim or another person or animal for the purpose of sexual gratification or arousal; or

2. Any transfer or transmission of semen upon any part of the clothed or unclothed body of the victim, for the purpose sexual gratification or arousal of the victim or another; or

3. An act of urination within a sexual context;

720 ILCS 5/11-23.5(b)(1)-(3). The Act thus specifically protects against the unlawful publication of specified images.

The City's further argument that the Act "was not designed to prevent an alleged *illegal search and seizure*" (Mot., Doc 30, p.7, italics added) further misses the point by conflating plaintiff's Fourth Amendment claims with her claims under the Act. Plaintiff's claims under the Act are not based on defendants' "illegal search and seizure" of the images on her phone. They are

5

based instead on defendants' unlawful dissemination of those images, which is what the Act specifically prohibits.

The City identifies no legal basis other than the Act which affords plaintiff an adequate remedy for defendants' unlawful dissemination of the salacious images on her phone. The Act is the only legal medium that will definitely afford her such a remedy. To afford her a remedy for this facet of defendants' misconduct, it is thus necessary that the court imply a right of action under the Act. Accordingly, the City's Motion to Dismiss Count XV should be denied.

### *Plaintiff's Motion for Leave to File First Amended Complaint*

As "hedge" against dismissal of her claim under the Act and/or to plead in the alternative to that claim and pursuant to FRCP 15, plaintiff moves for leave to amend her Complaint to add claims for Invasion of Privacy/Publication of Private Facts as shown on Ex. A, her proposed First Amended Complaint. These new claims are arguably the publication/dissemination "flip-side" to the "Intrusion Upon Seclusion" variation of the common law Invasion of Privacy tort already alleged by plaintiff.

However, even this amendment will not necessarily afford plaintiff an adequate remedy for defendants' unlawful dissemination of the private images on her phone, as it is not clear that those "images" constitute the types of "private facts" protected by this common law tort claim. If they are not, then adding this common law tort claim would not necessarily provide plaintiff with an adequate alternative remedy to her claims under the Act for defendants' unlawful dissemination of those images. Perhaps the City will address this in its Reply.

*Conclusion*

For the reasons stated, plaintiff asks that this court enter an Order denying City's Motion in its entirety and allowing plaintiff leave to file her First Amended Complaint.

                                      Respectfully submitted,

                              By:     s/Hall Adams_____
                                       Hall Adams

Hall Adams
Law Offices of Hall Adams LLC
33 N. Dearborn Street
Suite 2350
Chicago, Illinois 60602
P: (312) 445-4900; F: (312) 445-4901
Attorney's ARDC 6194886
hall@adamslegal.net