**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal | ) | |
| corporation, EDWARD GRIZZLE, and JOHN | ) | Magistrate: Mary M. Rowland |
| DOES 1-20, | ) | |
| | ) | Trial by Jury Demanded |
| Defendants. | ) | |

**CITY OF JOLIET'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTS III, VI, IX AND XV OF PLAINTIFF'S COMPLAINT
PURSUANT TO RULE 12(B)(6), AND STRIKE PLAINTIFF'S
REQUEST FOR PUNITIVE DAMAGES**

**NOW COMES** Defendant, CITY OF JOLIET ("City"), by and through its attorneys,

TRESSLER LLP, files with this Honorable Court its Reply in Support of Motion to Dismiss

Counts III, VI, IX and XV of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and to

Strike Plaintiff's Request for Punitive Damages, and states as follows:

**ARGUMENT**

I.   **PLAINTIFF CONCEDES THAT PUNITIVE DAMAGES AGAINST THE
     CITY ARE BARRED BY THE ILLINOIS TORT IMMUNITY ACT.**

At pages 8-9 of its Motion to Dismiss, the City argued that all requests for punitive

damages against it in Plaintiff's Complaint must be stricken pursuant to The Local Governmental

and Governmental Employees Tort Immunity Act which provides that, "[A] local public entity is

not liable to pay punitive or exemplary damages in any action brought directly or indirectly

against it by the injured party or a third party." 745 ILCS 10/2-102. In her Response, Plaintiff

concedes that her requests for punitive damages against the City must be stricken.

("Accordingly, the City's Motion (Mot., Doc 30) should be denied, *except with respect to*

*plaintiff's claims against the City for punitive damages as to which Motion is well-taken*.") (Resp. at 2) (emphasis added). Therefore, all requests for punitive damages against the City in Counts III, VI, IX, XII and XV must be stricken pursuant to pursuant to Section 2-102 of The Local Governmental and Governmental Employees Tort Immunity Act.

## II. IF PERMITTED, PLAINTIFF'S ATTEMPT TO SALVAGE HER *MONELL* CLAIMS AGAINST THE CITY WOULD VIOLATE THE APPLICABLE PLEADING STANDARDS.

The City argued in its Motion to Dismiss that Plaintiff has not properly alleged a *Monell* claim at Counts III and VI because she merely attempts to impose vicarious liability for the alleged improper acts of employees of the City that were not pursuant to an official custom or policy. (Mot. at 4-5). In her Response, Plaintiff relies solely upon paragraph 29 of her Complaint to support her *Monell* claims against the City. (Resp. at 2-3). Paragraph 29 of the Complaint alleges as follows:

> Upon information and belief, senior leaders and/or supervisors of the City's Department of Police have been aware of and acquiesced and participated in the viewing, dissemination and re-recording of the Private Images on plaintiff's iPhone but have not disciplined any of the police officers or staff involved.

Plaintiff argues that her vague, conclusory, self-serving allegations, premised upon "information and belief" and stated in the alternative, satisfy the constitutional requirements of *Monell* and she should be given the opportunity to engage in discovery to confirm whether those allegations are true. (Resp. at 2-3). If this were allowed, then *Monell* and pleading requirements in general are rendered meaningless because any claimant could simply allege the elements of his or her claim in conclusory fashion "upon information and belief" and ask for discovery to prove them. Although notice pleading does not rise to the level of fact pleading, more is required to properly plead any claim.

2

As stated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937 (2009):

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Twombly,* 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. Two working principles underlie *Twombly.* First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.,* at 555, 127 S.Ct. 1955. Second, determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense. *Id.,* at 556, 127 S.Ct. 1955. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Pp. 1948 – 1951.

