# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 5681 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| CITY OF JOLIET, EDWARD GRIZZLE, ) | |
| and JOHN DOES 1-20, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cassandra Socha says this case is about revenge porn. She and her fiancé, Nicholas Crowley, both served as patrol officers for the City of Joliet. Following a somewhat bizarre series of events, a detective for the City of Joliet, defendant Edward Grizzle, obtained a search warrant for Socha's cell phone and discovered private images and videos of Socha and Crowley posing in the nude and engaging in sex acts. Socha alleges, among other things, that Detective Grizzle showed these private images to her fellow police officers, causing her extreme embarrassment, humiliation, anguish, and emotional suffering. Socha has filed a fifteen-count complaint against defendants City of Joliet (the "City"), Edward Grizzle, and certain John Does, alleging various constitutional and state law violations.

Before the Court is the City's amended motion to dismiss Counts III, VI, IX and XV of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike plaintiff's request for punitive damages. For the reasons set forth below, the motion [30] is granted. Socha is given leave to file a first amended complaint consistent with this Order by July 19, 2019.

# BACKGROUND

Plaintiff Cassandra Socha brings this suit against the City of Joliet and certain Joliet police officers. She alleges the following facts, which the Court accepts as true for purposes of this motion. During the relevant time period, Socha and her fiancé, Nicholas Crowley, worked as patrol officers for the City. Crowley was named as a defendant in a criminal case: *People v. Nicholas M. Crowley*, No. 17 CF 1422, Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (the "Criminal Case"). Defendant Grizzle worked as a detective/sergeant for the City and was assigned to investigate all matters related to the Criminal Case.

The prosecution in the Criminal Case issued a subpoena for Socha to testify in the prosecution's case-in-chief. On May 14, 2018, Socha testified pursuant the subpoena. She testified favorably for Crowley, which, according to Socha, angered the prosecution and Detective Grizzle. On May 16, 2018, Socha inadvertently sent a text message to another prosecution witness, Maria Gatlin. Gatlin showed the text message to the prosecution team, Detective Grizzle, and the City Department of Police.

Detective Grizzle, who allegedly became upset with Socha after she testified, prepared a search warrant as well as an affidavit and presented it Judge Sarah Jones. On May 18, 2018, Judge Jones issued the search warrant, which authorized City police department personnel to search Socha's cell phone for "evidence of the offense of **Harassment via electronic communications, Intimidation**." (Dkt. 1-1, pg. 2) (emphasis in original). Socha alleges that, in addition to searching her phone in furtherance of its investigation, Detective Grizzle and the City searched her cell phone for any and all private data or images. While Detective Grizzle and the City did not find evidence of any criminal offense on Socha's cell phone, they discovered "numerous private, still and/or video-graphic images that clearly depict plaintiff while nude

and/or while engaged in sex acts with Crowley." (Dkt 1, ¶ 27.) Grizzle and the City then showed these private images to other City employees and allowed those employees to re-record the private images. Socha says that senior leaders of the City's Department of Police have been aware of and allowed the employees to view, disseminate, and re-record the private images but have not disciplined any of the individuals involved. Socha says that she has suffered extreme embarrassment, humiliation, anguish, and emotional suffering as a result.

Defendant City of Joliet moves to dismiss Counts III, VI, IX and XV of plaintiff's complaint and strike plaintiff's request for punitive damages.

## STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true

legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). When ruling on a Rule 12(b)(6) motion, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir. 2012)).

## DISCUSSION

**Counts III and VI – Violation of Fourth and Fourteenth Amendment rights**

Socha claims that the City deprived her of her constitutional rights when Detective Grizzle and/or certain officers exceeded the scope of the search warrant and improperly disclosed and disseminated private images from her cell phone. In particular, Socha alleges,

> Upon information and belief, senior leaders and/or supervisors of the City's Department of Police have been aware of and acquiesced and participated in the viewing, dissemination and re-recording of the Private Images on plaintiff's iPhone but have not disciplined any of the police officer or staff involved.

