10,000/18-7262.NUI

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-05681 |
| | ) | |
| CITY OF JOLIET, a municipal | ) | |
| corporation, EDWARD GRIZZLE, JOHN | ) | |
| DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT EDWARD GRIZZLE'S
## ANSWER AND AFFIRMATIVE DEFENSENS TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, EDWARD GRIZZLE, by and through one of his attorneys, MICHAEL J. ATKUS of KNIGHT HOPPE KURNIK & KNIGHT, LTD., answers Plaintiff's Complaint and states his affirmative defenses as follows:

1.     Plaintiff, Cassandra Socha, is a resident of the County of Will, State of Illinois.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph one (1).**

2.     Defendant, City of Joliet ("City"), is an Illinois municipal corporation having its principal place of business in the City of Joliet, County of Will, and State

1

of Illinois. At all relevant times, City was acting as alleged herein by its agents and employees and under the order of law.

**ANSWER:**

**Defendant admits that the City of Joliet is an Illinois municipal corporation having its principal place of business in the City of Joliet, County of Will, and State of Illinois. Defendants admits that the City acted by its agents and employees and under the color of law. Defendant denies any and all remaining allegations in paragraph two (2).**

3.      Defendant, Edward Grizzle ("Grizzle"), is an individual, employed by the Department of Police in the City of Joliet, County of Will, State of Illinois.

**ANSWER:**

**Defendant admits the allegations in paragraph three (3).**

4.      Defendants, John Doe 1 – 20 are individuals referred to collectively herein as "DOES" employed by the Department of Police in the City of Joliet, County of Will, State of Illinois.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph four (4).**

5.      Plaintiff asserts claims under the Constitution and laws of the United States. Accordingly, this court has subject matter jurisdiction over the action under 28 U.S.C. 1331 and 28 U.S.C. § 1367.

**ANSWER:**

**Defendant admits the allegations in paragraph five (5).**

6.     The events alleged herein occurred substantially within the County of Will, State of Illinois, of which defendant City is a resident.  Accordingly, venue is proper in this court under 28 U.S.C. 1391(b)(1) and (c)(2).

**ANSWER:**

**Defendant admits the allegations in paragraph six (6).**

7.     At all relevant times, plaintiff was a police officer employed by the Department of Police of defendant City as a Patrol Officer.

**ANSWER:**

**Defendant admits the allegations in paragraph seven (7).**

8.     At all relevant times, Nicholas Crowley ("Crowley") was a police officer employed by the Department of Police of defendant City as a Patrol Officer.

**ANSWER:**

**Defendant admits the allegations in paragraph eight (8).**

9.     At all relevant times, plaintiff and Crowley were affianced and cohabited, facts which were matters of record with and known to defendants.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph nine (9).**

10.     At all relevant times, Grizzle was employed by defendant City in its Department of Police as a Detective/Sergeant and was acting individually and/or as an agent/employee of City and under the color of law.

**ANSWER:**

**Defendant admits the allegations in paragraph ten (10).**

11.     At all relevant times, DOES were employed by defendant City in its Department of Police, holding various ranks, and were acting individually and/or as agents/employees of City and under color of law.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph eleven (11).**

12.     Prior to 18 May 2018, Crowley was made a defendant in a criminal case, to wit: *People v. Nicholas M. Crowley*, No. 17 CF 1422, Circuit Court of the Twelfth Judicial Circuit, Will Count, Illinois ("Criminal Case").

**ANSWER:**

**Defendant admits the allegations in paragraph twelve (12).**

13.     Grizzle was the detective assigned by City to investigate the matters alleged in the Criminal Case.

**ANSWER:**

**Defendant admits the allegations in paragraph thirteen (13).**

14.     In the Criminal Case, the prosecution caused to be issued upon plaintiff a Subpoena to testify at trial in the prosecution's case-in-chief.

**ANSWER:**

**Defendant admits the allegations in paragraph fourteen (14).**

15.     On or about 14 May 2018, plaintiff honored that subpoena and appeared during the trial of the Criminal Case and gave testimony which turned out to be generally unhelpful to the prosecution's case. Plaintiff's testimony on cross-examination by the defense in the Criminal Case was generally helpful to the defense and unhelpful to the prosecution.   The overall effect of plaintiff's trial testimony in the Criminal Case, much to the chagrin of City and Grizzle, was to raise reasonable doubt as to the charges lodged therein against Crowley.

