10,000/18-7262.NUI

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-05681 |
| | ) | |
| CITY OF JOLIET, a municipal | ) | |
| corporation, EDWARD GRIZZLE, JOHN | ) | |
| DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT GRIZZLE'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO DISMISS COUNTS VII AND XIII
## OF THE PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, EDWARD GRIZZLE, by and through one of his attorneys, MICHAEL J. ATKUS of KNIGHT HOPPE KURNIK & KNIGHT, LTD, submits this Memorandum of Law in Support of his motion to dismiss Counts VII and XIII of Plaintiff's First Amended Complaint ("FAC"), and states as follows:

### INTRODUCTION

As the Court stated in its June 24, 2019 Order, Plaintiff "says this case is about revenge porn." [dkt.#52, p.1]. Plaintiff initiated this action by filing her initial fifteen-count Complaint against the City of Joliet, Edward Grizzle and twenty (20) John Does on August 21, 2018. Defendant Grizzle filed an Answer and Affirmative Defenses to the initial Complaint, while the City of Joliet filed a partial answer and a motion to dismiss Counts III (*Monell*, Fourth Amendment), VI

1

(*Monell*, Fourteenth Amendment), IX (Art. I, Sec. 6 Illinois Constitution), and XV (720 ILCS 5/11-23.5). On June 24, 2019, this Court granted the City of Joliet's motion dismissing Counts III and VI without prejudice and counts IX and XV with prejudice, and directing Plaintiff to file an Amended Complaint consistent with the Court's opinion.

Plaintiff's FAC contains eighteen (18) counts against the City of Joliet, Edward Grizzle and twenty (20) John Does.[1] This motion seeks dismissal with prejudice of Count VII (Art. I, Sec. 6 Illinois Constitution) and Count XIII (720 ILCS 5/11-23.5). This Court has already ruled that these claims fail as a matter of law against the City of Joliet. The factual predicates of these claims against Defendant Grizzle are identical, and thus, these claims against him also fail as a matter of law.

## BACKGROUND[2]

During the relevant time period, Socha and her fiancé, Nicholas Crowley, worked as patrol officers for the City. Crowley was named as a defendant in a criminal case: *People v. Nicholas M. Crowley*, No. 17 CF 1422, Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (the "Criminal Case"). Defendant Grizzle worked as a detective/sergeant for the City and was assigned to investigate all matters related to the Criminal Case.

The prosecution in the Criminal Case issued a subpoena for Socha to testify in the prosecution's case-in-chief. On May 14, 2018, Socha testified pursuant the

---

[1] Plaintiff's FAC contains identical versions of Counts III, VI, IX, and XV in direct violation of this Court's June 24, 2019 order [dkt.#52] and this Court's July 30, 2019 order [dkt.#59].
[2] The following is taken directly from the "Background" section of this Court's June 24, 2019 order, as the factual allegations in the initial Complaint and the FAC are identical.

subpoena. She testified favorably for Crowley, which, according to Socha, angered the prosecution and Detective Grizzle. On May 16, 2018, Socha inadvertently sent a text message to another prosecution witness, Maria Gatlin. Gatlin showed the text message to the prosecution team, Detective Grizzle, and the City Department of Police.

Detective Grizzle, who allegedly became upset with Socha after she testified, prepared a search warrant as well as an affidavit and presented it Judge Sarah Jones. On May 18, 2018, Judge Jones issued the search warrant, which authorized City police department personnel to search Socha's cell phone for "evidence of the offense of **Harassment via electronic communications, Intimidation**." (Dkt. 1-1, pg. 2) (emphasis in original). Socha alleges that, in addition to searching her phone in furtherance of its investigation, Detective Grizzle and the City searched her cell phone for any and all private data or images. While Detective Grizzle and the City did not find evidence of any criminal offense on Socha's cell phone, they discovered "numerous private, still and/or video-graphic images that clearly depict plaintiff while nude and/or while engaged in sex acts with Crowley." (Dkt 1, ¶ 27.) Grizzle and the City then showed these private images to other City employees and allowed those employees to re-record the private images. Socha says that senior leaders of the City's Department of Police have been aware of and allowed the employees to view, disseminate, and re-record the private images but have not disciplined any of the individuals involved. Socha says that she has suffered extreme embarrassment, humiliation, anguish, and emotional suffering as a result.

## ARGUMENT

### I.       Standard of Review.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### II.      Count VII Fails as a Matter of Law.

Count VII of the FAC seeks relief against Defendant Grizzle for allegedly violating Art. I, Sec. 6 of the Illinois Constitution.  That section provides:

> "The people shall have the right to be secure in their persons, houses, papers, and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means.  No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized."

As this Court found in its June 24, 2019 order, "Article I, Section 6 'does not create a stand-alone cause of action where other remedies exist.'" [dkt.#52, p. 6], citing *Lambert v. Jung*, No. 13 C 6030, 2015 WL 6736674 (N.D. Ill. Nov. 4, 2015) and *Amati v. City of Woodstock*, 829 F. Supp. 998, 1007 (N.D. Ill. 1993).   Just as this

4

Court found with respect to this claim against the City of Joliet, Plaintiff has availed herself to other remedies under Illinois law vis-à-vis privacy torts, and thus Art. I Sec. 6 does not provide a stand-alone cause of action in this case.

### III.     Count XIII Fails as a Matter of Law.

Count XIII of the FAC seeks relief against Defendant Grizzle for allegedly violating 720 ILCS 5/11-23.5.   This section is a criminal statute that generally prohibits the nonconsensual dissemination of private sexual images.  As this Court found in its June 24, 2019 order, under this circumstances of this case, no private right of action is implied by this Section.  Specifically, under *Metzger v. DaRosa*, 805 N.E.2d 1165, 1168 (Ill. 2004), the creation of a private right of action is not necessary to provide an adequate remedy in this case because "there is an adequate remedy for this violation (a common law tort claim of intrusion upon seclusion), and Socha has already availed herself of this remedy."  [dkt.#52, p.  8].

CONCLUSION

For all the above-argued reasons, Defendant, EDWARD GRIZZLE, respectfully requests that this Honorable Court dismiss Counts VII and XIII of the Plaintiff's First Amended Complaint with prejudice.

/s/ Michael J. Atkus

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
Attorneys for Defendant Edward Grizzle
5600 North River Road, Suite 600
Rosemont, Illinois 60018
847/261-0700
matkus@khkklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, a copy of the foregoing **DEFENDANT GRIZZLE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS COUNTS VII AND XIII OF THE PLAINTIFF'S FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System. Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system:

> Hall Adams
> Law Offices of Hall Adams LLC
> Attorney for Plaintiff
> 33 North Dearborn Street, Suite 2350
> Chicago, IL 60602
> hall@adamslegal.net

> John O'Driscoll
> Tressler LLP
> 233 South Wacker Drive
> 61st Floor
> Chicago, Illinois 60606
> jodriscoll@tresslerllp.com

Date: August 16, 2019                    By: /s/ Michael J. Atkus

6