UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CASSANDRA SOCHA,** | ) |
| | ) Case No. **18 CV 05681** |
| **Plaintiff,** | ) |
| | ) Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate M. David Weisman |
| **City of Joliet, a municipal corporation,** | ) |
| **Edward Grizzle, John Does 1 – 20,** | ) |
| | ) |
| **Defendants.** | ) |

*<u>PLAINTIFF'S MOTION TO VACATE DISCOVERY STAY AND FOR OTHER RELIEF</u>*

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, and pursuant to this Court's 23 September 2019 Order (Doc #79) directing and permitting her to do so, states as follows for her Motion to Vacate Discovery Stay imposed by 5 March 2019 Order (Doc #50) and extended indefinitely by 5 June 2019 Order (Doc #51) and/or for other relief specified herein:

*Plaintiff's Claims*

Plaintiff's First Amended Complaint ("FAC," Doc #60) alleges claims arising out of defendants' seizure and search of plaintiff's iPhone and subsequent "re-publication" and "re-recording" of private photographic and video images that were stored on it. Both federal constitutional claims relating to the seizure and search of the iPhone and state common law privacy tort claims relating to the subsequent "re-publication" and "re-recording" of those images have survived the Court's rulings on defendants' motions to dismiss various claims.

*What We Know and Don't Know About An Investigation*

Plaintiff's iPhone was seized pursuant to a search warrant issued by Hon. Sarah Jones, Circuit Court of Will County, Illinois on 18 May 2018 based on information provided by defendant Grizzle in a matter styled *People of the State of Illinois vs. In Regards to A Certain*

*Criminal Investigation*. (Ex. A – "Warrant") That Warrant authorized the search of plaintiff's iPhone for "evidence of the offense of **Harassment via electronic communications, Intimidation**" (title of offense is in bold font in the original, Ex. A) Plaintiff is not named in that Warrant.

On the same date (and we presume in the same matter), Judge Jones entered an ORDER TO SEAL SEARCH WARRANT DOCUMENTS (Ex. B). That Order has prevented plaintiff from learning anything further about, or the nature of, the investigation pursuant to which the Warrant was issued.

This action was filed on May 18, 2019. On 25 January 2019, defendants served their Mandatory Initial Disclosures. Defendant Grizzle produced a significant number of entirely redacted documents, which were withheld based on Judge Jones' Order sealing the Warrant documents and pursuant to assertion of "law enforcement investigatory privilege," supported by citation only to *Jones v. City of Indianapolis*, 216 F.R.D. 440 (S.D. Ind. 2003). Likewise, defendant City of Joliet produced numerous fully redacted documents but with a more extensive privilege log that invoked a "Law Enforcement Investigatory Privilege for pending investigation no. J1-18-0007242-001" and/or as "Subject to Order to Seal Search Warrant Documents entered by Will County Circuit Court on May 18, 2018."

Following a Status Hearing on 5 March 2019, the Court entered an Oral Motion by Defendants to Stay Discovery on its docket. (Ex. C – no corresponding document or docket number was assigned) The Court's 5 May 2019 Order (Doc #50) recites that the stay was entered without objection because "the *Will County State's Attorney's Office* has not made a prosecutorial decision." (italics added) After a Status Hearing held on 5 June 2019, the Court extended the discovery stay, explaining that "Plaintiff's counsel reported that the prosecutorial

2

decision of the *Will County State's Attorney's Office* remains under advisement." (Doc #51 – italics added)

References in these Orders to the "Will County State's Attorney's Office" are erroneous. Counsel have repeatedly reported to the Court their understanding that any prosecutorial decision-making respecting an investigation suggested by the Warrant rests not with that office but rather with the Office of the State of Illinois State's Attorney's Appellate Prosecutor, Special Investigations Division ("Special Prosecutor").

Prior to the 5 June 2019 Status Hearing, plaintiff's counsel conferred briefly by telephone with Attorney Lorinda Lamken-Finnel from that office. She tersely confirmed that the investigation suggested by the Warrant remained under advisement, which is what plaintiff's counsel reported to the Court at the 5 June 2019 status hearing.

Since and despite repeated requests of Ms. Lamken-Finnel by plaintiff's counsel, that office has not provided any additional information about the nature or status of any investigation. Neither that office nor defendants have since provided any information or documentation to support the proposition that such an investigation remains ongoing or that it is sufficiently related to plaintiff's claims that a stay of all discovery in this case should remain in place.

Plaintiff has not been charged with any criminal misconduct. She continues to serve as an active-duty City of Joliet Police Officer.

*Whither a Stay*

What was originally projected by defense counsel, optimistically as it turns out, at the 5 March 2019 Status Hearing to be an investigation nearing its conclusion that would require only a brief discovery stay, has now continued for many months. Had plaintiff known then that this investigation would go on indefinitely, plaintiff would have opposed defendants' oral request for

3

the stay when it was made and instead put defendants to their burden of demonstrating its necessity. What looked at the time like an expedient to less obstructed discovery has become a roadblock to both discovery and prosecution of this case.

