**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal | ) | |
| corporation, EDWARD GRIZZLE, and JOHN | ) | Magistrate Judge M. David Weisman |
| DOES 1-20, | ) | |
| | ) | Trial by Jury Demanded |
| Defendants. | ) | |

**CITY OF JOLIET'S AND EDWARD GRIZZLE'S
JOINT RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO VACATE DISCOVERY STAY AND FOR OTHER RELIEF**

**NOW COMES** Defendants, CITY OF JOLIET and EDWARD GRIZZLE, by their respective attorneys, and for their Joint Response Brief in Opposition to Plaintiff's Motion to Vacate Discovery Stay and for Other Relief state:

**INTRODUCTION**

This case arises out of a search warrant authorized by a judge in the Circuit Court of Will County for the contents of the Plaintiff's i-Phone. In general, the Plaintiff alleges that the Defendants (1) lied to the court to obtain the warrant (2) exceeded the scope of the warrant and (3) disseminated private images located on the i-Phone during the search without any legitimate justification. Discovery in this matter has been stayed since May 5, 2019 by agreement of the parties, in light of the ongoing criminal investigation and potential criminal prosecution of the Plaintiff by the Illinois Appellate Prosecutor. Now, Plaintiff, who is understandably frustrated by her inability to influence the prosecutor's decision-making timeline, has moved to lift the discovery stay. As argued more fully below, as the circumstances have not changed since May 5,

2019, the legal and practical considerations counseling in favor of the stay remain as valid today as they were when former Magistrate Judge Rowland first entered the stay.

## ARGUMENT

The court should deny Plaintiff's motion to lift the discovery stay for two (2) reasons. First, the criminal investigation into Plaintiff's conduct remains ongoing. Second, lifting the stay would come with practical and legal difficulties which would thwart the parties' efforts to move this matter toward a meaningful end.

### I.    The Criminal Investigation into Plaintiff's Conduct Remains Ongoing.

Plaintiff's contention that a criminal "investigation" is insufficient to warrant a discovery stay is wrong. (See Plaintiff's Motion, Dkt. 80, pg 4) ("We have found no authority on the question of whether a state's ongoing criminal investigation, if such exists, constitutes the type of state 'proceeding' that would support a discovery stay.")   There is ample support in the case law that a criminal "investigation" provides a basis for the Court to impose a discovery stay. *Salcedo v. City of Chicago*, No. 09-CV-05354, 2010 WL 2721864, at *3 (N.D. Ill. July 8, 2010) ("The public has an interest in ensuring that a criminal investigation can proceed untainted by civil litigation and this interest weighs in favor of a stay."); *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2008 WL 161683, at *2 (N.D. Ill. Jan. 16, 2008) (noting that whether a criminal investigation has been initiated against a party in the civil case is an important factor to weigh when considering a discovery stay). Under this well-settled law, the Court does not need to find a pending criminal trial or criminal charges to support its imposition of a discovery stay. Rather, the ongoing criminal investigation by the Office of the State of Illinois State's Attorney's Appellate Prosecutor, Special Investigations Division suffices to support the current discovery stay.

2

Plaintiff further erroneously contends without reference to any supporting authority, that if an ongoing criminal investigation suffices to stay discovery that either Defendants or the investigating agency must provide "documentation" to the court that the criminal investigation continues. (Plaintiff's Motion, Dkt. 80, pg. 4). In fact, as Plaintiff admits in her Motion, the court has broad discretion over its supervision of discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014). The court was not misguided or wrong to rely on counsels' representations regarding the status of the criminal investigation. Plaintiff's argument necessarily implies that the court cannot rely upon or trust oral representations of counsel. Ironically, this would include the representation by Plaintiff's attorney at the June 5, 2019 status hearing that the investigation continued. (Dkt. 51). Surely this was not Plaintiff's intention in advancing her argument, but the inference would apply to representations by her own attorney.

To the extent that the Court requires or desires documentation or proof that the criminal investigation continues beyond representations of counsel, Defendants submit confirmation from Special Prosecutor, Lorinda Lamken, that the underlying investigation remains pending. (See Email from Lorinda Lamken to Joseph Sheahan dated October 8, 2018, attached hereto as Exhibit A). It follows, then, that the current discovery stay should remain in place and Plaintiff's Motion should be denied.

