UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CASSANDRA SOCHA,** | ) |
| | ) Case No.  18 CV  05681 |
| **Plaintiff,** | ) |
| | )  Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate M. David Weisman |
| **City of Joliet, a municipal corporation,** | ) |
| **Edward Grizzle, John Does 1 – 20,** | ) |
| | ) |
| **Defendants.** | ) |

*PLAINTIFF'S REPLY IN SUPPORT OF MOTION*
*TO VACATE DISCOVERY STAY AND FOR OTHER RELIEF*

Plaintiff, CASSANDRA SOCHA, by her attorney, Hall Adams, and pursuant to this Court's 23 September 2019 Order (Doc #79) allowing and directing her to do so, states as follows for her Reply in Support of Motion to Vacate Discovery Star and for Other Relief:

Plaintiff's *Motion to Vacate Discovery Stay and For Other Relief* (Doc # 80) does not question this Court's inherent authority to stay discovery.  However, "granting of a stay 'is the exception not the rule' and the party seeking the stay has the burden of demonstrating it is necessary."  *Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2005 U.S. Dist. LEXIS 14437, ¶(8). A showing of "special circumstances" is required to stay discovery.  *United States v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, Wisconsin*, 943 F.2d 721, 729 (7th Cir. 1991)

In most of the cases in which courts have stayed discovery of plaintiff's §1983 actions, they have done so in deference to the Constitutional rights of criminal defendants against self-incriminatation.  Here, plaintiff is the presumptive target of whatever criminal investigation may still be ongoing and she is the one seeking to have the discovery stay lifted in her civil case.

That same authority relied upon in defendants' Response (Doc. #83) recognized that determination of whether "special circumstances" exist to impose (or continue) a discovery stay requires the Court to consider a six factor test. None of these factors was ever considered prior to imposition of the current stay because plaintiff too blithely acceded to it when its duration was expected to be brief. So, *mea culpa* – but this is no reason to continue the stay.

So, we look at the six factors, *seriatim*.

1. *Overlap of Issues/Relationship Between Civil and Criminal Matters*

   Plaintiff's §1983 claims arise out of the seizure and search of her cell phone *after* plaintiff's conduct, if any, that may still be a subject of a criminal investigation. Plaintiff's common law claims are based on *defendants'* serial republication and/or re-recording of private images on plaintiff's cell phone, which could have no relationship whatsoever to any conduct of plaintiff that may still be a subject of criminal investigation. This factor weighs against a stay.

2. *Posture of the Criminal Proceedings*

   There are no pending criminal "proceedings" of which we are aware. There may be an investigation pending, or not. Since 5 June 2019, the Special Prosecutor won't say.

   No Seventh Circuit authority has held that a mere criminal investigation supports a stay. Notably, even the District Court authority upon which defendants rely in their Response involved criminal cases in which defendants had been indicted and charged (*Salcedo*), or tried and convicted (*Hollinger*).

   Since issuance of the warrant for the seizure and search of plaintiff's cell phone in May of 2018, the Special Prosecutor's Office has not confirmed that any investigation remains pending and has given no indication of the target(s), subject(s) and/or scope of any such investigation. Even under the authority upon which defendants rely, it is their burden, as proponents of continuing the discovery stay, to demonstrate at least this much. It is not plaintiff's burden to disprove that about which the Special Prosecutor's Office remains conspicuously "mum." Thus, this factor weighs against a stay.

3. *Government Involvement In Both Civil and Criminal Proceedings*

   Plaintiff's First Amended Complaint ("FAC," Doc. #60) names a police department and officers as defendants in her civil case. As yet, there are no criminal "proceedings" of which we are aware, only an investigation by the Special Prosecutor's Office, which may be ongoing, or not. This is not an instance in which

the government has initiated civil proceedings in which it might use the civil discovery process to further its prosecution of the criminal "proceedings." Based on the very cases cited by defendants, "This fact weights against a stay." *Salcedo,* ¶(7)

4. *Effect of Stay on Public Interest*

   There is no information before the Court to the effect that allowing discovery in this civil case to proceed would likely, or, for that matter, even possibly compromise any pending criminal investigation. As proponents of continuing the stay, defendants have not provided any such information. Absent such information, continuing the stay would impair the public's "interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law through the Civil Justice Reform Act of 1990." *Salcedo*, ¶(9)

5. *Effect of Stay on Plaintiff's Interest*

   Plaintiff has "a significant interest in a timely resolution of [her] claims and compensation if [she] prove[s] that [she is] entitled to it. *Salcedo*, ¶(9) "Justice delayed is justice denied." –Widely attributed to William E. Gladstone , *circa* 1868. This fact weighs against the stay.

6  *Burden Imposed By Stay on Defendants*

   This factor does not apply here. Absent some showing by these defendants that they are the subject of criminal proceedings, prosecution of this civil case will not confront them with the Hobson's Choice of asserting their Constitutional rights against self-incrimination at the risk of default for refusing to participate in civil discovery. This factor weighs against continuing the stay.

Defendants' supposition that continuing the stay is supported by *Heck v. Humphrey*, 512 U.S. 477 (1994) further begs the fact of extant criminal "proceedings," or, for that matter, even an active investigation. Defendants have not made these showings.

Defendants' contention that this Court cannot "force the hand" of the Circuit Court of Will County, insofar as its unsealing of documents related to the search warrant is concerned or to force the Special Prosecutor's Office to announce the conclusion of whatever investigation it has/had been conducting presumes that no other discovery can occur in the meantime. The presumption is flawed. It neglects plaintiff's right to seek this relief in the Circuit Court of Will County directly from the judge who imposed the sequestration order. It also neglects that

3

plaintiff can and should be permitted to take depositions of witnesses who have knowledge relevant to defendants' mishandling of the private images on plaintiff's cell phone subsequent to its seizure. There is no overlap between these claims and plaintiff's §1983 claims relating to the seizure and search of the phone.

Defendants have not met their burden of showing that "special circumstances" exist to support continuing the exceptional relief of a discovery stay. Accordingly, the discovery stay first imposed by the Court's 5 March 2019 Order (Doc #50) and extended by its 5 June 2019 Order (Doc #51) should be vacated. Alternatively, plaintiff should be permitted to commence discovery relating to her common law claims based on the mishandling of the private images on her cell phone.

                Respectfully submitted,
                CASSANDRA SOCHA

By: /s/ Hall Adams
     Attorney for Plaintiff

Hall Adams
Law Offices of Hall Adams
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
T: (312)445-4900
F: (312) 445-4901
Attorneys I.D. #6194886