UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| | ) Case No. 18 CV 05681 |
| Plaintiff, | ) |
| | ) Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate M. David Weisman |
| City of Joliet, a municipal corporation, | ) |
| Edward Grizzle, John Does 1 – 20, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR *IN CAMERA* INSPECTION OF AND PRODUCTION
OF DOCUMENTS AND WITHHELD AND TO COMPEL ANSWERS
TO INTERROGATORIES OBJECTED TO PURSUANT
TO CLAIMS OF PRIVILEGE BY DEFENDANT CITY OF JOLIET[1]**

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, and pursuant to Fed. R. Civ. P. 37(a)(3)(B), states as follows for her Motion for *In Camera* Inspection of and Production of Documents and Withheld and to Compel Answers to Interrogatories Objected to Pursuant to Claims of Privilege by Defendant City of Joliet:

### *Background*

*Plaintiff's Claims*

Plaintiff's First Amended Complaint ("FAC" – Doc #60) alleges generally that defendants seized and searched her smart phone illegally and then allowed/facilitated widespread republication and/or viewing of private images on the phone for no law enforcement purpose. Plaintiff alleges that the seizure and search of her phone were motivated by her role as

---

[1] Pursuant to Fed. R. Civ. P 37(a)(1) and LR 37.2, the undersigned certifies that on **5 October 2020**, he conferred by telephone with counsel for defendant City of Joliet ("City"), James Hess, in a good faith but unavailing effort to resolve the discovery issues raised in this motion, as to which plaintiff and City remain at impasse.

a witness in the trial of *State v. Crowley*, which resulted in acquittal of defendant Crowley.[2]

### *Socha Investigation*

Discovery in this case was stayed between 5 March 2019 (Docs ##50 & 51) – 2 March 2020 (Doc #90) because of the purported pendency of the Socha Investigation in the office of the Illinois Appellate Prosecutor ("Special Prosecutor"). Despite inquiries of counsel to the Special Prosecutor before, during and after imposition of the discovery stay, the Special Prosecutor has been unwilling to confirm whether the Socha Investigation remains an active, pending investigation. Notably, the warrant alleged in and attached as an exhibit to Socha's FAC was issued on 18 May 2018 and Socha has not been charged with the commission of any offense. Especially in the absence of any clarification from the Special Counsel despite repeated requests, the Socha Investigation seems dormant, if even ever really extant.

### *City's Discovery Responses*[3]

City's Discovery Responses include negligible relevant responsive information. Instead, City largely hides behind an array of privileges.

All of these seem to be properly logged in City's Privilege Log so as to helpfully frame consideration of the different privileges asserted. Plaintiff takes no issue with the formal propriety of the Privilege Log itself.

---

[2] References here to the "Crowley Investigation" refer to the investigation identified in City's discovery responses by number J1-17-0010915-001. References to the "Socha Investigation," refer to the investigation in connection with which defendants seized and searched plaintiff's phone and is identified in City's discovery responses and privilege log as J1-18-0007242-001. References herein to the "IG's Investigation" are to the City of Joliet Inspector General's investigation into the facts alleged in plaintiff's FAC.

[3] City's Responses to Plaintiff's First Set of Document Requests ("RRTP") and accompanying Privilege Log and Answers to Plaintiff's Interrogatories ("ATI") (collectively "Discovery Responses") are attached hereto as Mot. Group. Ex. 1

However, the Privilege Log is unsupported by any declaration supporting the application of any of the asserted privileges. Nor does the Privilege Log articulate any specific harm that would befall City if requested information and/or documents were disclosed to plaintiff.

City produces documents related to the Crowley Investigation (CITY0014-50), which are not relevant. It also produces correspondence between City's defense counsel and a number of Joliet Police Department Officers soliciting interviews (CITY00122-154), in which counsel correctly advises those officers that "We represent only the City of Joliet, and we do not represent you personally" but do not produce or disclose any statements given to counsel by these (non-client) witnesses. These two categories of utterly uninformative and irrelevant documents are the only unredacted documents produced by City.

Otherwise, instead of providing relevant and responsive information and/or documents, City asserts, rather reflexively and over-broadly, the following privileges, usually in combination with one another:

- Investigatory privilege relating to the Socha Investigation
- Investigatory privilege relating to the IG's Investigation
- 18 May 2018 Order to Seal Search Warrant Documents entered by Will County Circuit Court ("Seal Order")[4]

***Analysis of City's Assertion of Privileges That Should Guide In Camera Inspection***

***General Considerations***

- *Choice of Law*

    Choice of law is dictated by F.R.E. 501.

- *Burden to Establish Application of Privilege*

---

[4] Plaintiff does not address here either City's or defendant Grizzle's assertion of this Seal Order in this motion. She does so in her separate Motion to Unseal that will be filed in and will be presented to the Circuit Court of Will County, a copy of which motion is nevertheless attached hereto as Ex. 2 to this motion. Nor does this motion take issue with City's assertion of the attorney-client communications and/or attorney work-product privileges.

