IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |  |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal corporation, EDWARD GRIZZLE, and JOHN DOES 1-20, | ) ) ) | Honorable Magistrate M. David Weisman |
| | ) | Trial by Jury Demanded |
| Defendants. | ) | |

**CITY OF JOLIET'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR *IN CAMERA* INSPECTION OF AND PRODUCTION OF DOCUMENTS AND WITHHELD AND TO COMPEL ANSWERS TO CLAIMS OF PRIVILEGE BY DEFENDANT CITY OF JOLIET**

**NOW COMES** Defendant, CITY OF JOLIET, by their attorneys, and for its Response in to Plaintiff's Motion for In Camera Inspection of and Production of Documents and Withheld and to Compel Answers to Interrogatories Objected to Pursuant to Claims of Privilege by Defendant City of Joliet:

## BACKGROUND

The facts are common to all of Plaintiff's claims contained in Plaintiff's First Amended Complaint ("FAC" – Doc #60). In 2018 (and continuing to present), Plaintiff was a police officer employed by the City of Joliet Police Department. She served as a patrol officer. Nicholas Crowley ("Crowley") was also a police officer employed by the City as a patrol officer. Plaintiff and Crowley were in a relationship together.

In May of 2018, Crowley was made a defendant in a criminal case.[1] Plaintiff testified at the trial in that matter and testified adversely to the prosecution (who had called her as a witness).

---

[1] Crowley was charged with two felony counts of reckless discharge of a firearm. This happened during an alleged altercation with Plaintiff at her home in the summer of 2017.

On May 16, 2018, Plaintiff "inadvertently" sent a text message to a trial witness called by the prosecution. Thereafter, the witness showed the text message to members of the Joliet Police Department.

As a result of the allegations against Plaintiff, a criminal investigation ("Socha Investigation") into her conduct was opened. The Socha Investigation was initially handled by the Joliet Police Department but has since been turned over to the Illinois Appellate Prosecutor's Office ("Special Prosecutor"). As of the filing of this response, the Socha Investigation has not concluded, and no final determination has been made as to whether criminal charges will be brought against Plaintiff for her alleged actions as a witness in the Crowley case..

Aside and apart from the ongoing investigation into if criminal charges will be levied, the City's Inspector General commenced an investigation ("IG's Investigation") into the allegations that form the basis of Plaintiff's First Amended Complaint. As of the filing of this response, the IG's Investigation has not concluded, and a final report has not been completed or provided to the Mayor, City Council, or city administration.

**Plaintiff's Discovery Requests**

Plaintiff has made requests for documents related to both the Socha investigation and IG's investigation. The City has provided non-privileged documents that are responsive to the requests. The City has asserted investigative privilege relating to the IG's Investigation, and investigative privilege relating to the Socha Investigation, including documents that are covered in the Will County Court's Seal Order of May 18, 2018. While origin of the asserted privileges differ somewhat, the reason the privileges are asserted are similar: Plaintiff requests materials from investigations have not concluded and are considered open, and disclosure of the requested materials could potentially compromise investigations, and jeopardize the effectiveness of those

involved in the investigations. Additionally, disclosure could have a negative impact on the ability for each investigative agency to act, including criminal or administrative penalties and self-evaluation for prevention of misconduct.

## Investigatory Privilege Generally

Investigatory privilege is "a judge-fashioned evidentiary privilege," *Dellwood Farms, Inc. v. Cargill, Inc*., 128 F.3d 1122, 1124 (7th Cir. 1997). "The purpose of this privilege is to protect sources, witnesses, and law enforcement officers to prevent ongoing investigations, and accordingly, a claim that the investigatory privilege applies is 'somewhat stronger' when the investigation is ongoing." *Rodriguez v. City of Chicago*, 329 F.R.D. 182, 189 (N.D. Ill. 2019). The investigatory privilege specifically protects "civil as well as criminal law enforcement investigatory files from civil discovery." *Id*. at 189 (citing *Anderson v. Marion County Sheriff's Dep't*, 220 F.R.D. 555, 563 (S.D. Ind. 2004).

The City bears the burden to establish that the investigatory privileges raised privileges protects responsive information from discovery. The City must first establish that the privilege applies. The City's assertion of privilege is overcome only if the Plaintiff shows that her need for the information outweighs the harm to City that would result if the privilege were lifted. *Rodriguez* at 189.

