UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
|                                                                   **Plaintiff,** | ) Case No.  18 CV  05681 ) ) Honorable Judge Jorge L. Alonso |
| v. | ) ) Honorable Magistrate M. David Weisman |
| City of Joliet, a municipal corporation, Edward Grizzle, John Does 1 – 20, | ) ) ) |
|                                   **Defendants.** | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR *IN CAMERA* INSPECTION OF AND PRODUCTION OF DOCUMENTS AND WITHHELD AND TO COMPEL ANSWERS TO INTERROGATORIES OBJECTED TO PURSUANT TO CLAIMS OF PRIVILEGE BY DEFENDANT CITY OF JOLIET**

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, states as follows for her Reply in Support of Motion for *In Camera* Inspection of and Production of Documents and Withheld and to Compel Answers to Interrogatories Objected to Pursuant to Claims of Privilege by Defendant City of Joliet:

*Investigatory Privilege*

Two years into this litigation and despite numerous requests for clarification from the Special Prosecutor, there is no indication that there remains any ongoing investigation sufficient to support the "evidentiary privilege."  The City's Response (Doc 117) recites that it "know[s]" that the "investigation has not concluded" but offers no proof of this.  (Resp., Doc 117, p. 5) Nor has the Special Prosecutor, who was given notice of plaintiff's Motion (Doc 116-1), weighed in to this effect.  As the party asserting the privilege, it is the City's burden to demonstrate this predicate fact and it has failed to do so.  Otherwise, whether the documents withheld by the City pursuant to its assertion of Investigatory Privilege require *in camera* review.  Plaintiff is hard-pressed to imagine how the considerations that animate the privilege are seriously implicated by an investigation of which she has been aware since the warrant was served upon her.

*IG Privilege*

The City's Response is devoted mostly to whether the IG Privilege has general application, a point plaintiff's Motion concedes. (Compare Resp., pp. 6-8, with Mot., p. 5.) The City's Response really doesn't address the application of the *Rodriguez* balancing test to any of the specific documents that have been withheld pursuant to the City's assertion of the IG Privilege. Nor does it address at all the potential waiver of the privileged based on what is known about the manner in which the IG's interview of defendant Grizzle was conducted that is raised in plaintiff's Motion. (In this regard, Grizzle's counsel notified plaintiff's counsel after plaintiff's Motion was filed that it was Grizzle himself and not the IG who audio recorded his own interview by the IG, which only underscores the waiver issues raised in plaintiff's Motion.) Presumably, an *in camera* inspection by the Court of the documents withheld will consider these issues.

*Conclusion*

Plaintiff requests that the Court conduct an *in camera* inspection of City documents CITY00001-2, 5, 6-13, 51-116, 118-120, 155 and 156-194 and City's objections to plaintiff's Interrogatories 2-7, with a view towards overruling City's objections based on/assertions of the investigatory privilege based on Socha Investigation and/or IG's Investigation and to order City to substantively answer those interrogatories and to produce withheld documents within (14) days. Only where applicable, such relief would also turn of the status/outcome of plaintiff's Motion to Unseal the Warrant Materials.

                                                            /s/ Hall Adams
                                                One of Plaintiff's Attorney

Hall Adams, Esq.
Law Offices of Hall Adams LLC
33 North Dearborn Street; Suite 2350
Chicago, IL 60602
T: (312) 445-4900; F: (312) 445-4901
ARDC: 6194886