UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | Case No. 18 C 5681 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| CITY OF JOLIET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is plaintiff's motion for *in camera* inspection of and production of documents and withheld and to compel answers to interrogatories objected to pursuant to claims of privilege by defendant City of Joliet [116]. For the reasons set forth below, the Court grants the motion.

### Discussion

During the relevant time period, plaintiff and her boyfriend, Nicholas Crowley, were employed as patrol officers for defendant City of Joliet (the "City"). (Dkt. 60 ¶¶ 7-8.) Defendant Edward Grizzle was employed as a Detective/Sergeant for the City. (*Id*. ¶ 10.)

Crowley was named as a defendant in a criminal case, *People v. Nicholas M. Crowley*, Will County Case No. 17 CF 1422, and Detective Grizzle was assigned to investigate matters related to the criminal case. (*Id*. ¶¶ 12-13.) According to plaintiff, she inadvertently sent a text message to another witness, Maria Gatlin, during the criminal trial. (*Id*. ¶¶ 15-18.) Gatlin showed the text message to members of the prosecution team, including Grizzle and other members of the police department. (*Id*. ¶ 19.) Grizzle prepared, signed, and swore to a search warrant, and, on May 18, 2018, Judge Sarah Jones issued a search warrant authorizing the search and seizure of plaintiff's iPhone to the extent the contents "constitute[d] evidence of the offense of Harassment via electronic communications, Intimidation." (*Id*. ¶¶ 21, 24; Dkt. 60-1 at 2.) Plaintiff alleges that Grizzle and the City exceeded the scope of the warrant by seeking private data or images, including nude and sexual videos and images, to embarrass her. (Dkt. 60 ¶¶ 26-27.) Plaintiff contends that Grizzle shared these private images with other City employees and allowed the images to be re-recorded. (*Id*. ¶ 28.)

Although plaintiff initiated this case several years ago, the parties are still in the early stages of discovery. According to plaintiff, defendants produced their Mandatory Initial Disclosures on January 25, 2019. (Dkt. 80 at 2.) Plaintiff says that Grizzle "produced a significant number of entirely redacted documents, which were withheld based on Judge Jones' Order sealing the Warrant documents and pursuant to assertion of 'law enforcement investigatory privilege.'" (*Id*.)

Plaintiff further says that the City "produced numerous fully redacted documents but with a more extensive privilege log that invoked a 'Law Enforcement Investigatory Privilege for pending investigation no. J1-18-0007242-001' and/or 'Subject to Seal Search Warrant Documents entered By Will County Circuit Court on May 18, 2018.'" (*Id.*)

At the initial status hearing held before Magistrate Judge Mary Rowland on February 5, 2019, plaintiff raised issues regarding the investigatory privilege based on an order from the Circuit Court of Will County. (Dkt. 48.) On February 19, 2019, plaintiff informed Magistrate Judge Rowland that the Special Prosecutor's Office[1] would make a prosecutorial decision by the end of the week and that the decision would have an impact on the procedural status of the case. (Dkt. 49.) On March 5, 2019, the parties informed Magistrate Judge Rowland that the Special Prosecutor's Office had not yet made a prosecutorial decision, and Judge Rowland granted plaintiff's oral motion to stay discovery. (Dkt. 50.) In March 2020, this Court lifted the discovery stay and ordered initial written discovery to be issued by March 13, 2020. (Dkt. 90.) Shortly thereafter, the COVID-19 health pandemic essentially shuttered the country and many court proceedings and orders were stayed as a result. (*See* dkts. 93-99.)

Now that discovery is once again moving forward, the parties are arguing over documents related to the Special Prosecutor's investigation of plaintiff as well as documents related to the City of Joliet's Inspector General's investigation of Grizzle's conduct. In response to plaintiff's discovery requests, the City provided non-privileged responsive documents and asserted the investigatory privilege as it relates to the Special Prosecutor's investigation as well as the Inspector General's investigation. In the instant motion, plaintiff asks this Court to conduct an *in camera* review of certain City documents, to review the City's objections to certain interrogatories, and to order the City to produce the withheld documents and answer the interrogatories at issue. The City opposes the motion, generally arguing that the investigations are still open, disclosure of the documents sought could compromise investigations, and disclosure could negatively affect each investigative agency's ability to act. The City's opposition does not explain at any level of specificity why discovery production would interfere with either its own Inspector General's investigation or the Special Prosecutor's investigation. The Court notes that, to date, the Special Prosecutor has not appeared to have made a prosecutorial decision. Additionally, the Special Prosecutor's Office received notice of this motion but did not appear at the last status hearing, has not filed an appearance, and has not filed any pleading in this case to address any concerns that office may have as to how discovery in this matter might impact its investigation. (*See* dkt. 124.)

