10,000/18-7262.NUI

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-05681 |
| | ) | |
| CITY OF JOLIET, a municipal | ) | |
| corporation, EDWARD GRIZZLE, JOHN | ) | |
| DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT EDWARD GRIZZLE'S
## EMERGENCY MOTION FOR A PROTECTIVE ORDER
## AND/OR MOTION TO QUASH PLAINTIFF'S DEPOSITION SUBPOENAS

NOW COMES, Defendant, EDWARD GRIZZLE, by and through one of his attorneys, MATTHEW S. CLARK of KNIGHT HOPPE KURNIK & KNIGHT, LTD., and for his Emergency Motion for a Protective Order and Motion to Quash Plaintiff's Deposition Subpoenas which is joined by Defendant City of Joliet, states as follows:

1. Plaintiff filed her First Amended Complaint [#60] on July 31, 2019, and in it she alleges eighteen counts against the City of Joliet ("City"), Edward Grizzle, and twenty (20) John Does.

2. This is an emergency motion because of an unforeseen circumstance which requires immediate action to voice serious or irreparable harm to Defendant Grizzle and Defendant City. The nature of the dispute primarily lies with Plaintiff issuing 16

1

subpoenas for depositions starting on April 9th without checking on Defendants' counsel schedule for availability and does not give reasonable notice.

3.    Defendants believed that the discovery issue had been resolved in a March 26th and 29th email correspondence confirming a new date for the deposition of the Plaintiff and seemingly for all depositions. However, while, Counsel for Defendant Grizzle was out of the office, on April 1st, Plaintiff's Counsel indicated that he would proceed with those depositions despite prior agreements, not checking with counsels' schedules, and that no witness has confirmed availability for any of the dates selected by Plaintiff's counsel. Counsel for Plaintiff has offered no alternative dates and therefore this Emergency Motion is being filed.

4.    Counsel for Defendants have made good faith efforts to resolve this discovery dispute by offering alternative deposition dates which would permit all depositions sought well before the close of discovery to the extent June 30th would be a firm deadline.

5.    Plaintiff's allegations, in sum, stem from the viewing of the contents of her phone and the alleged distribution of the contents of the phone which include private images.

6.    Originally, Plaintiff's deposition was the first deposition set for April 8, 2021. As the first scheduled deposition, and in the traditional manner of scheduling depositions, it was presumed to be agreed that Plaintiff's deposition would proceed first before other depositions.

7.    On March 16, 2021, counsel for Defendant Grizzle, Matthew Clark, received his first COVID vaccine shot in Hoopeston, Illinois, approximately just shy of three hours

from his home. At the time, his second shot was scheduled for April 6, 2021 at the same location. Following the first shot, Attorney Clark suffered side effects including headaches, hearing deficit (swimmer's ear), fatigue, racing heart at night, and a low grade fever. Since the second vaccine shot typically has more side effects than first, so after recovery from the same, counsel began to clear his schedule for the week after the second shot or from April 6-13th.

8. On March 25th, counsel for Grizzle contacted Plaintiff's counsel and co-defendant counsel John O'Driscoll to request a new date for Plaintiff's deposition. Plaintiff's counsel had no objection and suggested April 22nd. While counsel for Grizzle was available, counsel for the City was not and May 4th was agreed upon and arrived at amongst the parties over the next two days. **See Exhibit A., Emails from March 25, 2021.**

9. However, also on March 25th, Plaintiff's counsel filed a pleading indicating a notice of depositions [DE 132, 133]. Plaintiff's counsel had **never** contacted counsel for Grizzle regarding the scheduling of any depositions.

10. On March 25, 2021, at 5:05pm, Plaintiff's counsel served/emailed 16 deposition subpoenas seeking to depose Joliet Police Department Officers, selecting dates in both April and May of 2021, the earliest date being April 9, 2021. This was first reviewed on March 26th. **See Exhibit A., Emails from March 25, 2021, See also Exhibit B, Deposition Notices and Subpoenas to Jensen, Gavin and Bergner, and Exhibit C, Deposition Notices and Subpoenas to Witnesses and Grizzle.**

11. Prior to issuing those subpoenas, Plaintiff's Counsel did not confer or confirm that the dates in the subpoenas were available dates for either counsels for the two Defendants.

