**Lulu Greenberg**

| | |
|---|---|
| **From:** | Hall Adams <hall@adamslegal.net> |
| **Sent:** | Saturday, April 3, 2021 4:46 AM |
| **To:** | John M. O'Driscoll |
| **Cc:** | Matt Clark; Alyssa Reyes |
| **Subject:** | 7318 RE: Socha |

Thanks for your email, below, and the new spirit of cooperation it offers.

Recall that I initially asked for the City's help in coordinating the scheduling the depositions of its current and former employees and was refused it. It took me a couple of weeks and several calls/emails just to get addresses at which to serve subpoenas on these witnesses, most of whom are police officers to whose preference not to give out home addresses I was trying to be sensitive. After delay occasioned by a phony investigation of my client and then meritless assertion of privilege respecting the production of clearly relevant documents, I took this to be the latest in defendants' passive-aggressive resistance to my client's claims.

In any event, when I asked for it, my requests for cooperation/collaboration in setting and scheduling depositions was snubbed. So, that ship has sailed.

Without any assistance from you and facing a relatively short deadline for completion of fact discovery and quite a number of witnesses to depose, we did what the rules expect us to do – issued subpoenas to witnesses and sent out deposition notices. I am/we all are now at the scheduling mercy of these witnesses, who, with the exception of Grizzle, you have both confirmed you do *not* represent. (So, I do not expect any back-channel interference with the subpoenas with which they have been served.)

We offered dates in early and mid-April to produce plaintiff for her deposition and, for your own reasons, one/both of you refused these dates in favor of the 4 May date that *you selected*. This was your prerogative.

It is not a coincidence that the only "availability" you/your firms now seem to have for my depositions of current and former JPD personnel falls after that 4 May date. This confirms that your carping about the deposition scheduling is driven not by your availability but instead by your reflexive and mistaken belief that you are entitled to depose plaintiff before any other depositions are taken. You have no such right. See FRCP 26(d)(3) Nor have you any need for this in this case, since plaintiff and the various JPD deponents will be testifying about largely different events and issues rather than offering differing accounts of a single event or series of events.

More, faced with a June deadline and anticipating that we may have to make adjustments to accommodate witnesses' scheduling conflicts, I am unwilling to sit idle for another 5 weeks. There is just too much work to do.

Going forward, I'm happy to work with your offices and to keep in mind the open dates you list in your email, below, if/as these witnesses to whom we've issued subpoenas seek scheduling accommodations, but will necessarily give the witnesses' availability priority. We will give you as much notice as we get as the witnesses confirm their availability and/or request scheduling adjustments.

Several lawyers from each of your firms, both of which justifiably tout the depth of their talent pools, have Appearances on file. So, we would expect plenty of flexibility on your end if/as such adjustments become necessary. It would be unreasonable to expect us to schedule around only those dates that happen to be convenient for just the two of you.

The address we were given for Bergner is not a good address. Recall that Bergner is the witness who was ordered by former Chief Rochner to scrub and/or dispose of the devices onto which Rochner had saved salacious images of my client. Please let us know if JPD has any other, more recent, address information for Bergner on file.

Thanks.

*HA III*

*LAW OFFICES OF HALL ADAMS LLC*
*Advocates Row*
*33 N. Dearborn St., #2350*
*Chicago, IL 60602*

*P 312 445 4900*
*F 312 445 4901*
*E hall@adamslegal.net*

*www.adamslegal.net*

---

**From:** John M. O'Driscoll <jodriscoll@tresslerllp.com>
**Sent:** Friday, April 2, 2021 2:05 PM
**To:** Hall Adams <hall@adamslegal.net>
**Cc:** Matthew S. Clark (mclark@khkklaw.com) <mclark@khkklaw.com>; John M. O'Driscoll <jodriscoll@tresslerllp.com>
**Subject:** Socha

Hall,

I spoke with Matt who relayed your conversation. As I mentioned previously, we are doing the plaintiff's dep on 5-4; you sent out the 16 subpoenas without checking with defense counsel on their availability; those subpoena dates do not work; we can offer dates that provide options for getting the depositions done by the June 30th deadline; you had previously agreed to produce your client first and seemingly agreed to do so with a revised schedule for the other deponents (March 26 email); I do not represent the subpoenaed individuals but we can have a paralegal assist in rescheduling; I would prefer to work together with counsel. I have talked with Matt and propose as follows:

- Matt and our office are currently available on May 7, 10 (starting in morning), 11 (starting in morning), 12 (starting in morning), 13 (starting in morning), 20th (starting in morning), 21,24 (starting in morning), 25(starting in morning), 26, 27 (morning only). For June, we can currently do June 1, 2, 3 (morning only), 8(starting in morning) and 14.
- Let us know which of those available dates work for your schedule. Then, if you would like, we can have one of our paralegals reach out to each of the deponents to slot them in on those available days.
- You currently have Jackson (May 7th), Roechner (May 10th) and Grizzle (May 12th). I think you may have previously indicated that you wanted to take those three last. If so, we can bump them to later in May/early in June.

Please let us know if this sounds like a plan.

Regards,

John

**John M. O'Driscoll** | Partner
Attorney At Law
Tressler LLP

550 E. Boughton Road, Suite 250
Bolingbrook, IL 60440
Telephone: 630-343-5209| Fax: 630-783-1271
jodriscoll@tresslerllp.com | www.tresslerllp.com | www.tresslerllp.com/john-odriscoll

  

 Thank you for considering the environmental impact of printing emails.

Tressler LLP is a law firm and therefore this message, including attachments, is covered by the Electronic Communication Privacy Act, 18 U.S.C., sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY/CLIENT PRIVILEGE. If you believe you received this e-mail in error, do not read it. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If the reader of this message is not the intended recipient, I did not intend to waive and do not waive any privileges or confidentiality of this message or the attachments. Please reply to the sender that you have received the message in error, then delete it. Thank you.

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addresses in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.