**Lulu Greenberg**

| | |
|---|---|
| **From:** | Hall Adams <hall@adamslegal.net> |
| **Sent:** | Monday, April 5, 2021 3:29 PM |
| **To:** | Matt Clark |
| **Cc:** | John M. O'Driscoll; Alyssa Reyes |
| **Subject:** | Re: 7318 RE: Socha |

More than 5 weeks prior to 5/4, I offered to present P on 4/8 and one of you declined that date. I then proposed 4/22, which the other declined. The two of you then asked for 5/4, to which I agreed. So, you see, I'm the only one here who's being met with concerted obstruction. Until/unless defense counsel disabuse themselves of the idea that I must wait until P is deposed until I can begin taking deps, "meet/confer" will not be in good faith on their part and just more pointless game-playing.

Sent from my iPhone

On Apr 5, 2021, at 3:10 PM, Matt Clark <Mclark@khkklaw.com> wrote:

> Counsel,
>
> Okay, so I would propose the below for the moment to avoid a motion and to discuss in a good faith resolution of discovery differences.
>
> Since the deposition is not proceeding on the 12th and it seems unlikely that the deposition on the 9th will proceed, then that would give us a little time to discuss. We can have a conference call on the 7th or 8th or whenever works for everyone to determine if we can come to an agreement-if possible. Since I am not available on the 9th, and I would need time to get a motion on file, I would ask if in the unlikely event that the deponent calls you for that deposition that we obtain a later date for that one deposition.
>
> I don't recall two separate continuances for Plaintiff's deposition. Can you refresh my recollection? I must be missing or forgetting something since Plaintiff's deposition is going from April 8th to May 4th-3 and half weeks, not 5 weeks.
>
> I do think that part of the issue is that you have had discussions with co-defendant counsel that I was not a part of so I think it makes sense that the three of us talk at one time.
>
> What do you think?
>
> Thank you,
>
>
> *Matthew S. Clark*
>
> Knight, Hoppe, Kurnik & Knight, Ltd.
> 5600 N. River Road, Suite 600
> Rosemont, IL 60018
> 847-261-0700
> FAX: 847-261-0714
>
> 233 E. 84th Drive, Suite 301

1

Merrillville, IN 46410
219-322-0830
FAX: 219-322-0834

Email: MClark@khkklaw.com
Website: www.khkklaw.com

<image001.png>

***********************************************************************************************
**************************************************************

CONFIDENTIAL AND PRIVILEGED: This message is intended only for the use of the individual or entity to which it is addressed, and contains information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by electronic mail or telephone, delete the message, and destroy any copies. Thank you.

🌏 Please consider the environment before printing this e-mail

**From:** Hall Adams [mailto:hall@adamslegal.net]
**Sent:** Monday, April 5, 2021 2:40 PM
**To:** Matt Clark <Mclark@khkklaw.com>; John M. O'Driscoll <jodriscoll@tresslerllp.com>
**Cc:** Alyssa Reyes <areyes@adamslegal.net>
**Subject:** RE: 7318 RE: Socha

The City did not give us a good address for the witness whose dep is set for 4/12. So, that witness has not been served with a subpoena yet and his dep is not going to go on that date. The witness set for 4/9 has not yet contacted us to confirm availability.

I've no interest in delaying the case further, especially to accommodate defense counsels' attempt to further finesse scheduling in order to depose plaintiff before I take any deposition after having declined earlier opportunities to take plaintiff's deposition. This was defense counsels' prerogative. Expecting me to eat a 5 week delay before beginning to take depositions was not.

Notably, when defense counsel requested a first and then a second postponement of plaintiff's dep date, I acceded. Defense counsels "meet/confer" hasn't been and still isn't in similar good faith. No availability before the 5/4 date for which plaintiff's dep is set has been indicated. Nor were my original efforts to schedule deps collaboratively meet with good faith. I was forced to issue subpoenas, which I've done. Now, I'm going to have to proceed with deps when I'm able to get the witnesses.

