**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| | ) Case No. 18 CV 05681 |
| Plaintiff, | ) |
| | ) Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate M. David Weisman |
| City of Joliet, a municipal corporation, | ) |
| Edward Grizzle, John Does 1 – 20, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSES TO
DEFENDANT, CITY OF JOLIET'S, ADDITIONAL AFFIRMATIVE DEFENSES**

NOW COMES Plaintiff, Cassandra Socha, by and through her attorneys, Law Offices of Hall

Adams, LLC and for her response to Additional Affirmative Defenses of Defendant, City of Joliet,

respectfully states as follows:

**V. Section 2-201 of Tort Immunity Act**

1.        The Local Governmental and Governmental Employees Tort Immunity Act ("Tort

Immunity Act") states at 745 ILCS 10/2-201 that, "A public employee serving in a position involving

the determination of policy or the exercise of discretion is not liable for an injury resulting from his

act or omission in determining policy when acting in the exercise of such discretion even though

abused.

**ANSWER:      Plaintiff admits to the facts presented in paragraph 1 of Defendants Additional
Affirmative Defenses, V. Section 2-201 of Tort Immunity Act.**

2.        Further, the Tort Immunity Act states at 745 ILCS 10/2-109 that, " A local public

entity is not liable for any injury resulting from an act or omission of its employee where the

employee is not liable.

**ANSWER:      Plaintiff admits to the facts presented in paragraph 2 of Defendants Additional
Affirmative Defenses, V. Section 2-201 of Tort Immunity Act.**

3. As a result, to the extent the individual defendants have discretionary immunity and are not liable under Section 10/2-201, then the City of Joliet is not liable.

**ANSWER: Plaintiff denies the allegations presented in paragraph 3 of Defendants Additional Affirmative Defenses, V. Section 2-201 of Tort Immunity Act.**

## VI. Section 2-208 of Tort Immunity

1. The Local Government and Governmental Employees Tort Immunity Act ("Tort Immunity Act") states at 745 ILCS 10/2-208 that, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause."

**ANSWER: Plaintiff admits to the facts presented in paragraph 1 of Defendants Additional Affirmative Defenses, VI. Section 2-208 of Tort Immunity.**

2. Further, the Tort Immunity Act states at 745 ILCS 10/2-109 that, "A local public entity is not liable for an injury resulting from an act or omission of its employee where employee is not liable."

**ANSWER: Plaintiff admits to the facts presented in paragraph 2 of Defendants Additional Affirmative Defenses, VI. Section 2-208 of Tort Immunity.**

3. As a result, the extent the individuals are not liable under Section 10/2-208, then the City of Joliet is not liable.

**ANSWER: Plaintiff denies the allegations presented in paragraph 3 of Defendants Additional Affirmative Defenses, VI. Section 2-208 of Tort Immunity.**

## VII. Plaintiff's Failure to Mitigate Damages

1. At all times relevant, the Plaintiff, Casandra Socha, had a duty to take reasonable steps to mitigate her damages for which she seeks recovery for in this lawsuit. Specifically, the Plaintiff is claiming extreme embarrassment, humiliation, anguish and emotional suffering as a result of the alleged dissemination of private images of a sexual nature detailed in her court filings including Plaintiff's First Amended Complaint.

**ANSWER: Plaintiff denies the allegations presented in paragraph 1 of Defendants Additional Affirmative Defenses, VII. Plaintiff's Failure to Mitigate Damages.**

2

2.      At all times relevant, Plaintiff failed to seek appropriate medical treatment,

counseling or other support with respect to her past, present and any future emotional distress

damages claims and other compensatory damages alleged in this lawsuit.

**ANSWER:      Plaintiff denies the allegations presented in paragraph 2 of Defendants
Additional Affirmative Defenses, VII. Plaintiff's Failure to Mitigate Damages.**

3.      At all times relevant, Plaintiff had a duty to take reasonable steps to: protect her

personal identity; prevent reputational harm, if any; and otherwise avoid publication and public

dissemination of the private matters detailed in her court filings including Plaintiff's First Amended

Complaint and newspaper accounts.

**ANSWER:      Plaintiff denies the allegations presented in paragraph 3 of Defendants
Additional Affirmative Defenses, VII. Plaintiff's Failure to Mitigate Damages.**

4.      At all times relevant, Plaintiff otherwise failed in her duty to mitigate damages.

**ANSWER:      Plaintiff denies the allegations presented in paragraph 4 of Defendants
Additional Affirmative Defenses, VII. Plaintiff's Failure to Mitigate Damages.**

5.      To the extent the City is liable to the Plaintiff, and she proves any compensatory

damages, then any award of damages must be barred or substantially reduced due to Plaintiff's

failure to mitigate damages.

**ANSWER:      Plaintiff denies the allegations presented in paragraph 5 of Defendants
Additional Affirmative Defenses, VII. Plaintiff's Failure to Mitigate Damages.**

Respectfully submitted,

CASSANDRA SOCHA

By:      _____

Attorney for Plaintiff

Hall Adams
Law Offices of Hall Adams
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
T: (312) 445-4900
F: (312) 445-4901
Attorneys I.D. #6194886