UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CASSANDRA SOCHA,** | ) |
| | ) Case No. 18 CV 05681 |
| **Plaintiff,** | ) |
| | )  Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate M. David Weisman |
| **City of Joliet, a municipal corporation,** | ) |
| **Edward Grizzle, John Does 1 – 20,** | ) |
| | ) |
| **Defendants.** | ) |

### *PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT*

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, and pursuant to Fed. R. Civ. P. 15(a)(2), states as follow for her Motion for Leave to File Second Amended Complaint:

By this motion, plaintiff seeks leave to amend her operative complaint (currently her First Amended Complaint, "FAC", Doc. 60) to add three new defendants (McKinney, Roechner and Bergner), new factual allegations and new theories of recovery (against defendants Roechner and Bergner).  Exhibit A to this motion is the proposed Second Amended Complaint in which the proposed amendments appear in a different font, hopefully making the proposed amendments clearer for the Court.

The proposed amendments are timely. Each of these amendments is based on depositions – including depositions of Roechner, McKinney, Bergner and Stachelski and numerous other Joliet Police Department officers – taken in just the past two months.

Delay in taking these depositions was not occasioned by plaintiff. Discovery did not commence in earnest until the Court disposed of defendant's motions attacking plaintiff's pleadings. Then, *at defendants' request,* discovery was stayed from 5 March 2019 (Doc. #50 and 88) until 2 March 2020 (Doc. 90) Even after the stay was lifted, defendants asserted baseless claims of privilege to resist and delay production of unredacted, relevant and responsive

documents. On 30 December 2020, Magistrate Judge Weissman overruled their objections and ordered the unredacted documents produced. (Doc. 125)

The proposed amendments are factually supported. The documents and depositions have disclosed, *inter alia* and despite the denials in the City's Answer to plaintiff's FAC (Doc.60), that McKinney did look for and at the Private Images extracted from plaintiff's seized iPhone even though he had no investigatory purpose for doing so. At his deposition taken on 18 April 2021, McKinney admitted that he'd seen Private Images extracted from plaintiff's iPhone and offered an explanation for having done so that strains credulity. He also admitted that, upon seeing the images, he called them to the attention of at least one fellow officer for no evident law enforcement purpose.

Similarly, at her deposition on 9 July 2021, Stachelski confirmed that Bergner admitted (to her, at least) that he had disposed of Roechner's phone at Roechner's direction made after Roechner became aware that the Joliet Police Department had commissioned a forensic investigation of City-issued computer devices, including phones, onto which the Private Images extracted from plaintiff's iPhone might have been loaded. Roechner, it seems, saw the investigators coming for his own phone and ordered Bergner to dispose of it.

The proposed amendments will result in no prejudice to any party. Plaintiff's original Complaint and FAC alleged and anticipated that some number of "John Doe" defendants would be added as specific malefactors were identified. We will not have to retrace steps. Of course, new defendants will have to be served and counsel given an opportunity to appear and answer for them, but these new defendants are all local and their whereabouts known to defendant City of Joliet. They can be served easily. Amendment to allow for this to occur should not result in significant delay and any delay pales in comparison that occasioned by the long stay requested

by defendants followed by defendants' resistance to fulsome production of discoverable documents.

    At this juncture and on this record, justice favors allowing these amendments and should thus "be freely given." Fed. R. Civ. P. 15(a)(2). Accordingly, plaintiff moves for leave to file her proposed Second Amended Complaint.

                                                Respectfully submitted,

                                                CASSANDRA SOCHA

                          By:    /s/ Hall Adams
                                Attorney for Plaintiff

Hall Adams
Law Offices of Hall Adams
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
T: (312)445-4900
F: (312) 445-4901
Attorneys I.D. #6194886
  .