**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| | ) **Case No.  18 CV  05681** |
| **Plaintiff,** | ) |
| | ) **Honorable Judge Jorge L. Alonso** |
| **v.** | ) |
| | ) **Honorable Magistrate Judge Mary M. Rowland** |
| **City of Joliet, a municipal corporation,** | ) |
| **Edward Grizzle, John Does 1 – 20,** | ) |
| *Allan Roechner, Phillip Bergner,* | ) |
| *and Donald McKinney.* | ) |
| | ) |
| **Defendants.** | ) |

**<u>PROPOSED SECOND AMENDED COMPLAINT</u>[1]**

NOW COMES Plaintiff, CASSANDRA SOCHA by and through her attorney, LAW

OFFICES OF HALL ADAMS, LLC. and states as follows for her *Second* Amended Complaint

against defendant, CITY OF JOLIET, a municipal corporation ("City"), EDWARD GRIZZLE

("Grizzle"), JOHN DOES 1-20 "DOES", *ALLAN ROECHNER ("Roechner"), PHILLIP*

*BERGNER ("Bergner"), AND DONALD MCKINNEY ("McKinney")*:

*PARTIES*

1.     Plaintiff, Cassandra Socha, is a resident of the County of Will, State of Illinois.

2.     Defendant, City, is an Illinois municipal corporation having its principal place of

business in the City of Joliet, County of Will, and State of Illinois. At all relevant times, City was

acting as alleged herein by its agents and employees and under the order of law.

3.     Defendant, Grizzle, is an individual, employed by the Department of Police in the

City of Joliet, County of Will, State of Illinois.

---

[1] By the Court's 24 June 2019 Order (Doc. 52) previously dismissed Counts IX and XV herein with prejudice and Courts III and VI herein without prejudice.  Accordingly, no Answer to those Counts in this Second Amended Complaint is required.  By the Court's 23 July 2019 Order (Doc. 59), Plaintiff was allowed leave to file an amended complaint adding Counts XVI-XVIII of her First Amended Complaint.

Ex. A

4. Defendants, Does are individuals referred to collectively herein as employed by the Department of Police in the City of Joliet, County of Will, State of Illinois.

*5. At all relevant times, Allan Roechner ("Roechner") was employed by defendant City of Joliet, as Deputy Chief of Police – investigations, interim Chief and/or Chief of Police – in the City of Joliet, County of Will, State of Illinois.*

6. *At all relevant times, Phillip Bergner ("Bergner") was employed by defendant City of Joliet, as a police officer in the City of Joliet, County of Will, State of Illinois having duties specifically relating to the management of information technology assets by the Joliet Police Department ("IT Officer").*

7. *At all relevant times, Donald McKinney ("McKinney") was employed by defendant City of Joliet, as a police officer and detective – investigations, in the City of Joliet, County of Will, State of Illinois.*

### JURISDICTION AND VENUE

8. Plaintiff asserts claims under the Constitution and laws of the United States. Accordingly, this court has subject matter jurisdiction over the action under 28 U.S.C. 1331 and 28 U.S.C. § 1367.

9. The events alleged herein occurred substantially within the County of Will, State of Illinois, of which defendant City is a resident. Accordingly, venue is proper in this court under 28 U.S.C. 1391(b)(1) and (c)(2).

### FACTS COMMON TO ALL COUNTS AND CLAIMS

10. At all relevant times, plaintiff was a police officer employed by the Department of Police of defendant City as a Patrol Officer.

11. At all relevant times, Nicholas Crowley ("Crowley") was a police officer employed by the Department of Police of defendant City as a Patrol Officer.

12.     At all relevant times, plaintiff and Crowley were affianced and cohabited, facts which were matters of record with and known to defendants.

13.     At all relevant times, Grizzle was employed by defendant City in its Department of Police as a Detective/Sergeant and was acting individually and/or as an agent/employee of City and under the color of law.

14.     At all relevant times, DOES were employed by defendant City in its Department of Police, holding various ranks, and were acting individually and/or as agents/employees of City and under color of law.

