IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal corporation, EDWARD GRIZZLE, and JOHN DOES 1-20, | ) ) ) | Magistrate M. David Weisman |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF JOLIET'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REQUEST FOR BRIEFING SCHEDULE**

Defendant, City of Joliet ("the City"), by and through its attorneys, TRESSLER LLP, and objects to Plaintiff's Motion for Leave to File a Second Amended Complaint, and in support of its objection, states as follows:

1. On July 22, 2021, Plaintiff filed a Motion for Leave to File a Second Amended Complaint ("Motion"). (Dkt. 175) The City hereby objects to Plaintiff's Motion and requests an opportunity to file a written response brief in opposition.

2. Federal Rule of Civil Procedure 15 (a) provides that leave to amend be "freely granted when justice requires," but leave may be denied if, among other reasons, the amended pleading would cause undue delay, the amendment was brought in bad faith or dilatory motive, the party seeking the amended pleading has repeatedly failed to cure deficiencies by amendments previously allowed, the opposing parties would be unduly prejudiced or the amendment would be futile. Fed. R. Civ. P. 15 (a); *Foman v. Davis,* 371 U.S. 178, 182 (1962). *See also, Mertens v. Hummel,* 587 F. 2d 862,865 (7th Cir. 1978).

3. Fact discovery closes on July 30, 2021. (Dkt. 166) Plaintiff noticed the Motion for presentment before this Court on the day discovery is set to close.ct discovery.

4. Plaintiff's Motion seeks leave to add three new defendants, Donald McKinney, Alan Roechner and Phillip Bergner. With respect to Donald McKinney, the proposed new pleading alleges four counts against him. See proposed pleading Count XVII (Fourth Amendment Claim against McKinney); Count XVIII (Fourteenth Amendment Right to Privacy against McKinney); Count XIX (state law intrusion upon seclusion against McKinney) and Count XX (publication of private facts against McKinney). With respect to Roechner and Bergner, the Plaintiff alleges a spoliation of evidence claim against these individuals in Count XXII and a "conspiracy to despoliate evidence" against them in Count XXIII.

5. Contrary to plaintiff's position, her Motion is not timely. The alleged "facts" upon which her purported claims against these proposed new parties are premised have been known to the Plaintiff long before the present time. For example, Plaintiff has had knowledge of Roechner's alleged involvement in the events at issue since at least September 6, 2018 (two weeks after plaintiff filed her original complaint in this matter). Moreover, the Plaintiff has had knowledge of the purported "facts" alleged in support of her claims against McKinney, Roechner and Bergner since at least March of 2020. There is no justifiable reason that Plaintiff has waited until now to bring these new parties and claims into this litigation. Plaintiff's undue delay in seeking leave to amend her pleading is unjustified and should be denied.

6. In addition, the present Motion should be denied based on undue prejudice to the newly-added individual defendants, McKinney, Roechner and Berger, if the proposed amendment is allowed. None of these individuals have participated in any of the extensive discovery to date including numerous depositions. They are entitled to fully defend the proposed claims against them

and, without question, McKinney, Roechner and Bergner will be unduly prejudiced if Plaintiff's eleventh-hour amendment is allowed.

7. Finally, the addition of the proposed new parties and claims will only serve to unduly delay these proceedings as these individuals would have the right to challenge the pleadings on a Rule 12 (b) (6) Motion to Dismiss and to reopen discovery to pursue their own defense of the Plaintiff's claims. Either way, the proposed amendment, if allowed, would cause undue delay in the progress of these proceedings.

8. Accordingly, in the interest of justice for all of the parties involved in the proposed amendment, the City of Joliet respectfully requests an opportunity to file a written response fully addressing its arguments in opposition to the pending Motion. To that end, the City prays for entry of an Order granting it fourteen (14) days to file a written response to Plaintiff's Motion for Leave to File Second Amended Complaint.

**WHEREFORE**, the City respectfully requests that this Honorable Court consider the City's objection set forth above and enter an Order granting the City of Joliet fourteen (14) days to and including August 13, 2021 file a Response brief in opposition to Plaintiff's Motion for Leave to File Second Amended Complaint.

            Respectfully submitted,

            CITY OF JOLIET

         By: /s/ Darcy L. Proctor
            One of its attorneys

Darcy L. Proctor
Tressler LLP
233 S. Wacker Dr., 61st Fl.
Chicago, IL 60606
T: (312) 627-4010
F: (312) 627-1717
Attorney No.: 6199731

3

dproctor@tresslerllp.com
*Attorney for Defendant City of Joliet*

## CERTIFICATE OF SERVICE

I, Darcy L. Proctor, hereby certify that on July 27, 2021, a copy of **DEFENDANT CITY OF JOLIET'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REQUEST FOR BRIEFING SCHEDULE** was served on all counsel of record via the Court's CM/ECF system.

By: /s/ Darcy L. Proctor