**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal corporation, EDWARD GRIZZLE, and JOHN DOES 1-20, | ) ) ) | Magistrate M. David Weisman |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF JOLIET'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ADDING NEW PARTIES AND CLAIMS**

NOW COMES Defendant, the CITY OF JOLIET ("the City"), by its counsel, TRESSLER, LLP, and for its response in opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, states as follows:

**INTRODUCTION**

On July 22, 2021, Plaintiff filed a Motion for Leave to File a Second Amended Complaint ("Motion"). (Dkt. 175) Plaintiff's Motion seeks leave to add three new defendants, Donald McKinney, Alan Roechner and Phillip Bergner, as well as eight causes of action against these proposed new parties. With respect to Donald McKinney, the proposed new pleading alleges four counts against him. See proposed pleading Count XVII (Fourth Amendment Claim against McKinney); Count XVIII (Fourteenth Amendment Right to Privacy against McKinney); Count XIX (state law intrusion upon seclusion against McKinney) and Count XX (publication of private facts against McKinney). With respect to Roechner and Bergner, the Plaintiff alleges a spoliation of evidence claim against these individuals in Count XXII and a "conspiracy to despoliate

evidence" against them in Count XXIII. Fact discovery (exclusive of medical treaters) closed on July 30, 2021 (Dkt. 166)

For the reasons discussed below, this Court should deny the Plaintiff's Motion for Leave to Amend on grounds of undue delay and undue prejudice pursuant to Fed. R. Civ. P. 15(a).

## LEGAL STANDARD

District courts "have broad discretion to deny leave to amend where there is undue delay, … undue prejudice to the defendants, or where the amendment would be futile." *Divane v. Northwestern University,* 953 F. 3d 980. 993 (7th Cir. 2020) *quoting Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). The granting or denying of a motion for leave is a matter purely within the sound discretion of the district court, and the decision will be reversed only "if [the District Court] denied leave to amend without any justification." *Brunt v. SEIU,* 284 F. 3d 715, 720 (7th Cir. 2002). Although leave to file an amended complaint should be "freely given," it is not automatic. A court may deny leave to amend a complaint where the information in the proposed amended complaint is based upon information available before the moving party sought leave to amend. *Hukic v. Aurora Loan Servs.,* 588 F. 3d 420, 432 (7th Cir. 2009); *Chamberlain Grp., Inc.,* 2010 WL 363247 at *3 (denying leave to amend where information known to plaintiff earlier in the litigation and allowing the proposed amendment would result in additional discovery past the discovery deadline).

## ARGUMENT

Plaintiff's Motion for Leave to Amend adding three new defendants and six new causes of action should be denied on several grounds. First, the Plaintiff's motion is untimely. The alleged "facts" upon which her purported claims against these proposed new parties are premised have been known to the Plaintiff long before the present time. For example, Plaintiff has known of

information regarding Roechner's alleged involvement in the events at issue since at least September 6, 2018 (two weeks after plaintiff filed her original complaint in this matter). See attached redacted correspondence from Plaintiff's counsel attached hereto as Exhibit "A" identifying Roechner as a potential defendant based on information known to the plaintiff at that time.[1] There is no excuse for waiting just short of three years to name Roechner as an individual defendant. As such, Plaintiff's Motion to Amend as to Roechner should be denied on that basis alone.

Moreover, the Plaintiff has had knowledge of the purported "facts" alleged in her claims against McKinney, Roechner and Bergner since at least March 3, 2020. A true and correct copy of the redacted statement from Nicholas Crowley (plaintiff's husband) is attached hereto as Exhibit "B".[2] This witness statement was included in plaintiff's discovery disclosures and shared with defense counsel via email on March 10, 2020. There is no justifiable reason that Plaintiff has waited until now (one-year and four months after she first learned of this information) to amend her complaint to add these new parties and claims to this litigation when all of this "new information" alleged in her proposed second amended complaint was known to her and her legal counsel since at least March 3, 2020 as set forth in Exhibit "B" hereto. Plaintiff's undue delay in seeking leave to amend her pleading is inexcusable and should not be allowed for this reason alone.

