UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| | ) Case No. 18 CV 05681 |
| Plaintiff, | ) |
| | ) Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate M. David Weisman |
| City of Joliet, a municipal corporation, | ) |
| Edward Grizzle, John Does 1 – 20, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, and pursuant to the Court's 29 July 2021 Order (179), states as follows for her Reply in Support of Motion for Leave to File Second Amended Complaint:

Defendant City of Joliet ("City") has filed both an Objection (178) and Response (184) In Opposition to Plaintiff's Motion (175) that repeat the same arguments. Notably, defendant Grizzle has filed neither an objection nor a response, has not otherwise objected or even joined in City's Objection to plaintiff's Motion and has not asserted that he would be prejudiced, much less unduly so, if plaintiff's Motion is allowed. City's Response presumes to interpose objections and/or claims of prejudice on behalf of defendant Grizzle, even though he has not done this on his own behalf, and on behalf of McKinney, Roechner and Bergner, even though they are not yet parties and not represented by City's counsel. (Resp, Doc. 184, pp. 3-4)

That City would suggest "dilatory conduct" on plaintiff's part is rich. (Resp., Doc. 184, p.5) As plaintiff's Motion chronicles, City's defense of this action has consisted of one calculated delay tactic after another. City, after all, is responsible for the one-year discovery stay that was based on a sham criminal investigation of plaintiff that predictably resulted in no

1

charges. The stay was a delay tactic by the City, nothing else. So too was City's resistance, on baseless privilege claims, to the production of discoverable documents, the litigation over which burned months more.

This is even true with respect to scheduling depositions of the various police officers, whose depositions were scheduled by/through *City's counsel*. The parties 2 August 2021 Joint Status Report (182) chronicles the depositions that have been completed by plaintiff. All of these depositions were scheduled by City's counsel, at the convenience of the officer-witnesses and City's counsel.

Mindful of the strictures of Rule 37, plaintiff's pending First Amended Complaint ("FAC" – 60) stopped short of "naming names" until second-hand information, including that described in Exhibits (A) (184-1) and (B) (184-2) to City's Response, was corroborated by deposition testimony. The defendants plaintiff seeks to add are or were sworn police officers due at least this diligence.

The depositions provided this corroboration. As plaintiff's Motion recites, McKinney admitted in deposition that he viewed the private images and then showed them to another officer without a legitimate law enforcement purpose. Stachelski confirmed that Bergner told Stachelski that Roechner, then the Chief of Police, had directed Bergner to dispose of Roechner's phone, after Roechner and Bergner had both denied this during their depositions. City disputes none of this.

Plaintiff's Motion was promptly filed within two weeks of Stachelski's deposition. Rather than seek to amend serially or piecemeal, judicial economy is served by allowing plaintiff to add these new claims against these 3 new defendants in a single amended pleading.

Leave to amend should be freely given when justice requires it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); Rule 15(a). Rule 15(a) should be applied to

favor adjudication on the merits. *Standard v. Nygren*, 658 F.3d 792, 800-801 (7th Cir. 2011)

*Undue* delay or *undue* prejudice may support denial of leave to amend. *Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) These are the City's only challenges to plaintiff's Motion, and they don't wash.

While amendment will obviously cause some delay, City is hard-pressed to claim that any such delay is *undue*, particularly after its own dilatory conduct. Any such delay would not be *undue* and would not result in *undue* prejudice *to City*.

All of the significant liability witnesses, including those whom plaintiff now seeks to add as defendants, have been deposed. Their testimony is already "in the can." Once served, counsel for the new defendants may wish to "mop up," but will certainly not have to start from scratch.

More, discovery has not closed. While the fact-discovery deadline imposed by the Magistrate has passed, discovery continues as to medical witnesses and then experts. There remains time to "squeeze in," if "squeezing" is really necessary, whatever additional fact discovery is genuinely needed by new defendants.

*In re Boesky Securities Litigation*, 125 F.R.D. 402 (S.D.N.Y.) is instructive. In *Boesky*, the court allowed late addition of 2 defendants whose misconduct was confirmed during discovery where those defendants had notice of the lawsuit and their late addition as defendants would not significantly add to discovery, complicate the litigation or delay trial. *Id. Boesky* recognizes that judicial economy is served by adjudicating all of the factually inter-related claims against potentially culpable defendants in a single action.

The new defendants shouldn't be surprised. All of the defendants plaintiff seeks leave to add have been well aware of this action and their own roles from the outset. They just hoped that their misconduct would not be discovered.

3

Plaintiff's FAC alleged "John Doe" defendant officers anticipating just this scenario in which the identities of malefactors would be discovered. The defendants plaintiff now seeks to add presumably hoped that the City's "blue wall of silence" would conceal their misconduct and prevent them from being held accountable.

The wall cracked. Light shone on their misconduct. The discovery process worked, finally and despite City's best efforts to delay and obstruct it.

The process shouldn't now be frustrated by preventing plaintiff from presenting the evidence she has unearthed. Plaintiff should be afforded an opportunity to prove her claims against these new defendants on the merits.

WHEREFORE, plaintiff should be allowed and seeks entry of an Order granting her leave to file her Second Amended Complaint.

Respectfully submitted,

CASSANDRA SOCHA

By:    /s/ Hall Adams
       Attorney for Plaintiff

Hall Adams
Law Offices of Hall Adams
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
T: (312)445-4900
F: (312) 445-4901
Attorneys I.D. #6194886