**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CASSANDRA SOCHA,** | ) |
| | ) **Case No.  18 CV  05681** |
| **Plaintiff,** | ) |
| | )  **Honorable Judge Jorge L. Alonso** |
| **v.** | ) |
| | ) **Honorable Magistrate M. David Weisman** |
| **City of Joliet, a municipal corporation,** | ) |
| **Edward Grizzle, John Does 1 – 20,** | ) |
| | ) |
| **Defendants.** | ) |

## JOINT STATUS REPORT

The parties, jointly, and pursuant to the Court's August 3, 2021 Order (Dkt. 166), state as follows for their Joint Status Report:

## DEPOSITIONS

### Depositions for Which Plaintiff has Served Subpoenas and Issued Notices

April 28th, 2021@ 9:30 a.m. – Jeffrey German - **COMPLETED**

April 28th, 2021 @ 12:00 p.m. – Donald McKinney- **COMPLETED**

April 30th, 2021 @ 1:00 p.m. – Chris Botzum - **COMPLETED**

May 4th, 2021 @ 10:00 a.m. – Cassandra Socha **- COMPLETED**

May 7th, 2021 @ 12:30 p.m. – Carlos Matlock **- COMPLETED**

May 13th, 2021 @ 9:30 a.m. – Brad McKeon **- COMPLETED**

May 28th, 2021 @ 9:30 a.m. – Robert Brown - **COMPLETED**

June 1st, 2021 @ 9:30 a.m. – Tim Powers - **COMPLETED**

June 2nd, 2021 @ 9:30 a.m. – Dave Jackson- **COMPLETED**

June 3rd, 2021 @ 9:30 a.m. – Michael DeVito - **COMPLETED**

June 8th, 2021 @ 9:30 a.m. – Jeremy Harrison **- COMPLETED**

June 10th, 2021 @ 10:30 a.m. – Tab Jensen - **COMPLETED**

June 14th, 2021 @ 9:30 a.m. – Phillip Bergner – **COMPLETED**

June 21st, 2021 @ 9:30 a.m. – Alan Roechner – **COMPLETED**

June 22nd, 2021 @ 9:30 a.m. – Marc Reid - **COMPLETED**

June 24th, 2021 @9:30 a.m. – Darrel Gavin - **COMPLETED**

July 8th, 2021 @ 9:30 a.m. - Michael Battis - **COMPLETED**

July 9th, 2021 @ 12:30 p.m. – Shawn Stachelski - **COMPLETED**

July 28th, 2021 @ 9:30 a.m. – Edward Grizzle - **COMPLETED**

**Depositions for Which Defendants have Issued Notices**

June 17th, 2021 @ 10:00 a.m. – Nicholas Crowley – **COMPLETED**

July 8th, 2021 @ 9:30 a.m. – Michelle Banas - **COMPLETED**

July 21st, 2021 @ 9:30 a.m. – Jeff Tomszack - **COMPLETED**

July 26th, 2021 @ 9:30 a.m. -  Joseph Egizio – **COMPLETED**

July 29th, 2021 @ 9:30 a.m. – Lorinda Lamkin – **Subpoena Withdrawn**

**Medical Depositions for Which Defendants Have Served Subpoenas**

September 17, 2021 – Nicole Thompson-Wilson

September 22, 2021– Debbi Del Re

September 30, 2021 – Dr. David Levy

In addition to the above, there may be additional treater depositions needed which will be determined after a complete set of the Plaintiff's treatment records are produced via subpoenas issued and served upon West Suburban Women's Health (issued 7/7/21) and Edgewood Clinical Services (issued 6/8/21). The defense recently received a request from Edgewood for a signed authorization from plaintiff which we received on August 11, 2021, and promptly produced to Edgewood to expedite compliance.

