THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | No. 18 C 5681 |
| Plaintiff, | ) | |
| | ) | Judge Jorge L. Alonso |
| v. | ) | |
| | ) | |
| CITY OF JOLIET and | ) | |
| EDWARD GRIZZLE, | ) | |
| | ) | |
| Defendants. | ) | |

# Order

For the reasons herein, the Court denies Plaintiff's motion for leave to amend [175].

## Background

    This case centers around Plaintiff's allegations that Defendants, police officers for the City of Joliet, violated Plaintiff's personal privacy and property by viewing graphic images and videos contained on Plaintiff's cell phone. Plaintiff and her boyfriend, Nicholas Crowley, were employed as patrol officers for defendant City of Joliet. Defendant Edward Grizzle was employed as a Detective/Sergeant for the City. Crowley was named as a defendant in a criminal case, *People v. Nicholas M. Crowley*, Will County Case No. 17-CF-1422, and Grizzle was assigned to investigate matters related to Crowly's case. According to the Plaintiff, she inadvertently sent a text message to another witness, Maria Gatlin, during the criminal trial. Gatlin showed the text message to members of the prosecution team, including Grizzle and other members of the police department, which prompted Grizzle to prepare, sign, and swear to a search warrant. On May 18, 2018, Judge Sarah Jones issued a search warrant authorizing the search and seizure of Plaintiff's iPhone to the extent the contents "constitute[d] evidence of the offense of Harassment via electronic communications, Intimidation." Plaintiff alleges that Grizzle and the City exceeded the scope of the warrant by seeking private data or images, including nude and sexual videos and images, to embarrass her. Plaintiff further alleges that Grizzle shared these private images with other City employees and allowed the images to be rerecorded.

    Plaintiff filed the present case on August 21, 2018, alleging various federal and state law claims. Discovery, however, was stayed from March 5, 2019 to March 3, 2020 while the Special Prosecutor at the Illinois Office of the State's Attorney Appellate Prosecutor made a prosecutorial decision with respect to the Plaintiff, which might have impacted that status of this case. Therefore, pursuant to the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), the Magistrate Judge stayed discovery until it became apparent that the Special Prosecutor's office would not prosecute the Plaintiff in connection with the incident that

ultimately led City of Joliet police officers to seize the Plaintiff's cell phone. The Magistrate Judge lifted the stay on March 3, 2020. Since that time, the parties have exchanged extensive written discovery, which required the Magistrate Judge to resolve certain claims of privilege, and extensive oral discovery. *See* [125]. Fact discovery closed on July 30, 2021.

Eight days before fact discovery closed, Plaintiff filed a motion for leave to add three new police officer defendants, which included eight causes of action against these defendants—including two entirely new causes of action that had not been asserted against the previously-named defendants. These new defendants and the corresponding causes of action are: Donald McKinney (Fourth Amendment claim; Fourteenth Amendment right to privacy claim; state law intrusion upon seclusion claim; and publication of private facts claim); Alan Roechner (spoilation of evidence claim and conspiracy to despoliate evidence claim); and Phillip Bergner (spoilation of evidence claim and conspiracy to despoliate evidence claim). Defendants oppose Plaintiff's motion.

## Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The rule takes a liberal approach to allowing amendments. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Although delay alone is rarely a sufficient reason to deny leave to amend under Rule 15(a)(2), *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016), "the primary consideration for district courts [under Rule 16(b)(4)] is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). But the Seventh Circuit has held that, "when a motion for leave to amend is filed after the deadline for amending the pleadings has elapsed . . . the district court 'is entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 733-34 (7th Cir. 2014) (internal quotations omitted). Rule 16(b)(4) is more demanding, and states that a scheduling order may be modified only for good cause. Fed. R. Civ. P. 16.

## Discussion

To start, the Court notes that neither party addresses whether Rule 16(b)(4)'s good cause standard applies—both parties appear to couch their argument in terms of Rule 15(a)(2). This is understandable since the Court's initial scheduling order [34] did not contain a deadline for the parties to submit amended pleadings. The Court did, however, order a deadline for Plaintiff to submit any amended complaint in compliance with the Court's order on Defendants' motion to dismiss. *See* [59]. Whether this deadline satisfies Rule 16(b)(3)'s requirements—and therefore the heightened good cause standard would apply—is immaterial. Even under the more lenient standard of Rule 15(a)(2), the Court finds that Plaintiff has failed to demonstrate that justice requires permitting her to amend her complaint at this late date.

