IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal corporation, EDWARD GRIZZLE, and JOHN DOES 1-20, | ) ) ) | Magistrate M. David Weisman |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF JOLIET'S MOTION TO STRIKE PLAINTIFF'S REQUEST TO ADMIT FACTS

NOW COMES, the Defendant, the CITY of JOLIET ("the City") by its counsel, TRESSLER, LLP, and for its Motion to Strike Plaintiff's Request to Admit Facts Directed at Defendant City of Joliet, states as follows:

1. The City moves to strike the Plaintiff's Rule 36 Request to Admit Facts served upon the City on October 25, 2021 (Dkt. 206) as untimely because fact discovery in this matter closed on July 30, 2021 (Dkt.166). Magistrate Judge Weisman's order entered on June 8, 2021 unequivocally stated: "[f]act discovery exclusive of medical treaters, shall close on July 30, 2021." (Dkt. 166).

2. Therefore, the Plaintiff's Request to Admit Facts served upon the City, almost three months after the close of fact discovery, is untimely. *Dinkins v. Bunge Milling.,* 313 Fed. Appx. 882, 884 (7th Cir. 2009) (no error in district court's determination that requests for admission served nine days before the close of discovery were untimely and need not be answered). Courts in the Northern District have consistently deemed requests to admit as discovery tools subject to Local Rule 16.1 discovery scheduling orders, and have disallowed requests to admit that would require

responses beyond the close of discovery. For example, in *United States Equal Employment Opportunity Commission v. Bloomin'Apple, Rockford I, LLC,* 2006 WL 8462140 (N.D. Ill. 2006), the court denied the plaintiff's motion to compel defendants to answer plaintiff's Rule 36 requests to admit served on Defendants on January 12, 2006, after the close of fact discovery on December 30, 2005. Similarly in *Coram Health Care Corp. v. MCI Worldcom Communications, Inc.,* 2001 WL 1467681, the court held that a Rule 36 "request for admission is a form of discovery" entitling the defendant with 30 days to respond and disallowed the requests served upon the defendants on the discovery-cut-off date. See *Finnerman v. Daimer Chrysler Corporation,* 2017WL 4772736 (N.D. Ill. 2017) (request for admissions served one day before discovery cut-off was untimely and therefore defendant need not respond.) See *also Outley v. City of Chicago,* 2021WL 4789026 (N.D. Ill. 2021) (request to admit facts served with less than 30 days remaining for fact discovery untimely and need not be answered).

3.  In the present case, it is undisputed that fact discovery closed on July 30, 2021. (Dkt. 166). Plaintiff's Request to Admit Facts was served upon the Defendant on October 25, 2021 (Dkt. 206), almost three months after the close of fact discovery. As such, the Plaintiff's requests are untimely and should be stricken. The City of Joliet respectfully requests that this Court enter an order deeming plaintiff's requests to admit untimely and directing that the City need not answer them.

4.  Should this Court allow the Plaintiff's request to admit facts to stand over the City's objection, the City requests 30 days from the date of this Court's ruling on Defendant's Motion to Strike Plaintiff's Rule 36 Request to Admit to respond.

WHEREFORE, the Defendant, City of Joliet prays for entry of an order: 1) striking Plaintiff's Request to Admit Facts as untimely, 2) directing that the City of Joliet need not answer

the Request to Admit Facts, or 3) in the alternative, if Plaintiff's Request to Admit Facts are allowed to stand, granting Defendant 30 days from the date on which the Court enters a ruling on this Motion to respond to the aforesaid Request to Admit Facts, and for any other relief this Court seems just and proper.

                                        Respectfully submitted,

                                        CITY OF JOLIET

                              By:    /s/ John M. O'Driscoll _____
                                         One of its attorneys

John M. O'Driscoll (#6237793)
TRESSLER LLP
550 East Boughton Road, Suite 250
Bolingbrook, IL 60440
T: (630) 343-5209
jodriscoll@tresslerllp.com
*Attorney for Defendant City of Joliet*

## **CERTIFICATE OF SERVICE**

I, Patricia Loera, a non-attorney, hereby certify that on November 9, 2021, a copy of **CITY OF JOLIET'S MOTION TO STRIKE PLAINTIFF'S REQUEST TO ADMIT FACTS** was served on all counsel of record via the Court's CM/ECF system.

                                                By:    /s/ Patricia Loera
                                                                Patricia Loera, Legal Assistant
                                                                TRESSLER LLP