UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CASSANDRA SOCHA,** | ) |
| | ) Case No. 18 CV 05681 |
| **Plaintiff,** | ) |
| | ) Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate M. David Weisman |
| **City of Joliet, a municipal corporation,** | ) |
| **Edward Grizzle, John Does 1 – 20,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO ISSUE NOTICES OF RULE 30(b)(6) DEPOSITION AND DEPOSITION OF SABRINA SPANO AND TO TAKE RULE 30(b)(6) DEPOSITION OF DEFENDANT CITY OF JOLIET AND SABRINA SPANO**

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, and pursuant to the Court's 12 December 2018 Order (Doc 35) referring the supervision of discovery to the assigned Magistrate Judge and FRCP 16, Plaintiff states as her Motion for Leave to Issue Notice of Rule 30(b)(6) Deposition Sabrina Spano and to Take Rule 30(b)(6) Deposition of Defendant City of Joliet and Sabrina Spano:

The Court will recall generally that plaintiff asserts claims arising out of the 17 May 2018 seizure and subsequent duplication and republication of private images from her personal cell phone. Deposition testimony to date has revealed that Al Roechner, defendant's former Chief of Police and, before that, Deputy Chief of Investigations, made or had made for him several copies of the downloaded contents of plaintiff's cell phone, including the private images, and that he kept these on several different cell phones and/or computer devices in his private office and contrary to the Joliet Police Department's normal evidence handling procedures. Discovery has further established that during the period mid-August '18 to mid-December 2018, defendant City of Joliet ("City") commissioned a forensic examination of selected cell phone and computer devices by the Chicago Regional Computer Forensics Laboratory ("CRCFL") that Roechner directed and to which

Roechner himself called a halt. (See generally Botzum deposition testimony). Finally, deposition testimony of Joliet Police Department Sgt. Shawn Stachelski has revealed that, concurrent with the commencement of the CRCFL forensic work, Roechner directed the department's IT officer, Phillip Bergner, to dispose of Roechner's phone(s).

On 19 August 2021, City served its Answers to Plaintiff's 2d Supplemental Interrogatories (Ex. A) in which it identified one cell phone and one lap top computer as having been issued to Roechner between 17 May 2018 and the termination of his employment with City. Then, on 22 December 2021, concurrent with serving its Response to Plaintiff's Request to Admit Facts (Ex. B), City also served its Supplemental Answer to Plaintiff's Supplemental Interrogatories (Ex. C) in which it identified for the first time yet another cell phone as having been issued/assigned to Roechner during the relevant period. Presumably, this newly identified cell phone is basis for the City's denial, in response to plaintiff's Requests to Admit, that no such devices were submitted by City to CRCFL for forensic examination.

Circumstance surrounding the handling of Roechner's cell phone(s) and/or computer(s) is suspicious, to say the least. Specifically, what appear to be proactive efforts on his part to evade the CRCFL forensic examination of cell phone(s) and/or computer device(s) assigned/issued to him by City and/or personally owned by him are, at this point, highly suspect. They are made more so by the City's "eleventh hour" discovery and disclosure of a cell phone purportedly issued by City to Roechner but not disclosed by City as such when it answered plaintiff's interrogatories in August of 2021, even though such disclosure was then plainly responsive. How and/or why, just three months later, City conveniently discovered this new cell phone warrants inquiry.

Plaintiff intends to attempt to try to make sense of this by way of a Rule 30(b)(6) deposition of City pursuant and a deposition of Sabrina Spano, proposed forms of notices for which are attached to this Motion as Ex. D and E. We have tried to tailor the Rule 30(b)(6) notice narrowly

2

to focus these specific issues. It is the furthest thing from a "fishing expedition," as it is investigation suggested by the deposition testimony and discovery referenced at the beginning of this motion. By its 31 August and 23 November 2021 Orders (Docs 196 and 212), the Court has twice explicitly left discovery relating to the CRCFL forensic investigation open. So this discovery is timely.

Per Rule 37 counsel engaged in a meet/confer relating to the issues raised in this Motion on January 4, 2022. Counsel for City was not prepared to agree to this and said "do what you've got to do." So we are at an impasse.

WHEREFORE, Plaintiff moves for entry of an Order allowing her leave to Issue Notice of Rule 30(b)(6) Deposition Sabrina Spano and to Take Rule 30(b)(6) Deposition of Defendant City of Joliet and Sabrina Spano.

        /s/ Hall Adams
One of Plaintiff's Attorneys

Hall Adams
Law Offices of Hall Adams LLC
33 North Dearborn Street, Suite 2350
Chicago, Illinois 60602
T: (312) 445-4900
F: (312) 445-4901
Attorneys I.D. #6194886

3