IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal corporation, EDWARD GRIZZLE, and JOHN DOES 1-20, | ) ) ) | Magistrate M. David Weisman |
| | ) | |
| Defendants. | ) | |

**CITY OF JOLIET'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ISSUE NOTICES OF RULE 30(b)(6) DEPOSITION AND DEPOSITION OF SABRINA SPANO AND TO TAKE RULE 30(b)(6) DEPOSITION OF CITY OF JOLIET AND SABRINA SPANO**

Defendant, the CITY OF JOLIET, by and through its attorneys, TRESSLER LLP, and for its Response in opposition to the Plaintiff's Motion for Leave to Issue Notices of Rule 30(b)(6) Deposition and Deposition of Sabrina Spano and to take Rule 30(b)(6) deposition of City of Joliet and Sabrina Spano, states as follows:

**Introduction**

Plaintiff's belated motion must be denied. Plaintiff's Rule 30(b)(6) request for depositions of City representatives and Sabrina Spano (City's corporate counsel) concerning "how and/or why" the City supplemented its discovery answers on December 22, 2021 is improper and should be denied. Specifically, after the discovery deadline has passed, the Plaintiff is now seeking to dig into "how and/or why" the City discovered that the Samsung cell phone (Model SM-G930V, Serial Number: R38J200G6WL) listed on the RCFL records at Bates Nos. (CITY00079-80) (records previously produced in discovery) was issued/assigned to Alan Roechner (former deputy chief of investigations). The answer is straight-forward as discussed below. As previously disclosed in

discovery, at the time of the events in question, the City did not keep any master list or other record identifying which cell phones or computers were issued/assigned its police officers in the investigations unit.

Importantly, at the time the City prepared its discovery answers on August 19, 2021, Alan Roechner was no longer an employee of the City and despite outside counsel's best efforts to interview Roechner to gather facts with respect to this matter, the witness declined to cooperate. On November 23, 2021, over the City's objection to more discovery, the Court ordered the City to respond to Plaintiff's request to admit facts. Specifically, the plaintiff asked the City (for the first time) to either admit or deny that "no cell phone assigned or issued by defendant City of Joliet to Al Roechner was submitted by City of Joliet to the Chicago Regional Computer Forensic Laboratory ("CRCFL") for forensic examination." (Dkt.217-3) In order to comply with the court's directive to the City to answer Plaintiff's Rule 36 request to admit facts, the City's outside defense counsel (Tressler LLP) investigated the specific factual request regarding whether any cell phone belonging to Roechner was submitted to the RCFL for investigation. Based on its investigation, which included factual information provided by Alan Roechner (not previously known or available), the City discovered: 1) Roechner did in fact submitted his work-issued phone to the RCFL for forensic examination, and 2) the make, model and serial number of Roechner's work-issued phone (Samsung, SM-G930V, R38J200G6WL) was included in the RCFL's record of devices received (Item CGRCFL122427) from the City of Joliet at (Bates Nos. CITY 00079-80) (RCFL records previously produced in discovery).

The City's answers to Plaintiff's Rule 36 Request to Admit Facts were based in part on this factual information. The City's Request to Admit Facts are signed by the City's Corporate

Counsel, Sabrina Spano as is permitted under the federal rules. Said responses were served upon Plaintiff on December 22, 2021. (Dkt. 217-3)

**The City Promptly Disclosed Discovery of Facts Not Previously Known or Readily Available**

Some background is important to understand the history of discovery on this topic. First, shortly before the close of fact discovery on July 31, 2021, the Plaintiff served the City with Second Supplemental Interrogatories asking the City to "identify the make, model, and serial number (sic) each and every cell phone and/or other computer device issued to and/or disposed of by Alan Roechner on/after 17 May 2018 until the date of his retirement." Plaintiff also served the City with a Sixth Supplemental Document Request requesting the same information. At the time of the City's responses on August 19, 2021 to plaintiff's "eleventh-hour" discovery, the City disclosed, based on information and belief, that Roechner turned in a cell phone to the City of Joliet at the end of his employment with the City and identified the make/model (iPhone XR) and serial number F2LXM5QAJXL6. The City also disclosed that it did not have any documents in its possession responsive to the related document request. The City's responses were true and correct to the best of the City's knowledge, information, and belief as of August 19, 2021.

