IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | Case No. 18 C 5681 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| CITY OF JOLIET and EDWARD GRIZZLE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons set forth below, the Court denies the plaintiff's motion for leave to issue notices of Rule 30(b)(6) deposition and deposition of Sabrina Spano and to take Rule 30(b)(6) deposition of defendant City of Joliet and Sabrina Spano (ECF 217) but grants other relief as described further in this Order.

**Discussion**

Plaintiff's request is a classic example of "discovery about discovery."[1] While there is not a general prohibition of "discovery about discovery," such inquiries are generally reserved for limited circumstances. *See, e.g.*, *Gross v. Chapman*, 20202 WL 4336062, *2 (N.D. Ill. 2020) ('[w]hile most courts acknowledge that discovery about discovery can be appropriate under certain circumstances, those circumstances are limited to times when one party's discovery compliance has reasonably been drawn into question, [so] that there is an adequate factual basis for an inquiry" and collecting cases) (internal citations and quotation marks omitted).

In the instant case, accepting Plaintiff's view of the facts, Defendant has fully complied with its discovery obligations. Plaintiff is simply interested in finding out what took so long. In its response to Plaintiff's 2nd Supplemental Interrogatories, the City identified one cell phone and one lap top computer as having been issued to City's former Chief of Police ("COP"), Alan Roechner, between May 17, 2018, and the termination of his employment with the City. (ECF 217, Exhibit A at 2). Initially, Defendant did not fully identify all cell phones issued to COP Roechner that were submitted to the RCFL. Then, in December 2021, after further discovery had occurred (likely leading Defendant to realize its response was not complete), Defendant (as required by Federal Rule of Civil Procedure 26(e)(1)) supplemented its response to the supplemental interrogatory of: "With respect to each and every computer and cell phone submitted by Joliet Police Department to RCFL for examination and forensic analysis as referenced in Botzum deposition exhibits 5-10, and by reference

---

[1] Plaintiff's own description of what she is trying to accomplish by this late-in-the-game discovery makes clear the focus and purpose of this requested discovery. *See* ECF 217 at 2 ("How and/or why, just three months later, City conveniently discovered this new cell phone warrants inquiry.").

1

to the same identifying information used for each such device in those deposition exhibits, identify the owner of the device at the time of its submission to RCFL for examination, and, if the City of Joliet and/or Joliet Police Department was the owner of any such device, identify the employee/police officer to whom each such device was issued/assigned." (ECF 217, Exhibit C at 1). In its answer, Defendant identified an additional cell phone, not previously disclosed, that had been issued/assigned to COP Roechner which was presented to the Chicago Regional Computer Forensics Laboratory ("RCFL") for examination. The Plaintiff may be curious as to how this all evolved, but curiosity is not enough. Plaintiff fails to show that the City failed to comply with its discovery obligations. True, the City provided a supplemental disclosure that the Plaintiff believes is significant, but parties routinely supplement their discovery answers – especially here, where further developed discovery leads one party to more closely examine an issue that (perhaps) was not previously fully understood.

As to the deposition of the Corporation Counsel for the City of Joliet, Sabrina Spano, Plaintiff does not explain why Ms. Spano's deposition is even relevant. Other than Ms. Spano verifying the City's August 2021 interrogatory answers to the Plaintiff's 2nd Supplemental Interrogatories (ECF 217, Exhibit A at 3), verifying the City's December 2021 answers to Plaintiff's request to admit facts (ECF 217, Exhibit B at 2), and verifying the City's December 2021 supplemental interrogatory answers to plaintiff's supplemental interrogatories (ECF 217, Exhibit C at 3), Plaintiff makes no showing that Ms. Spano has personal knowledge of any relevant matter. *See* Fed. R. Civ. P. 33(b)(1)(B) (noting that interrogatories must be answered by an "officer or agent" of a public corporation who must furnish the information available to the party); *Shepherd v. American Broadcasting Companies*, 62 F.3d 1469, 1482 (D.C. Cir. 1995) (explaining how Rule 33 permits a corporate representative to verify answers to interrogatories without personal knowledge of every answer provided) (collecting cases).

As to Plaintiff's Rule 30(b)(6) deposition request, most of the areas of inquiry do not relate to the limited discovery area of RCFL that remains open (*See* ECF 212). Topic #1 relates to the dates that COP Roechner may have been assigned various electronic equipment. (ECF 217, Exhibit D at 1). While some of this equipment may have been examined by personnel at the RCFL, the interrogatory deals with assignment of equipment by the City, not the work done by the RCFL. Similarly, Topics #2, #3, #4 and #6 (*Id.* at 1-2) seek information on the investigation conducted by the City to link electronic equipment to COP Roechner (Topics #2 and #4) and when such equipment was assigned to COP Roechner (Topics #3 and #6), which is far afield from the work done by the RCFL. Topic #5 seeks "any cell phone or other computer device owned by or belonging to [COP Roechner]" that was submitted to the RCFL. While this topic is more related to the RCFL, to conduct a Rule 30(b)(6) deposition to get an answer to a factual issue that could be resolved through other discovery seems unduly burdensome, cumulative, and fails to comport with the efficiency mandate of Federal Rule of Civil Procedure 1. Therefore, Plaintiff's request for a Rule 30(b)(6) deposition to answer one straightforward question is denied. The Court will, however, give Plaintiff leave to issue one interrogatory directed at ascertaining the same information. Any interrogatory must be issued within 7-days of this Order. Further, the City is directed to answer the interrogatory received within 7-days of receipt. *See* Fed. R. Civ. P. 33(b)(2).

## Conclusion

For the reasons stated above, the Court denies the plaintiff's motion for leave to issue notices of Rule 30(b)(6) deposition and deposition of Sabrina Spano and to take Rule 30(b)(6) deposition of defendant City of Joliet and Sabrina Spano (ECF 217) but grants other relief as described further in this Order.

**SO ORDERED.**                              **ENTERED: January 31, 2022**

**M. David Weisman**
**United States Magistrate Judge**