UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| | ) Case No. 18 CV 05681 |
| Plaintiff, | ) |
| | ) Honorable Judge Jorge L. Alonso |
| v. | ) |
| | ) Honorable Magistrate M. David Weisman |
| City of Joliet, a municipal corporation, | ) |
| Edward Grizzle, John Does 1 – 20, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR *IN CAMERA* INSPECTION OF AND PRODUCTION OF DOCUMENTS AND WITHHELD PURSUANT
TO CLAIMS OF PRIVILEGE BY DEFENDANT CITY OF JOLIET**

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, and pursuant to Fed. R. Civ. P. 37(a)(3)(B) and the Court's 1 February 2022 Order (226), states as follows for her Motion for *In Camera* Inspection and Production of Documents and Withheld Pursuant to Claims of Privilege by Defendant City of Joliet:

On 24 January 2022, Defendant City of Joliet ("City") produced a privilege log identifying five documents, a copy of which is attached as Ex. A to this Motion. Evidently, four of those documents were listed in an earlier privilege log produced by City.

Plaintiff takes issue with the privileges asserted with respect to each of the five documents. We address each of these documents *seriatim*.

*Meet/Confer*

Pursuant to Fed. R. Civ. P 37(a)(1) and LR 37.2, the undersigned certifies that on 10 February 2022, he conferred by telephone with counsel for Defendant City of Joliet ("City"), Darcy Proctor and Jim Hess, in a good faith but unavailing effort to resolve the discovery issues raised in this Motion, as to which Plaintiff and City remain at impasse.

City's counsel's participation was the furthest thing from "good faith." As a condition of participating in the telephone conference, Ms. Proctor insisted that Plaintiff's counsel first submit a

written agenda. Plaintiff's counsel obliged. Then, by email reply to the agenda, Ms. Proctor conveyed City's counsels' refusal to engage any "meet/confer" regarding the previously logged documents that are listed again on this new/supplemental privilege log. During the 10 February telephone conference, Ms. Proctor reiterated City's defense counsels' refusal to discuss the first four listed documents and stated, in response to Plaintiff's counsel's question, that City would also not consider producing the last document under any circumstances. The conference lasted less than 60 seconds.

### CITY00003

We know from previous discovery that author Christopher Regis, a lawyer, was the City's Inspector General who investigated the events Plaintiff's Complaint but was not, in his capacity as Inspector General, should not have been providing legal advice to City respecting the defense of Plaintiff's claims. He is not City's counsel of record in this action. Nor did Regis have any attorney-client relationship with Lt. Marc Reid, a Joliet Police Department officer. In 2018, Reid served in an Internal Affairs Investigations role but was not part of City's "control group." Notably, all of Regis' notes of his interviews of various Joliet Police Department officers, including Reid, have been previously produced by City in this litigation.

Accordingly, we take issue with the assertion of the Attorney-Client privilege, as no relevant attorney-client relationship appears to apply this document. Likewise, a document shared with a non-attorney such as Reid could not be an attorney's "work product." More, either privilege has been waived by the passage time without asserting it and based on City's prior production of Regis' interview notes and file materials.

### CITY00004

The author, Lindsey Heavener, is a non-lawyer and retired Joliet Police Department Sergeant. Plaintiff is hard-pressed to understand how a communication authored by a non-lawyer and transmitted to a non-lawyer who is not within City's "control group" could be construed as an

"attorney-client" communication since it is a communication that involves neither an attorney nor a client. Likewise, something authored by a non-lawyer can't be protected as attorney work product.

### CITY0004 (sic)

Except for "Robert Hall", none of the recipients of this document as shown on the privilege log are identified on the ARDC website as Illinois lawyers. The ARDC site lists three different Robert Hall. Information available on-line suggests no attorney-client relationship between any of those three "Robert Halls" and City, much less one relating to this case. So, neither the attorney-client communications privilege nor the attorney work product privilege

appears to protect this document from disclosure.

### CITY00117

Recipient John O'Driscoll is an attorney with an Appearance on file for City on file in this case. Alan Roechner, the author of the document, was either the Dep. Chief, Acting Chief, or Chief of Police when this document was authored but was not, in any of those roles, within the City's "control group", Roechner is not separately represented by O'Driscoll in this case. O'Driscoll's client in this case is City not Roechner. There does not appear to be any attorney-client relationship supporting the asserted privilege.

### CITY01132

The author and all of the recipients are lawyers. Spano is City's Corporation Counsel, but also a witness in her individual capacity in that she has verified certain of City's discovery responses, at least one of which we have now demonstrated was incomplete and false when she verified it. Whether City's defense counsel of record in this case were communicating with Spano in her capacity as signatory of the discovery responses, an individual role, cannot be determined without review of the document. Specifically, whether this is Hess reporting to Spano on his findings or otherwise advising her in her capacity as City's Corporation Counsel or directing her "testimony"

(i.e., verification of discovery responses) is a meaningful distinction that requires review. Spano had an independent duty under to investigate the accuracy of the responses to which she was attesting.

WHEREFORE, Plaintiff moves for entry of an Order directing City to produce documents withheld as privileged identified in its privilege log as CITY00003, CITY00004, CITY00004 (sic), CITY00117, and CITY01132 to the Court for its *in camera* inspection and to Plaintiff as the Court may then direct.

/s/ Hall Adams
One of Plaintiff's Attorneys

Hall Adams, Esq.
Law Offices of Hall Adams LLC
33 North Dearborn Street; Suite 2350
Chicago, IL 60602
T: (312) 445-4900; F: (312) 445-4901
ARDC: 6194886