IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 cv 05681 |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| CITY OF JOLIET, an Illinois municipal corporation, and EDWARD GRIZZLE | ) ) | Magistrate M. David Weisman |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CITY OF JOLIET'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR *IN CAMERA* INSPECTION

Defendant the CITY OF JOLIET ("City") by its attorneys, TRESSLER LLP, and for its Response in Opposition to the Plaintiff's Motion for *In Camera* Inspection, states as follows:

Plaintiff counsel's untimely and overbroad motion must be denied. Respectfully, Plaintiff counsel has had most of the privilege log in his possession for years and now seeks to harass the City. What's more is Plaintiff counsel deliberately did not mention to the Court at the last status on February 2, 2022, that he intended to seek *in camera* review of four documents (CITY 0003, CITY 00004 (both entries) and CITY00117) that he was aware had been included on prior privilege logs, and that he had done absolutely nothing with until now. Plaintiff counsel's efforts to mislead this court are totally improper and should not be tolerated. Consistent with Plaintiff counsel's statements at the February 2, 2022, hearing and the Court's Order of the same date, the only document at issue is CITY01132, which is the only "recently claimed privileged" document. The City stands on its assertion that CITY01132 is subject to the attorney-client privilege and work product exemption.

**Background**

Plaintiff's motion comes on the heels of the Court's order from the February 2, 2022, status conference where Plaintiff counsel raised issue with the City's recently claimed privileged document. Following the hearing, the Court entered an order stating, "Any motion addressing the recently claimed privileged documents must be filed by 2/18/22." (Dkt. 226). On February 18, 2022, Plaintiff filed its motion, requesting the Court to enter an order directing the City to produce all five documents it has identified and withheld as privileged.

The City recently identified and asserted a claim of attorney-client privilege and work product exemption pertaining to CITY01132 (an e-mail communication between defense counsel and the City's Corporation Counsel dated December 21, 2021). Claims of privilege with respect to CITY00003, CITY00004 (both entries) and CITY00117 were identified on the City's prior privilege logs and made well over a year ago, and in some cases as early as 2019. In its initial privilege log and in each subsequent log, the City has consistently maintained and asserted claims of privilege with respect to each document Plaintiff is now, belatedly, trying to put at issue.

Plaintiff's untimely attempt to raise issues with these documents now is <u>not</u> what was represented to the Court at the February 2, 2022, hearing, nor is it within the scope of the Court's Order. As a result, Plaintiff's motion with respect to CITY00003, CITY00004 (both entries) and CITY00117 is both untimely and outside the scope of the Court's Order and therefore must be denied. With respect to CITY01132 (December 2021), the City stands on its claim of privilege on the basis of attorney-client privilege and the work product exemption.

**City's Privilege Logs**

Over the course of the case, and in response to MIDP document production and Plaintiff's discovery requests, the City produced a privilege log to Plaintiff on four occasions. Three of the

five documents with which Plaintiff's raises issue, CITY00003 and CITY00004 (both entries), were identified on all four of the City's privilege logs and have been known to defendant for over 2 years. The fourth document, CITY00117, was first identified on the City's second privilege log over a year and a half ago and has been identified on each of the subsequent privilege logs. Only the fifth document, CITY01132, was recently identified on the City's amended privilege log, produced to Plaintiff on January 24, 2022.

### City's Initial Privilege Log – January 25, 2019

On January 25, 2019, the City served Plaintiff with an initial privilege log corresponding to the City's MIDP document production, a copy of which is attached as Exhibit A. The City filed a Notice of Filing and Certificate of Service on the same date. (Dkt. 46). The City identified, among others, CITY00003 and CITY00004 (both items) and cited "Attorney-Client Privilege / Work Product Doctrine" as the basis for withholding of each document. *See* Exhibit A. Plaintiff did not raise issue with any of the City's claims of privilege at the time or at any time in 2019, 2020, or 2021 until now.

