IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, ) | |
| ) | Case No. 18 C 5681 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| CITY OF JOLIET and ) | |
| EDWARD GRIZZLE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion for In Camera Inspection of and Production of Documents and Withheld Pursuant to Claims of Privilege by Defendant City of Joliet. [ECF #230]. The motion seeks an *in camera* inspection of five documents.[1] For the following reasons, we deny plaintiff's motion.

Four of the documents (CITY 0003, CITY 0004 (both entries), and CITY00117) were identified as privileged and included in defendant City of Joliet's ("City") latest privilege log in 2020. *See* ECF #232 at 3. In other words, plaintiff was aware of the City's assertion of privilege as to these documents in 2020. *After* these documents were claimed as privileged, plaintiff pursued relief as to privilege claims on other documents but did not identify any of these four documents. *See* ECF #116.

Plaintiff's request for review of these four documents comes too late. First, fact discovery closed on July 30, 2021. ECF #166. There have been drips and drabs of discovery-related issues since July 30, 2021, but each area of further discovery has been confined to particular discovery needs based on parties' supplementing their discovery responses, or portions of discovery that still needed to be concluded based on particular subject-matter or timing issues. The privilege claims of these four documents should have been addressed prior to the close of fact discovery. Second, any concerns that plaintiff had related to the City's assertion of privilege as to these four documents should have been included in plaintiff's motion filed in October 2020. Plaintiff's motion to compel, filed on October 14, 2020, was to address any issues "related to Defendant City's responses to written discovery" as of that time. ECF #115. Plaintiff's failure to raise these concerns earlier in the litigation process makes this aspect of the current motion untimely.

---

[1] For reference, the documents are CITY 0003, CITY 0004 (two documents with the same Bates number, colloquially referred to as "CITY 0004 (both entries))," CITY00117, and CITY01132.

As to the document labeled CITY01132, plaintiff's request is timely as the document was recently added to the privilege log. ECF #232 at 2. Although timely, plaintiff's request is substantively without merit. As plaintiff concedes, the email is between the City's Corporation Counsel, Sabrina Spano, and other attorneys involved in this matter. ECF #230 at 3. Plaintiff argues that communication with Ms. Spano may have been in her capacity as a witness (she verified answers to discovery) as opposed to her capacity as an attorney for the City. *Id.* This is a distinction without a difference in the instant case. Ms. Spano's role as a "witness" in this matter was to verify answers to interrogatories, which she fulfilled in her role as the Corporation Counsel for the City. *See generally* Fed. R. Civ. P. 33(b)(1)(B) (requiring an entity to answer interrogatories by an officer or agent of the entity). Putting that issue to the side, the City's assertion of privilege as to CITY01132 based on attorney-client communication and work product doctrine appear to be classic examples of the same. Plaintiff has not raised any concern that would justify an *in camera* review. *See Wier v. United Airlines, Inc.*, No. 19 CV 7000, 2021 WL 1517975, at *16 (N.D. Ill. Apr. 16, 2021) (granting *in camera* review to assess privilege dispute left to the discretion of the court and collecting cases).

## Conclusion

For the reasons explained herein, plaintiff's motion for in camera review [ECF #230] is denied.

**SO ORDERED**     **ENTERED: March 10, 2022**

**M. David Weisman**
**United States Magistrate Judge**