**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CASSANDRA SOCHA, | |
| Plaintiff, | |
| v. | Case No. 18-cv-5681 |
| CITY OF JOLIET, an Illinois Municipal corporation, EDWARD GRIZZLE, and JOHN DOES 1-20 | Honorable Jorge L. Alonso |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
CITY OF JOLIET'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CITY OF JOLIET, a municipal corporation (hereafter the "City"), by and through its attorneys, TRESSLER, LLP, submits the following Memorandum of Law in Support of its Motion For Summary Judgment under its Rule 56 Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c):

## I.      INTRODUCTION

This case arises from a criminal investigation led by Joliet Detective Edward Grizzle ("Grizzle") into whether the Plaintiff, Cassandra Socha ("Plaintiff), a Joliet Police Officer, engaged in the crime of witness intimidation by sending a text message to a testifying witness with the intent to intimidate said witness who gave testimony in a criminal matter involving the Plaintiff's then-boyfriend Nicholas Crowley. During his investigation, Grizzle obtained a search warrant from a Will County Criminal Judge and thereafter searched Plaintiff's phone in accordance with the warrant. As it turns out, Plaintiff's phone contained nude images of herself and Crowley engaging in various sexual acts which Plaintiff claims were shared with members of the Joliet police department.

Plaintiff's First Amended Complaint against the City of Joliet is based solely on Illinois state law privacy torts and alleges claims for intrusion upon seclusion and invasion of privacy/publication of private facts. (ECF No. 60). Count XII of Plaintiff's First Amended Complaint alleges that the City owed a duty to not intrude upon her private affairs and that the City violated such duty by: (1) searching her iPhone without probable cause; (2) providing inaccurate and/or incomplete information in the Grizzle Affidavit in order to obtain a warrant; (3) conducting a search of Plaintiff's iPhone beyond the legitimate or permissible scope of the warrant; and (4) allowing the private images on Plaintiff's iPhone to be viewed and/or (re)recorded by others who lacked either probable cause, a warrant, or a legitimate law enforcement purpose. ECF. No. 60, ¶ 31-32.

In Count XVII, Plaintiff alleges that the City of Joliet invaded her privacy by publishing private facts. ECF. No. 60, ¶ 32. More specifically, Plaintiff alleges the City violated her right to privacy by allowing private images on Plaintiff's phone to be viewed and (re)recorded by others who lacked either probable cause, a warrant, or legitimate law enforcement purpose. *Id.*

Plaintiff fails to present any genuine issue of material fact relating to Counts XII and XVII against the City. Plaintiff presents no evidence that the search was unauthorized or that the City was acting intentionally to intrude into such personal and private matters. Furthermore, Plaintiff has no evidence that the private photographs and/or videos from her phone were made public. Assuming arguendo that Plaintiff could satisfy the elements of the alleged claims, the City of Joliet is entitled to summary judgment based on tort immunity defenses. For the reasons stated herein, the City is entitled to judgment as a matter of law because the evidence in the record does not support Plaintiff's claims.

## II.    FACTS

The City herein incorporates its statement of facts as set forth in its Local Rule 56.1(a)(3) Statement of Undisputed Facts ("L.R. 56.1"), as offered in support of its motion for summary judgment, but provide the following summary of undisputed facts for the Court's convenience.

Plaintiff is employed by the City of Joliet's Department of Police as a Patrol Officer.  (SOF ¶ 2).  Plaintiff and another Patrol Officer, Nicholas Crowley, were dating and living together at the time of the incident. (SOF ¶ 5). On multiple occasions prior to May 2018, Plaintiff used her phone to take sexually explicit videos and photographs of both her and Crowley. (SOF ¶¶ 45, 62). In May 2018, Plaintiff was called to testify as a witness in a criminal proceeding brought against Crowley in the Will County Criminal Court and captioned *People v. Nicholas Crowley.* (SOF ¶ 10). Maria Gatlin, a witness to the events in question, was called by the prosecution to give testimony against Crowley. (SOF ¶ 8). Shortly after Gatlin gave testimony in court, she received a threatening text message from Plaintiff. (SOF ¶ 10). Detective Grizzle investigated this threatening text message and lawfully obtained a search warrant to search Plaintiff's phone that was authorized by the Honorable Sarah Jones of the Will County Circuit Court on May 18, 2018. (SOF ¶ 12).

