STATE OF ILLINOIS    )
                                    ) SS.
COUNTY OF WILL     )

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS<br><br>vs.<br><br>IN REGARDS TO A CERTAIN<br>CRIMINAL INVESTIGATION | STATES ATTORNEYS OFFICE<br>SEARCH WARRANT NO. |

# SEARCH WARRANT

TO ALL PEACE OFFICERS OF THE STATE OF ILLINOIS:

On this day, Friday, May 18th, 2018 Complainant-Affiant Detective Sergeant Edward Grizzle of the Joliet Police Department, has signed and sworn to a complaint for search warrant before me. Upon examination of the written complaint, I find that said complaint on its face states facts sufficient to show probable cause for the issuance of a search warrant, and I therefore command that the following property be searched:

Page 2 of 8

**EXHIBIT C**        CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

A. The following described property:
1. Apple iPhone Rose Gold in color with cell phone number 708-717-3652

I further command that the following described instruments, articles and things which have been used in the commission of, or which constitute evidence of the offense of **Harassment via electronic communications, Intimidation** be seized, searched, and forensically analyzed:

> Any and all data regarding electronic communications, including dates and times of those communications, digital images or videos, e-mail, voice mail, buddy lists, chat logs, instant messaging or text accounts, forensic data as well as data pertaining to ownership and registration of the device, any and all access logs identifying who utilized said digital storage devices, and any "hidden," erased, compressed, password-protected, or encrypted files.

FORENSIC ANALYSIS: This search warrant shall include authority to analyze and search any media seized for relevant evidence as outlined in this search warrant.

ADDITIONAL AUTHORITY: This search warrant shall include authority to decrypt any encrypted or password-protected data located on these computers that were seized from the above listed residence. This search warrant shall also include the authority to enter any locked folders located in these computers seized in the above listed residence.

RETURN OF SEARCH WARRANT: This search warrant shall be considered formally returned within a reasonable time period by listing all physical items seized pursuant to the warrant. Full search warrant return including the results of all forensic analysis contemplates a reasonable time period in light of the fact that modern hard drives can potentially contain millions of pages of data in a format that is not easily searched.

USE OF UNSWORN PERSONNEL: Forensic analysis of any data obtained from the seized items pursuant to this search warrant may be conducted by employees of law enforcement agencies who are not sworn law enforcement personnel, but are instead civilian employees.

**EXHIBIT C**   CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

I further command that a return of any physical items so seized shall be made without unnecessary delay before me or before Judge ~~J Carlson~~ or before any Court of competent jurisdiction.

_____
Twelfth Circuit Judge

Date of Issuance: <u>May 18th 2018</u>

Time of Issuance: <u>11:19 AM</u>

**EXHIBIT C**     CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

*COMPLAINT FOR SEARCH WARRANT*

Joliet Police Department Detective Sergeant Edward Grizzle, Complainant, now appears before the undersigned Judge of the Twelfth Circuit Court and requests the issuance of a search warrant for the purpose of seizing, searching and forensically analyzing the following described instruments, articles, and things:

A. The following described property:

1. Apple iPhone Rose Gold in color with cell phone number 708-717-3652.

B. Complainant requests a search warrant for the purpose of seizing the following described instruments, articles, and things: Harassment via electronic communication, Intimidation and seized, searched, and forensically analyzed therefrom:

> Any and all data regarding electronic communications, including dates and times of those communications, digital images or videos, e-mail, voice mail, buddy lists, chat logs, instant messaging or text accounts, forensic data as well as data pertaining to ownership and registration of the device, any and all access logs identifying who utilized said digital storage devices, and any "hidden," erased, compressed, password-protected, or encrypted files.

FORENSIC ANALYSIS: This search warrant shall include authority to analyze and search any media seized for relevant evidence as outlined in this search warrant.

ADDITIONAL AUTHORITY: This search warrant shall include authority to decrypt any encrypted or password-protected data located on these computers that were seized from the above listed residence. This search warrant shall also include the authority to enter any locked folders located in these computers seized in the above listed residence.

