UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-05681 |
| CITY OF JOLIET, a municipal corporation, EDWARD GRIZZLE, JOHN DOES 1-20, | ) ) ) ) |
| Defendants. | ) |

## AFFIDAVIT OF LORINDA LAMKEN

I, Lorinda Lamken, being an adult over eighteen (18) years of age, under penalty of perjury as provided by 28 U.S.C. §1746, do hereby state that the facts and information contained within this affidavit are true and correct and are based upon my personal knowledge. If called to testify, I would testify to the following:

1. I am currently employed as a Special Prosecutor with the Illinois Office of the State's Attorney's Appellate Prosecutor and have been since May 1, 2009. As a Special Prosecutor, I am assigned to various criminal cases where a conflict exists by appointment of the Court.

2. As such, in 2017, I was assigned to a review involving a domestic dispute involving off-duty Joliet police officers Nicholas Crowley and Cassandra Socha. The grand jury indicted Nicholas Crowley for reckless discharge of a firearm which resulted in a bench trial in the criminal case captioned *People v. Crowley,* Case No. 17-0010915 from May 14 through May 16, 2018.

**EXHIBIT N**

CITY00408

3. On or about May 16, 2018, the State called Ms. Maria Gatlin as a witness in the criminal case of *People v. Crowley*.

4. In the evening of May 16, 2018, I was contacted by Ms. Gatlin, who informed me that she had received a text message from Cassandra Socha, and that Gatlin was very upset by the message. Ms. Gatlin further informed me that the text message was sent from a telephone number familiar and well-known to her as being associated with Ms. Socha as they had been friends for many years.

5. Ms. Gatlin shared with me the screen shot of the text message from Cassandra Socha on Ms. Gatlin's phone. The text message accused Ms. Gatlin of committing crimes when employed as a police officer and ridiculed Ms. Gatlin as a mother. It also made reference to "TESTIFY" and "FELONY" in the body of the text message. In my professional opinion, the above-described text message met the requisite elements of the criminal offense of witness harassment set forth in 720 ILCS 5/32-4a (a).

6. Upon receiving this information, on May 16, 2018, I contacted Marc Reid with the Joliet Police Department's Internal Affairs Division to make him aware of this matter, as I understood he was handling a pending internal affairs investigation involving Officers Nicholas Crowley and Cassandra Socha arising from the events at issue in the *People v. Crowley* criminal case.

7. On May 16, 2018, at approximately 8:50 p.m., I contacted Detective Grizzle to inform him of the phone call that I had received earlier that evening from Ms. Gatlin.

8. I informed Detective Grizzle that a search warrant was needed for Ms. Socha's phone along with a search warrant to Ms. Socha's phone carrier for all cell phone records in order

**EXHIBIT N**

to make any phone material admissible and that the text message received by Ms. Gatlin originated from Ms. Socha's cell phone and directed him to obtain the same.

9. In my role as prosecutor, I reviewed and approved the complaint for search warrant and search warrant attached hereto as Exhibit "A".

10. In my view as a prosecutor, it was necessary to search Ms. Socha's phone to verify that the text message sent to Ms. Gatlin originated from Ms. Socha's cell phone.

11. It was also necessary, in my view as a prosecutor, to search Ms. Socha's phone to confirm any possibility that the text message came from someone besides Socha.

12. I informed Detective Grizzle that witness harassment under 720 ILCS 5/32- 4a (a) is a Class 2 felony.

13. On or about May 17, 2018, Detective Grizzle went to see Judge Carlson regarding the proposed warrant.

14. At this time, I was contacted by Detective Grizzle via phone and was informed that Judge Carlson wanted to speak with me as Judge Carlson noted that he was not sure about signing the warrant.

15. I referred Judge Carlson's to the criminal statute of 720 ILCS 5/32-4a (a). Harassment of representatives for the child, jurors, witnesses and others.

16. Judge Carlson did not sign the search warrant, however, he did not deny the warrant and stated that we could see another judge regarding this issue if we so choose.

17. On May 18, 2018, we proceeded with the application for the search warrant with Judge Sarah Jones. The search warrant and written complaint attached hereto as Exhibit "A" was presented to and signed by Judge Jones.

**EXHIBIT N**

18. On May 18, 2018, as set forth in Exhibit "A", Judge Jones found that said "complaint on its face set forth facts sufficient to show probable cause for the issuance of a search warrant for the purpose of seizing, searching and forensically analyzing the instruments, articles and things described in the complaint for search warrant."

19. On May 22, 2018, I appeared in court before Judge Kennedy in *People v. Crowley* for the entry of the verdict.

Further Affiant Sayeth Naught.

_____
Special Prosecutor Lorinda Lamken

### VERIFICATON

Under 28 U.S.C. §1746, I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 28th day of July, 2021.

_____
Special Prosecutor Lorinda Lamken

**EXHIBIT N**