UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA SOCHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-05681 |
| | ) |
| CITY OF JOLIET, a municipal corporation, | ) |
| EDWARD GRIZZLE, JOHN DOES 1-20, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT GRIZZLE**

Plaintiff, Cassandra Socha, by her attorney, Hall Adams, and pursuant to Rule 56, Fed. R. Civ. P., LR 56.1(b)(1), and this Court's 24 October 2022 Order (Doc 249), permitting and directing her to do so, states as follows for her Memorandum of Law in Opposition to Motion for Summary Judgment of Defendant Grizzle:

**Introduction**

Factual disputes exist regarding whether Grizzle submitted a materially incomplete and misleading *Complaint for Search Warrant* ("Warrant Application") that lead Judge Jones to issue of an overbroad Search Warrant for *all* the data and media on plaintiff's iPhone that he also prepared in violation of plaintiff's Fourth Amendment and common law right of privacy. These factual disputes should be resolved by a jury and preclude summary judgment on plaintiff's claims against Grizzle. More, Grizzle is not entitled to qualified or statutory immunity. Accordingly, Grizzle's Motion for Summary Judgment (Doc. 254) should be denied.

**Standard of Adjudication**

The standards for adjudicating Grizzle's motion are established by Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) and are well known to this Court. Grizzle's motion gets this mostly, if not completely, right. (Doc. 255, pp. 1584-1585) To Grizzle's recitation, plaintiff adds that, at the summary judgment phase, the Court should not weigh evidence or resolve credibility determinations. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986); *Thomas v. Martija*, 991 F.3d 763, 767 (7th Cir. 2021) All reasonable inferences from the evidence must be drawn in favor of plaintiff. *Johnson v. Runyon et al.*, 47 F.3d 911 (7th Cir. 1995)

**Argument[1]**

**Grizzle's Omissions and Misrepresentations in Warrant Application and Search Warrant Violated Plaintiff's Fourth Amendment Rights**

Material omissions or misrepresentations in a warrant application violate the Fourth Amendment. *Rainsberger v. Benner*, 913 F.3d 640, 643 (7th Cir. 2019), citing *Franks v. Delaware*, 438 U.S. 154, 168 (1978) On the record evidence, a reasonable jury could conclude that Grizzle, nursing a grudge against plaintiff over the testimony she gave in the *Crowley* trial, prepared and submitted the Warrant Application and Search Warrant to Judge Jones on which he knowingly omitted and misrepresented crucial information bearing on the appropriate scope of the warrant. PSOF, ¶¶ 5-11

Grizzle knew that the only legitimate investigative need to search plaintiff's iPhone was to confirm whether plaintiff had sent a specific text message to Gatlin, the contents of which he already had. PSOF, ¶¶ 6-7 He also knew that this could be accomplished by searching only the

---

[1] References to plaintiff's Statement of Facts herein are to PSoF. References to defendant Grizzle's Statement of Facts (Doc. 256) are to GSoF. References to defendant City's Statement of Facts (Doc. 253) are to CSoF.

sent text messages, and not other data or media, on plaintiff's iPhone. (RECORD CITE) He nevertheless falsely represented to Judge Jones that it was necessary to search *all* the data and media on plaintiff's iPhone. PSOF, ¶¶ 7-8 This was a violation of plaintiff's clearly established Fourth Amendment rights.

*Unites States v. Winn*, 79 F.Supp. 3d 904 (C.D. Ill. 2015) is highly instructive and has been cited with approval and followed in *United States v. Oglesby*, 2019 U.S. Dist. LEXIS 71238 (S.D. Tex.) at ¶¶ (21) – (25), and *Burns v. United States*, 2020 D.C. App. LEXIS 329, ¶¶ (27) – (28). In *Winn*, the investigating detective prepared and submitted a warrant application and search warrant much like the one submitted by Grizzle that sought and resulted in issuance of a warrant granting authority to search via Cellebrite *all* the data and media on a suspect's cell phone using a warrant application template provided and after review of the draft warrant application by the prosecuting attorney's office. *Winn* at 911.

Holding that the warrant was overbroad and a violation of the defendant's Fourteenth Amendment right of privacy in the contents of his cell phone, *Winn* was harshly critical of the overbreadth of the detective's warrant application and warrant:

> The warrant in this case particularly described the place of the search: the white Samsung III cell phone. With regard to the objects of the search, however, the warrant was facially overbroad, exceeded the probable cause to support it, and was not as particular as the circumstance would allow.
>
> The warrant authorized seizure of "any and all files" contained on the cell phone and its memory card that "constitute[d] evident of the offense of [Public Indecency *720 ILCS 5/11-30*]," including, but not limited to, the calendar, phonebook, contacts, SMS messages, MMS messages, emails, pictures, videos, images, ringtones, audio files, all call logs, installed application data, GPS information, WiFi information, internet history and usage, any system files, and any deleted data.
>
> The major, overriding problem with the description of the object of the search— "any or all files"—is that the police did not have probable cause to believe that *everything* on the phone was evidence of the crime of public decency. The description was a templet used by the St. Clair County State's Attorney's Office for all cell phones

searches. Templates are, of course, fine to use as a starting point. But they must be tailored to the facts of the case. This particular template authorized the seizure of virtually every piece of data that could conceivably be found on the phone. The Supreme Court put the scope of such a wholesale seizure in perspective by explaining that it "would typically expose the government to far *more* than the most exhaustive search of a house." *Riley v. California, 134 S.Ct. 2473, 2491, 189 L. Ed. 2d 430 (2014)* (emphasis in original). Obviously, the police will not have probable cause to search through and seize such an expansive array of data every time they search a cell phone. And, in the case of a misdemeanor crime, it is difficult to fathom why the police would ever need, or have probable cause, to do so. That certainly holds true in the instant case.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The bottom line is that if Detective Lambert wanted to seize every type of data from the cell phone, then it was incumbent upon him to explain in the complaint how and why each type of data was connected to Winn's criminal activity, and he did not do so. Consequently, the warrant was overbroad, because it allowed the police to search for and seize broad swaths of data without probable cause to believe it constituted evidence of public indecency.

With respect to the categories of data for which the police did have probable cause—the photos and the videos—the warrant was not as particular as could be reasonably expected given the nature of the crime and the information the police possessed. The warrant merely described the category of the data, rather than specific items, which allowed the police to seize all of the photos and videos on Winn's phone, as opposed to specific photos and videos. As Supreme Court explained, a sixteen-gigabyte smart phone like Winn's can hold thousands of pictures and hundreds of videos dating back "to the purchase of the phone, or even earlier." *Riley, 134 S.Ct. at 2489, 2490*. This is not a case where the police needed to browse through hundreds of photos and videos to find what they were looking for because Detective Lambert knew the precise identity and content of the photos/videos sought. However, he failed to mention the characteristics that made those photos/videos easily identifiable and distinguished them from the others that were irrelevant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In sum, the complaint establishes that the police had probable cause to look for and seize a very small and specific subset of data on Winn's cell phone. But the warrant did not limit the scope of the seizure to only that data or describe that data with as much particularity as the circumstances allowed. Instead, the warrant contained an unabridged template that authorized the police to seize the entirety of the phone and rummage through every conceivable bit of data, regardless of whether it bore any relevance whatsoever to the criminal activity at issue. Simply put, the warrant told the police to take everything, and they did. As such, the warrant was overbroad in every respect and violated the *Fourth Amendment*.

*Winn* at 919 – 920 and 922.

*Winn* went even further and rejected the government's argument that the detectives' application for the overbroad warrant could be excused as having been submitted in good faith:

> As thoroughly explained above, *see supra* Part D, the warrant was so facially and grossly overbroad in its description of the items to be seized that "[a] reasonably well-trained officer would have known the search was illegal despite the issuing judge's authorization." <u>Leon, 468 U.S. at 923, n.23</u>. Detective Lambert and Investigator Robertson had at least fifteen years of experience between them, and it was not objectively reasonable for them to think that a warrant was valid when it gave them unbridled discretion to search for and seize whatever they wished. <u>United States v. Leary, 846 F.2d 592, 609 (10th Cir. 1988)</u> ("A reasonably well-trained officer should know that a warrant must provide guidelines for determining what evidence may be seized.") Nevertheless, they took advantage of the full breadth of the warrant and seized the entirety of the phone. Simple common sense dictates that Detective Lambert did not need to look at every bit of data in the cell phone to find the pictures of young girls in swimsuits taken at the Mascoutah Public Pool on June 18, 2014. One cannot find photos taken on a particular date by looking at photos taken three months prior to the date, much less by looking at calendar entries, ringtones, or call logs. See <u>Platteville Area Apartment Ass'n v. City of Platteville, 179 F.3d 574, 579 (7th Cir. 1999)</u> ("If you are looking for an adult elephant, searching for it in a chest of drawers is not reasonable.") Furthermore, as explained below, Robertson and Lambert shockingly managed to exceed the scope of the warrant despite its incredible overbreadth. Their disregard for the one limitation in the warrant tends to negate the argument that they relied on the warrant in good faith. Based on the foregoing, the Court finds that the good faith doctrine is inapplicable to the facts of this case.

*Winn* at 924

**Grizzle's Omissions and Misrepresentations on Warrant Application Led To Issuance of Overbroad Warrant That Violated Plaintiff's Fourth Amendment Rights**

As in *Winn*, Grizzle's Fourth Amendment violation was compounded by Judge Jones' issuance of an overbroad Search Warrant that was also prepared by Grizzle. Following the *Winn* rationale and on this record, this Court should similarly reject Grizzle's contention that the overbroad Search Warrant issued by Judge Jones authorized Grizzle or any other JPD employee to "rummage through" (*Winn* at 922) and view the private images on plaintiff's iPhone.

5

**The Overbroad Warrant Did Not Authorize Any JPD Employee To Search For or View Private Images on Plaintiff's iPhone**

*Winn* also specifically rejected Grizzle's contention that the overbroad warrant authorized viewing the private images on plaintiff's iPhone. Despite the overbroad template language used in the warrant in *Winn*, like that in our case, *Winn* held that authority to search the defendant's cellphone was still limited to looking for evidence of the offense for which probable cause was identified in the warrant. *Winn* at 924 – 926.

Here, it was only necessary to search among text messages sent by plaintiff and that it was not necessary to search among photos or videos to confirm whether plaintiff had sent the single "offending" text message to Gatlin. PSOF, ¶ 6 Based on this testimony, a reasonable jury could find that search of plaintiff's iPhone by any JPD employee beyond those text messages was unconstitutionally overbroad.

Grizzle's reliance on both *United States v. Bishop*, 910 F.3d 335, 337 (7th Cir. 2018) and *Unites States v. Hannah*, 2021 U.S. Dist. LEXIS 139988 (C.D. Ill. July 27, 2021) is misplaced and demonstrates a fundamental misreading of those decisions. (Doc. 255, p. 1587) Neither case stands for the proposition for which Grizzle cites them – that unlimited search of a cell phone may be authorized by an overbroad warrant.

In fact, *Hannah* distinguishes *Bishop* with strong language that undermines Grizzle's contention:

> However, the Court finds that the Government's view reads too much into Bishop and the Riley dicta, and ignores the lack of articulated probable cause to search for image files for drug evidence in this case. The search in Bishop expressly authorized a search of photos and videos on the defendant's phone. Further, the Bishop opinion indicates that the warrant affidavit gave some particularized reason to believe that evidence relevant to the drug and firearm crimes would be found in those files. See *Bishop, 910 F.3d at 338* (noting that "the police did not know where Bishop kept his drug ledgers and gun videos."). Whether the warrant articulated probable cause to search the specific files—including image and video files—authorized on the face of the warrant was not at issue in Bishop. Put another way, Bishop does not hold that anytime a cell phone is to be searched

>for evidence of drug crimes law enforcement can search every file on the phone without articulating a basis to find that all file types might contain evidence.
>
>\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
>This phrasing of the warrant further supports the view that not only was there not probable cause to search images and videos files for drug evidence in this case, but the officer did not intend to search images or videos files for drug evidence.

*Hannah* at ¶¶ (39) and (41).

The evidence in our record provides even stronger support for rejecting Grizzle's arguments in defense of the overbroad warrant he requested and seizure and search of plaintiff's iPhone by any JPD employee. At the risk of redundancy, Grizzle knew there was no need to search anything other than text messages on plaintiff's iPhone. PSOF, ¶ 7 Based on this evidence, *Hannah*, like *Winn*, supports plaintiff's position.

**Grizzle Is Not Entitled to Qualified Immunity**

Where a law enforcement officer applies for and/or prepares and then executes an unconstitutionally overbroad search warrant, that officer is not entitled to qualified immunity. *Groh v. Ramirez*, 540 U.S. 551, 563-566 (2004) A law enforcement officer who conducts a search pursuant to a facially overbroad warrant commits a violation of a clearly established Fourth Amendment right. *Id*. More, a clearly established Fourth Amendment right is violated when an officer obtains an overbroad search warrant based on a warrant application containing material omissions or misrepresentations. *Rainsberger v. Benner*, 913 F.3d 640, 647 & 654 (7th Cir. 2019).

Grizzle knew when he submitted the Warrant Application and proposed Search Warrant to Judge Jones that a) it was possible to limit the search of plaintiff's iPhone only to text messages without searching the other contents, including videos and photos, and b) it was therefore not necessary that the warrant issue for all of the data and media on plaintiff's iPhone.

7

PSOF, ¶¶ 6-7 Yet, he knowingly submitted a warrant application and prepared a warrant that unnecessarily sought all of the data and media in plaintiff's iPhone. PSOF, ¶ 8 *Winn*'s emphatic rejection of the "good faith" defense of a less overbroad warrant application, warrant and search than those at issue compels rejection of Grizzle's plea for qualified immunity. *Winn* at 924.

### Evidence Supports Submission of Plaintiff's Intrusion On Seclusion Claim Against Grizzle To A Jury

The only argument advanced by Grizzle in support of his motion of summary judgment on Plaintiff's intrusion upon seclusion claim is that the Search Warrant eliminated plaintiff's expectation of privacy in the contents of her phone and authorized him to search those contents. (Doc. 255, pp. 1591-1591). As plaintiff has already argued, the Search Warrant was overbroad in violation of plaintiff's Fourth Amendment rights and invalid – effectively a nullity. It did not give Grizzle valid authority to seize or search the contents of plaintiff's iPhone. Doing so constituted a violation of both her Fourth Amendment and common law rights of privacy and is actionable under the Illinois' common law as intrusion upon seclusion.

### Grizzle is Not Entitled to Immunity Under § 2-202 of *Tort Immunity Act*

The *Illinois Local Governmental and Government Employees Tort Immunity Act*, 745 ILCS 10/1-101 et seq. ("*Act*") was enacted in derogation of the common law and is therefore to be strictly construed against Grizzle. Unless a specific immunity provision applies, Grizzle is liable *in tort* to the same extent as a private party. *Monson v. City of Danville*, 2018 IL 122486, ¶ (15).

§ 2-202 does not immunize Grizzle against willful and wanton misconduct. This includes intentional misconduct. 745 ILCS 10/-201. Intrusion upon seclusion is an intentional *tort*. *Lawlor v. N. Am. Corp. of Illinois*, 2012 IL 112530, ¶ (23). Accordingly, § 2-202 of the *Act* do not

immunize him against plaintiff's claims based on the intentional and unauthorized viewing of the private images on plaintiff's iPhone.

### Conclusion

Grizzle violated plaintiff's clearly established Fourth Amendment rights by a) submitting the Warrant Application and proposed Search Warrant to Judge Jones that contained material omissions and misrepresentations regarding the necessary scope of the warrant to search plaintiff's iPhone, and b) seizing and searching plaintiff's iPhone pursuant to an unconstitutionally overbroad Search Warrant that was the product of his misleading Warrant Application and Search Warrant, thereby enabling JPD employees to search and view the private images on her iPhone. Grizzle is not entitled to qualified immunity for violating plaintiff's clearly established Fourth Amendment rights in these ways. Nor did the Search Warrant validly authorize him to seize or search the contents of plaintiff's iPhone. Doing so constituted a violation of plaintiff's common law right of privacy and intrusion upon her seclusion, for which Grizzle is not entitled to immunity under the *Tort Immunity Act*. For these reasons, Grizzle's Motion for Summary Judgment should be denied.

                                            Respectfully Submitted,

                                            /s/ Hall Adams

Law Offices of Hall Adams LLC
Advocates Row
33 N. Dearborn Street, Suite 2350
Chicago, Illinois 60602
P: (312) 445-4900
F: (312) 445-4901
ARDC No.: 6194886

9

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022, a copy of the foregoing **Plaintiff's Memorandum of Law in Response/Opposition to Motion for Summary Judgment of Defendant Grizzle** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System. Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system:

James John Hess    jhess@tresslerllp.com, ogarcia@tresslerllp.com

Joseph C. Sheahan    joseph.c.sheahan@gmail.com

Stacey Lynn Wilkins    chicagodocket@tresslerllp.com, swilkins@tresslerllp.com, nfranco@tresslerllp.com

Michael Jude Atkus    kstocco@khkklaw.com, matkus@khkklaw.com

Paul Bruno Johnson    jcorbett@khkklaw.com, pjohnson@khkklaw.com

Hall Adams    hall@adamslegal.net

Darcy L. Proctor    chicagodocket@tresslerllp.com, dproctor@tresslerllp.com

Matthew Scott Clark    kstocco@khkklaw.com, mclark@khkklaw.com

John M. O'Driscoll    jodriscoll@tresslerllp.com, chicagodocket@tresslerllp.com, ogarcia8888@tresslerllp.com

 

                                                   /s/   Hall Adams