UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA SOCHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-05681 |
| | ) | |
| CITY OF JOLIET, a municipal corporation, | ) | |
| EDWARD GRIZZLE, JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GRIZZLE'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF HIS MOITON FOR SUMMARY JUDGMENT**

Defendant, EDWARD GRIZZLE, by and through one of his attorneys, KNIGHT, HOPPE, KURNIK & KNIGHT, LTD, and, pursuant to L.R. 56.1(c)(1), submits this Reply Memorandum of Law in support of his Motion for Summary Judgment, and states as follows:

**ARGUMENT**

**I.     PLAINTIFF WAIVED AND ABANDONED SEVERAL CLAIMS.**

In her response, Plaintiff presented no argument in response to Defendant Grizzle's arguments directed at Counts IV (Fourteenth Amendment Right to Privacy) and XVI (Illinois common law publication of private facts).   Additionally, Plaintiff failed to respond to Defendant Grizzle's argument that he remains entitled to summary judgment on Plaintiff's claims that his actual search of the data seized from her cellular phone or his dissemination of seized materials violated her Fourth Amendment rights.  [Dkt. #255, Section II)(2)(B)(C)]. Such a failure results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir.2010).  On this basis alone, Defendant Grizzle remains entitled to summary judgment on Counts IV and XVI of Plaintiff's First Amended Complaint, and partial summary judgment on Count I of the First Amended Complaint.  The only

remaining disputes are whether Defendant Grizzle is entitled to summary judgment on Plaintiff's claims that he (1) violated her Fourth Amendment rights in requesting the search warrant (2) intruded upon her seclusion in violation of Illinois common law.

## II. PLAINTIFF'S RESPONSE TO DEFENDANT GRIZZLE'S UNDISPUTED STATEMENT OF MATERIAL FACTS.

Plaintiff's response to Defendant Grizzle's Statement of Material Facts purports to dispute paragraphs 38 and 47. Specifically, Plaintiff's responses to these paragraphs read as follows:

> "38. From the remnants Sgt. Botzum found, he could not determine if the text message was sent, received, where it came from, or the date and time of it. Ex. 9, p. 65.
>
> RESPONSE: Denied. Botzum's testimony on this point is inconsistent with the screen shots themselves.
>
> 47. Sgt. Grizzle's search of the extracted data did not include clicking on any icons that showed photograph or video files. Ex. 5, p. 67.
>
> RESPONSE: Plaintiff admits that Grizzle so testified but believes that a jury could reasonably infer he did so falsely based on the amount of time he spent searching the extraction from her phone looking for a single text message the contents of which he already had."

The Court should deem both these facts admitted and undisputed. "Where one party supports a fact with admissible evidence…and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted." *RJS Distributors, LLC v. Pepperidge Farm, Inc.*, 2022 WL 1683683, * 1 (N.D. Ill. Nov. 9, 2022) (Alonso, J.) (citations omitted). Plainly, Plaintiff wholly failed to controvert these asserted facts with any citations to admissible evidence. This Court is not "required to scour through hundreds of pages of deposition transcript in order to verify an assortment of facts, each of which could be located anywhere within the multiple depositions cited… '[j]udges are not like pigs, hunting for truffles buried in [the record]…. ("[W]e will not root through the hundreds of documents and thousands of pages that make up the record here to make his case for him").'" *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 711 (7th Cir. 2015), quoting

*United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) and *Corley v. Rosewood Care Ctr., Inc. of Peoria*,

388 F.3d 990, 1001 (7th Cir.2004).

Plaintiff's response to paragraph 47 warrants further discussion. In this response, Plaintiff

askes the Court to find that a reasonable jury could infer that Defendant Grizzle lied during his

deposition testimony and that his search of the data extracted from Plaintiff's cell phone included

photograph and video files. First, Plaintiff's failure to present any argument in her Memorandum of

Law that Defendant Grizzle's actual search of the extracted data violated her Fourth Amendment

rights leaves this purported dispute immaterial to the remaining issues before the Court.[1] Second,

Plaintiff, neither in this response, nor anywhere else in her materials opposing Defendant Grizzle's

Motion for Summary Judgment, makes any attempts to "connect the dots" and explain why such an

inference would be reasonable under the evidence in the record. It is axiomatic that inference

supported only by speculation or conjecture will not defeat a summary judgment motion. *See Harper*

*v. C.R. England, Inc.,* 687 F.3d 297, 306 (7th Cir. 2012). Plaintiff points to no evidence and makes no

argument to explain how the amount of time Defendant Grizzle spent reviewing the extracted data

leads to a reasonable inference that he viewed video files or photographic files from the extracted data.

For example, there is no evidence that the amount of time was excessive or out of the ordinary for

Defendant Grizzle to accomplish the task of scanning the data and locating the text message for which

he was looking. A mere amount of time, devoid of any other contextualizing evidence, cannot itself

reasonably support such an inference.

---

[1] Moreover, in her response to the City's Motion for Summary Judgment, Plaintiff explicitly argues that Grizzle "…limit[ed] his search to just text messages….." [Dkt. 258-1, p. 7].

### III. THE RECORD FAILS TO ESTABLISH A TRIABLE ISSUE OF FACT ON WHETHER DEFENDANT GRIZZLE'S WARRANT REQUEST DEPRIVED PLAINTIFF OF HER FOURTH AMENDMENT RIGHTS.

Plaintiff's response contends that Defendant Grizzle deprived Plaintiff of her Fourth Amendment rights by knowingly "omitt[ing] and misrepresent[ing] crucial information bearing on the appropriate scope of the warrant." Resp. p. 2. Specifically, Plaintiff claims that Defendant Grizzle "falsely represented to Judge Jones that it was necessary to search all the data and media on plaintiff's iPhone." Resp. p. 3. This contention is not borne out by the evidence. A review of the Complaint for Search Warrant drives this point home. See Dkt. 253-3, pp. 1250-1259. Nowhere in the Complaint did Defendant Grizzle represent that it was "necessary" to search all the data and media on Plaintiff's iPhone. The narrative portion of the Complaint identifies the alleged crime and describes the text message allegedly sent from Plaintiff to Gatlin, all of which facts undisputedly accurately described the findings of Defendant Grizzle's investigation to that point. While the Complaint *requested* authority to search "any and all data," such a request cannot fairly be characterized as a lie or misrepresentation. Plaintiff's response does not identify any alleged any specific material omissions from the Complaint.

Plaintiff relies upon *United States v. Winn*, 79 F. Supp. 3d 904 (C.D. Ill. 2015) to support her claim that Defendant Grizzle's warrant request deprived Plaintiff of her Fourth Amendment rights. This case is distinguishable from *Winn* because different issues are before the Court. This issue presented in *Winn* was whether the search warrant was overbroad so as to such to suppress any evidence gathered pursuant to it as fruit of the poisonous tree. The issue presented here does not concern the breadth of the warrant, but Defendant Grizzle's *conduct* in securing the warrant, i.e., whether he engaged in any chicanery in order to procure it. In other words, Plaintiff's burden of proof here requires more than demonstrating that Judge Jones issued an overly broad search warrant,

4

but that Defendant Grizzle hoodwinked her into doing so.  There is no evidence in the record that Defendant Grizzle lied to Judge Jones or left out any findings of his investigation.

Plaintiff's reliance on the *Winn* court's "good faith" analysis also remains unavailing.   The court denied the government's good faith argument there because of the detectives' "disregard for the one limitation in the warrant…" in searching the phone data for crimes unrelated to the charge of disorderly conduct.   *Id.* at 924.  There is no similar evidence in this case.  The evidence undisputedly shows that Defendant Grizzle limited his search of the data extracted from Plaintiff's phone to the charge of witness intimidation and the single text message that Plaintiff was believed to have sent to Gatlin.

### IV.    PLAINTIFF WHOLLY FAILED TO OVERCOME DEFENDANT GRIZZLE'S ENTITLEMENT TO QUALIFIED IMMUNITY.

"[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Allin v. City of Springfield*, 845 F.3d 858, 862 (7th Cir. 2017), quotations and citations omitted. Thus, in order to overcome qualified immunity here, Plaintiff must demonstrate that "no officer of reasonable competence would have requested the warrant" that Defendant Grizzle requested from Judge Jones. *Messerschmidt v. Millender*, 565 U.S. 535, 554 (2012).  Even if Defendant Grizzle's "judgment that the scope of the warrant was supported by probable cause … [was] … mistaken … it was not 'plainly incompetent.'" *Id.* at 553 (2012), quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Plaintiff's response ignores the key facts that the prosecuting attorney advised Defendant Grizzle that a search warrant for Plaintiff's cell phone was necessary, that Defendant Grizzle conferred with the Deputy Chief of Police and Chief of Police, who advised him to request the search warrant if that was what the prosecutor wanted, and that Defendant Grizzle conferred with the prosecuting attorney about the drafting of the warrant and what it should include.  See Def. Grizzle's SOF, ¶¶ 20, 21, 24 (all admittedly undisputed facts).  Thus, to conclude that Defendant Grizzle acted plainly

incompetently here would necessarily mean that the Chief, Deputy Chief, prosecutor, and judge acted plainly incompetently as well. *See Messerschmidt*, 565 U.S. at 554-555 ("The fact that the officers secured these approvals is certainly pertinent in assessing whether they could have held a reasonable belief that the warrant was supported by probable cause.") By securing these approvals, Defendant Grizzle "took every step that could reasonably be expected of [him]." *Massachusetts v. Sheppard*, 468 U.S. 981, 989 (1984).

In addition to ignoring undisputed facts that support a finding of qualified immunity, Plaintiff's response failed to identify any case law that would have made it clear to any reasonable officer that requesting the search warrant as drafted was unconstitutional beyond any debate. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)("existing precedent must have placed the statutory or constitutional question beyond debate"). Plaintiff's response posits that it was clearly established that an officer may not (1) apply for a constitutionally overbroad search warrant or (2) include material omissions or misrepresentations in his application for a search warrant. Plaintiff's framing of the constitutional right at issue is far too general and the precedent to which she points would not have established any rule in any meaningful way that would have told Defendant Grizzle what "the Constitution require[d]" of him when he requested the search warrant at issue in this case. *Weiland v. Loomis*, 938 F.3d 917, 920 (7th Cir. 2019).

Plaintiff's reliance on *Groh v. Ramirez*, 540 U.S. 551 (2004) cannot overcome qualified immunity here. The facts of *Groh* are too different from the situation that Defendant Grizzle faced when applying for the search warrant. In that case, the search warrant contained no description of the items to be seized, and instead authorized general search of a dwelling for no identified purpose. Here, the warrant request Defendant Grizzle submitted to Judge Jones clearly identified the property to be seized (Plaintiff's iPhone) and the materials sought from within the iPhone (data relating to crimes of witness intimidation). Also, "unlike in *Groh*, [Defendant Grizzle] did not merely submit [his]

application to a magistrate," but, he also prepared it in conjunction and consultation with the prosecuting attorney who never expressed any concerns about its validity. *Messerschmidt*, 565 U.S. at 555-56.

Plaintiff's reliance on *Rainsberger v. Benner*, 913 F. 3d 640 (7th Cir. 2019) fares no better in overcoming qualified immunity. The facts before the Court in *Rainsberger* are simply too divergent from the facts of this case to have alerted Defendant Grizzle of any constitutional issues implicated in requesting the search warrant here. Most obviously, the *Rainsberger* case involved an officer's request for an arrest warrant on a murder charge, not a request for a search warrant for a cell phone. Moreover, the evidence in *Rainsberger* showed that the defendant officer's request for an arrest warrant contained no less than five lies about the evidence that he had collected in the murder investigation which directly implicated the plaintiff in his mother's murder. *Id.* at 646-647. There is no such evidence in this case. Rather narrative in the warrant application that Defendant Grizzle submitted accurately described his investigation of the alleged witness harassment, including his discussions with the prosecutor, the victim, and the contents of the text message at issue. Plaintiff does not even claim that Defendant Grizzle lied about his investigative findings in order to secure the warrant.

Lastly, Plaintiff's citation to *United States v. Winn*, 79 F. Supp. 3d 904 (S.D. Ill. 2015) is of no consequence to the qualified immunity analysis because "district court decisions have no weight as precedents and therefore cannot clearly establish a constitutional right…" *Mason-Funk v. City of Neenah*, 895 F.3d 504, 509 (7th Cir. 2018).

### V. DEFENDANT GRIZZLE REMAINS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S INTRUSION UPON SECLUSION CLAIM.

In her response, Plaintiff contends that summary judgment remains inappropriate on her intrusion upon seclusion claim because Defendant Grizzle requested an unconstitutionally broad search warrant, and thus his search of the contents of her cell phone were unauthorized. See Resp.

p. 8.  As argued above, Defendant Grizzle maintains that he acted reasonably in his request for the search warrant, and that the search of any contents of Plaintiff's phone were authorized. [2]  However, even if the Court finds a question of material facts exists on the reasonableness of the search warrant request, Defendant Grizzle remains entitled to summary judgment on this claim because the evidence undisputedly demonstrates that his actual search of the contents of Plaintiff's phone was reasonable, authorized, and legal.

The evidence undisputedly establishes that Defendant Grizzle's search of Plaintiff's iPhone did not include viewing of photographs or videos.  See Section II above.  Plaintiff offers only speculation and existence some metaphysical doubt to the contrary.  The evidence shows that Defendant Grizzle's search was cabined to searching data for evidence of the text message from Plaintiff to Gatlin.  See Grizzle's SOF ¶¶ 45, 46 (both undisputed by Plaintiff).  Plaintiff does not contend that she maintained a reasonable expectation of privacy in evidence of the texts messages that she exchanged with Gatlin.  There was undisputedly probable cause to believe that at least the text messages that Defendant Grizzle searched contained evidence of the crime of witness intimidation. Plaintiff's theory of case implicitly concedes this fact, positing that the request should have been limited to the text messages.  As there is no dispute that Defendant Grizzle's actual search did not intrude into any unlawfully collected data, he remains entitled to summary judgment on this claim.

### VI.     DEFENDANT GRIZZLE REMAINS ENTITLED TO IMMUNITY UNDER SECTION 2-202 OF THE TORT IMMUNITY ACT.

In her response, Plaintiff contends that Section 2-202 does not immunize Defendant Grizzle "based on the intentional … viewing of the private images on plaintiff's iPhone. See Resp. p. 9.  As thoroughly argued above, there is no competent evidence in the record to establish that Defendant

---

[2] Additionally, Plaintiff's own pleadings concede that the warrant authorized the seizure and search of Plaintiff's iPhone.  See FAC, Dkt. 37-1, ¶ 23.

Grizzle viewed any private images on Plaintiff's iPhone, let alone that he did so intentionally. As such,

he remains entitled to summary judgment based on the immunity provided in Section 2-202.

## CONCLUSION

For all the above-argued reasons, and for those reasons argued in his opening Memorandum

of Law, Defendant Edward Grizzle, respectfully requests that that Honorable Court enter summary

judgment in his favor and against Plaintiff.

Respectfully Submitted,

/s/ *Michael J. Atkus*
MICHAEL J. ATKUS, Attorney #6285666
One of the Attorneys for the Defendant,
EDWARD GRIZZLE

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for Defendant EDWARD GRIZZLE
5600 North River Road, Suite 600
Rosemont, Illinois60018-5114
Telephone:    847/261-0700
Facsimile:    847/261-0714
EMAIL:        matkus@khkklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, the foregoing **DEFENDANT GRIZZLE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOITON FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System. Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system:

James John Hess     jhess@tresslerllp.com, ogarcia@tresslerllp.com

Joseph C. Sheahan     joseph.c.sheahan@gmail.com

Stacey Lynn Wilkins     chicagodocket@tresslerllp.com, swilkins@tresslerllp.com, nfranco@tresslerllp.com

Michael Jude Atkus     kstocco@khkklaw.com, matkus@khkklaw.com

Paul Bruno Johnson     jcorbett@khkklaw.com, pjohnson@khkklaw.com

Hall Adams     hall@adamslegal.net

Darcy L. Proctor     chicagodocket@tresslerllp.com, dproctor@tresslerllp.com

Matthew Scott Clark     kstocco@khkklaw.com, mclark@khkklaw.com

John M. O'Driscoll     jodriscoll@tresslerllp.com, chicagodocket@tresslerllp.com, ogarcia8888@tresslerllp.com

/s/ *Michael J. Atkus*
MICHAEL J. ATKUS, Attorney #6285666

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for Defendant EDWARD GRIZZLE
5600 North River Road, Suite 600
Rosemont, Illinois60018-5114
Telephone:     847/261-0700
Facsimile:     847/261-0714
EMAIL:     matkus@khkklaw.com