IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Cassandra Socha,

       Plaintiff,

v.

City of Joliet, *et al.*,

       Defendants.

Case No. 18 C 5681

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Defendants City of Joliet and Edward Grizzle have filed a motion for costs (ECF No. 272) to recover certain taxable transcript-related costs from Plaintiff Cassandra Socha after prevailing at summary judgment. For the reasons below, the Court grants in part and denies in part Defendants' motion, and awards Defendant Joliet $1,611.04 in taxable costs and Defendant Grizzle $3,142.58 in taxable costs to be paid by Plaintiff.

### Background

On August 21, 2018, Plaintiff Cassandra Socha sued Defendants in this Court. On August 18, 2023, the Court granted summary judgment in Defendants' favor, dismissed Socha's claims, and entered judgment. On September 14, 2023, Defendants filed their pending motion for costs (ECF No. 272), requesting $12,626.00 in total taxable costs—$6,517.27 for the City of Joliet and $6,108.73 for Grizzle—to which Socha has objected (ECF No. 274).

### Discussion

Under Federal Rule of Civil Procedure 54(d)(1), costs typically "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a "strong presumption that the prevailing party will be awarded those costs of litigation identified in 28 U.S.C. § 1920," which include

among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014); 28 U.S.C. § 1920(2). Accordingly, "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (internal quotation marks and citation omitted). Still, the prevailing party has "the burden of establishing that potentially recoverable costs it incurred were reasonable and necessary." *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 52 F. Sup. 3d 893, 897 (N.D. Ill. 2014) (citation omitted).

Here, Defendants request $12,626.00 in taxable costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." (ECF Nos. 272-1, 272-2.) Specifically, they request costs for various deposition- and transcript-related costs, including the costs of transcripts (originals, copies, and e-transcripts), court-reporter attendance, and web conference arrangements related to various witnesses as listed in Defendants' attached invoices. (*See id.*) As justification, Defendants simply claim without explanation that their costs were "necessary." Socha claims that Defendants have not adequately explained the necessity of their requested costs, and that many of the rates exceed those allowed under the Court's local rules. The Court addresses Defendants' cost categories and Socha's challenges below.

1. **Necessity generally**

Socha argues generally that Defendants have not made a showing of necessity for at least some charges reflected in their attached invoices and thus may not recover any costs. Though the Court finds several issues with Defendants' requested costs, as described below, it does not agree that Defendants' motion for costs should be denied in its entirely. *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling

unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs."). Defendants have provided invoices for the various charges they claim as taxable costs, covering dozens of witnesses deposed in this case. Apart from the Court's exclusions and reductions described below, the Court finds that deposition- and transcript-related costs were necessary for this case—indeed, many of the related transcripts were cited by the parties in their extensive summary-judgment briefing that ultimately resolved this case, and others were no doubt necessary for Defendants' litigation efforts. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) ("We have consistently maintained that costs may be awarded for deposing a witness who is not called at trial as long as the deposition was necessary when taken."); *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) ("transcripts need not be absolutely indispensable in order to provide the basis of an award of costs"). Socha also identifies no witness she believes was unnecessary to the case, other than witnesses for whom no deposition was transcribed—which the Court excludes. Though Defendants, to their detriment in some instances, do not explain why each line item in their attached invoices was necessary to the case, the Court finds adequate basis for taxing some costs related to witnesses who were deposed in this case, subject to the exclusions and reductions described below.

2. Transcripts

Defendants request costs for a combination of original transcripts, copies of transcripts, and "electronic transcripts." Socha claims that many of the rates taxed by Defendants exceed those authorized by this Court's local rules.

Socha is correct that Defendants' requested costs for original transcripts and copies of transcripts exceed what is allowed under the Court's Local Rule 54.1(b) and published rates.

That rule states that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States . . . unless some other rate was previously provided for by order of the court." N.D. Ill. L.R. 54.1(b). The Court's current rates include rates for ordinary delivery of $4.00/page for original transcripts and $1.00/page for the copy to a party.[1] N.D. Ill., *Transcript Rates* (2023), https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo. Many of the requested rates in Defendants' invoices exceed these published rates, and must be reduced accordingly. *See Montanez*, 755 F.3d at 558–59 (finding no abuse of discretion where "the judge simply revised the requests downward to bring them within the limits of Local Rule 54.1 by applying the proper per-page rate"). The Court also will not tax the costs for "electronic transcripts" because Defendants have not explained what those charges refer to—for example, whether they were for realtime transcripts, electronic copies of final transcripts, or something else—or why they were necessary.

The Court therefore awards Defendants transcript-related costs as follows:

**Original Transcripts**

| *Defendant* | *Witness* | *Requested Cost* | *Awarded Cost ($4.00/page)* |
|---|---|---|---|
| Joliet | Andrew Scott | $607.60 ($4.90/page) | $496 |
| | **TOTAL** | | **$496** |
| Grizzle | Cassandra Socha | $1,116.00 ($4.00/page) | $1,116 |
| | Jeff Tomczak | $172.00 ($4.00/page) | $172 |
| | Nick Crowley | $824.00 ($4.00/page) | $824 |
| | **TOTAL** | | **$2,112** |

---

[1] Neither party argues that a different rate applies in this case; Defendants' motion and attached invoices also do not suggest that the relevant transcripts were ordered for expedited delivery.

**Copies of Transcripts**

| *Defendant* | *Witness* | *Requested Cost* | *Awarded Cost ($1.00/page)* |
|---|---|---|---|
| Joliet | Carlos Matlock | $159.25 ($4.55/page) | $35 |
| | Phillip Bergner | $94.30 ($4.10/page) | $23 |
| | Jeremy Harrison | $282.80 ($5.05/page) | $56 |
| | Brad McKeon | $140.30 ($3.05/page) $0.38 ($0.38/page)[2] | $46 $0.38 |
| | Robert Brown | $237.90 ($6.10/page) | $39 |
| | Timothy Powers | $176.30 ($4.10/page) | $43 |
| | Alan Roechner | $626.20 ($5.05/page) $10.26 ($0.38/page) | $124 $10.26 |
| | Chris Botzum | $772.65 ($5.05/page) | $153 |
| | Darrell Gavin | $358.55 ($5.05/page) | $71 |
| | Mike DeVito | $444.40 ($5.05/page) | $88 |
| | Tab Jensen | $398.95 ($5.05/page) | $79 |
| | Michael Batis | $267.65 ($5.05/page) | $53 |
| | Shawn Stachelski | $424.20 ($5.05/page) | $84 |
| | Doug Kein | $452.20 ($5.95/page) $24.40 ($0.40/page) | $76 $24.40 |
| | **TOTAL** | | **$1,005.04** |
| Grizzle | Donald McKinney | $186.05 ($3.05/page) | $61 |
| | Dave Jackson | $482.30 ($4.55/page) | $106 |
| | Jeffrey German | $585.80 ($5.05/page) $1.90 ($0.38/page) | $116 $1.90 |
| | Marc Reid | $363.60 ($5.05/page) | $72 |
| | Edward Grizzle | $335.50 ($3.05/page) $13.68 ($0.38/page) | $110 $13.68 |
| | **TOTAL** | | **$480.58** |

5

3.  **Court-reporter attendance**

Defendants request taxation of various fees for court-reporter deposition attendance. As Socha points out, the depositions for the following witnesses for which Defendants request court-reporter-attendance fees were not transcribed: Nicole Thompson-Wilson, Debbi Del Re, Joseph Egizio, and Thomas Banas. As far as the Court is aware, those witnesses were not even deposed—the invoices merely charge the reporters' two-hour-minimum attendance fee, which presumably would be charged regardless of whether a deposition actually occurred. *See Elusta v. City of Chicago*, 760 F. Supp. 2d 792, 803 (N.D. Ill. 2010) ("If the witness was never deposed, the costs were not necessary."). At any rate, no transcript was ordered for those witnesses, and Defendants have not explained why court-reporter attendance for depositions that never were transcribed nevertheless was necessary. The Court therefore excludes charges associated with Nicole Thompson-Wilson, Debbi Del Re, Joseph Egizio, and Thomas Banas from Defendants' taxable costs.

Defendants' remaining requested attendance fees must be reduced. "Court reporter appearance fees may be awarded . . . but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court." N.D. Ill. L.R. 54.1(b). The Court's website specifies that "the court reporter attendance fee shall not exceed $110 for one half day (4 hours or less), and $220 for a full day attendance fee." N.D. Ill., *Transcript Rates* (2023), https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo. The Court thus reduces Defendants' requested court-reporter-attendance fees to $110 for transcribed

---

[2] The separate, lower rate here and elsewhere results the reporter's reduced rate for copies of deposition exhibits as compared to copies of the transcribed testimony itself.

depositions of four hours or less and $220 for transcribed depositions exceeding four hours. The Court thus awards Defendants court-reporter-attendance fees as follows:

| *Defendant* | *Witness* | *Requested Fee* | *Awarded Fee* |
|---|---|---|---|
| Joliet | Nicole Thompson-Wilson | $240 (2-hour minimum) | $0 |
|  | Andrew Scott | $315 (3 hours) | $110 |
|  | Debbi Del Re | $240 (2-hour minimum) | $0 |
|  | **TOTAL** |  | **$110** |
| Grizzle | Cassandra Socha | $612.50 (7 hours)[3] | $220 |
|  | Jeff Tomczak | $175 (2 hours) | $110 |
|  | Joseph Egizio | $200 (2-hour minimum) | $0 |
|  | Thomas Banas | $200 (2-hour minimum) | $0 |
|  | Nick Crowley | $393.75 (4.5 hours) | $220 |
|  | **TOTAL** |  | **$550** |

4. **Web conferencing**

Defendants seek to recover for deposition-related charges listed as "Legal/View/Webex Web Conference." First, the Court will not award these costs for witnesses for whom no deposition was transcribed for the same reasons it denies reporter-attendance costs for those witnesses—Defendants have not explained why costs for depositions that were not transcribed, and may not have even occurred, were necessary. Second, Defendants have not attempted to explain what the web conferencing charges related to or why they were reasonably necessary. *See Avanzalia Solar, S.L. v. Goldwind USA, Inc.*, Case No. 20 C 5035, 2023 WL 5804232, at *6 (N.D. Ill. Sept. 7, 2023) (denying costs associated with remote depositions where the requestor

---

[3] The invoice related to Socha's deposition also includes a $65.63 after-hours charge. Defendants have not explained why this charge was necessary, and the Court excludes it from Defendants' taxable costs.

"provided almost no explanation as to what the various charges in this category represent and why each was reasonably necessary to conducting a remote deposition"). The Court therefore denies Defendants' requested taxation of web-conferencing costs.

## Conclusion

The Court therefore grants in part and denies in part Defendants' motion for costs (ECF No. 272). The Court awards Defendant Joliet $1,611.04 in taxable costs and awards Defendant Grizzle $3,142.58 in taxable costs, to be paid by Plaintiff.

**SO ORDERED.**                                ENTERED: October 24, 2023

_____
**HON. JORGE ALONSO**
**United States District Judge**