*Id*. at 678

Here, Plaintiff has attempted to satisfy *Monell* by alleging vague, formalistic conclusions and asks that this Court give her a chance in discovery to confirm whether they are true. This violates the applicable pleading standards and cheapens the constitutional requirements of *Monell*. For these reasons, Plaintiff has failed to allege claims upon which relief can be granted at Counts III and VI, and those claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**III.    THE CASES RELIED UPON BY PLAINTIFF DO NOT SUPPORT AN INDEPENDENT CAUSE OF ACTION FOR INVASION OF PRIVACY UNDER THE ILLINOIS CONSTITITON.**

In its Motion to Dismiss, the City argued that Plaintiff's claim under Article I, §6 of the Illinois Constitution at Count IX must be dismissed because there is no separate, direct claim under Article I, §6 when there is another remedy available for the alleged violation. (Mot. at 5-

7). In support, the City relied, in part, on Judge Leinenweber's Memorandum Opinion and Order entered in *Lambert v. Jung*, No. 13 C 6030, 2015 WL 6736674 (N.D. Ill. November 4, 2015) which is directly on-point on this issue. Judge Leinenweber analyzed Illinois law and held that the Illinois Constitution prohibits the legislature from abolishing a particular type of action, but does not create a separate, stand-alone cause of action where remedies already exist.

In her Response, Plaintiff summarily argues that Judge Leinenweber's opinion on this issue "is not logically reflective of Illinois law" and she argues that, although there is an "obvious overlap," no Illinois cases have held that the existence of common law claims precludes a separate claim under the Illinois Constitution. (Resp. at 3-4). In support, Plaintiff argues that several Illinois courts applying Illinois law have "identified 'the right to a remedy for invasion of privacy through the legislature and through the judiciary.'" (Resp. at 3-4). However, Plaintiff fails to include the entire statement concerning *how* Illinois courts have provided that remedy:

> The law of Illinois has recognized the right to privacy as well as the right to a remedy for invasion of such right both through the legislature and through the judiciary. See Ill.Const., art. I, secs. 6, 12; Leopold v. Levin, 45 Ill.2d 434, 440, 259 N.E.2d 250, 254 (1970). **Illinois courts have also adopted the four distinct torts of privacy** as expressed by Professor William L. Prosser and by the Restatement (Second) of Torts: **(1) an unreasonable intrusion upon the seclusion of another, (2) the appropriation of another's name or likeness, (3) a public disclosure of private facts, or (4) publicity which unreasonably places another in a false light before the public**. Midwest Glass Co. v. Stanford Development Co., 34 Ill.App.3d 130, 133, 339 N.E.2d 274, 277 (1975). It is clear that this court need only concern itself with the fourth category of invasion of privacy because plaintiff alleges that the broadcast unreasonably placed him in a false light.

*Cantrell v. Am. Broad. Companies, Inc*., 529 F. Supp. 746, 756 (N.D. Ill. 1981) (emphasis added).

Thus, even in the cases relied upon by Plaintiff (*Cantrell*, *Leopold*, and *Midwest Glass Co*.), it is clear that Article I, §6 is not a separate, duplicative claim for an alleged invasion of

privacy. Rather, the alleged invasion of privacy must fit within one of the four distinct torts

adopted by courts in Illinois to provide a remedy for that constitutionally guaranteed right – one

of which Plaintiff has specifically alleged: intrusion upon seclusion. Accordingly, Plaintiff's

claim under Article I, §6 of the Illinois Constitution fails as a matter of law and must be

dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### IV.    THERE IS NO BASIS TO FIND AN IMPLIED CAUSE OF ACTION UNDER A CRIMINAL STATUTE FOR VICARIOUS LIABILITY AGAINST A GOVERMMENTAL ENTITY.

At Count XV, Plaintiff included a claim against the City pursuant to a criminal statute

that does not expressly provide a private right of action. Plaintiff argues that a right of action

against the City for the alleged acts of employees should be implied under the criminal statute

because she has no other adequate remedy for the alleged "unlawful dissemination of the

salacious images on her phone." (Resp. at 4-6). Contrary to Plaintiff's argument, her Complaint

appears to include the alleged dissemination of her self-described "salacious images" under

every count, including Count XII (common law intrusion upon seclusion). In particular, Plaintiff

alleges at paragraph 32 of Count XII as follows:

> 32.    In violation and breach of the duty aforesaid, City violated plaintiff's common law right of privacy by:
> …
> d)    allowing the Private Images on plaintiff's iPhone to be viewed and/or (re) recorded by others who lacked probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

Therefore, it is clear that Plaintiff has alleged under other counts the same actions

supporting her claim under Count XV and there is simply no merit to Plaintiff's argument that it

is necessary for this Court to find an implied cause of action against the City.

Aside from having other remedies for the alleged wrongful dissemination, it is also

important to note that Plaintiff is not just asking this Court to recognize an implied cause of

action against the individuals that allegedly invaded her right of privacy. Rather, without any support, Plaintiff argues that this Court should find an implied cause of action under a criminal statute for vicarious liability against a governmental entity. This is particularly troubling in a case where the claimant has unsuccessfully attempted to allege constitutional *Monell* claims because recognition of vicarious liability would essentially short-circuit the requirements of *Monell* because a governmental entity is only responsible for "[its] own illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson,* 563 U.S. 51, 60; 131 S.Ct. 1350, 1359 (2011) (citations omitted). For these reasons, the City respectfully requests that this Court decline to find an implied cause of action imposing vicarious liability under 720 ILCS 5/11-23.5 and dismiss Count XV pursuant to Fed. R. Civ. P. 12(b)(6).

## V. PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT CONTAINS ALL OF THE SAME DEFECTS AND SHOULD BE REJECTED.

In her Response, Plaintiff includes a request that she be allowed to amend her Complaint and she attached a proposed First Amended Complaint.[1] Although Rule 15(a) provides a liberal policy for amendments, leave to amend is not given automatically but is allowed only "when justice so requires." The Supreme Court provided the following standard to be employed under Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc.— the leave sought should, as the rules require, be 'freely given.'

---

[1] Although a motion to dismiss is not considered a "responsive pleading" within the meaning of Rule 15(a)(1)(B), the City filed its Answer and Affirmative Defenses on November 30, 2018 (Doc. #28). Therefore, Plaintiff may not amend her Complaint without leave of court pursuant to Rule 15(a)(2).

*Foman v. Davis*, 371 U.S. 178, 182; 83 S.Ct. 227, 230 (1962).

Here, Plaintiff's proposed First Amended Complaint includes all of the same defects identified in the City's Motion to Dismiss – including her request for punitive damages against the City which she concedes is improper. Plaintiff's proposed First Amended Complaint cures no defects and merely adds another common law claim relating to the alleged invasion of privacy (which, consequently, further supports the argument that the Illinois Constitution does not provide a separate remedy and an implied claim under a criminal statute is not necessary). Although the City recognizes that it is likely the Court may grant Plaintiff leave to amend at this early juncture, the City requests that the Court prohibit Plaintiff from re-alleging the same claims or relief that may be found improper because such amendment would be futile and only lead to further motions. For these reasons, even if the Court is inclined to allow Plaintiff to amend, the City requests that the Court prohibit Plaintiff from filing the proposed First Amended Complaint and order that any amended complaint be consistent with the Court's ruling on the City's Motion to Dismiss.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendant CITY OF JOLIET respectfully requests that its Motion to Dismiss be granted, that Counts III, VI, IX and XV of Plaintiff's Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), that Plaintiff's requests for punitive damages against the City be stricken pursuant to section 2-102 of The Local Governmental and Governmental Employees Tort Immunity Act, and for such other relief as this Court deems just and equitable.

Respectfully submitted,

CITY OF JOLIET

Dated:     January 23, 2019          By:      /s/ *Nicholas J. Daly*
                                              One of its attorneys

John M. O'Driscoll (ARDC #6237793)
Stacey L. Wilkins (ARDC #6301187)
Nicholas J. Daly (ARDC #6321972)
TRESSLER LLP
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000
jodriscoll@tresslerllp.com
swilkins@tresslerllp.com
ndaly@tresslerllp.com

4826-0838-5412

8