(Dkt. 1, ¶ 29.) A plaintiff may bring an action against a municipality based upon allegations of a deprivation of his or her constitutional rights. *Teesdale v. City of Chi.*, 690 F.3d 829, 833 (7th Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). To establish municipal liability, a plaintiff must show the existence of an "official policy" that is the "moving force" behind the alleged rights deprivation. *Id.* An official policy can be established through an express policy, a practice so widespread and permanent that it constitutes a custom or practice, or action by a person with final policymaking authority. *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

The City moves to dismiss, arguing that Socha's *Monell* claims are insufficiently pled. The City says that Socha makes no allegation about any official City policy or practice that violates Socha's constitutional rights and that Socha's allegations are vague, conclusory, and self-serving. The Court agrees. Socha provides no factual specificity to support her *Monell* allegations. *See Nowack v. Warner*, 169 F. Supp. 3d 811 (N.D. Ill. 2015) (courts need not accept truth of conclusory allegations for *Monell* claims) (collecting cases). Moreover, Socha's allegations are specific to her, which is not enough to support a *Monell* claim. *See Macaluso v. City of Chi.*, No. 15 C 1739, 2015 WL 7008140, at *3 (N.D. Ill. Nov. 12, 2015) (allegations that are specific to one individual alone are not enough to allege the existence of a policy or practice). Accordingly, the Court finds that Socha has not plausibly alleged a constitutional violation—a widespread policy or practice and the causation necessary—sufficient to support a *Monell* claim. Counts III and VI are dismissed without prejudice.

**Count IX – Article I, Section 6 of the Illinois Constitution violation of privacy**

Socha next alleges a violation of her right to privacy under Article I, Section 6 of the Illinois Constitution. Article I, Section 6 provides,

> The people shall have the right to be secure in their . . . possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized.

Ill. Const. art. I, § 6. The commentary to Section 6 states, "Section 12 supplements Section 6 by providing that every person shall find a remedy for all injuries and wrongs which he receives to his 'privacy.'" Article I, Section 12 provides, "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation." Ill. Const. art. I, § 12. The commentary to Section 12 states, "Section 12 adds, for the first time,

5

the assurance that a person who receives an injury or a wrong for 'invasion of privacy' shall have a remedy. This accords with the guarantee, found in Section 6, that people are to be secure from unreasonable invasions of privacy."

The City moves to dismiss, arguing that Article I, Section 6 of the Illinois Constitution does not provide an additional, stand-alone remedy and that Socha has other remedies for her invasion of privacy claim, namely her intrusion upon seclusion claim (Count XII). In support of this argument, the City points to *Lambert v. Jung*, No. 13 C 6030, 2015 WL 6736674 (N.D. Ill. Nov. 4, 2015) where the court determined that, because the plaintiff had another potential remedy (an intrusion upon seclusion claim), his Article I, Section 6 claim failed as a matter of law. 2015 WL 6736674, at *3. This Court agrees with the reasoning of the court in *Lambert* and finds that Article I, Section 6 "does not create a stand-alone cause of action where other remedies exist." *Id.*; *see also Amati v. City of Woodstock*, 829 F. Supp. 998, 1007 (N.D. Ill. 1993) ("Because plaintiffs have a potential remedy sufficient to compensate them . . . the court believes that an Illinois court considering the issue in light of the facts of this case would not recognize a right to bring a separate action under Article I, section 6 of the Illinois Constitution.").

In this case, the potential remedies available to Socha include, (1) intrusion upon seclusion; (2) appropriation of another's name or likeness; (3) public disclosure of private facts; and (4) publicity which unreasonably places another person in false light before the public. *See Cantrell v. Am. Broad. Cos., Inc.*, 529 F. Supp. 746, 756 (N.D. Ill. 1981). Here, Socha has already availed herself of one of these potential remedies: her common law tort claim of intrusion upon seclusion (Count XII). Because Socha can pursue (and is pursuing) this other remedy, her Article I, Section 6 constitutional claim fails as a matter of law. Accordingly, the City's motion to dismiss Count IX is granted with prejudice.

**Count XV – Violation of 720 ILCS 5/11-23.5, non-consensual dissemination of private sexual images**

Socha also alleges that the City violated 720 ILCS 5/11-23.5 by disseminating her private images without her consent. Section 11-23.5(b)(1)-(3) of the Illinois Criminal Code provides,

> (b) A person commits non-consensual dissemination of private sexual images when he or she:
>
> > (1) intentionally disseminates an image of another person:
> >
> > > (A) who is at least 18 years of age; and
> > >
> > > (B) who is identifiable from the image itself or information displayed in connection with the image; and
> > > (C) who is engaged in a sexual act or whose intimate parts are exposed, in whole or in part; and
> >
> > (2) obtains the image under circumstances in which a reasonable person would know or understand that the image was to remain private; and
> >
> > (3) knows or should have known that the person in the image has not consented to the dissemination.

720 ILCS 5/11-23.5(b)(1)-(3).

The City moves to dismiss, arguing that this count must be dismissed because it is a criminal statute and does not provide a private right of action. The City further argues that the Court should not find an implied cause of action under the Act because Socha has other remedies to pursue this claim and because allowing this claim to proceed would improperly impose vicarious liability on the City. Socha responds, without legal support, that the Court should imply a private right of action under the Act because the Act protects against the unlawful publication of specified images whereas the common law tort of invasion of privacy (intrusion upon seclusion) does not.

The Court declines Socha's invitation to create an implied private right of action under the Act in this scenario. A private right of action is appropriate and may be implied when (1) a

plaintiff is a member of the class for whose benefit the statute was enacted, (2) the plaintiff's injury is one the Act was designed to prevent, (3) it is consistent with the underlying purpose of the statute, and (4) it is necessary to provide an adequate remedy for violations of the statute. *See Metzger v. DaRosa*, 805 N.E.2d 1165, 1168 (Ill. 2004). Here, the parties only take issue with the fourth factor. As the City points out, there is an adequate remedy for this violation (a common law tort claim of intrusion upon seclusion), and Socha has already availed herself of this remedy. Additionally, as noted by the City, a government entity is responsible for its own illegal acts and is not vicariously liable under § 1983 for the actions of its employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2001). Allowing Socha to proceed with this claim under an implied private right of action would be inconsistent with this line of authority. For these reasons, Socha's claim for invasion of privacy in violation of 720 ILCS 5/11-23.5 fails as a matter of law. Count XV is dismissed with prejudice.

**Punitive Damages**

The City argues that Socha's request for punitive damages against the City (in Counts III, VI, IX, XII and XV) are barred by the Illinois Tort Immunity Act and must be stricken. *See* 745 ILCS 10/2-102 ("a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party."). Socha concedes. (*See* dkt. 37, pg. 2.) Accordingly, Socha's request for punitive damages is stricken.

**First Amended Complaint**

As an alternative, Socha seeks leave to file a first amended complaint and has attached a proposed first amended complaint to her response. A review of the proposed first amended complaint reveals that it suffers from some of the same deficiencies as the original complaint. Accordingly, Socha's request to file the first amended complaint (dkt. 37-1) is denied without

8

prejudice. Socha may, however, file a first amended complaint consistent with this order by July 19, 2019.

## CONCLUSION

For the foregoing reasons, defendant City of Joliet's motion to dismiss and strike [30] is granted. Plaintiff Cassandra Socha is given leave to file a first amended complaint by July 19, 2019 consistent with this order.

**SO ORDERED.**                                           **ENTERED: June 24, 2019**

_____
**HON. JORGE ALONSO**
**United States District Judge**