**ANSWER:**

**Defendant admits that on or about May 14, 2018, Plaintiff honored the subpoena and appeared during the trial of the criminal case and gave testimony.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph fifteen (15).**

16.     On or about 22 May 2018, Crowley, again to the chagrin of City and Grizzle, was acquitted of the charges brought against him in the Criminal Case.

**ANSWER:**

**Defendant admits that on or about May 22, 2018, Crowley was acquitted of the charges brought against him in the criminal case. Defendant denies that Crowley's acquittal was to his chagrin. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph sixteen (16).**

17.     City and Grizzle attributed Crowley's acquittal in the Criminal Case largely to the testimony given at trial in that case by plaintiff.

**ANSWER:**

**Defendant denies the allegations contained in paragraph seventeen (17).**

18.     On or about 16 May 2018, plaintiff inadvertently transmitted a text message ("text message") to another witness called by the prosecution at the trial of the Criminal Case, Maria Gatlin ("Gatlin").

**ANSWER:**

**Defendant admits that on or about May 16, 2018 plaintiff transmitted a text message to Maria Gatlin. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation that such transmission was inadvertent.**

19.     Gatlin reported and showed the text message to members of the prosecution team in the Criminal Case, including Grizzle and/or other members of the City Department of Police.

**ANSWER:**

**Defendant admits the allegations in paragraph nineteen (19).**

20.     Grizzle and City, acting under color of law, seized on the text message as a means by which to settle a score with plaintiff, for whom they blamed Crowley's acquittal in the Criminal Case.

**ANSWER:**

**Defendant denies the allegations in paragraph twenty (20).**

21.     Grizzle prepared, signed and swore to a "complaint for search warrant" and/or affidavit in support thereof ("Grizzle Affidavit") and presented it to Hon. Sarah Jones, Twelfth Judicial Circuit.  On 18 May 2018 and on the basis of the Grizzle Affidavit, Judge Jones issued a Search Warrant ("Warrant"), of which a true/accurate copy is attached as Ex. A to this Complaint.

**ANSWER:**

**Defendant admits the allegations in paragraph twenty-one (21).**

22.     Upon information and belief, the Grizzle Affidavit was substantially false and/or incomplete.

**ANSWER:**

**Defendant denies the allegations in paragraph twenty-two (22).**

23.    The Warrant authorized the seizure and search of plaintiff's iPhone. (See Exhibit A).

**ANSWER:**

**Defendant admits the allegations in paragraph twenty-three (23).**

24.    Specifically, the Warrant authorized the search/seizure of plaintiff's iPhone to only the extent that the contents thereof "constitute[d] evidence of Harassment via electronic communications, Intimidation." (Ex. A) This delimited the authorized scope of the search and seizure of plaintiff's iPhone.

**ANSWER:**

**Defendant admits the allegations in paragraph twenty-four (24).**

25.    As Grizzle well knew when he prevailed upon Judge Jones to issue the Warrant, the warrant was unnecessary. He then knew that the text message was the one and only such communication transmitted by plaintiff to Gatlin, and, to the extent that the text message "constitute[d] evidence of Harassment via electronic communications, Intimidation," (which it alone did not) transmission of the text message, which Grizzle already had, would itself have been the sole basis for charging that offense, and it was patently inadequate for that purpose.

**ANSWER:**

**Defendant denies the allegations in paragraph twenty-five (25).**

26.    In any event, once possessed of plaintiff's iPhone, Grizzle and City did not limit their search to that permitted by the Warrant. Instead, they trawled its

contents for any/all private data or images they might then use, not only in furtherance of any legitimate law enforcement investigation but also to embarrass and humiliate plaintiff.

**ANSWER:**

**Defendant denies that he did not limit the scope of his search to that permitted by the warrant. Defendant denies that he trawled the contents of Plaintiff's iPhone for any/all private data or images. Defendant lacks knowledge or information to form a belief about the truth of the remaining allegations contained in paragraph twenty-six (26).**

27.     Although Grizzle and City were unable to find evidence of any criminal offense on plaintiff's iPhone, they succeeded in finding private images with which to embarrass and humiliate plaintiff. Specifically, they found numerous private, still and/or video-graphic images that clearly depict plaintiff while nude and/or while engaged in sex acts with Crowley, who is also clearly identifiable in these images. ("Private Images") As such, the Private Images depicted conduct by and between consenting adults, with the adults depicted therein, plaintiff and Crowley, intended would remain private.

**ANSWER:**

**Defendant denies that he was unable to find evidence of any criminal offenses on Plaintiff's iPhone. Defendant denies that he found any private, still and/or video-graphic images that depicted plaintiff while nude and/or while engaged in sex acts with Crowley. Defendant lacks**

9

knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph twenty-seven (27).

28.     Not content to conclude their vendetta cloaked as a lawful criminal investigation, Grizzle and City, then, and also for no legitimate law enforcement purpose, displayed the Private Images to other to other City employees, all also believed to be police officers or staff acting under color of law (the DOES, sued here), and also allowed the DOES to re-record these Private Images.

**ANSWER:**

**Defendant denies that he displayed any private images from Plaintiff's iPhone to other City employees and denies that he allowed any City employees to re-record any private images from Plaintiff's iPhone. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph twenty-eight (28).**

29.     Upon information and belief, senior leaders and/or supervisors of the City's Department of Police have been aware of and acquiesced and participated in the viewing, dissemination and re-recording of the Private Images on plaintiff's iPhone but have not disciplined any of the police officers or staff involved.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph twenty-nine (29).**

30.    Viewing, (re)publication and/or dissemination of the Private Images by and among plaintiff's "brother" (and "sister"?) police officers and staff has been and continues to be highly offensive to plaintiff and the cause of plaintiff's extreme embarrassment, humiliation, anguish and emotional suffering.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph thirty (30).**

## COUNT I
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. GRIZZLE

1.-30. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of the Common Facts/Allegations of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count I of plaintiff's Complaint.

**ANSWER:**

**Defendant restates and re-alleges his answers to paragraphs 1-30 as though fully set forth herein.**

31.    At all relevant times the Fourth Amendment to the U.S. Constitution was in full force and effect and provided:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported

by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**ANSWER:**

**Defendant admits the allegations in paragraph thirty-one (31).**

32.     At all relevant times, 42 U.S.C. § 1983 was in full force and effect and provided:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**ANSWER:**

**Defendant admits the allegations in paragraph thirty-two (32).**

33.     Grizzle's search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially

false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-three (33).**

34.    Grizzle's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-four (34).**

35.    Grizzle's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 4th Amendment rights to be free from unreasonable search and seizure of her property.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-five (35).**

36.    Grizzle's violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-six (36).**

## COUNT II
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. DOES

Count II is not brought against this Defendant.

## COUNT III
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. CITY

Count III is not brought against this Defedant.

## COUNT IV -
## VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. GRIZZLE

1.-30.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (30) of this Count IV of plaintiff's Complaint.

**ANSWER:**

**Defendant restates and re-alleges his answers to paragraphs 1-30 as though fully set forth herein.**

31.    At all relevant times, the 14th Amendment provided plaintiff with an expectation and right of privacy in both her sexual relationships and the contents of her iPhone. *Carpenter v. United States*, 585 U.S. (2018)(right of privacy in contents of cell phones), *Lawrence v. Texas*, 539 U.S. 558 (2003) (right of privacy of sexual relationships).

**ANSWER:**

**Defendant admits the allegations in paragraph thirty-one (31).**

32.    Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (32) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (32) of this Count IV of plaintiff's Complaint.

**ANSWER:**

**Defendant restates and re-alleges his answers to paragraph thirty-two (32) of Count I as though fully set forth herein.**

33.    Grizzle's search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-three (33).**

15

34.    Grizzle's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-four (34).**

35. Grizzle's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 14th Amendment right of privacy.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-five (35).**

36.    Grizzle's violation of plaintiff's 14th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-six (36).**

## COUNT V
## VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. DOES

Count V is not brought against this Defendant.

## COUNT VI

## VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. CITY

Count VI is not brought against this Defendant.

## COUNT VII

## VIOLATION OF ARTICLE I, §6 OF ILLINOIS CONSTITUTION v. GRIZZLE

Count VII is subject to a motion to dismiss.

## COUNT VIII

## VIOLATION OF ARTICLE I, SECTION 6 OF ILLINOIS CONSTITUTION v DOES

Count VIII is not brought against this Defendant.

## COUNT IX

## VIOLATION OF ARTICLE I, § 6 OF ILLINOIS CONSTITUTION v. CITY

Count IX is not brought against this Defendant.

## COUNT X

## VIOLATION OF ILLINOIS COMMON LAW RIGHT OF PRIVACY, "INTRUSION UPON SECLUSION" v. GRIZZLE

1.-30.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (30) of Count I of her Complaint as if same

were set forth here for their allegations of paragraphs (1) - (30) of this Count X of plaintiff's Complaint.

**ANSWER:**

**Defendant restates and re-alleges his answers to paragraphs 1-30 as though fully set forth herein.**

31.  At all relevant times, Grizzle owed plaintiff a duty not to intrude upon her private affairs in a manner that would be highly offensive to a reasonable person.

**ANSWER:**

**Defendant admits that he owed Plaintiff any and all duties imposed by law.**

32.  In violation and breach of the duty aforesaid, Grizzle violated plaintiff's common law right of privacy by:

a)      searching her iPhone without probable cause;

b)      providing inaccurate and/or incomplete information in the Grizzle Affidavit in order to obtain a Warrant to search plaintiff's iPhone;

c)      conducting a search of plaintiff's iPhone that was beyond the legitimate or permissible scope of the Warrant;

18

d)      allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-two (32).**

33.     Grizzle's violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-three (33).**

**COUNT XI**

**VIOLATION OF ILLINOIS COMMON LAW RIGHT**

**OF PRIVACY, "INTRUSION UPON SECLUSION" v. DOES'**

Count XI is not brought against this Defendant.

**COUNT XII**

**VIOLATION OF ILLIOIS COMMON LAW RIGHT**

**OF PRIVACY, "INTRUSTION UPON SECLUSION" v. CITY**

Count XII is not brought against this Defendant.

**COUNT XIII**

**VIOLATION OF 720 ILCS 5/11-23.5 v. GRIZZLE**

Count XIII is subject to a motion to dismiss.

## COUNT XIV

### VIOLATION OF 720 ILCS 5/11-23.5 v DOES

Count XIV is not brought against this Defendant.

## COUNT XV

### VIOLATION OF 720 ILCS 5/11-23.5 v. CITY

Count XV is not brought against this Defendant.

## COUNT XVI

### INVASION OF PRIVACY/PUBLICATION
### OF PRIVATE FACTS V. GRIZZLE

1.-30.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) – (30) of Count XIII of her Complaint as if the same were set forth here for her allegations of paragaphs (1)-(30) of this Count XVI of plaintiff's Complaint.

**ANSWER:**

**Defendant restates, re-alleges, and incorporates by reference his answers to paragraphs 1-30 of this First Amended Complaint.**

31.    At all relevant times, GRIZZLE owed plaintiff a duty not to publicly disclose private facts about the publication of which would be highly offensive to plaintiff.

**ANSWER:**

20

**Defendant admits only those duties imposed by law. Defendant denies any and all remaining allegations contained in paragraph thirty-one (31).**

32.     In violation and breach of the duty aforesaid, GRIZZLE did then and there violate plaintiff's right to privacy by allowing the Private Images on plaintiff's iPhone to be viewed and/or re(recorded) by others who lacked either probable cause or a warrant or any legitimate law enforcement reasons for viewing the Private Images.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-two (32).**

33.     GRIZZLE'S violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation, and anguish.

**ANSWER:**

**Defendant denies the allegations in paragraph thirty-three (33).**

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

On all claims for relief brought pursuant to 42 U.S.C. § 1983, that Defendant, in his individual capacity, deprived the Plaintiff of her constitutionally protected rights, Defendant remains entitled to qualified immunity because no clearly established rights of the Plaintiff were violated

and at all times Defendant acted reasonably in light of the circumstances presented.

## SECOND AFFIRMATIVE DEFENSE

On all claims for relief brought pursuant to Illinois law, the Defendant remains entitled to immunity pursuant to 745 ILCS 10/2-202. At all relevant times, the Defendant was acting in the execution and enforcement of the laws and did not engage in any willful or wanton conduct.

Respectfully Submitted,

/s/ Michael J. Atkus

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Michael J. Atkus (ARDC #6285666)
Matthew S. Clark (ARDC #6224673)
Attorney for Edward Grizzle
5600 North River Road, Suite 600
Rosemont, IL   60018-5114
847/261-0700; FAX: 847/261-0714
EMAIL: Matkus@khkklaw.com
EMAIL: Mclark@khkklaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 16, 2019, a copy of the foregoing **DEFENDANT EDWARD GRIZZLE'S ANSWER AND AFFIRMATIVE DEFENSENS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System. Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system:

> Hall Adams
> Law Offices of Hall Adams LLC
> Attorney for Plaintiff
> 33 North Dearborn Street, Suite 2350
> Chicago, IL 60602
> hall@adamslegal.net

> John O'Driscoll
> Tressler LLP
> 233 South Wacker Drive
> 61st Floor
> Chicago, Illinois 60606
> jodriscoll@tresslerllp.com

Date: August 16, 2019                    By: <u>/s/ Michael J. Atkus</u>