Plaintiff acknowledges the Court's broad discretion respecting the supervision of discovery. Still, that discretion is not unlimited. A stay is certainly an exception to the general rules respecting discovery rules laid out in the Federal Rules of Civil Procedure.

Where a plaintiff's prosecution in federal court of claims for damages alleging unconstitutional search and seizure by state law enforcement officers might interfere with pending state criminal proceedings, a stay of the plaintiff's federal civil rights claim may be justified. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) We have found no authority on the question of whether a state's ongoing criminal investigation, if such exists, constitutes the type of state "proceeding" that would support a discovery stay.

Defendants have provided the Court with no such authority. If they fail to do so, the stay should be vacated. Since a discovery stay represents the exception to the Federal Rules of Civil Procedure that allow parties to take discovery in a pending civil action, this Court should not extend this line of Seventh Circuit authority to mere investigations.

With the benefit of hindsight and in order to better frame the issues for the Court, plaintiff ought to have opposed defendants' original oral Motion for Stay in the absence of some evidentiary showing that there was in fact an ongoing investigation that might justify a stay. The only documentation that suggests that there was ever such an investigation is the Warrant and Seal Order issued by the Circuit Court of Will County over sixteen months ago.

Neither defense counsel nor the Special Prosecutor's office have ever provided such documentation. Nor have we seen anything since the discovery stay was first imposed that would

4

enable the Court to confirm that such an investigation remains ongoing or that it bears any relationship to plaintiff's claims in this case. Despite plaintiff's counsel's repeated requests of Ms. Lamken-Finnel for such information , including several inquiries leading up to the 23 September 2019 Status Hearing, neither she nor her office have provided any information confirming or clarifying the status of any investigation.

Particularly since the subjects of criminal investigations are not normally notified by law enforcement agencies that they are no longer under investigation, it is fair to question, over sixteen months after the issuance of the Warrant, whether there remains any ongoing investigation and whether it relates to plaintiff's claims in this case. At this point, neither of these things should be taken for granted and the discovery stay should not be extended further absent such confirmation.

As the proponents of extending the discovery stay, defendants should be required to provide the court with some definitive evidence of and documentation to the effect that the state's investigation is ongoing and that it involves matters sufficiently related to plaintiff's claims that the seizure and search of her iPhone were unconstitutional and that discovery with respect to those claims in this case might interfere with such investigation. Otherwise, the discovery stay should be vacated.

Arguably, the discovery respecting the constitutionality of the seizure and search of the phone might have a bearing on a criminal prosecution *of plaintiff* by the state if one is ever initiated. The same is not true of plaintiff's allegations relating to the "frat-house" antics in which defendants engaged *after* her iPhone was seized, searched and the private images on it found. (FAC, ¶¶26-30).

Discovery respecting these allegations could not possibly bear on any legitimate state criminal investigation of plaintiff's conduct. Accordingly, there is no reason that discovery with

respect to these allegations should remain stayed unless there is an ongoing investigation focused on the conduct of others.

Plaintiff acknowledges the possibility that any pending investigation is focused not on her conduct but rather on the conduct of those involved in the violation of 720 ILCS 5/11-23.5 that was alleged in Counts X-III-XV of plaintiff's original Complaint. (Doc. #1) The District Court dismissed these Counts, finding that this statute did not give rise to an implied private right of action since it already provides for criminal penalties for those who violate it. However, neither defendants nor the Special Prosecutor have confirmed that such misconduct is the focus of any ongoing investigation.

The applicable Statue of Limitation, either for the offense described in the Warrant or the "revenge porn" statute, provides for a three year limitation period for initiating criminal charges. 720 ILCS 5/3-5(b) So, without relief from the current stay, discovery in this case could remain stayed until at least May of 2021, and even longer if the State actually initiates criminal proceedings.

Finally, in this regard, it should be noted that Lamken-Finnel was the same Special Prosecutor who unsuccessfully prosecuted *People v. Crowley,* the underlying case that is alleged in plaintiff's FAC. Accordingly, she is likely to be a witness at the trial of this case. Plaintiff cannot rule out that Lamken-Finnel and her office would "slow-walk" whatever investigation may be underway specifically to delay and undermine plaintiff's prosecution of this case for as long as this Court will tolerate the delay.

For whatever period discovery in this case remains stayed, plaintiff will be prevented from obtaining the relief due her. Justice delayed truly will be justice denied.

WHEREFORE, plaintiff moves for an Order vacating the discovery stay imposed by the Court's prior Orders (Docs #50 and 51), or, in the alternative, limiting the scope of the stay only

to matters directly related to plaintiff's Constitutional claims and allowing discovery relating to plaintiff's allegations relating to the republication and re-recording of the images on her iPhone

                                      Respectfully submitted,
                                      CASSANDRA SOCHA

                        By:    /s/ Hall Adams
                                      Attorney for Plaintiff

Hall Adams
Law Offices of Hall Adams
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
T: (312)445-4900
F: (312) 445-4901
Attorneys I.D. #6194886
  .