## II. Granting Plaintiff's Motion Would Lead to Legal and Practical Complications.

At this juncture, lifting the discovery stay will not move the case forward but will generate a host of practical and legal difficulties. Written discovery would not advance in any meaningful way. As Plaintiff points out, Defendants' production was privileged under the law enforcement investigatory privilege. Moreover, the City of Joliet's initial production was fully redacted

3

pursuant to an Order from the Circuit Court of Will County sealing documents related to the subject search warrant. If the discovery stay is lifted, it will not unseal the documents nor amend the state court's order. As the Court acknowledged at the most recent status hearing, it cannot force the Circuit Court of Will County to vacate one of its prior orders and unseal documents. That is the sole province of the state court. Likewise, the Court cannot "force the hand" of the investigating agency or otherwise require it to conduct its investigation more expeditiously. At this point, lifting the discovery stay would do nothing. Unless and until the criminal matter(s) concludes, Defendants can produce nothing more than they have already.

In addition to the issues noted above, Plaintiff's requested relief would involve other significant legal difficulties. For starters, continuing with a civil matter while a parallel criminal investigation ensues will raise concerns under *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires judges hearing Section 1983 claims to determine whether a judgment in favor of the plaintiff in the civil action would necessarily imply the invalidity of her conviction or sentence in the criminal matter. *Id.* at 484. Here, if Plaintiff is prosecuted and found guilty of intimidation of a witness, any success on her unreasonable search and seizure claims would imply that her criminal conviction was invalid. As the United States Supreme Court stated:

> If a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). A stay will avoid contradictory outcomes and will prevent Plaintiff's civil action from collaterally attacking any criminal conviction as proscribed by *Heck*.

4

There are, of course, mixed practical and legal concerns beyond written discovery. In the very likely event that Plaintiff is called to give a deposition, she will expectedly invoke her Fifth Amendment right against self-incrimination while there is a pending investigation and/or criminal proceeding. Thus, her deposition would be an exercise in futility and would not move the case toward a meaningful resolution.

At one point, Plaintiff seems to suggest that bifurcated discovery on the various issues in the case would be in order. (Plaintiff's Motion, Dkt. 80, pg. 5-6). However, courts have noted that staying only a part of the case would be an inefficient way of resolving the whole case. *Salcedo*, 2010 WL 2721864 at *3. Plaintiff concedes that her constitutional claims regarding the search of her phone may bear on her prosecution for the subject conduct. However, she claims that the allegations related to the "frat-house" antics (which she does not define, but which are presumably her other claims related to the alleged reproduction and dissemination of materials) do not bear on that criminal investigation. Plaintiff's argument ignores the fact that all of her claims are so closely related that conducting discovery on some aspects of her claims will necessarily involve discovery on all claims. The most efficient way to resolve this case on its merits is to continue the discovery stay until the criminal investigation and any resulting criminal cases are definitively settled.

In all, there is a real concern that the present civil case could undermine ongoing investigations into serious criminal matters. The Court was correct in its determination to stay discovery pending resolution of the criminal proceedings and it was correct in its bases therefor. The legal and practical considerations support continuation of the discovery stay until the criminal investigation and any ensuing criminal case is resolved. Plaintiff's Motion should be denied.

**CONCLUSION**

For all the above-argued reasons, the City of Joliet and Edward Grizzle respectfully request that this Honorable Court deny Plaintiff's Motion, continue the current discovery stay until full resolution of the underlying criminal proceedings and for any relief as is deemed equitable and just.

Respectfully submitted,

CITY OF JOLIET

Dated: November 12, 2019                            By:__ /s/ *John O'Driscoll*_____
                                                         One of its attorneys

John M. O'Driscoll (ARDC #6237793)
Stacey L. Wilkins (ARDC #6301187)
Joseph C. Sheahan (ARDC #6313969)
TRESSLER LLP
Counsel for City of Joliet
550 E. Boughton Road, Suite 250
Bolingbrook, Illinois 60440
jodriscoll@tresslerllp.com
swilkins@tresslerllp.com
jsheahan@tresslerllp.com

EDWARD GRIZZLE

Dated: November 12, 2019                            By:__ /s/ *Michael J. Atkus*_____
                                                         One of his attorneys

Michael J. Atkus (ARDC #628566)
KNIGHT HOPPE KURNIK & KNIGHT, LTD.
Counsel for Edward Grizzle
5600 N. River Road, Suite 600
Rosemont, Illinois 60018
matkus@khkklaw.com