3

The burden is on City to establish that the privileges asserts protects responsive information from discovery. *Rodriguez v. City of Chicago*, 329 F.R.D. 182, 189 (N.D. Ill. 2019) If City establishes that the privileges applies, plaintiff may overcome City's assertion of privilege if she shows that her need for the information outweighs the harm to City that would result if the privilege were lifted. *Id.*

### *Investigatory Privilege Generally*

"The purpose of this privilege is to protect sources, witnesses, and law enforcement officers to prevent ongoing investigations, and accordingly, a claim that the investigatory privilege applies is 'somewhat stronger' when the investigation is ongoing. *Id (citations omitted)* Discovery is favored over protection where withheld documents and/or privilege "reflect purely factual information" and "do not appear to reveal any confidential investigatory techniques or to discuss any on-going criminal investigation that might otherwise justify the claim of privileged." *Id.* at 190.

### *Investigatory Privilege as to Socha Investigation Materials and/or Information*

Plaintiff's civil rights claims in this case bear directly on the accuracy of the information that was provided to obtain the warrant and whether the search of her phone hewed to whatever legitimate investigatory purposes may ever have existed. Requested factual information and documents about these issues goes to the heart of her claims and outweighs whatever (dubious) bases City has for protecting the information.

All indications, including conspicuous "radio silence" from the Special Prosecutor's office are that the Socha Investigation, if ever such really existed, is not an active, ongoing investigation. We have served notice of this motion on the Special Prosecutor specifically to given that office another opportunity to clarify this for the Court.

4

More, what is understood about this issuance of the Warrant is that it was based on the complaint of another witness (Gatlin) in the Crowley trial about a text-message sent to her by plaintiff after both she and plaintiff had been excused as witnesses in that trial. The text-message itself was the only basis upon which the Socha investigation was initiated and a warrant for the seizure and search of plaintiff's phone issued. (Production by defendant Grizzle of the audio-recording of his interview by the IG so informs us of these facts, about which more follows below.) So, City is hard-pressed to contend that its "confidential investigatory techniques or sources" may be compromised by disclosure.

### *Investigatory Privilege as to IG's Investigation*

Plaintiff acknowledges that the Art. VII, § 2-185 of the City of Joliet Municipal Code provides: "Except as otherwise provided, all investigatory files and reports of the office of the inspector general shall be deemed confidential." The Municipal Code provides for no exceptions that apply here.

Still, the privilege is not an absolute one. Plaintiff may overcome City's assert of this privilege just as with the general investigatory privilege. *Rodriguez, supra*, is again instructive as it involved a COPA investigation into police misconduct as to which comparable codified privileges applied. Still, *Rodriguez* applied its balancing test and ordered disclosure.

The IG's Investigation is an investigation into the very misconduct that plaintiff's FAC alleges violated her privacy rights respecting the private images on her phone. The IG's Investigation looks specifically at who within the Joliet Police Department did what with the images on plaintiff's phone.

Defendant Grizzle sat for a recorded interview with the IG (Regis). Grizzle produced an audio recording of that interview in response to plaintiff's discovery requests to him. A transcript of that recording is attached hereto at Ex. 3 and the actual audio-recording can be

provided to the Court upon request. It confirms that the focus of the IG's investigation is the very misconduct alleged by plaintiff. A few other things about the just the Grizzle IG interview are noteworthy for purposes of this motion.

First**,** a non-lawyer union representative, attended the interview with/on behalf of Grizzle. City is hard-pressed to assert a privilege now if non-lawyer representatives were able to sit in on the interviews of witnesses the recordings of which City has withheld.

Second, Grizzle was provided with the audio recording of his own interview by the IG. If the other, non-party witnesses recordings of whose interviews by the IG have been withheld by City were also provided to those witnesses, City is again hard-pressed to contend that those IG interviews remain "confidential." (Issuing third-party subpoenas for these records to each of these non-party witnesses would be a pointless and wasteful exercise if City is able to produce them.)

Third, the IG's interview of Grizzle relates to purely factual matters and does not compromise the IG's techniques (beyond asking obvious fact-based questions), sources, impressions, or conclusions. Where the IG's impressions and conclusions might constitute his arguably constitute protected confidential work-product, recordings of factual information provided to him are not.

Finally, Grizzle's answers to the IG's questions confirms that at least 2 thumb-drives of the contents of plaintiff's phone were made and provided to other Joliet Police Department officers, including the current Chief of Police (Rochner), for no evident investigatory purpose. Explanations by the recipients of the downloaded contents of plaintiff's phone were presumably asked about this and what was done with the thumb-drives. This goes to the heart of plaintiff's privacy claims (and might explain why, as Grizzle confirms, the FBI is also involved in investigating this same misconduct.)

*<u>Conclusion</u>*

For the reasons stated, plaintiff requests that the Court conduct an *in camera* inspection of City documents CITY00001-2, 5, 6-13, 51-116, 118-120, 155 and 156-194 and City's objections to plaintiff's Interrogatories 2-7, with a view towards overruling City's objections based on/assertions of the investigatory privilege based on Socha Investigation and/or IG's Investigation and to order City to substantively answer those interrogatories and to produce withheld documents within (14) days. Only where applicable, such relief would also turn of the status/outcome of plaintiff's Motion to Unseal the Warrant Materials.

                                                /s/ Hall Adams
                                        One of Plaintiff's Attorneys

Hall Adams, Esq.
Law Offices of Hall Adams LLC
33 North Dearborn Street; Suite 2350
Chicago, IL 60602
T: (312) 445-4900
F: (312) 445-4901
ARDC: 6194886