Courts will often balance the public interest against the needs of a civil rights plaintiff when evaluating the assertion of the investigatory privilege. *Doe v. Hudgins*, 175 F.R.D. 511 (N.D.ILL 1997). The *Doe* Court lists 10 factors it takes into consideration of discovery of investigatory files in a civil rights case:

   (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) the impact upon persons who have given information of having their identities disclosed;
(3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;
(4) whether the information sought is factual data or evaluative summary;
(5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;
(6) whether the police investigation has been completed;
(7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation;
(8) whether the plaintiff's suit is non-frivolous and brought in good faith;
(9) whether the information sought is available through other discovery or from other sources; and
(10) the importance of the information sought to the plaintiff's case.

*Id* at 516.

In weighing the factors, the Court in the *Doe* case had significant concern with the possibility of the interference with an on-going criminal investigation, and the importance of the information contained therein. *Id*. The Court noted that it recognized that broad discovery and enforcing civil rights actions were important, but the risk to the ongoing proceedings and witnesses were too much to overcome. *Id* at 517.

## **Investigations Under the Joliet City Code**

The City of Joliet Code both creates the position of an Inspector General and enumerates their duties and responsibilities. The Inspector General is tasked with a number of duties, contained in Art. VII, § 2-181(b) of the Joliet City Code tasks the include:

b) The inspector general shall have the following powers and duties:
1) To investigate the performance of governmental officers, employees, functions and programs, either in response to complaint or on the inspector general's own initiative, in order to detect and prevent misconduct, inefficiency and waste within the programs and operations of the city government;
2) To promote economy, efficiency, effectiveness and integrity in the administration of the programs and operations of the city government by reviewing programs, identifying any inefficiencies, waste and potential for misconduct therein, and recommending to the mayor and the city council

       policies and methods for the elimination of inefficiencies and waste, and the prevention of misconduct;

3) To report to the mayor concerning results of investigations undertaken by the office of inspector general;
4) To request information related to an investigation from any employee, officer, agent or licensee of the city;
5) To administer oaths and to examine witnesses under oath;
6) To issue subpoenas to compel the attendance of witnesses for purposes of examination and the production of documents and other items for inspection and/or duplication; and
7) To promulgate rules and regulations for the conduct of investigations and public hearings consistent with the requirements of due process of law and equal protection under the law.

The relevant section of the City Code allows for the IG to either close the investigation if no sustaining findings are made, refer the matter to the proper prosecuting authority, or refer the matter to the mayor and city manager for administrative action.

Art. VII, § 2-185 of the City of Joliet Municipal Code provides: "Except as otherwise provided, all investigatory files and reports of the office of the inspector general shall be deemed confidential." The Code makes no exceptions for this confidentiality.

### **Investigatory Privilege Applied to the Socha Investigation**

Oftentimes the investigatory privilege with respect to law enforcement investigation materials is raised with specific reasoning as to why the release of the information would be prejudicial to the investigation. In this instance, the investigation into whether the Plaintiff will face criminal charges has been assumed by the Office of the Illinois Appellate Prosecutor ("Special Prosecutor"). This places the City in an unusual situation with respect to what knowledge it possesses of the investigation itself or how the investigatory materials are being used by the Special Prosecutor.

What the City does know, however, is that as of the filing of this response, the law enforcement investigation has not concluded (*Doe* factor #6). As noted in the *Rodriguez* case, the

5

claim that the investigatory privilege applies is 'somewhat stronger' when the investigation is ongoing." *Rodriguez* at 189. Although the City is no longer handling that investigation, it must act in a manner that would not hinder or interfere with the open investigation. Disclosure of the law materials related to the law enforcement investigation is likely to do just that.

The City's assertion of the investigatory privilege with respect to the law enforcement materials is also significant because the party requesting the materials is a potential defendant in a criminal case (*Doe* factor #5). Allowing the Plaintiff to obtain these materials would be equivalent to obtaining premature discovery.

The information sought by Plaintiff is available through other discovery or from other sources (*Doe* factor 9). In this instance, the other sources are the Special Prosecutor and the Will County Court. Plaintiff's has already begun the process of requesting materials from the Court of Will County by filing a motion to unseal and obtain the search warrant documents. Plaintiff has served notice on the Special Prosecutor's office of this motion (no such notice was given to the City). This process not only shows that there are alternative methods for Plaintiff to obtain these materials, but also will provide an opportunity for the Special Prosecutor's office to oppose the motion and further elaborate as to the specific harms that disclosure may have on its investigation.

For the foregoing reason, the City requests that the Court deny plaintiff's motion. Alternatively, this Honorable Court should at least delay its ruling on Plaintiff's motion until Plaintiff's motion to unseal is heard in Will County.

### **Investigatory Privilege Applied to the IG's Investigation**

Knowing how important the investigation is for the City, its officials have acted in a manner that allow for the IG to investigate the matter without interference or influence. Officials have not provided any direction to the IG on what to investigate or how to conduct the investigation. It is

crucial that the IG have the freedom and latitude to conduct a thorough and complete investigation. In furtherance of that goal, city officials have had limited contact with the IG about the investigation so as to avoid the appearance of influencing the investigation or obtaining information or materials that would result in hindering the IG's ability to conduct a complete and thorough investigation.

The City Code outlines how IG investigations can be beneficial to public policy. Any disclosure of the IG's investigative materials while the investigation has not concluded may have a significant impact on not only how the investigation continues (including investigation strategy and techniques), but also what actions may occur as a result of the investigation.

Plaintiff contends that the IG's Investigation examines the misconduct that Plaintiff's first amended complaint alleges violated her privacy rights. While this statement be may partially true, it ignores the underlying intent of the investigation and the IG's role. Investigations are conducted in the best interest of both the City and its residents. As the City Code outlines, investigations conducted by the IG are intended to detect and prevent misconduct, inefficiency and waste within the City's programs and operations. The IG then provides that information to the Mayor and City Council so that they may address any issues and take corrective action. Should the IG be forced to turn over his materials prematurely, the ability for the City to preform self-evaluation and consequent program improvement will be chilled (*Doe* factor #3). The corrective actions include recommending of policies and methods for the prevention of misconduct, and providing the information necessary to take administrative action, including suspension or termination of employees if the conduct warrants. Both the Plaintiff and a number of potential co-defendants are still employed by the City. It is possible that intradepartmental disciplinary proceedings arise

7

from the IG's investigation (*Doe* factor #7). Allowing disclosure of these materials would amount to premature discovery in an administrative matter.

Additionally, the IG has the authority to refer conduct of individuals to prosecuting authorities for criminal prosecution. If the IG's findings uncover criminal conduct, the matters could be referred for criminal prosecution. Here, the IG's materials likely contain information related to the actions of not only the Plaintiff, but also potential co-defendants, who would also have access to the materials. The City's position on the issues that can occur from the production of the law enforcement materials is similar to that of the IG's materials. The party requesting the materials is a potential defendant in a criminal case (*Doe* factors #5). Allowing disclosure of these materials would amount to premature discovery in a criminal matter.

Disclosure of the IG's materials would also thwart governmental processes by discouraging citizens from giving the government information (*Doe* factor #1). Should the identities of witnessed be disclosed, citizens may be unwilling to provide information in this or future investigations if they believe their names will be contained in documents that are disclosed. As a result, individuals may be hesitant to cooperate or be fully candid in this or future investigations.

For somewhat similar reasons, disclosure may also have a negative the impact upon persons identified in the IG's materials (*Doe* factor #2). The City asks that the Court take special consideration of this factor. This case is one of great interest to the City's residents and others as evidenced by the significant news coverage that it has already generated. This is further confirmed by the Plaintiff's attorney talking to newspaper reporters multiple times about this case. It is possible that those identified may face harassment from media or individuals who are following the news coverage of the case. It should also not be lost on the Court that the underlying Socha Investigation centers around allegations of witness intimidation.

**CONCLUSION**

For the reasons stated above, the City requests that this Honorable Court deny Plaintiff's Motion for In Camera Inspection of and Production of Documents and Withheld and to Compel Answers to Interrogatories Objected to Pursuant to Claims of Privilege, or in the alternative, delay its ruling on the request until each respective investigation has concluded.

Respectfully submitted,

CITY OF JOLIET

Dated: 11/4/2020          By: /s/ *James J. Hess*
                                  One of its attorneys

John M. O'Driscoll (ARDC #6237793)
Stacey L. Wilkins (ARDC #6301187)
James J. Hess (ARDC #6306162)
TRESSLER LLP
Counsel for City of Joliet
550 E. Boughton Road, Suite 250
Bolingbrook, Illinois 60440
jodriscoll@tresslerllp.com
swilkins@tresslerllp.com
jhess@tresslerllp.com

9