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must expressly make the claim and describe the nature of the documents." Fed. R. Civ. P. 26(b)(5)(A). The party asserting privilege has the burden to demonstrate its existence. *Slaven v. Great Am. Ins. Co.*, 83 F. Supp. 3d 789, 796 (N.D. Ill. 2015). The investigatory privilege protects "civil as well as criminal law enforcement investigatory files from civil discovery." *Rodriguez v. City of Chi.*, 329 F.R.D. 182, 189 (N.D. Ill. Feb. 6, 2019) (citation

---

[1] Plaintiff's counsel noted that references to the "Will County State's Attorney's Office" were in error and that the correct office is the Office of the State of Illinois State's Attorney's Appellate Prosecutor, Special Investigations Division ("Special Prosecutor"). (Dkt. 80 at 3.)

omitted). The privilege protects disclosure of materials in ongoing criminal investigations." *U.S. v. Delatorre*, 438 F. Supp. 2d 892, 902 (N.D. Ill. June 7, 2006) (citing *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997)). The privilege also protects the confidentiality of sources, witnesses, law enforcement officers, and law enforcement techniques and procedures. *Rodriguez*, 329 F.R.D. at 189; *see also Anderson v. Marion Cty. Sheriff's Dep't*, 220 F.R.D. 555, 563 (S.D. Ind. Mar. 31, 2004) (citations omitted). The party asserting the privilege bears the burden of showing that it applies and must show more than an "ongoing investigation" to protect disclosure of the documents. *Rodriguez*, 329 F.R.D. at 189. The investigatory privilege is not absolute and may be overcome by showing that the need for the information outweighs any harm to the party asserting the privilege. *Clark v. Powe*, Case Nos. 07-cv-1616 and 07-cv-5251, 2008 WL 4686151 (N.D. Ill. May 30, 2008) (citing *Dellwood Farms*, 128 F.3d at 1125).

### The Special Prosecutor's investigation of plaintiff

Plaintiff contends that she is entitled to the information sought because it bears on the accuracy of the information provided to obtain the Warrant and the search of her phone. The City opposes the motion, arguing that the documents are subject to the investigatory privilege. Specifically, the City contends that investigation has not yet concluded and that, while the City is no longer overseeing the investigation, any disclosure of materials related to the investigation could compromise the investigation.

The Court finds that the City has not carried its burden because it has not shown that the privilege applies to the City itself. As noted, the City is no longer overseeing the investigation of plaintiff. Rather, the investigation was turned over to the Special Prosecutor's Office. And, according to the parties, the investigation of events that occurred in May of 2018 is still ongoing. Because the Special Prosecutor's Office is overseeing the investigation, the privilege belongs to the Special Prosecutor's Office, not the City. Likewise, the Special Prosecutor's Office bears the burden of showing that the investigatory privilege applies, not the City.

The Court notes that the Special Prosecutor's Office is aware of this suit and that plaintiff's counsel provided Special Prosecutor Office's with a copy of this motion. (*See* dkts. 122, 123.) Despite this, the Special Prosecutor's Office has not filed an appearance or responded to the motion.

Given all of these considerations, the Court grants plaintiff's motion as it relates to the Special Prosecutor's investigation. The City must produce the requested documents to plaintiff and answer the interrogatories at issue by January 22, 2021. Plaintiff's counsel is directed to provide a copy of this order to the Special Prosecutor's Office.[2]

### The Inspector General's investigation of Grizzle

The City again asserts the investigatory privilege. In particular, the City contends that these files are deemed confidential under the relevant Municipal Code. The City further argues that these materials should not be disclosed until the Inspector General concludes its investigation.

---

[2] By January 6, 2021, plaintiff shall send a copy of this order to the Special Prosecutor at the Illinois Office of the State's Attorney Appellate Prosecutor and shall file proof of service.

Yet, counsel for the City had no idea when the investigation would be complete, or why a seemingly discrete investigation had not been completed to date. During oral argument, counsel for the City further explained that he is not associated with the Office of the Inspector General for the City and has not reviewed the files at issue in this case. Because counsel for the City represented that he has not reviewed the files at issue, the Court finds that the City has not carried its burden and has not shown that the investigatory privilege applies to these documents.

As counsel explained, to afford the City's Inspector General independence, the City, through its counsel, has not reviewed any aspect of the investigation. While we appreciate the decision to afford independence to an inspector general's efforts, the City cannot have it both ways. If the City wishes to promote such independence, the City should afford the Inspector General the opportunity to hire counsel and assert any appropriate privilege after reviewing the materials and substantively addressing those factors that might support its assertion of privilege.

Accordingly, the Court grants plaintiff's motion as it relates to the Inspector General's investigation. The City must produce the requested documents to plaintiff and answer the interrogatories at issue by January 22, 2021.

**Will County Seal Order (May 18, 2018)**

Plaintiff's counsel has advised this Court that he is still in the process of filing a motion to unseal the search warrant at issue in the Circuit Court of Will County. The City is not required to produce any responsive documents that are subject to the seal order at this time.

### Conclusion

For the reasons set forth above, the Court grants plaintiff's motion. Plaintiff is directed to send a copy of this order to the Special Prosecutor at the Illinois Office of the State's Attorney Appellate Prosecutor by January 6, 2021 and file proof of service.

**SO ORDERED.**                                    ENTERED: December 30, 2020

_____

**M. David Weisman**
**United States Magistrate Judge**