12. On March 26, 2021, and after Plaintiff issued the depositions subpoenas, Plaintiff's Counsel appeared to agree that the subpoenas for depositions were only sent out to get dates and that they would be rescheduled according to all of the parties' availability. **See Exhibit A, Emails from March 26, 2021.** In response to counsel for the City's request to "put our heads together" the next week for the rest of the dates to proceed, then Plaintiff responded that he was "[g]lad City is now willing to work with us to coordinate dates for the rest". Counsel for Grizzle confirmed that May 4th worked and that he would be out of the office for the next week and would provide dates throughout May and June for the remainder of the depositions. The Defendants believed that all deposition were going to be rescheduled. **Id**.

13. On the same date, the City also indicated that it would be supplementing its discovery responses related to the phones at issue in this case. It would seem to be prudent for all parties to review this discovery prior to any depositions. Similarly, it would be prejudicial to Defendant Grizzle if his Counsel were unable to review these materials prior to depositions.

14. It was not until March 31, 2021 that Plaintiff's Counsel indicated that he would proceed with the subpoenaed depositions-notably this response was for when counsel for Defendant Grizzle would not be in the office and unavailable to discuss any scheduling disputes. **See Exhibit A, Emails from March 31, 2021.**

4

15. Apparently, according to co-Defendant counsel for the City, Plaintiff asked counsel for The City of Joliet to waive service of the subpoenas for the 16 current and former police officers named, however, counsel for the City of Joliet does not represent the individuals whom were subpoenaed for depositions, and therefore did not waive service for them. As indicated in the pleadings, Plaintiff anticipates naming John Doe defendants in this case, many presumed to be those who are being subpoenaed.

16. At this time, Plaintiff refuses to change deposition schedules and counsels for Defendants deposition dates available to all. Plaintiff contends that Plaintiff's deposition no longer needs to proceed first and doesn't want to delay discovery any further and be faced with a time crunch for the discovery deadline of June 30th, despite the fact that the last deposition sought was noticed by Plaintiff for May 12th.

17. Rule 30(b)(1) of the Federal Rules of Civil Procedure requires a party taking a deposition to provide "reasonable notice" to all other parties. Certainly, the spirit of all General Orders of the district courts related to COVID emphasize a time period in which cooperation is essential.

18. Defendant Ed Grizzle is entitled to be in attendance for the depositions of the individuals which Plaintiff has subpoenaed.

19. Plaintiff's actions in not consulting all parties prior to issuing deposition subpoenas and the continued unwillingness to resolve this discovery dispute is patently unreasonable given the circumstances, given that there remains close to 90 days to

complete all discovery (the discovery deadline is currently set for June 30th although it is the Parties understanding that very well may be a deadline that could be extended).

20. Despite being out of the office (for the first time since early July 2020), on April 2, 2021, the parties, pursuant to Local Rule 37.2 had a conversation via telephone at or around 12:00 p.m., in an attempt to resolve their differences as to this current discovery dispute.

21. In attendance via telephone on Friday April 2, 2021, was Hall Adams and Matt Clark, attorney for Edward Grizzle. Based on information and belief, counsel for Plaintiff and counsel for the City John O'Driscoll had a prior communication the previous day in which Plaintiff's counsel took the same position.

22. Specifically during this conference, Plaintiff's attorney indicated that he did not need to check with Defense Counsels' schedules because each firm representing the defendants had multiple attorneys of record on file, and there should be no scheduling issues. Attorney Adams believed that to be a reasonable position.

23. In 21 years of practice in this federal court, no opposing counsel has taken this position of being reasonable notice. It is also not reasonable given that one of the attorneys had a leave of absence, one of the attorneys has had no involvement in this case, and the other attorney had an appearance on file to cover court calls for potential conflicts. However, Plaintiff's counsel took no opportunity to discover the same and would not change the dates of the depositions.

24. Plaintiff's counsel indicated that no witness, but for one, has confirmed their availability per the subpoenas that were issued. Thus, he contended that he was at the mercy of the witnesses and that ship had sailed.

25. However, since all depositions are proceeding as Zoom depositions, deponents Jensen scheduled for April 9th, Bergner for April 12th, and Gavin for April 16th, would need to be confirmed prior to proceeding if not for availability, but for also being provided a Zoom link.

26. Counsel for Defendant Grizzle proposed that if the deponents subject to Plaintiff's subpoenas contacted Plaintiff's Counsel for availability, then counsel could give said witness a date on which all counsels were available. Plaintiff's counsel responded that he would not agree to this.

27. Plaintiff's Counsel's primary contention had to do with how the officer's depositions had to be scheduled and conflict with Counsel for the City. Other than allege a conspiracy for delay, Attorney Hall had no information to provide as to why Defendant Grizzle should be prejudiced.

28. Subsequent to the phone call, Counsel for The City of Joliet, agreed to coordinate all deposition dates for current Joliet Police Department Officers. It appears there is a difference of opinion as to whether or not that option was offered prior. Counsel for Grizzle was uninvolved. Only four of the deponents (Bergner, Gavin, and Jensen noted above and Roechner scheduled for May 10th) are former officers.

29. Further, in an attempt to amicably resolve this dispute and provide an equitable solution to the scheduling, counsel for The City of Joliet provided dates that all defense counsels would be available and offered to have a paralegal reschedule the depositions, and the provided dates would allow Plaintiff's proposed depositions to occur before the discovery deadline on June 30th, which Plaintiff's Counsel did not agree with. **See Exhibit D, Email from April 2, 2021.** These would provide more than enough dates to allow all depositions to occur.

30. In response to this reasonable inquiry, Plaintiff's counsel dismissed the attempt to resolve the dispute and later asserted that the "ship has sailed" for his willingness to cooperate with opposing counsel in scheduling the numerous depositions that he seeks to take. **See Exhibit E, Email from April 3, 2021.**

31. Frankly, Defendants were more than reasonable by initially agreeing to more than 10 depositions. Federal Rule of Civil Procedure Rule 30(a)(2)(A)(i) limits the number of depositions to 10 by each party. Notably Plaintiff seeks more than 10 depositions, and Defense Counsels have been reasonably agreeable to allowing Plaintiff to take more depositions than the rules allow.

32. The Court entered an order establishing that fact discovery would close on June 30, 2021 at the last hearing when the court was informed that the parties intended to move forward with various depositions [#131]. The parties did not intend for all discovery to be completed at that time as it is likely that once the initial round of depositions are done, it is there may be several other fact depositions to proceed. Thus, it is likely that

the parties will need to seek an extension of the June 30, 2021 fact discovery close date in any event.

33. Furthermore, on April 5, 2021, Attorney Clark for Defendant Grizzle, and pursuant to Local Rule 37.2, sent an email to Plaintiff's Counsel and Counsel for the City summarizing the events leading up to the filing of this motion and providing yet again more reasonable alternatives and an opportunity to resolve the parties' discovery dispute without the Court's intervention. **See Exhibit F, Emails from April 5, 2021.**

34. Plaintiff's actions regarding the unwillingness to consult opposing counsel to obtain dates that all parties are available for witnesses that are outside the control of the parties is certainly unreasonable given the circumstances, and a failure to consult opposing counsel and continue with these depositions at their currently scheduled dates will cause these Defendants' irreparable harm in that they will not have proper time to prepare for the depositions and could potentially skew the Plaintiff's testimony as now she is now scheduled to testify after several fact witnesses.

35. Additionally, Defendant, The City of Joliet, agrees and joins in this Emergency Motion for a Protective Order and/or Motion to Quash Plaintiff's Deposition Subpoenas.

**WHEREFORE**, Defendant, EDWARD GRIZZLE, respectfully requests this Court grant this motion and enter an Order: (1) postponing all depositions until all counsel agree to an available date and/or after Plaintiff's deposition is taken on May, 4, 2021, (2) requiring agreement of dates by all counsel of the parties for all subsequent depositions, (3) quashing all deposition subpoenas issued by Plaintiff and/or entering and continuing

9

said subpoenas until after new deposition dates are agreed upon by all of the parties, and/ or (4) awarding such further relief that this Court deems just and appropriate including, but not limited to sanctions to Defendant Grizzle for the costs of bringing this Motion.

Respectfully Submitted,

/s/ Matthew S. Clark

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Matthew S. Clark (ARDC #6224673)
Michael J. Atkus (ARDC #6285666)
Attorney for Edward Grizzle
5600 North River Road, Suite 600
Rosemont, IL 60018-5114
847/261-0700; FAX: 847/261-0714
EMAIL: Mclark@khkklaw.com
EMAIL: Matkus@khkklaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 5, 2021, a copy of the foregoing **EMERGENCY MOTION FOR A PROTECTIVE ORDER AND/OR MOTION TO QUASH PLAINTIFF'S DEPOSITION SUBPOENAS** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System. Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system:

Hall Adams
Law Offices of Hall Adams LLC
Attorney for Plaintiff
33 North Dearborn Street, Suite 2350
Chicago, IL 60602
hall@adamslegal.net

John O'Driscoll
Tressler LLP
233 South Wacker Drive
61st Floor
Chicago, Illinois 60606
jodriscoll@tresslerllp.com

Date: April 5, 2021                         By: /s/ Matthew S. Clark