*HA III*

***LAW OFFICES OF HALL ADAMS LLC***
*Advocates Row*
*33 N. Dearborn St., #2350*
*Chicago, IL 60602*

*P 312 445 4900*
*F 312 445 4901*

E *hall@adamslegal.net*

*www.adamslegal.net*

**From:** Matt Clark <Mclark@khkklaw.com>
**Sent:** Monday, April 5, 2021 2:18 PM
**To:** Hall Adams <hall@adamslegal.net>; John M. O'Driscoll <jodriscoll@tresslerllp.com>
**Cc:** Alyssa Reyes <areyes@adamslegal.net>
**Subject:** RE: 7318 RE: Socha

Dear Counsel,

This correspondence is to follow up our telephone call on Friday April 2nd in an effort to resolve our discovery differences and pursuant to Local Rule 37.2 and in response to the correspondence below. Please note that this is my good faith effort to resolve discovery differences without court intervention and if you will a second attempt at Rule 37.2 conference. If not successful, I will be left with no recourse but to contact Magistrate Weisman's courtroom deputy to inform the deputy of our dispute and my intent to file an emergency motion for an order of protection to prevent the subpoenaed depositions from proceeding.

As we discussed on Friday, and seemingly contained in your correspondence dated March 26th and confirmed with subsequent correspondence of mine on March 29th, it was my understanding that it was agreed that Plaintiff's deposition was scheduled for May 4th and that we would "coordinate dates for the rest". It was not until I was out of the office, as indicated to you, later in the week that you intended to proceed with depositions starting this Friday April 9th. I view this position as not reasonable consistent with the Federal Rules of Civil Procedure.

I do not think it is reasonable to schedule depositions without checking on opposing counsel's availability. I have not had in 21 years of practice in this federal district court send out a notice of deposition without checking my availability. When we discussed the same, your response was that there were multiple attorneys at my firm to cover. While there are appearances on file, please know that one of the attorneys has been out on leave for a period of time (not likely able to participate in depositions), one attorney has not had any involvement on this file, and the remaining attorney mostly filed an appearance to cover court appearances. While I will make sure that one or more are available for future deposition dates to ensure that you may proceed with depositions, to have them available and ready in the next few weeks is not reasonable.

In particular, as you know, I was out of the office last week but for a mediation on Monday. Thus, I was unable to prepare for any deposition. This week, as you know, I have my second scheduled COVID vaccination shot. The scheduling of this is automatic upon scheduling the first shot, set for tomorrow at 1045am, for which I need to travel to Hoopeston, Illinois-around three hours from my home. What I didn't explain, is that I am a high-risk individual and that after my first shot, I had side effects for 7 days including headaches, fatigue, low-grade fever, and more significantly an uncommon one of being impacted to hear (I had swimmer's ear which made my hearing ability impaired). Thus, with the typical response to a second shot being of a more significant impact, I prepared to clear my schedule through April 13th-which included rescheduling your client's deposition. Thus, I very well may not have an opportunity to prepare for these upcoming depositions which is prejudicial to my client.

What is more difficult to understand is the argument made by you that the "ship has sailed" and that you are at the mercy of the witnesses for the scheduled depositions. On Friday, you indicated to me that you had heard but from one witness scheduled on April 26th. Thus, at that time, it would have been quite easy to ask any potential witness for a date that was mutually agreeable. However, you refused to

do so. Further, without witness confirmation, it will be impossible to even send a Zoom link to even have a deposition.

We have plenty of time to complete all depositions requested. I note that the local rule only permits 10 depositions but that defendants were reasonable with your request for more than 10. Similarly, while the current deadline is set for June 30th, it is my understanding that the Court noted that an extension of time was entirely possible.

If you are concerned about a time crunch, I would certainly agree to an extension of 60 days to complete discovery now.

As I read below, and as was discussed on Friday, the source of the dispute appears to be between you and counsel for the City and the production of the witnesses. I was not involved in this dispute. However, upon my discussion with the Counsel with the City, it does appear that if cooperation was at issue, that has been resolved.

In terms of dates, counsel for the City asked me for my availability, and I gave him the same for the dates on which he was available which he has advised us is after May 4th. When you asked if I was available for deposition for your client on April 22nd, I indicated that I was. (although no longer am for what that is worth). However, you have never asked me for my availability otherwise, not even to schedule my own client's deposition.

I am happy to further discuss the same with you. I may be reached at 847-567-1371.

Given that the first two depositions are set for April 9th and April 12th, I will need to proceed with my motion for protective order right away. The magistrate hears motions on Wednesday so I would anticipate filing for an emergency motion for that date. In my experience, the magistrate may ask for us to set up a phone conference as well. As you know, this is my first day of being back in the office.

I hope that we can reasonably resolve our discovery differences or perhaps an alternative proposal for discussion.

Very truly yours,



*Matthew S. Clark*



Knight, Hoppe, Kurnik & Knight, Ltd.
5600 N. River Road, Suite 600
Rosemont, IL 60018
847-261-0700
FAX: 847-261-0714

233 E. 84th Drive, Suite 301
Merrillville, IN 46410
219-322-0830
FAX: 219-322-0834

Email: MClark@khkklaw.com
Website: www.khkklaw.com

<image001.png>

*********************************************************************************
************************************************************

CONFIDENTIAL AND PRIVILEGED: This message is intended only for the use of the individual or entity to which it is addressed, and contains information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by electronic mail or telephone, delete the message, and destroy any copies. Thank you.

🌐 Please consider the environment before printing this e-mail

**From:** Hall Adams [mailto:hall@adamslegal.net]
**Sent:** Saturday, April 3, 2021 4:46 AM
**To:** John M. O'Driscoll <jodriscoll@tresslerllp.com>
**Cc:** Matt Clark <Mclark@khkklaw.com>; Alyssa Reyes <areyes@adamslegal.net>
**Subject:** 7318 RE: Socha

Thanks for your email, below, and the new spirit of cooperation it offers.

Recall that I initially asked for the City's help in coordinating the scheduling the depositions of its current and former employees and was refused it. It took me a couple of weeks and several calls/emails just to get addresses at which to serve subpoenas on these witnesses, most of whom are police officers to whose preference not to give out home addresses I was trying to be sensitive. After delay occasioned by a phony investigation of my client and then meritless assertion of privilege respecting the production of clearly relevant documents, I took this to be the latest in defendants' passive-aggressive resistance to my client's claims.

In any event, when I asked for it, my requests for cooperation/collaboration in setting and scheduling depositions was snubbed. So, that ship has sailed.

Without any assistance from you and facing a relatively short deadline for completion of fact discovery and quite a number of witnesses to depose, we did what the rules expect us to do – issued subpoenas to witnesses and sent out deposition notices. I am/we all are now at the scheduling mercy of these witnesses, who, with the exception of Grizzle, you have both confirmed you do *not* represent. (So, I do not expect any back-channel interference with the subpoenas with which they have been served.)

We offered dates in early and mid-April to produce plaintiff for her deposition and, for your own reasons, one/both of you refused these dates in favor of the 4 May date that *you selected*. This was your prerogative.

It is not a coincidence that the only "availability" you/your firms now seem to have for my depositions of current and former JPD personnel falls after that 4 May date. This confirms that your carping about the deposition scheduling is driven not by your availability but instead by your reflexive and mistaken belief that you are entitled to depose plaintiff before any other depositions are taken. You have no such right. See FRCP 26(d)(3) Nor have you any need for this in this case, since plaintiff and the various JPD

deponents will be testifying about largely different events and issues rather than offering differing accounts of a single event or series of events.

More, faced with a June deadline and anticipating that we may have to make adjustments to accommodate witnesses' scheduling conflicts, I am unwilling to sit idle for another 5 weeks. There is just too much work to do.

Going forward, I'm happy to work with your offices and to keep in mind the open dates you list in your email, below, if/as these witnesses to whom we've issued subpoenas seek scheduling accommodations, but will necessarily give the witnesses' availability priority. We will give you as much notice as we get as the witnesses confirm their availability and/or request scheduling adjustments.

Several lawyers from each of your firms, both of which justifiably tout the depth of their talent pools, have Appearances on file. So, we would expect plenty of flexibility on your end if/as such adjustments become necessary. It would be unreasonable to expect us to schedule around only those dates that happen to be convenient for just the two of you.

The address we were given for Bergner is not a good address. Recall that Bergner is the witness who was ordered by former Chief Rochner to scrub and/or dispose of the devices onto which Rochner had saved salacious images of my client. Please let us know if JPD has any other, more recent, address information for Bergner on file.

Thanks.

*HA III*

**LAW OFFICES OF HALL ADAMS LLC**
*Advocates Row*
*33 N. Dearborn St., #2350*
*Chicago, IL 60602*

*P 312 445 4900*
*F 312 445 4901*
*E hall@adamslegal.net*

*www.adamslegal.net*

**From:** John M. O'Driscoll <jodriscoll@tresslerllp.com>
**Sent:** Friday, April 2, 2021 2:05 PM
**To:** Hall Adams <hall@adamslegal.net>
**Cc:** Matthew S. Clark (mclark@khkklaw.com) <mclark@khkklaw.com>; John M. O'Driscoll <jodriscoll@tresslerllp.com>
**Subject:** Socha

Hall,

I spoke with Matt who relayed your conversation. As I mentioned previously, we are doing the plaintiff's dep on 5-4; you sent out the 16 subpoenas without checking with defense counsel on their availability; those subpoena dates do not work; we can offer dates that provide options for getting the depositions done by the June 30th deadline; you had previously agreed to produce your client first and seemingly agreed to do so with a revised schedule for the other deponents (March 26 email); I do not represent the subpoenaed individuals but we can have a paralegal assist in rescheduling; I would prefer to work together with counsel. I have talked with Matt and propose as follows:

- Matt and our office are currently available on May 7, 10 (starting in morning), 11 (starting in morning), 12 (starting in morning), 13 (starting in morning), 20th(starting in morning), 21,24 (starting in morning), 25(starting in morning), 26, 27 (morning only).  For June, we can currently do June 1, 2, 3 (morning only), 8(starting in morning) and 14.
- Let us know which of those available dates work for your schedule.  Then, if you would like, we can have one of our paralegals reach out to each of the deponents to slot them in on those available days.
- You currently have Jackson (May 7th), Roechner (May 10th) and Grizzle (May 12th).  I think you may have previously indicated that you wanted to take those three last.  If so, we can bump them to later in May/early in June.

Please let us know if this sounds like a plan.

Regards,

John

**John M. O'Driscoll** | Partner
Attorney At Law
Tressler LLP
550 E. Boughton Road, Suite 250
Bolingbrook, IL 60440
Telephone: 630-343-5209| Fax: 630-783-1271
jodriscoll@tresslerllp.com | www.tresslerllp.com | www.tresslerllp.com/john-odriscoll

<image002.jpg>

<image003.jpg>   Thank you for considering the environmental impact of printing emails.

Tressler LLP is a law firm and therefore this message, including attachments, is covered by the Electronic Communication Privacy Act,  18 U.S.C., sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY/CLIENT PRIVILEGE.  If you believe you received this e-mail in error, do not read it.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited.  If the reader of this message is not the intended recipient, I did not intend to waive and do not waive any privileges or confidentiality of this message or the attachments.  Please reply to the sender that you have received the message in error, then delete it.  Thank you.

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addresses in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.