15.     Prior to 18 May 2018, Crowley was made a defendant in a criminal case, to wit: *People v. Nicholas M. Crowley*, No. 17 CF 1422, Circuit Court of the Twelfth Judicial Circuit, Will Count, Illinois ("Criminal Case")

16.     Grizzle was the detective assigned by City to investigate the matters alleged in the Criminal Case.

17.     In the Criminal Case, the prosecution caused to be issued upon plaintiff a Subpoena to testify at trial in the prosecution's case-in-chief.

18.     On or about 14 May 2018, plaintiff honored that subpoena and appeared during the trial of the Criminal Case and gave testimony which turned out to be generally unhelpful to the prosecution's case. Plaintiff's testimony on cross-examination by the defense in the Criminal Case was generally helpful to the defense and unhelpful to the prosecution.  The overall effect of plaintiff's trial testimony in the Criminal Case, much to the chagrin of City and Grizzle, was to raise reasonable doubt as to the charges lodged therein against Crowley.

19.     On or about 22 May 2018, Crowley, again to the chagrin of City and Grizzle, was acquitted of the charges brought against him in the Criminal Case.

20.     City and Grizzle attributed Crowley's acquittal in the Criminal Case largely to the

3

testimony given at trial in that case by plaintiff.

18.     On or about 16 May 2018, plaintiff inadvertently transmitted a text message ("text message") to another witness called by the prosecution at the trial of the Criminal Case, Maria Gatlin ("Gatlin").

19.     Gatlin reported and showed the text message to members of the prosecution team in the Criminal Case, including Grizzle and/or other members of the City Department of Police

20.     Grizzle and City, acting under color of law, seized on the text message as a means by which to settle a score with plaintiff, for whom they blamed Crowley's acquittal in the Criminal Case.

21.     Grizzle prepared, signed and swore to a "complaint for search warrant" and/or affidavit in support thereof ("Grizzle Affidavit") and presented it to Hon. Sarah Jones, Twelfth Judicial Circuit.  On 18 May 2018 and on the basis of the Grizzle Affidavit, Judge Jones issued a Search Warrant ("Warrant"), of which a true/accurate copy is attached as Ex. A to this Complaint.

22.     Upon information and belief, the Grizzle Affidavit was substantially false and/or incomplete.

23.     The Warrant authorized the seizure and search of plaintiff's iPhone. (See Exhibit A)

24.     Specifically, the Warrant authorized the search/seizure of plaintiff's iPhone to only the extent that the contents thereof ***"constitute[d] evidence of Harassment via electronic communications, Intimidation."*** **(Ex. A)**  This delimited the authorized scope of the search and seizure of plaintiff's iPhone.

25.     As Grizzle well knew when he prevailed upon Judge Jones to issue the Warrant, the warrant was unnecessary.  He then knew that the text message was the one and only such communication transmitted by plaintiff to Gatlin, and, to the extent that the text message "constitute[d] evidence of Harassment via electronic communications, Intimidation," (which it

4

alone did not) transmission of the text message, which Grizzle already had, would itself have been the sole basis for charging that offense, and it was patently inadequate for that purpose.

26.     *Grizzle seized plaintiff's iPhone on or about 17 May 2018.*

27.     *Once Grizzle had seized plaintiff's iPhone, Grizzle and other Joliet Police Department personnel used computer devices known as the Cellebrite and the Lantern, both housed in the Investigations Section of the Joliet Police Department, to extract (or "dump" in Joliet Police Department parlance) all of the data on plaintiff's iPhone.*

28.     *All of the data from plaintiff's iPhone was then stored for a period of weeks, until on or about 9 June 2018, on the unsecured Cellebrite computer.*

29.     *During this time, access to the Cellebrite computer terminal was not controlled in any way except for a password that was common to and known by virtually all Investigations Department personnel, including detectives.*

30.     *Between 17 May 2018 and on or about 10 June 2018, Joliet Police Department personnel made approximately five copies of the data that had been extracted from plaintiff's iPhone onto USB, "zip" or "thumb" drives and/or disk/DVD storage devices and at least one desktop, Roechner's.*

31.     *None of the copies of the data that were extracted from plaintiff's iPhone were entered into evidence, secured or controlled in accordance with Joliet Police Department standing General Orders relating to Evidence and Property Management.  Each was kept privately, outside of the Joliet Police Department's normal or authorized evidence storage and handling procedures by individual officers, including defendants Grizzle and Roechner.*

32.     In any event, once possessed of plaintiff's iPhone, Grizzle and City did not limit their search to that permitted by the Warrant.  Instead, they trawled its contents for any/all *private* data or images they might then use, not only in furtherance of any legitimate law

enforcement investigation but also to embarrass and humiliate plaintiff.

33.     Although Grizzle and City were unable to find evidence of any criminal offense on plaintiff's iPhone, they succeeded in finding private images with which to embarrass and humiliate plaintiff.  Specifically, they found numerous private, still and/or video-graphic images that clearly depict plaintiff while nude and/or while engaged in sex acts with Crowley, who is also clearly identifiable in these images. ("Private Images")  As such, the Private Images depicted conduct by and between consenting adults, with the adults depicted therein, plaintiff and Crowley, intended would remain private.

34.     Not content to conclude their vendetta cloaked as a lawful criminal investigation, Grizzle and City, then, and also for no legitimate law enforcement purpose, displayed the Private Images to other to other City employees, all also believed to be police officers or staff acting under color of law (the DOES, sued here), and also allowed the DOES to re-record these Private Images.

35.     *Defendant McKinney intentionally accessed the Private Images while they were still stored on the unsecured Cellebrite computer terminal.  As soon as he did so, he called them to the attention of one or more fellow officers who also viewed them.*

36.     Upon information and belief, senior leaders and/or supervisors of the City's Department of Police have been aware of and acquiesced and participated in the viewing, dissemination and re-recording of the Private Images on plaintiff's iPhone but have not disciplined any of the police officers or staff involved.

37.     Viewing, (re)publication and/or dissemination of the Private Images by and among plaintiff's "brother" (and "sister"?) police officers and staff has been and continues to be highly offensive to plaintiff and the cause of plaintiff's extreme embarrassment, humiliation, anguish and emotional suffering.

38.     *In or around late August/early September 2018, defendant Roechner learned that*

6

*the Joliet Police Department had commissioned a forensic investigation of City issued computer devices, including cell phones, in the possession and control of officers in the Investigations Division, including Roechner himself, with the aid of Regional Computer Forensic Laboratory ("RCFL")*

39.     *Upon learning of the pending RCFL investigation, defendant Roechner directed defendant Bergner to dispose of at least one of defendant Rochner's cell phones, which Bergner did. Bergner subsequently described these events to Joliet Police Department officer, Det. Shawn Stachelski, who made no formal report to any other Joliet Police Department officer about what she had learned from defendant Bergner.*

## COUNT I
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. GRIZZLE

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of the Common Facts/Allegations of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count I of plaintiff's Complaint.

40.     At all relevant times the Fourth Amendment to the U.S. Constitution was in full force and effect and provided:

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

41.     At all relevant times, 42 U.S.C.§ 1983 was in full force and effect and provided:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial*

*capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

42.    Grizzle's search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

43.    Grizzle's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without  good faith basis

44.    Grizzle's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 4th Amendment rights to be free from unreasonable search and seizure of her property.

45.    Grizzle's violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against Grizzle for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT II
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. DOES

1 – 39.    Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count II of plaintiff's  Complaint.

40.     DOES' search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

41.     DOES' search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis

42.     DOES' search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 4th Amendment rights to be free from unreasonable search and seizure of her property.

43.     DOES' violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against DOES, and each of them for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT III
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. CITY
## (PREVIOUSLY DISMISSED-NO ANSWER REQUIRED)

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count III of plaintiff's Complaint.

40.     Grizzle and/or DOES search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the

Warrant.

41.    Grizzle and/or DOES search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis

42.    Grizzle and/or DOES search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 4th Amendment rights to be free from unreasonable search and seizure of her property.

43.    Grizzle and/or DOES violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

44.    The violation of plaintiff's 4th Amendment rights alleged herein as enabled, facilitated and caused by City's gross negligence in supervising Grizzle and/or DOES, the active participation of supervisory personnel in those violations, and/or the passive acquiescence of City upon learning of the violations.

45.    City's violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against the City for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT IV -
## VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. GRIZZLE

1.-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for

their allegations of paragraphs (1) - (39) of this Count IV of plaintiff's Complaint.

40.    At all relevant times, the 14th Amendment provided plaintiff with an expectation and right of privacy in both her sexual relationships and the contents of her iPhone. *Carpenter v. United States,* 585 U.S. (2018)(right of privacy in contents of cell phones), *Lawrence v. Texas*, 539 U.S. 558 (2003) (right of privacy of sexual relationships)

41.    Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs *(41)* of Count I of her Complaint as if same were set forth here for their allegations of paragraphs *(41)* of this Count IV of plaintiff's Complaint.

42.    Grizzle's search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

43.    Grizzle's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

44.    Grizzle's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 14th Amendment right of privacy.

45.    Grizzle's violation of plaintiff's 14th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against Grizzle for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

11

## COUNT V
## VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. DOES

1.-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count V of plaintiff's Complaint.

40.  DOES search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

41.  DOES search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

42.  DOES search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 14th Amendment right of privacy.

43.  DOES' violation of plaintiff's 14th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against DOES, and each of them, for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT VI
## VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. CITY
## (PREVIOUSLY DISMISSED-NO ANSWER REQUIRED)

1-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of the Count IV of her Complaint as if same were set forth here

12

for their allegations of paragraphs (1) - (39) of this Count VI of plaintiff's Complaint.

40.     Grizzle and/or DOES' search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

41.     Grizzle and/or DOES' search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis

42.     Grizzle and/or DOES' search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 14th Amendment rights of privacy.

43.     Grizzle and/or DOES' violation of plaintiff's 14th Amendment rights of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

44.     The violation of plaintiff's 14th Amendment rights of privacy alleged herein as enabled, facilitated and caused by City's gross negligence in supervising Grizzle and/or DOES, the active participation of supervisory personnel in those violations, and/or the passive acquiescence of City upon learning of the violations.

45.     City's violation of plaintiff's 14th Amendment rights of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against the City for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT VII
## VIOLATION OF ARTICLE I, §6 OF ILLINOIS CONSTITUTION v. GRIZZLE

1.-39. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count VII of plaintiff's Complaint.

40.     At all relevant times Article I, § 6 of the Constitution of the State of Illinois was in full force and effect and provided:

> *The people shall have the right to be secure in their*
> *persons, houses, papers and other possessions against*
> *unreasonable searches, seizures, invasions of privacy or*
> *interceptions of communications by eavesdropping devices or*
> *other means. No warrant shall issue without probable cause,*
> *supported by affidavit particularly describing the place to*
> *be searched and the persons or things to be seized.*

41.     Grizzle's search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

42.     Grizzle's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis

43.     Grizzle's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois.

44.     Grizzle's violation of plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

14

WHEREFORE, plaintiff demands that judgment be entered in her favor and against Grizzle for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT VIII
## VIOLATION OF ARTICLE I, SECTION 6 OF ILLINOIS CONSTITUTION v DOES

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count VII of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count VIII of plaintiff's Complaint.

40.     DOES' search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

41.     DOES' search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis

42.     DOES' search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois.

43.     DOES' violation of plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against DOES, and each of them, for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT IX
## VIOLATION OF ARTICLE I, § 6 OF  ILLINOIS CONSTITUTION v. CITY
## (PREVIOUSLY DISMISSED-NO ANSWER REQUIRED)

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count VII of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count IX of plaintiff's  Complaint.

40.      Grizzle and/or DOES search and seizure of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

41.      Grizzle and/or DOES' search, seizure, (re)publication and dissemination of the Private Images were done without probable cause or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis

42.      Grizzle and/or DOES' search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois.

43.      Grizzle and/or DOES' violation of plaintiff's rights under Article I, Section 6 of the Constitution of the State of Illinois caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

44.      The violation of plaintiff's rights under Article I, § 6 of the Constitution of the State of Illinois alleged herein as enabled, facilitated and caused by City's gross negligence in supervising Grizzle and/or DOES, the active participation of supervisory personnel in those

violations, and/or the passive acquiescence of City upon learning of the violations.

45.     City's violation of plaintiff's rights under Article I, § 6 of the Constitution of the State of Illinois caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against the City for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

**COUNT X**
**VIOLATION OF ILLINOIS COMMON LAW RIGHT**
**OF PRIVACY, "INTRUSION UPON SECLUSION" v. GRIZZLE**

1.-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count X of plaintiff's  Complaint.

40.     At all relevant times, Grizzle owed plaintiff a duty not to intrude upon her private affairs in a manner that would be highly offensive to a reasonable person.

41.     In violation and breach of the duty aforesaid, Grizzle violated plaintiff's common law right of privacy by:

a)      searching her iPhone without probable cause;

b)      providing inaccurate and/or incomplete information in the Grizzle Affidavit in order to obtain a Warrant to search plaintiff's iPhone;

c)      conducting a search of plaintiff's iPhone that was beyond the legitimate or permissible scope of the Warrant;

d)      allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

42.     Grizzle's violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

17

WHEREFORE, plaintiff demands that judgment be entered in her favor and against Grizzle for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT XI
## VIOLATION OF ILLINOIS COMMON LAW RIGHT
## OF PRIVACY, "INTRUSION UPON SECLUSION" v. DOES'

1.-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count XI of plaintiff's Complaint.

40.     At all relevant times, DOES owed plaintiff a duty not to intrude upon her private affairs in a manner that would be highly offensive to a reasonable person.

41.     In violation and breach of the duty aforesaid, DOES violated plaintiff's common law right of privacy by:

a)      searching her iPhone without probable cause;

b)      providing inaccurate and/or incomplete information in the Grizzle Affidavit in order to obtain a Warrant to search plaintiff's iPhone;

c)      conducting a search of plaintiff's iPhone that was beyond the legitimate or permissible scope of the Warrant;

d)      allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

42.     DOES' violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against DOES, and each of them, for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

18

## COUNT XII
## VIOLATION OF ILLIOIS COMMON LAW RIGHT
## OF PRIVACY, "INTRUSTION UPON SECLUSION" v. CITY

1.-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count XII of plaintiff's Complaint.

40.     At all relevant times, City owed plaintiff a duty not to intrude upon her private affairs in a manner that would be highly offensive to a reasonable person.

41.     In violation and breach of the duty aforesaid, City violated plaintiff's common law right of privacy by:

a)     searching her iPhone without probable cause;

b)     providing inaccurate and/or incomplete information in the Grizzle Affidavit in order to obtain a Warrant to search plaintiff's iPhone;

c)     conducting a search of plaintiff's iPhone that was beyond the legitimate or permissible scope of the Warrant;

d)     allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

42.     City's violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against City for an amount in excess of $100,000.00, plus costs and attorney's fees.

Plaintiff demands trial by jury.

## COUNT XIII
## VIOLATION OF 720 ILCS 5/11-23.5 v. GRIZZLE

1.-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count XIII of plaintiff's Complaint.

40.     At all relevant times, 720 ILCS 5/11-23.5 ("Act") was in full force and effect in the State of Illinois and prohibited the non-consensual dissemination of private sexual images of another person.

41.     At all relevant times, Grizzle had a duty not to violate the Act and plaintiff's right under the Act to be free from dissemination of the Private Images without her consent.

42.     Grizzle violated plaintiff's rights under the Act by disseminating the Private Images without her consent.

43.     Grizzle's violation of plaintiff's rights under the Act caused and still cause plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against Grizzle for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT XIV
## VIOLATION OF 720 ILCS 5/11-23.5 v DOES

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count XIII of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count XIV of plaintiff's  Complaint.

40.     At all relevant times, DOES had a duty not to violate the Act and plaintiff's right under the Act to be free from dissemination of the Private Images without her consent.

41.     DOES' violated plaintiff's rights under the Act by disseminating the Private Images without her consent.

42.     DOES' violation of plaintiff's rights under the Act caused and still cause plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against DOES for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT XV
## VIOLATION OF 720 ILCS 5/11-23.5 v. CITY
## (PREVIOUSLY DISMISSED-NO ANSWER REQUIRED)

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count XV of plaintiff's  Complaint.

40.     At all relevant times, City had a duty not to violate the Act and plaintiff's right under the Act to be free from dissemination of the Private Images without her consent.

41.     City violated plaintiff's rights under the Act by disseminating the Private Images without her consent.

42.     City's violation of plaintiff's rights under the Act caused and still cause plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against City for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages. Plaintiff demands trial by jury.

## COUNT XVI
## INVASION OF PRIVACY/PUBLICATION OF PRIVATE FACTS v. GRIZZLE

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for her allegations of paragraphs (1) - (39) of this Count XVI of plaintiff's  Complaint.

40.     At all relevant times, GRIZZLE owed plaintiff a duty not to publically disclose private facts about the publication of which would be highly offensive to plaintiff.

41.     In violation and breach of the duty aforesaid, GRIZZLE did then and there violate plaintiff's right of privacy by allowing the Private Images on plaintiff's iPhone to be viewed and/or

(re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

42.     GRIZZLE'S violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against GRIZZLE for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT XVII
## VIOLATION OF FOURTH AMENDMENT RIGHTS v. MCKINNEY

*1.-39.     Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of the Common Facts/Allegations of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count XVII of plaintiff's Complaint.*

*40.     At all relevant times the Fourth Amendment to the U.S. Constitution was in full force and effect and provided:*

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

*41.     At all relevant times, 42 U.S.C.§ 1983 was in full force and effect and provided:*

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any*

22

*Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

42.     *McKinney's search of plaintiff's iPhone was without probable cause for no law investigative official purpose, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.*

43.     *McKinney's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause, for no official investigative purposes or a Warrant, exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis*

44.     *McKinney's search of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 4th Amendment rights to be free from unreasonable search and seizure of her property.*

45.     *McKinney's violation of plaintiff's 4th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.*

*WHEREFORE, plaintiff demands that judgment be entered in her favor and against McKinney for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.*

*Plaintiff demands trial by jury.*

### COUNT XVIII
### VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF PRIVACY v. MCKINNEY

*1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count XVIII of plaintiff's Complaint.*

40.     At all relevant times, the 14th Amendment provided plaintiff with an expectation and right of privacy in both her sexual relationships and the contents of her iPhone.  *Carpenter v. United States*, 585 U.S. (2018)(right of privacy in contents of cell phones), *Lawrence v. Texas*, 539 U.S. 558 (2003) (right of privacy of sexual relationships)

41.     Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs **(41)** of Count I of her Complaint as if same were set forth here for their allegations of paragraphs **(41)** of this Count IV of plaintiff's  Complaint.

42.     McKinney's search of plaintiff's iPhone was without probable cause, conducted pursuant to a Warrant that was issued based upon substantially false and incomplete information and was overbroad, exceeding the scope of the search permitted by the Warrant.

43.     McKinney's search, seizure, (re)publication and dissemination of the Private Images were done without probable cause, for no official investigation purpose or a Warrant exceeded any legitimate scope of the Warrant that was issued (based upon substantially false and incomplete information), and far beyond the scope of any search or seizure permitted by the Warrant that was issued, and without good faith basis.

44.     McKinney's search and seizure of plaintiff's iPhone and the Private Images as well as the (re)publication and dissemination of the Private Images thus violated plaintiff's 14th Amendment right of privacy.

45.     McKinney's violation of plaintiff's 14th Amendment rights caused and still causes plaintiff to suffer extreme embarrassment, humiliation and emotional anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against McKinney for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

24

## COUNT XIX
### VIOLATION OF ILLINOIS COMMON LAW RIGHT
### OF PRIVACY, "INTRUSION UPON SECLUSION" v. MCKINNEY

1.-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for their allegations of paragraphs (1) - (39) of this Count XIX of plaintiff's Complaint.

40.     At all relevant times, McKinney owed plaintiff a duty not to intrude upon her private affairs in a manner that would be highly offensive to a reasonable person.

41.     In violation and breach of the duty aforesaid, McKinney violated plaintiff's common law right of privacy by:

a)      searching her iPhone without probable cause and for no investigative purpose;

b)      conducting a search of plaintiff's iPhone that was beyond the legitimate or permissible scope of the Warrant;

c)      allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

42.     McKinney's violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against McKinney for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

## COUNT XX
### INVASION OF PRIVACY/PUBLICATION OF PRIVATE FACTS v. MCKINNEY

1.-39.  Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for her allegations of paragraphs (1) - (39) of this Count XX of plaintiff's Complaint.

40.     At all relevant times, McKinney owed plaintiff a duty not to publically disclose private facts about the publication of which would be highly offensive to plaintiff.

41.     In violation and breach of the duty aforesaid, McKinney did then and there violate plaintiff's right of privacy by allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

42.      McKinney's violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against McKinney for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

### COUNT XXI
### INVASION OF PRIVACY/PUBLICATION OF PRIVATE FACTS v. DOES

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for her allegations of paragraphs (1) - (39) of this Count *XXI* of plaintiff's Complaint.

40.     At all relevant times, DOES owed plaintiff a duty not to publically disclose private facts about the publication of which would be highly offensive to plaintiff.

41.     In violation and breach of the duty aforesaid, DOES did then and there violate plaintiff's right of privacy by allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

42.     DOES' violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

WHEREFORE, plaintiff demands that judgment be entered in her favor and against DOES for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.

Plaintiff demands trial by jury.

### COUNT XXII v. ROECHNER AND BERGNER
### SPOLIATION OF EVIDENCE

*1.-39. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for her allegations of paragraphs (1) - (39) of this Count XXII of plaintiff's Complaint.*

*40. At all relevant times, defendants Roechner and Bergner had a duty not to wrongfully and unlawfully despoil evidence having potential relevance to plaintiff's claims herein.*

*41. Roechner directed Bergner to dispose of Roechner's phone and Bergner did so at Roechner's direction knowing that Roechner's phone contained information (i.e., the Private Images) having potential relevance to plaintiff's claims herein such that these actions amounted to spoliation of evidence.*

*42. Roechner's and Bergner's spoliation of this relevant evidence has and will impair plaintiff's ability to prove her claims herein; plaintiff has thus been damaged as a proximate result of Roechner's and Bergner's intentional spoliation of this evidence.*

*WHEREFORE, plaintiff demands that judgment be entered in her favor and against Defendants Roechner and Bergner for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.*

*Plaintiff demands trial by jury.*

### COUNT XXIII v. ROECHNER AND BERGNER
### CONSPIRACY TO DESPOLIATE EVIDENCE

*1.-39. Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count I of her Complaint as if same were set forth here for*

*her allegations of paragraphs (1) - (39) of this Count XXIII of plaintiff's Complaint.*

*40.     Roechner and Bergner acted in concert and conspiracy to despoliate evidence having potential relevance to plaintiff's claims herein.*

*41.     The conspiracy/concert of action between Roechner and Bergner to despoil evidence having potential relevance to plaintiff's claims has and will impair plaintiff's ability to prove her claims herein; plaintiff has thus been damages as a proximate result of Roechner's and Bergner's intentional spoliation of this evidence.*

*WHEREFORE, plaintiff demands that judgment be entered in her favor and against Defendants Roechner and Bergner for an amount in excess of $100,000.00, plus costs, attorney's fees and punitive damages.*

*Plaintiff demands trial by jury.*

### COUNT XXIV
## INVASION OF PRIVACY/PUBLICATION OF PRIVATE FACTS v. CITY

1.-39.   Plaintiff restates, realleges and incorporates by reference herein the allegations contained in paragraphs (1) - (39) of Count 1 of her Complaint as if same were set forth here for her allegations of paragraphs (1) - (39) of this Count *XXIV* of plaintiff's  Complaint.

40.     At all relevant times, CITY owed plaintiff a duty not to publically disclose private facts about the publication of which would be highly offensive to plaintiff.

41.     In violation and breach of the duty aforesaid, CITY did then and there violate plaintiff's right of privacy by allowing the Private Images on plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause or a warrant or any legitimate law enforcement reason for viewing the Private Images.

42.     CITY'S violation of plaintiff's common law right of privacy caused and still causes plaintiff to suffer extreme embarrassment, humiliation and anguish.

28

WHEREFORE, plaintiff demands that judgment be entered in her favor and against CITY for an amount in excess of $100,000.00, plus costs and attorney's fees.

Plaintiff demands trial by jury.

Respectfully submitted,

By: _____[PROPOSED]_____
One of Plaintiff's Attorneys

Hall Adams
Law Offices of Hall Adams
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
T: (312) 445-4900
F: (312) 445-4901
ARDC# #6194886