Second, the Plaintiff's Motion for Leave to Amend should be denied based on undue prejudice to the newly-added individual defendants, McKinney, Roechner and Berger, if the proposed amendment is allowed. None of these individuals have participated in any of the

---

[1] The City has redacted all non-pertinent material from Exhibit "A" on the basis that said material is unrelated to the issues before this court on the pending motion. Should the Court require an unredacted copy, the City will submit a motion to designate Exhibit "A" as a restricted document under LR 26.2.

[2] The City has redacted all non-pertinent material from Exhibit "B" on the basis that said material is unrelated to the issues before this court on the pending motion. Should this Court require an unredacted copy, the City will submit a motion to designate Exhibit "B" as a restricted document under LR 26.2.

extensive discovery to date including numerous depositions. Fact discovery is now closed. McKinney, Roechner and Bergner will be unduly prejudiced if Plaintiff's eleventh-hour amendment is allowed.

Third, the addition of the proposed new parties and claims will only serve to delay these proceedings. As noted above, neither McKinney, Roechner nor Bergner have participated in the defense of this litigation or the extensive fact discovery completed in this matter. (See Joint Status Report (Dkt. 182) showing that 23 depositions have been completed including the depositions of the Plaintiff and Defendant Edward Grizzle beginning on April 28, 2021 and continuing until July 28, 2021. Like any party to a civil lawsuit, the proposed new defendants have the right to defend the claims against them including to challenge the pleadings on a Rule 12 (b) (6) Motion to Dismiss and to reopen discovery to pursue their respective defenses to Plaintiff's claims. The proposed amendment, if allowed, would cause unnecessary delay in the progress of these proceedings. This all could have been avoided had plaintiff named these new parties and added these new claims when she learned of their alleged involvement in the events at issue on March 3, 2020, one year and 4 months before she sought leave to amend her complaint to add these proposed defendants.

Additionally, the City and Defendant Grizzle will be prejudiced in the event new parties and claims are added at this late stage of the litigation. If more discovery is allowed, which appears inevitable, the City and Grizzle will be required to expend additional resources and incur increased litigation defense costs, as well as be burdened with unnecessary delay in bringing this matter to resolution. The hardship caused to the existing defendants by allowing new parties and claims now must be taken into account and weighs against allowing the Plaintiff's motion for leave to amend.

Finally, we note that the depositions of the proposed new defendants were completed in ample time before the close of discovery to bring them into the case as named parties. Plaintiff's

counsel selected which witnesses he wanted to depose and in what order. For example, McKinney was one of the first witnesses deposed on April 28, 2021 (three months before the close of discovery); Phillip Berger gave a deposition on June 14, 2021 (seven weeks before the close of discovery); and Alan Roechner gave a deposition on June 21, 2021 (six weeks before the close of discovery). Plaintiff waited until the last day of fact discovery (July 30, 2021) to present her motion for leave to amend. Plaintiff's dilatory conduct should not be rewarded and her failure to bring these new parties into the case in a timely fashion should not be allowed at this stage of the litigation in the interest of justice and fairness to the City of Joliet, Defendant Grizzle and the proposed new parties.

## **CONCLUSION**

For the reasons discussed above, the City of Joliet respectfully requests that this Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint on grounds of untimeliness, undue delay and undue prejudice to the proposed new parties.

                              Respectfully submitted,

                              CITY OF JOLIET

By:    /s/ John M. O'Driscoll_____
        One of its attorneys

John M. O'Driscoll
Darcy L. Proctor
James J. Hess
Tressler LLP
550 E. Boughton Road, Suite 250
Bolingbrook, Illinois 60440
T: (630) 343-5209
F: (630) 783-1271
*Attorneys for Defendant City of Joliet*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 13, 2021, a copy of a **DEFENDANT CITY OF JOLIET'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ADDING NEW PARTIES AND CLAIMS** was filed electronically and served by e-mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail and mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                          By:    <u>/s/ John M. O'Driscoll</u>