**OTHER DISCOVERY INITIATED BY PLAINTIFF**

Plaintiff has issued a subpoena for records to Chicago Regional Computer Forensic

Laboratory ("RCFL") for records relating to work that it did at the request of Joliet Police Department to forensically examine computers in reaction to Plaintiff's complaint as described during the April 30, 2021, deposition of Lt. Botzum of Joliet Police Department. The subpoena to RCFL was returnable on May 27, 2021.

On June 4, 2021, Plaintiff's attorney received correspondence from Todd Carroll, Assoc. Counsel to the United State Department of Justice, Federal Bureau of Investigation and then spoke with Carroll. Plaintiff's counsel provided the "statement of relevance," requested by Carroll in response to which the RCFL's substantive response to Plaintiff's subpoena is anticipated. Plaintiff's counsel is in ongoing communication with Carroll about this status. Once defense counsel provides the statement regarding the RCFL's scope of work per the Court's August 3, 2021, Order (Dkt. 183), plaintiff will determine whether a Rule 30(b)(6) deposition of an RCFL representative will be necessary.

On July 27, 2021, after Stachelski's deposition, Plaintiff filed a Motion for Leave to File Second Amended Complaint (Dkt. 175) to specifically name Defendants in lieu of prior "John Doe" designations and to add new claims against new Defendants, Roechner and Bergner, that are based on Stacheski's deposition testimony. Defendant City has filed an objection (Dkt. 178). The District Court has set a schedule for briefing the Motion. (Dkt. 179).

## OTHER DISCOVERY INITIATED BY  DEFENDANTS

As noted in our last report, Plaintiff recently filed a Motion for Leave to File a Second Amended Complaint adding three new Defendants and eight new causes of action against the proposed new parties  (Dkt. 175). The City filed an objection with the District Court and asked for an opportunity to file a response. (Dkt. 178) On July 29, 2021, the District Court set the following briefing schedule: Defendant shall file a response to Plaintiff's motion for leave to file a second amended complaint by August 13, 2021; Plaintiff's reply shall be filed by August 20, 2021. (Dkt. 179). The Motion is fully briefed and the parties are awaiting a ruling.  In light of these case

developments, there may be a need for additional fact discovery pending especially if the District Court allows the amended pleading and new parties, as it would be anticipated that counsel for the new Defendants may ask for additional fact discovery. As a result, the City respectfully requests that the status of any remaining fact discovery remain open and be entered and continued until such time as the new Defendants, if allowed at this stage of the proceedings, appear in this action.

On July 1, 2021, the Defendant, the City of Joliet, served the Plaintiff with a Second Set of Interrogatories and Second Request to Produce Documents. (Dkt. 171). As noted in the parties last report, there were discovery issues to be resolved between the Plaintiff and the City. On August 5, 2021, the parties held a LR37.1 discovery conference where the issues in dispute were discussed. In that conference, Plaintiff's counsel requested 14 days, to and including August 19, 2021, to produce the newspaper articles referenced in the Plaintiff's discovery answers. On August 23, 2021, counsel for the City followed up with Plaintiff's counsel on the progress of the document production. To date, the City's counsel has not received a response from Plaintiff but is hopeful that the requested documents will be forthcoming prior to the August 31, 2021 status hearing date.

## CITY'S RESPONSE TO COURT'S QUESTIONS RAISED IN ORDER OF AUGUST 3, 2021

On August 3, 2021, the Court raised sua sponte some issues in response to the Joint Status Report filed by the parties on August 2, 2021 (Dkt. 182). The Court's questions indicate that the parties could have done a better job of being clearer in the joint report. First, it appears the Court is under the mistaken impression that the City of Joliet is currently using the examination services of the FBI's Regional Computer Forensics Laboratory ("RCFL') as part of its discovery efforts in this civil lawsuit. Respectfully, this is incorrect. The City has not made any request of the RCFL for discovery purposes in this civil lawsuit as the Court's Order of August 3, 2001 seems to indicate. (Dkt.183). Moreover, the City has not specially employed the RCFL as a Rule 26(b)(4)(d) consulting expert for purposes of trial.

4

To be clear, in August of 2018, after the City and Joliet Police Department was put on notice of Cassandra Socha's allegations of employee misconduct by Officer Grizzle and 1-20 unknown "John Doe" officers, the City initiated its own internal investigation headed by the City's Inspector General. As set forth in City Code, the Inspector General for the City of Joliet is charged with the responsibility of investigating employee misconduct and potential criminal conduct involving City employees. Specifically, the Joliet City Code confers upon the Inspector General the power and duty to "investigate the performance of governmental…employees…either in response to complaint or on the inspector general's own initiative, in order to detect and prevent misconduct…within the operations of city government." (Code Section 2-181(b)(2)). In addition, the Inspector General may also refer matters to the appropriate federal, state or local law enforcement authorities to review the alleged misconduct for possible violation of a criminal statute. (Code Section 2-181(e)(2)(b)).

As part of its investigation authorized by the City Code, on August 30, 2018, the City sought the assistance of the RCFL to conduct a forensic examination of the cell phones and computers of police employees involved in the alleged wrongdoing. The RCFL voluntarily assisted, conducted a forensic examination of the materials provided and generated certain reports. These reports were produced in discovery over the City's objection. You will recall the City opposed the production of the Inspector General's investigation on privilege grounds (Dkt. 117). After full briefing on this matter, this Court disagreed and ordered disclosure of the records sought by Plaintiff in this matter. (Dkt. 125). The RCFL records, which are part of the Inspector General's file materials, were produced to Plaintiff on January 22, 2021 and designated as "Confidential - Subject to Protective Order." While this Court may take issue with the City's request for assistance from the RCFL as described above, respectfully whether such request was proper is not before this Court for decision because it does not involve the management or supervision of any pending discovery issue.

At present, there are only two outstanding discovery issues relative to the RCFL. First, the

Plaintiff is to report on the progress of the RCFL's compliance with Plaintiff's subpoena for "any and all forensic reports" relative to the above-described investigation due from the RCFL over three months ago on May 27, 2021. Plaintiff's counsel has previously indicated that he believes the RCFL has not produced all responsive records, yet he has taken no steps to file a motion to compel directed at the RCFL as of the date of this filing. Second, if the RCFL is compelled to comply with Plaintiff's subpoena and more records are produced, then there may be a need for additional fact depositions including a possible Rule 30(b)(6) deposition, as noted by the plaintiff above. This remains to be determined. There may be no RCFL depositions needed at all, but Defendants are not presently at a point where they can close the door on that possibility, as indicated in the parties prior Joint Status Report submitted to this Court on August 2, 2021 (Dkt. 182).

Finally, the Court's remaining directive set forth in its Order of August 3 requiring an Affidavit from "an appropriate manager at the RCFL documenting that the manager understands the work requested is for a civil matter, etc." is not necessary for the reasons noted above because there is no such work request pending. Similarly, the court's directive requiring the defendants to select an "alternative vendor" to accomplish any forensic examination is not necessary because Defendants have made no such request of the RCFL.

Cassandra Socha

By: _/s/ Hall Adams_
Hall Adams
LAW OFFICES OF HALL ADAMS
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
hall@adamslegal.net
ARDC No.: 6194886

City of Joliet

By: _/s/ John O'Driscoll_
John M. O'Driscoll (ARDC #6237793)
Darcy Proctor (ARDC #6199731)
James J. Hess
TRESSLER LLP
Counsel for City of Joliet
550 E. Boughton Road, Suite 250
Bolingbrook, Illinois 60440
jodriscoll@tresslerllp.com
dproctor@tresslerllp.com
jhess@tresslerllp.com

Edward Grizzle

By: /s/ Michael J. Atkus

Matthew Clark
Michael J. Atkus (ARDC #628566)
KNIGHT HOPPE KURNIK & KNIGHT, LTD.
5600 N. River Road, Suite 600
Rosemont, Illinois 60018
matkus@khkklaw.com
ARDC No.: 6224673