Turning to the parties' substantive arguments, Defendants implore the Court to deny Plaintiff's request for leave to amend based on undue delay. Plaintiff argues, on the other hand, that her delay is excusable given the many repeated dilatory tactics employed by Defendants. In assessing whether to grant leave to amend, the Court "has substantial discretion in managing discovery, including whether or not to modify the discovery schedule." *Rizza v. Underwriters*, 09-CV-687, 2011 U.S. Dist. LEXIS 24858, at *4 (N.D. Ill. Mar. 11, 2011). "Although leave to amend should be freely given…that does not mean it must always be given." *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009). Furthermore, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Here, the Court finds that Plaintiff's eleventh-hour request to amend would cause undue prejudice to the current parties, the new litigants, and the court system in general. Plaintiff attempts to justify her amendment on several grounds such as timeliness, delay tactics by Defendants, and the fact that she included John Doe defendants at the outset. The Court is not persuaded by any of these justifications. First, Defendants present compelling evidence that Plaintiff, or at a minimum Plaintiff's counsel, knew of these potential defendants and their alleged conduct well prior to the motion for leave to amend. To wit, Defendants attach correspondence showing that Plaintiff's counsel was aware that Roechner asked Bergner to "clean" his phone, and that Bergner was unable to do so but that he gave Roechner a new phone to use. Defendants' attachments further show that Plaintiff knew that McKinney recorded the graphic videos to his phone and showed them to other officers. Plaintiff possessed of this information since at least March of 2020—well before the discovery deadline.

Second, the Court is not persuaded that delay tactics by Defendants prevented her from bringing these claims in a timely manner. To be sure, Plaintiff makes salient points that factors outside her control limited her ability to identify these individuals at one point in time—such as the stay on discovery or resolving issues related to privilege—but even accounting for those disruptions, Plaintiff still had ample time to amend her pleadings before the fact discovery deadline; indeed, she amended her complaint at least once already, *see* [60]. Moreover, the Court is not persuaded by Plaintiff's explanation that she wanted to confirm her information through depositions prior to naming these proposed defendants. The correspondence submitted by Defendants shows that Plaintiff had the necessary information to proceed with naming these individuals without fear of invoking Rule 11's sanctions against vexatious or frivolous pleadings. And lastly, with respect to deposition delay, planning depositions according to a timetable that is convenient to witnesses and counsel can hardly be construed as a delay tactic, as Plaintiff argues. Rather, scheduling depositions at times convenient for all is simply a professional courtesy that litigants typically extend to one another. The Court, therefore, does not construe this as a delay tactic.

Third, the Court finds that granting Plaintiff's request would cause undue prejudice. Granting this request would effectively reset this case to the beginning stages of discovery. Plaintiff's request came only eight days before fact discovery was set to close. With the fact discovery deadline looming so close, it is implausible that no prejudice would result by allowing these amendments at such a late hour. The amendments contemplated by Plaintiff's proposed

second amended complaint—adding three new defendants and two entirely new theories of relief—would undoubtably result in additional rounds of written and oral discovery. The Court concludes that this prejudice warrants denial of Plaintiff's motion. *See Driveline Sys., LLC v. Arctic Cat, Inc.*, Case No. 08-cv-50154, 2014 WL 6674721, 2014 U.S. Dist. LEXIS 164116, at *12 (N.D. Ill. Nov. 24, 2014) (denying leave to amend, in part, because amending would "prejudice the Court and the judicial system, including the other litigants whose cases are proceeding through this Division").

Nor is the Court persuaded by Plaintiff's argument that there would be no prejudice because she named "John Doe" defendants from the outset. The Seventh Circuit has effectively rejected this line of reasoning. *See Herrera v. Cleveland*, 8 F4th 493, 496-99 (7th Cir. 2021) (holding that designating a defendant as John Doe, based on lack of knowledge of the proper defendant, is not a "mistake," as would allow amended complaints to relate back for limitations purposes). Accordingly, the Court denies Plaintiff's motion for leave to amend [175].

**SO ORDERED.**                                                       **ENTERED: October 18, 2021**

_____
**HON. JORGE ALONSO**
**United States District Judge**