As discussed above, the factual information included in the City's answers to request to admit facts and supplemental discovery answers was not previously known or readily available to the City despite its best efforts to investigate the factual allegations in this matter. The City discovered the factual information pertaining to Roechner's work cell phone noted above upon further investigation in accordance with its duty to make a reasonable inquiry under Rule 36. To be clear, at all times relevant, Mr. Roechner, a former employee of the City, has never been represented by Tressler LLP in this matter including at his deposition pursuant to subpoena which the plaintiff took on June 21, 2021. Even though the City is under no obligation to track down

former employees for purposes of responding to a Request to Admit Facts, the City did so, and was able to secure Mr. Roechner's cooperation which in turn revealed the factual information at issue in the pending discovery motion. *See Dubin v. E.F. Hutton Group, Inc.,* 125 F.R.D. 372 (S.D. N.Y. 1989) (Defendant not required to interview former employees as part reasonable inquiry for Rule 36 request to admit facts.)

**Plaintff had Ample Opportunity to Discover this Information Before the Close of Fact Discovery**

Plaintiff had ample opportunity to conduct discovery on this issue before fact discovery closed five months ago. Unfortunately for the Plaintiff, her own counsel's conduct created the problem for which she now seeks relief. First, Plaintiff has had the RCFL records (produced by the City) for many months which listed the makes, models and serial numbers of all the cell phones submitted to and/or examined by the RCFL. Moreover, the plaintiff took eighteen depositions of fact witnesses including Alan Roechner where he could have got to the bottom of this issue. In fact, on June 21, 2021, the Plaintiff took the deposition of Al Roechner and asked him a number of questions about the witness' role in the RCFL investigation.[1] Curiously, the Plaintiff did <u>not</u> ask Roechner: 1) whether his work cell phone or computer were listed among the devices set forth in the RCFL records, or 2) whether Roechner in fact submitted his work cell phone to the RCFL for their forensic examination. Had Plaintiff's counsel asked Roechner these two simple questions, he would have discovered the information he now seeks in Rule 30(b)(6) depositions.

Perhaps Plaintiff's counsel deliberately chose not to ask these questions as a tactical decision. Either way, Plaintiff's counsel should not now be permitted to impose the undue burden

---

[1] Roechner appeared for his deposition by subpoena and was not represented by the City's counsel nor has this former employee witness been in the City's control).(A copy of the 152- page transcript of Roechner's deposition will be submitted to the court for in camera review upon request as it is designated confidential pursuant to the protective order in place in this matter (Dkt. 43).

4

and expense of more depositions on the City due to a failure to explore the factual matters at issue with the very witness who had personal knowledge of these matters at this late stage of the proceedings.

**<u>Plaintiff's Undue Delay Should Not Be Rewarded</u>**

Plaintiff should not be permitted to take more depositions (five months after the close of fact discovery) on grounds of undue delay. Plaintiff has taken **eighteen (18)** fact depositions in this case including Mr. Roechner's as discussed above. The discovery he now seeks could have been accomplished within the generous discovery schedule set by the Court. As this court may recall, one of the Plaintiff's theories in this case is based on hearsay testimony from a member of the Joliet Police department, who claims that she heard from another member of the department, that Roechner allegedly asked this other person to "clean his phone" before the RCFL came in to do their investigation. The City disputes this allegation. Plaintiff's unsubstantiated theory is based on her belief that Roechner's work phone and computer contained downloaded private images of her as set forth in her First Amended Complaint.

The timing of Plaintiff's belated discovery on this issue (Request to Admit Facts and now more deposition notices) is also questionable. First, the Court will recall that the Plaintiff attempted to name Roechner (among others) as a defendant under a spoliation of evidence theory after the close of discovery. However, Plaintiff's failure to timely pursue his claim against Roechner (and other Doe defendants) resulted in a denial by the District Court to add Roechner as a defendant. (Dkt. 205) Plaintiff should not be allowed to do more discovery now as an end-run around this Court's July 31, 2021 discovery order and the District's Court's order denying Plaintiff leave to add new defendants and do more discovery.

**Plaintiff's Discovery Request Does Not Relate to the RCFL Subpoena or Rule 30(b)(6) Deposition of RCFL Witness**

Plaintiff's contention that her Rule 30(b)(6) notices directed at the City and request for deposition of the City's corporate counsel, Sabrina Spano relate to the discovery left open by this Court relating to the RCFL's investigation (Dkt. 196) is without merit. Indeed, plaintiff's belated discovery has absolutely nothing to do with the RCFL's forensic examination or the subpoena directed at the RCFL which is why this Court left discovery open including a possible Rule 30(b)(6) deposition of a RCFL representative. It is undisputed that Plaintiff issued his records subpoena directed at the RCFL in May, 2021. Plaintiff did not actively pursue the RCFL subpoena after it was returnable on May 27, 2021. If there were any communications with the RCFL that may shed light on the delay, they have not been produced to defense counsel. Nor has Plaintiff produced any additional records beyond what the City had produced in discovery months before depositions were taken in this case. Interestingly, the plaintiff chose not to take a Rule 30(b)(6) deposition of any RCFL representative despite being given several months to do so. Following months of inactivity, Plaintiff turned his attention back to the City and served a Request to Admit Facts directed at the very issues he could have inquired about at Roechner's deposition or much earlier in discovery but did not do so for whatever reason.

The requested Rule 30(b)(6) depositions directed at the City and its corporate counsel have nothing whatsoever to do with the limited carve out to fact discovery relating to the RCFL's investigation. Notably, none of the proposed Rule 30(b)(6) topics are directed at the RCFL or the *RCFL's* forensic examination. Rather, topics in Plaintiff's notice (Dkt. 217-5) improperly seek discovery on unrelated matters including: 1) date(s) of issuance/assignment of the iPhone XR cell phone and Lenovo ThinkPad X1 computer that Mr. Roechner turned in at the end of his employment with the City (described in the City's August 19, 2021 discovery answer); 2) the

City's investigation of topic 1; 3) date of issuance/assignment of the Samsung cell phone discussed above; 4) the City's investigation of topic 3; 5) identity of any cell phone or other computer device owned by or belonging to Roechner submitted by the City to the RCFL; and 6) the City's investigation that forms the basis of the City's Request to Admit responses. As such, the Rule 30(b)(6) deposition notices and deposition of the City's corporate counsel should be not be allowed.

**City's August 19, 2021 Discovery Disclosures Were Accurate and Complete Based on the Information Known at that time.**

The City takes issue with the Plaintiff's suggestion that its discovery disclosures dated August 19, 2021 were inaccurate or incomplete. It is this faulty assumption on which Plaintiff's request for Rule 30(b)(6) depositions is based. On January 14, 2022, the parties had a meet and confer to try to resolve this issue. Plaintiff refused to back off his unfounded position that when the City answered interrogatories in August that it did so "incompletely/inaccurately" and he needs depositions to determine how/why this happened. First and foremost, the City's answers were not inaccurate or incomplete as the plaintiff contends. Rather, as discussed above, at the time the City prepared its answers in August it did not know that the specific entry in the RCFL records at CITY Bates Nos. 79-80 was in fact the work cell phone issued/assigned to Roechner at the time of the RCFL's investigation. However, as soon as the City discovered this information it was disclosed to Plaintiff in the City's Answer to Request to Admit Facts and Supplemental discovery responses. The City supplemented its prior discovery responses in a timely manner in accordance with Federal Rule 26(e).

Notwithstanding the fact that Plaintiff's request is improper and in reality driven by her own counsel's strategic decision not to discover the information from Roechner himself when he gave a deposition in this matter (almost seven months ago), the City offered to answer written

7

interrogatories directed at the City on this topic within 7 days. The plaintiff refused the City's offer. The parties attempt to meet and confer to resolve the plaintiff's discovery motion were not successful.

WHEREFORE, for the reasons set forth above, the City of Joliet prays for entry of an order striking and dismissing the Plaintiff's Motion for leave to Issue Rule 30(b)(6) deposition notices and deposition of Sabrina Spano.

Respectfully submitted,

CITY OF JOLIET

By: /s/ John M. O'Driscoll
One of its attorneys

By: /s/ Darcy L. Proctor
One of its Attorneys

John M. O'Driscoll (#6237793)
Darcy L. Proctor (#6199731)
James J. Hess (#6306162)
TRESSLER LLP
550 East Boughton Road, Suite 250
Bolingbrook, IL 60440
T: (630) 343-5209
jodriscoll@tresslerllp.com
*Attorney for Defendant City of Joliet*
4876-5745-9722, v. 1