### City's Supplemental Privilege Log – September 25, 2020

On September 25, 2020, the City served Plaintiff with an updated privilege log corresponding to the City's response to Plaintiff's supplemental requests to produce, a copy of which is attached as Exhibit B. The City filed a Notice of Filing and Certificate of Service on the same date. (Dkt. 114). The City again identified CITY00003 and CITY00004 (both items) and cited the same "Attorney-Client Privilege / Work Product Doctrine" as the basis for withholding of each document. *See* Exhibit B. The City identified CITY00117 and cited "Law Enforcement Investigatory Privilege for pending investigation no. J1-18-0007242-001" and "Attorney-Client Privilege" as the basis for withholding. *Id*.

3

On October 14, 2021, Plaintiff filed a Motion for *In Camera* Inspection of and Production of Documents and Withheld and to Compel Answers to Interrogatories Objected to Pursuant to Claims of Privilege by Defendant City of Joliet (Dkt. 116). Plaintiff raised issue with the City's claimed privilege of CITY00001-2, 5, 6-13, 51-116, 118-120, 155 and 156-194. Plaintiff's Motion did <u>not</u> raise issue with CITY00003, CITY00004 (either item) or CITY000117. Plaintiff did not raise these as issues in 2020 or 2021 until now.

### City's Amended Privilege Log – January 22, 2021

On December 30, 2020, the Court entered an Order with respect to Plaintiff's Motion for *In Camera* Inspection (Dkt.125). Pursuant to the Court's Order, the City furnished certain documents to Plaintiff along with an Amended Privilege log on January 22, 2021, a copy of which is attached as Exhibit C. The City again identified CITY00003 and CITY00004 (both items) and cited the same "Attorney-Client Privilege / Work Product Doctrine" as the basis for withholding of each document. *See* Exhibit C. The City again identified CITY00117 and cited "Attorney-Client Privilege" as the basis for withholding. *Id*. The City filed a Notice of Filing and Certificate of Service on the same date. (Dkt. 129). Plaintiff did not raise issue with any of the City's claims of privilege at the time during 2021 until now.

### City's Supplemental Privilege Log – January 24, 2022

On January 25, 2022, the City served Plaintiff with an updated privilege log corresponding to the City's supplemental responses to Plaintiff's Interrogatories, MIDP, and Requests to Produce, a copy of which is attached as Exhibit D. The City filed a Notice of Filing and Certificate of Service on the same date. (Dkt. 222). The City again identified CITY00003 and CITY00004 (both items) and cited the same "Attorney-Client Privilege / Work Product Doctrine" as the basis for withholding of each document. *See* Exhibit C. The City again identified CITY00117 and cited

"Attorney-Client Privilege" as the basis for withholding. *Id*. The only new document identified in the City's January 25, 2022 updated privilege log was CITY01132 (December 2021 email) for which the City asserted the "Attorney-Client Privilege / Work Product Doctrine" as the basis for withholding.

### Plaintiff had Ample Opportunity to Conduct an Inquiry into the City's Privilege Log Before the Close of Fact Discovery

Plaintiff had ample opportunity to conduct an inquiry into the City's claims of privilege with respect to CITY00003, CITY00004 (both entries) and CITY00117 prior to the close of fact discovery on July 31, 2021. Plaintiff counsel's own dilatory conduct created his newly found apparent angst. Plaintiff counsel has had the City's privilege logs for upwards of two years, has previously filed a motion for an *in camera* review directed at other documents but has never raised or pursued her challenge to CITY00003, CITY00004 (both entries) and CITY 00117 until now.

The timing of Plaintiff's belated request is yet another example of Plaintiff counsel's undue delay with respect to discovery. First, the Court will recall that the Plaintiff attempted to name Roechner (among others) as a defendant under a spoliation of evidence theory after the close of discovery. However, Plaintiff's failure to timely pursue his claim against Roechner (and other Doe defendants) resulted in a denial by the District Court to add Roechner as a defendant. (Dkt. 205). Plaintiff then attempted to seek a 30(b)(6) deposition of the City's corporation counsel with respect to the City's answers to Plaintiff's requests to admit, which occurred after the close of discovery. This Court ultimately denied Plaintiff's request for a 30(b)(6) deposition. (Dkt 225). Once again, Plaintiff counsel should not be allowed an end-run around this Court's July 31, 2021 discovery order. There is no relationship whatsoever between the City's recent identification and claim of privilege for CITY01132 and its long-standing claims of privilege with respect to the four document entries in the City's prior privilege logs which Plaintiff never bothered to pursue while

5

fact discovery was on-going. There is absolutely no justification for allowing the Plaintiff's challenge and request for *in camera* review at this stage of the proceedings.

The City continues to maintain its claims of privilege and work product with respect to CITY00003, CITY00004 (both entries) and CITY00117. Because Plaintiff's requests as to these documents are untimely and well outside of the scope of the Court's February 2, 2022 Order, the City is not required to substantively address its claims of privilege made so long ago. There is no indication that this Court is allowing discovery that sat in Plaintiff counsel's inbox for so long to suddenly be reopened. In the event this Court disagrees, the City would request an opportunity to substantively address Plaintiff's issue in a subsequent response.

## <u>CITY01132</u>

The City only recently identified and asserted a claim of privilege and work product pertaining to CITY01132, a recently created document. As indicated on its January 24, 2022 privilege log, CITY01132 is e-mail correspondence between defense counsel and the City's Corporation Counsel Sabrina Spano, dated December 21, 2021. The City has asserted both the attorney-client privilege and work product exemption. In support of the claims of confidentiality, the City has attached a declaration of the author of the document at issue. *See* Exhibit E. Both applicable bases for confidentiality are further discussed below.

### Attorney-Client Privilege

The City first asserts that CITY01132 is subject to the attorney-client privilege. The attorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purposes of obtaining legal advice. *See Upjohn Co. v. United States*, 449 U.S. 383, 394-99, 101 S.Ct. 677 (1981). The privilege belongs

6

to the client, although an attorney may assert the privilege on the client's behalf. *See United States v. Smith*, 454 F.3d 707, 713 (7th Cir.2006).

The correspondence in question was authored by the City's defense counsel, James Hess. Mr. Hess is an attorney of record for the defense, having filed his appearance on June 6, 2020 (Dkt. 101). There is no dispute amongst the parties that the recipient of the e-mail, Sabrina Spano, is an Illinois licensed attorney that serves as Corporation Counsel for the City of Joliet. The City's two other defense attorneys in this matter, John O'Driscoll and Darcy Proctor, are included on the client communication. Mr. O'Driscoll is an attorney of record for the defense, having filed his appearance on October 25, 2018 (Dkt. 11). Ms. Proctor is also an attorney of record for the defense, having filed her appearance on April 23, 2021. (Dkt. 143).

Control Group Analysis

In the event this Court applies the "control group" test for Illinois cases, defense counsel's communications with the corporation are privileged only if they are communicating with (1) the decision makers and top management, or (2) direct advisors to top management and the people the decision makers rely on for advice. *See Consolidation Coal Co. v. Bucyrus-Erie Co.*, 89 Ill. 2d 103 (1982). Without question, Sabrina Spano, as Corporation Counsel for the City of Joliet, is both the top legal officer at the City and a decision maker with respect to the instant lawsuit and other lawsuits involving the City. She also advises the Mayor, City Council and other top officials within the City, all of whom rely on her for advice, especially with respect to the instant case. As such, Corporation Counsel Spano is within the control group and the communication at issue is subject to the attorney-client privilege.

Federal Analysis

Should the Court choose not to apply the "control group" test that was rejected in *Upjohn Co. v. United States*, 449 U.S. 383 (1981), and instead apply the less structured definition of corporate client that protects communications between counsel and people outside of the traditional control group, the City's claim of privilege also meets this test. The Seventh Circuit has applied privilege to corporate communications when counsel is communicating with a corporate employee, performing the duties of his or her employment with counsel, even if they are not a member of the traditional control group when:

> "an employee of a corporation, though not a member of its control group, is sufficiently identified with the corporation so that his communication to the corporation's attorney is privileged [1] where the employee makes the communication at the direction of his superiors in the corporation and [2] where the subject matter upon which the attorney's advice is sought by the corporation and dealt with in the communication is the performance by the employee of the duties of his employment."

*Harper & Row Publishers, Inc. v. Decker*, 423 F.2d 487, 491–92 (7th Cir. 1970)

In applying this analysis, Spano is clearly an employee of the City of Joliet. Her role as the City's Corporation Counsel sufficiently identifies her so that, as part of her role she was hired for, she (1) is responsible for communicating with the City's defense counsel regarding this case on behalf of the City and (2) the subject matter and contents of the communication occurred with Spano performing the duties of her employment. Defense counsel Hess has included in his declaration that Spano makes decisions and directly advises the City's top management with respect to this case. *See* Exhibit E. Defense counsel Hess has further declared that he authored CITY01132 and sent it to Spano in her capacity as the Corporation Counsel for the City and as the client-representative, and that it was "his intent and expectation" of both himself and the client that

4885-7562-9073, v. 1

the communication would remain confidential and privileged" pursuant to the attorney-client privilege. *Id*.

Regardless of the analysis by which this Court reviews these facts, the City has demonstrated that the attorney-client privilege applies to CITY01132.

## Work Product Doctrine

The City also asserts that CITY01132 is subject to the work product exemption. Work product protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P 26(b)(3*); Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir.2010). In applying the work product doctrine, some courts have provided an almost absolute protection for documents that contain mental impressions, conclusions, opinions or legal theories of an attorney. *See In re International Systems and Controls Corporation Securities Litigation*, 693 F.2d 1235, 1240 (5th Cir.1982) (citing *In re Murphy*, 560 F.2d 326, 336 (8th Cir.1977); *In re Doe*, 662 F.2d 1073, 1080 (4th Cir.1981); *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1632 (1982)). Defense counsel Hess has included in his declaration that his communication with Corporation Counsel Spano contained in CITY01132 includes his "mental impressions, conclusions, opinions and legal theories" related to this case. *See* Exhibit E.

Unlike the attorney-client privilege, the attorney has an independent privacy interest in his work product and may assert the work product doctrine on his own behalf; the doctrine's protection is not waived simply because the attorney shared the information with his client. *See Hobley v. Burge*, 433 F.3d 946, 949-50 (7th Cir.2006). Here, the protected correspondence (CITY01132) is identified as "Email re Defense Counsel's Investigation." *See* Exhibit D.

In support of the City's assertion that the work-product doctrine protects CITY 01132 from disclosure, the declaration of James J. Hess demonstrates that his communications with Corporation Counsel Spano were intended to remain confidential and protected pursuant to the work product doctrine, and CITY01132 contains his "mental impressions, conclusions, opinions and legal theories" related to this case. *See* Exhibit E.

As demonstrated above, the communication at issue (CITY01132) was made from defense counsel Hess to attorney Spano in her capacity as the City's Corporation Counsel. As such, the contents of the aforesaid communication are subject to the attorney-client privilege and are also protected from disclosure under the work product doctrine. Accordingly, the City stands on its withholding of the document production as stated in its January 24, 2022 amended privilege log.

WHEREFORE, for the reasons set forth above, the City of Joliet prays for entry of an order denying the Plaintiff's Motion for *In Camera* Inspection.

    Respectfully submitted,

    CITY OF JOLIET

    By:    /s/ Darcy L. Proctor
            One of its attorneys

John M. O'Driscoll (ARDC #6237793)
Darcy L. Proctor (ARDC # 6199731)
James J. Hess (ARDC #6301187)
TRESSLER LLP
Counsel for City of Joliet
550 E. Boughton Road, Suite 250
Bolingbrook, Illinois 60440
jodriscoll@tresslerllp.com
dproctor@tresslerllp.com
jhess@tresslerllp.com

10