Pursuant to the lawful search warrant, Detective Christopher Botzum downloaded the contents of Plaintiff's phone onto the Cellebrite system. (SOF ¶ 26). The physical analyzer software parsed the data from Plaintiff's phone into various categories such as texts, photographs, and videos. *Id.* The data was saved on the Cellebrite system where only a limited number of authorized individuals had access within the Joliet Police Department. *Id.*

During the time of this incident, Detective McKinney was one individual who was authorized to use the Cellebrite system but given his inexperience with the system, he was encouraged to engage in informal and independent self-education by opening older extractions,

running a report via the physical analyzer, and exploring the contents of the phone data by utilizing Cellebrite's various functions. (SOF ¶¶ 22, 47). At some point in time between May – June 2018, Detective McKinney opened an unidentified media folder containing images on the Cellebrite system. (SOF ¶ 50). Detective McKinney viewed the first photograph that depicted a nude breast from the shoulders down. *Id.* Detective McKinney was surprised and called Detective McKeon's attention to the photograph. (SOF ¶ 51). Detective McKinney then viewed a second photograph, which contained a picture of Plaintiff's face. (SOF ¶ 51). Upon realizing that the naked photograph depicted the Plaintiff, he immediately logged out of the Cellebrite system and never looked at the photograph again. (SOF ¶¶ 52, 53).

The facts indicate that only Detective McKinney and Detective McKeon viewed Plaintiff's one photograph of a naked breast that they simultaneously learned belonged to Plaintiff. (SOF ¶ 58). Plaintiff's allegations pertaining to the alleged private photographs and videos being spread among the Joliet Police Department are based on inadmissible hearsay, speculation and not supported by the evidence. (SOF ¶¶ 55-61). In fact, Plaintiff admits she has no personal knowledge that anyone at the City has ever seen her private images from her cellphone (SOF ¶ 60).

### III.    STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the court must view all facts and reasonable inferences in favor of the nonmoving party, those inferences must be both reasonable *and* find support in the record. *Samuelson v. LaPorte Cnty. Sch. Corp.,* 526 F.3d 1046, 1051 (7th Cir. 2008). *See also Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010) (emphasis added); *see also Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078

3

(7th Cir. 2005) (the court is not required to accept unreasonable factual inferences). The court is also not required to draw "[i]nferences that are supported by only speculation or conjecture." *Fischer v. Avanade, Inc*., 519 F.3d 393, 401 (7th Cir. 2008) (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)).

Summary judgment must be entered against the non-moving party where that party "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, at 322. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Faas v. Sears, Roebuck & Co*., 532 F.3d 633, 640-41 (7th Cir. 2008). The nonmoving party may not defeat summary judgment by resting on the pleadings, but must affirmatively demonstrate, by specific facts, that there is a genuine issue of material fact that requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 n. 11 (1986) (citing Fed. R. Civ. P. 56(e)); *see Keri v. Bd. of Trs. of Purdue Univ*., 458 F.3d 620, 626 (7th Cir. 2006).

## IV.    ARGUMENT

Plaintiff's Complaint fails as a matter of law because: (1) Plaintiff cannot establish the requisite elements for intrusion upon seclusion; (2) there was no publication; and (3) the City is entitled to immunity under 745 ILCS 10/2-109, 10/2-202 and 10/2-107.

### I.    *As a Matter of Law, Plaintiff Cannot Establish the Necessary Elements to Support a Claim for Intrusion Upon Seclusion Under Illinois Law.*

In Illinois, to establish a *prima facie* case of intrusion upon seclusion, a Plaintiff must prove the following: (1) an unauthorized intrusion or prying into the Plaintiff's seclusion; (2) an intrusion that is highly offensive to a reasonable person; (3) the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *See Schmidt v. Ameritech Illinois*, 329

Ill. App. 3d 1020, 1030, 768 N.E.2d 303, 312 (1st Dist. 2002). In *Lovgren*, the Court listed the following as examples of acts forming the basis of this tort: invading someone's home; an illegal search of someone's shopping bag in a store; eavesdropping by wiretapping; peering in the windows of a private home; and persistent and unwanted phone calls. *Lovgren v. Citizens First Nat'l Bank of Princeton*, 126 Ill. 2d 411, 417, 534 N.E.2d 987, 989 (1989).

Summary Judgment is proper in the present case as the Plaintiff fails to present any facts or evidence that the City acted in an unauthorized manner or had the requisite intent for liability. Here, the alleged wrongful actions involve the alleged dissemination of photographs and videos provided to the City by Plaintiff pursuant to a lawful search warrant, which the City took affirmative steps to safeguard. Thus, the City's alleged actions were authorized and, in the alternative, did not intentionally intrude on Plaintiff's private affairs.

### A. *The Search of Plaintiff's Phone was Authorized.*

In order to be held liable for the tort of intrusion upon seclusion, it is necessary that the City commit some sort of *unauthorized intrusion* or prying into the Plaintiff's seclusion. *Busse v. Motorola, Inc.*, 351 Ill. App. 3d 67, 71, 813 N.E.2d 1013, 1017 (2nd Dist. 2004) (emphasis added).

In *In re Trans Union Corp. Privacy Litigation,* 326 F. Supp. 2d 893, 902 (N.D. Ill. 2014), a federal court applying Illinois law held that information lawfully obtained cannot provide a basis for an unauthorized intrusion, even if that information was then wrongfully distributed. There, plaintiffs alleged that Trans Union disclosed, and sold their private financial, credit and other confidential information without their knowledge to a third party. *Id.* at 901. The court disagreed and reasoned that "Trans Union's accessing its own lawfully obtained files cannot be considered an unlawful intrusion." *Id.* at 902. The court acknowledge that Trans Union later wrongfully distributed that information. *Id.* However, the court correctly recognized, that "it is the intrusion

itself that creates liability, not any subsequent publication or disclosure." *Id.* at 901. Thus, the court dismissed plaintiffs' intrusion upon seclusion claim. *Id* at 902.

Like *Trans Union*, the City was authorized to view Plaintiff's information. Here, the City went through the proper legal procedure when it obtained a search warrant issued and signed by the Honorable Sarah Jones. The search warrant allowed for the search for material, namely, "evidence of the offense of harassment via electronic communications, intimidation." (Ex. C). Among the categories of information to be extracted and analyzed, the search warrant authorizes electronic communications, digital images or videos, e-mails, voice mail, buddy lists, chat logs, instant messaging, and text messages. *Id.* Like *Trans Union,* this information was kept confidential, and a copy remained on the Cellebrite system, in which only a few individuals had access to. Officer McKinney was one of those individuals who was authorized to use the Cellebrite system but also, he was encouraged to engage in informal and independent self-education on the Cellebrite system to gain experience with the program. (SOF ¶¶ 22, 47). This is exactly what Officer McKinney did, and like *Trans Union,* accessing lawfully obtained files cannot be considered an unlawful intrusion.

Put simply, the Plaintiff has failed to demonstrate that the City engaged in any unauthorized intrusion of the contents of her cell phone. Claims based on speculation and conjecture will not carry the day. As such, Plaintiff's failure to prove an unauthorized intrusion of the nude images on her cell phone is fatal to her claim.

**B.** ***The City Did Not Have the Requisite Intent to be Found Liable for Tortious Intrusion upon Seclusion.***

In addition to the Plaintiff's failure to demonstrate the requisite "unauthorized intrusion" element to uphold a cause of action of intrusion upon seclusion, the Plaintiff has also failed to show that the City had the requisite intent to be found liable. Intent is a key element of the tort

intrusion upon seclusion. *Burns v. Masterbrand Cabinets, Inc.*, 369 Ill. App. 3d 1006, 1012, 874 N.E.2d 72, 77 (4th Dist. 2007). Intrusion upon seclusion is an *intentional* tort requiring that a defendant "intentionally intrude" upon a plaintiff's private matters. *Lawlor v. N. Am. Corp. of Illinois*, 2012 IL 112530, 983 N.E.2d 414 (citing *Restatement (Second) of Torts* § 652B (1977)) (emphasis added). Therefore, to establish a *prima facie* case, Plaintiff must establish the City possessed actual intent, and not merely act in a negligent, reckless, or indifferent manner, to be found liable for an intrusion claim. *Id.*

Given the arguments discussed above, and the lack of intent on the part of the City, the Plaintiff cannot sustain a cause of action. The City did not intend to access any of the Plaintiff's private information whatsoever. To protect Plaintiff's privacy, Detective Botzum purposefully did not label the Cellebrite file with Plaintiff's name. (SOF ¶ 28). Flash drives containing a copy of the extracted data were kept in a locked cabinet in Deputy Chief Roechner's office. (SOF ¶ 39). This locked cabinet was not accessible to anyone else except Deputy Chief Roechner. *Id*. This is consistent with past practice at the City for criminal investigations involving police officers. *Id*

Further, Detective McKinney did not purposefully view Plaintiff's personal photographs. *See Johnson v. Northshore Univ. Judge Presiding Healthsystem,* 2011 WL 10069086, (Ill. App. Ct. Mar. 31, 2011) (dismissing plaintiff's intrusion upon seclusion claim when defendants did not engage in an intentional act; rather, "defendant made an inadvertent error" when it accessed confidential medical records); *also see Geiling v. Wirt Fin. Servs., Inc*., 2014 WL 8473822, at *53 (E.D. Mich., 2014), aff'd, 2017 WL 6945559 (6th Cir. June 8, 2017) (defendants who inadvertently receive the information have not intruded).

Here, Detective McKinney incidentally found the photographs while working on the Cellebrite system in an attempt to familiarize himself with the software system. (SOF ¶¶ 47-52).

Cellebrite is a forensic tool used to extract and analyze phone records and computer records. (SOF ¶ 18). Cellebrite was used by the City in the Spring of 2018 to view data taken from phones during investigations. *Id.* At the time the data was extracted from Plaintiff's phone, Detective McKinney was a relatively new Detective working for the City of Joliet and thus, was encouraged to engage in informal and independent self-education on the Cellebrite program as often as possible in order to gain experience with the program. (SOF ¶¶ 46-47).

At some point between May-June 2018, Detective McKinney opened a media folder containing Plaintiff's images. (SOF ¶ 50). This media folder was not labeled or identifiable to the Plaintiff. (SOF ¶ 28). Thus, when Detective McKinney viewed a single photograph which depicted a nude breast from the shoulders down, he had no knowledge that the photograph belonged to the Plaintiff. (SOF ¶¶ 50-52). Thereafter, Detective McKinney closed out of the first image and proceeded to open the second image, which contained picture of Plaintiff's face. (SOF ¶ 52). It was not until this point that Detective McKinney realized that the previous photograph belonged to Plaintiff. *Id.* Detective McKinney immediately exited from the Cellebrite software program. *Id.* Neither Detective McKinney nor Detective McKeon continued to view additional photographs or videos after identifying Plaintiff. (SOF ¶ 53). There is no admissible evidence to the contrary and since there was no intentional act, Plaintiff's intrusion upon seclusion claims fails.

## II.    *Plaintiff's Claim for Publication of Private Facts Fails as a Matter of Law*

To state a cause of action for this tort, Plaintiff must plead and prove that: (1) publicity was given to the disclosure of private facts; (2) the facts were private, and not public facts; and (3) the matter made public was such as to be highly offensive to a reasonable person. (W. Prosser, Torts 856 (5th Ed.1984).) The parties here dispute whether the first requirement as to publication of private facts has been adequately met by the Plaintiff.

### A. No Publication

Plaintiff's claim is not supported by any actual admissible evidence that the City allowed private images on Plaintiff's iPhone to be viewed and/or (re) recorded. Plaintiff has not and cannot establish the publicity element of this tort. ECF. No. 60, ¶ 31-32. Indeed, the Illinois Appellate Court in *Beverly v. Reinert* stated:

> [there is] alleged no more than the *possibility* that unknown individuals might have accidentally received or perhaps eavesdropped upon the otherwise private and confidential communications… Such possible interception by nobody in particular constitutes neither disclosure to the public (as the Restatement requires) nor disclosure to a limited 'public' with whom [one] might have a special relationship (the *Miller* test).

*Beverly v. Reinert*, 239 Ill. App. 3d 91, 99, 606 N.E.2d 621, 626 (2nd Dist. 1992).

Generally, to adequately plead the publicity requirement for this tort (publication of private facts), a plaintiff must allege that the matter was communicated to the public at large, or to so many persons that the matter must be regarded as one of general knowledge, rather than merely being communicated to a small group *Stern v. Great Western Bank,* 959 F. Supp. 478, 482 (N.D. Ill. 1997) (applying Illinois law). The only exception to this general rule provides that the publicity requirement may be satisfied by disclosing the matter to a small *number of people* who have a special relationship with the Plaintiff, such as fellow employees. *Id; also see Beverly,* 239 Ill. App. 39 at 99. (emphasis added). However, this special relationship exception does not apply in circumstances where the recipient of the information had a "natural and proper interest" in the information. *Id.*

There is absolutely no evidence that the City published Plaintiff's photographs and/or videos to anyone within the Joliet Police Department. To the extent that Plaintiff relies on rumors and inadmissible hearsay evidence to argue that the Joliet Police Department purportedly viewed or published the sexually explicit photos/video, her claim fails. *See Gunville v. Walker,* 583 F.3d

9

979, 985 (7th Cir. 2009) (holding that on a motion for summary judgment, a court can only consider admissible evidence); *also see Logan v. Caterpillar, Inc*., 246 F.3d 912, 925 (7th Cir.2001) ([a] party may not rely upon inadmissible hearsay to oppose a motion for summary judgment.)

Here, Plaintiff alleges that the Joliet Police Department allowed "others" to view and (re)record photographs and videos without probable cause, a warrant, or any legitimate law enforcement purpose. ECF. No. 60, ¶ 31-32. Not surprisingly, her First Amended Complaint fails to specify, with reasonable certainty, who viewed or recorded Plaintiff's personal images to make them public. *See generally* ECF. No. 60. This is so because there are no facts to establish that anyone at the Joliet Police Department – other than Officer McKinney and Officer McKeon – viewed a single nude image of Plaintiff. (SOF ¶ 58). Instead, to support Plaintiff's allegation of "publicity" she relies on pure speculation and inadmissible hearsay. (SOF ¶ 55-61). Specifically, Plaintiff's allegations pertaining to the photographs being spread among the Joliet Police Department via anonymous letters is hearsay and not supported by deposition testimony. *Id.* In fact, despite almost taking twenty depositions, not one person testified to any firsthand knowledge that the Joliet Police Department published the sexually explicit photos/video or re-recorded anything to other officers within the Department. Thus, Plaintiff cannot use this speculative argument to oppose the City's motion for summary judgment. *See Liu v. T & H Machine, Inc.*, 191 F.3d 790, 796 (7th Cir.1999) (a party must present more than mere speculation or conjecture to defeat a summary judgment motion).

Without Plaintiff's speculative argument, at best, the disclosure was limited between Officer McKinney and Officer McKeon. Detrimental to Plaintiff's allegations, Illinois Courts consistently hold that Plaintiff cannot meet the publicity requirement when the disclosure was to

only one person. *See Roehrborn v. Lambert,* 277 Ill. App. 3d 181, 185, 660 N.E.2d 180, 182 (1st Dist. 1995) (holding that the plaintiff failed to meet the publicity requirement since the disclosure was to only one person.); *John v. Wheaton Coll.*, 2014 IL App (2d) 130524-U, ¶ 115 (holding that "disclosure to one person does not satisfy the public disclosure element of this tort.") Here, the disclosure from Officer McKinney to Officer McKeon cannot establish the publicity element and as such, her claim must be dismissed.

Even assuming disclosure did occur, which Plaintiff has not proven, Officer McKinney had a natural and proper interest in the information. Specifically, the City has a legitimate law enforcement interest for training officers, such as Officer McKinney, on the Cellebrite system. *See Roehrborn,* 277 Ill.App.3d. at 183 (police chief who provided polygraph and psychological testing to police institute had a natural and proper interest in the information in knowing the performance of potential applicants); *also see Indiana Nat. Bank. v. Chapman* 482 N.E.2d 474, 479 (Ind. Ct. App. 1985) (holding that plaintiff failed to state an invasion of privacy claim because communication concerned a legitimate investigation by law enforcement.)

Given Officer McKinney's inexperience with the Cellebrite system, he was encouraged to engage in informal and independent self-education on the Cellebrite program as often as possible in order to gain experience with the program. (SOF ¶ 47). This includes opening older extractions, running a report via the physical analyzer, and exploring the contents of the phone data by utilizing Cellebrite's various functions. *Id.* Here, Detective McKinney was training on the system and incidentally located files while attempting to gain familiarity with the inner workings of the Cellebrite system. (SOF ¶ 46). Because the City had a "natural and proper interest" in training officers on new technology, Plaintiff's claim for invasion of privacy fails.

### III.     *Plaintiff's State Law Privacy Claims are Subject to Tort Immunity Defenses*

Whether a municipal defendant is liable in tort is controlled by the Illinois Local

Governmental and Governmental Employees Tort Immunity Act. *Village of Bloomingdale v. CDG Enterprises,* 196 Ill. 2d 484, 752 N.E.2d 1090, 1095-1096 (2001); 745 ILCS 10/1-101 *et seq.* (West 1998). The stated purpose of the Act is to protect municipalities from liability arising from the operation of the government. 745 ILCS 10/1-101.1(a) (West 1998). The rationale behind the Act is to prevent the diversion of public funds from their intended purpose to the payment of damage claims, (*CDG Enterprises,* 752 N.E.2d at 1096), and to allow public employees to exercise their judgment without the fear that a mistake made in good faith might subject them to a lawsuit. *Fender v. Town of Cicero,* 347 Ill. App.3d 46, 807 N.E.2d 606, 608 (1st Dist. 2004). The Tort Immunity Act grants only immunities and defenses; it does not create duties. *CDG Enterprises,* 752 N.E.2d at 1096. The Act codifies common law duties to which the immunities then apply. *Id.* Therefore, duty and immunity are separate and distinct issues. *Id.* A court must first determine that a duty exists and, if so, then address whether the defendant is immune from liability for a breach of that duty pursuant to the Tort Immunity Act. *Id.*

### a. *Execution and Enforcement of the Law – 745 ILCS 10/2-109; 10/2-202*

If this Court determines that Plaintiff has put forward sufficient evidence to demonstrate one or more of her privacy tort claim, it must then turn to the issue of immunities provided by the Tort Immunity Act. Specifically, the City has asserted immunity for acts or omissions in the execution and enforcement of the law unless Plaintiff proves the conduct at issue rises to the level of willful and wanton conduct. *745 ILCS 10/2-109; 10/2-202.* Section 2-202 of the Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202 (West 1998). This is a higher standard than ordinary negligence.

Section 1-210 of the Tort Immunity Act defines willful and wanton conduct as: "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional,

shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. "Inadvertence, incompetence, or unskillfulness does not constitute willful and wanton conduct." *Floyd v. Rockford Park District,* 355 Ill.App.3d 695, 823 N.E.2d 1004, 1010 (2nd Dist. 2005).

As described *supra,* Plaintiff provides no evidence to establish that Joliet detectives acted willfully and wantonly to view the personal images on Plaintiff's phone. *See* Section 1(B). Rather, the evidence presented establishes that Detective McKinney inadvertently viewed a single sexual photograph of the Plaintiff. (SOF ¶ 50). Once Detective McKinney realized the photograph belonged to Plaintiff, he immediately exited from the Cellebrite software program and never viewed said photograph again. (SOF ¶¶ 52-53). Simply put, there is no evidence to establish that Detective McKinney intentionally tried to cause Plaintiff harm. Moreover, there is no evidence demonstrating that the City or Detective Grizzle acted with intent to harm Plaintiff or acted with conscious disregard during the investigation and handling of data extracted from her cellphone. Rather, the City took affirmative steps to safeguard Plaintiff's information. *See* Section I(B).

Pursuant to 745 ILCS 10/2-109, "a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." The arguments espoused above demonstrate and prove that the City is not liable for any misconduct or wrongdoing. Since Plaintiff has failed to prove the liability of Joliet detectives, the City cannot be liable. *Id.*

### b. Provision of Information – 745 ILCS 10/2-107

The City is also entitled to immunity under Illinois Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/2-107, with respect to Plaintiff's state law claims. The City cannot be liable for any "injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." 745 ILCS 10/2-107. There

13

is no carve out for willful and wanton misconduct. The immunity is absolute. *See Hanania v. Loren-Maltese,* 56 F. Supp. 2d 1010 (N.D. Ill. 1999) (the Court reaffirmed that the absolute privilege from a defamation suit extends to an executive level employee of government, even if a statement was made with malice, with the knowledge that the statement was false or with reckless disregard for its truth or falsity.)

The facts of this case are analogous to those in *Logan v. City of Evanston*, in which the police chief posted images of at least 30 persons of interest onto his public Snapchat. *Logan v. City of Evanston et al.,* 2020 WL 6020487 (N.D. Ill. Oct. 12, 2020). One image included the publication of private healthcare information, including the alleged HIV status of the plaintiff. Social media users who saw this image, then shared it throughout the general public on Facebook and text messages. *Id.* The Court dismissed all state law claims against the City of Evanston finding that they arose from the publication of a photograph by a city official. *Id.* Thus, the claims fall squarely within the "provision of information" pursuant to 745 ILCS 10/2-107 and were barred by the Tort Immunity Act.

Similarly, the court dismissed plaintiff's claims against the City of Peru for defamation, false light invasion of privacy and personal injury claims in *Ramos v. City of Peru* 333 Ill. App. 3d 75, 80, 775 N.E.2d 184, 188-89 (2002) pursuant to 10/2-107. In *Ramos,* a booking photograph of Adan Ramos was taken in 1996 when he was being processed for domestic battery charges. *Id at* 186. The *City of Peru* then turned that photograph over to Crimestoppers who published it in LaSalle News Tribune for an individual named Ricardo Ramos, who was wanted for aggravated criminal sexual abuse. *Id.* Directly above the name Ricardo Ramos was the photograph of Adan Ramos. *Id.* Like in *Logan,* the Court found that 745 ILCS 10/2-107 barred plaintiff's claims because it "arose from the publication of a photograph" by a city official. *Id.* at 188-189.

14

Here, Plaintiff brought claims against the City of Joliet under a variety of theories including intrusion upon seclusion and publication of private facts. *See generally* ECF. No. 60. The City of Joliet, like both the *City of Evanston* and the *City of Peru*, is immune pursuant to statute and cannot be held liable for an employee's action of allegedly publishing libelous or slanderous information as Detective Grizzle or any other City employee is alleged to have done here. *Ramos*, 333 Ill.App.3d at 80. All claims brought against the City of Joliet by Plaintiff arise from the "provision of information" pursuant to 745 ILCS 10/2-107 and are barred by the Tort Immunity Act.

## VI. CONCLUSION

The City is entitled to judgment as a matter of law because Plaintiff fails to establish a genuine issue of material fact that the City: (1) acted in an unauthorized manner and did not intend to cause Plaintiff harm; (2) did not publish anything to anyone; and (3) is immune from liability under either Section 10/2-202 or Section 10/2-107 of the Tort Immunity Act.

WHEREFORE, Defendant City of Joliet respectfully requests that this Court grant its motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 56(c) and for all other further and appropriate relief.

Dated: November 21, 2022

Respectfully submitted,

*/s/ John O'Driscoll*

John O'Driscoll
Darcy Proctor
James Hess
TRESSLER LLP
550 E Boughton Rd #250
Bolingbrook, IL 60440
312-627-4000
jodriscoll@tresslerllp.com
dproctor@tresslerllp.com
jhess@tresslerllp.com

Attorney for City of Joliet

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification to all counsel of record via the Court's CM/ECF system.

<u>/s/John M. O'Driscoll (#6237793)</u>
John M. O'Driscoll

Attorney for City of Joliet