RETURN OF SEARCH WARRANT: This search warrant shall be considered formally returned within a reasonable time period by listing all physical items seized pursuant to the warrant. Full search warrant return including the results of all forensic analysis contemplates a reasonable time period in light of the fact that modern hard drives can potentially contain millions of pages of data in a format that is not easily searched.

USE OF UNSWORN PERSONNEL: Forensic analysis of any data obtained from the seized items pursuant to this search warrant may be conducted by employees of law enforcement agencies who are not sworn law enforcement personnel, but are instead civilian employees.

**EXHIBIT C**     CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

The previously described instruments, articles, and things have been used in the commission of or constitute evidence of the offenses of Harassment via electronic communications, Intimidation.

I, Edward Grizzle, am a police sergeant with the Joliet Police Department currently assigned as a Detective Sergeant in the Investigations Division. I have served as a Police Officer for seventeen (17) years.

Your Complainant has probable cause to believe, based upon the following facts, that the above listed things to be forensically searched and seized are now located within the item described or set forth above.

### *INVESTIGATION NARRATIVE*

Y/C has knowledge and experience that files that may have been deleted or apparently erased by a cell phone user can often be recovered days, months or even years later either in full or in part through the use of forensic software tools. Special forensic software can examine the and can often find deleted files or files previously placed there by the operating system. This same software can "undelete" files and file fragments utilizing special tools, and said tools exist to analyze information contained on computers and cell phones.

Based on the aforementioned information, Y/C believes that probable cause exists that there is evidence of the offenses of Harassment via electronic communication, Intimidation

Your Complainant (Y/C), I, Detective Sergeant Edward Grizzle, (Y/C) am employed with the Joliet Police Department. Y/C has been continuously employed in good standing as a sworn police officer for the City of Joliet for over 17 years and is currently assigned to the Investigations Division as a Detective Sergeant for over 4 years' experience for the Joliet Police Department, Previously was a Detective for 4 years. Y/C has been involved in no less than 1000 investigations into numerous felony level offenses where Y/C have sought and obtained search warrants and arrest warrants regarding various types of felony and misdemeanor offenses.

On May 16th, 2018 at 2052 hours I Detective Sergeant Grizzle was notified by Appellate Prosecutor Lorinda Lamkin that the witness in Joliet Police Department case 17-0010915 Maria Gatlin F/W DOB; 1/4/67 was contacted by the victim Cassandra Socha F/W DOB: 1/13/85 via text message from phone number 708-717-3652 on May 16th.. Maria Gatlin has been friends with Cassandra Socha for over 15 years and knows this to be her phone number. Maria Gatlin and

**EXHIBIT C**     CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Cassandra Socha has conversed numerous times over the years with Cassandra using the cell phone number 708-717-3652. A search through law enforcement tools does show this number 708-717-3652 does belong to Cassandra Socha. On May 16th 2018 Maria Gatlin did testify in Will Court House room 400 in the case People vs. Crowley. Cassandra Socha is the victim in this case. Cassandra Socha's text message accuses Maria Gatlin of committing crimes when employed as a Police officer, ridiculing Maria as a mother and not being able to have children along with having a mixed child.

Detective Sergeant Edward Grizzle -Joliet Police Department

Subscribed and sworn to before me this
Friday, May 18, 2018, at 11:19 AM .M.

*[signature]*
TWELFTH CIRCUIT JUDGE

**EXHIBIT C**   CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

RETURNED EXECUTED

Executed by searching: Apple iPhone Rose gold in color

On the 18 day of May, 2018 at 6:20 o'clock P .M. by examining the above described items and commencing to search the computer material(s) listed in the attached inventory and returning same to Judge; and leaving copies of the attached Search Warrant at

150 W. Washington St , on the 18 Day of May , 2018 at 6:20 o'clock P .M.

_____ #50
Officer

Date Returned 5/24 , 2018

Time Returned 1:58 p M.

_____
Judge

---

RETURNED NOT EXECUTED

I did not execute this warrant within 96 hours from the time of issuance and it is hereby returned to the Court as void and not executed.

_____
Officer

Date Returned _____, 2018

Tie Returned _____ M

_____
Judge

Page 8 of 8

**EXHIBIT C**    CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER